IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation,<br><br>    Defendant. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff's Motion to Exclude Matters Outside the Pleadings Pursuant to Fed. R. Civ. P. 12(d)** |

Pursuant to FED. R. CIV. P. ("FRCP") Rule 12(d), Plaintiff Federal Trade Commission ("FTC") moves the Court to exclude matters outside the pleadings that Defendant Match Group, Inc. ("Match") improperly included in its Rule 12(b)(6) Motion to Dismiss ("Motion")(Dkt. 20):

**Summary**

Contrary to well-established law, Match's Rule 12(b)(6) Motion is replete with references to purported facts that are not in the FTC's Complaint or referenced by the pleadings. In most instances, the purported facts are disputed and are presented without evidentiary support. Because these assertions are improper in a motion to dismiss, the FTC respectfully requests the Court to exclude the statements under Rule 12(d).

Rule 12(d) provides two avenues to remedy Match's improper inclusion of alleged facts. The Court may: (1) exclude the alleged facts or (2) treat the motion to dismiss as a motion for summary judgment under Rule 56. FRCP 12(d). Because summary judgment is premature at this stage of the litigation, the FTC asks that the court provide the former remedy and exclude the challenged statements. Alternatively, the FTC requests the Court to stay resolving all questions subject to summary judgment until discovery is complete.

1

**I.     Legal Standard**

It is well established that courts should "not look beyond the face of the pleadings" when ruling on a motion to dismiss. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (1999). The pleadings include attachments to the complaint and documents referred to in the complaint that are central to the plaintiff's claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

A court considering a 12(b)(6) motion "may also consider any facts of which the court has taken judicial notice." *Maz Encryption Techs, LLC v. Blackberry Ltd.*, 347 F. Supp. 3d 283, 287 (N.D. Tex. 2018) (Kinkeade, J.) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)). However, a court may not take judicial notice of disputed facts. Instead, the Court "may take judicial notice of a fact that is not subject to reasonable dispute because it can accurately and readily [be] determined from sources whose accuracy cannot [] reasonably be questioned." *Maz Encryption*, 347 F. Supp. 3d at 293.[1] A party seeking consideration of facts by judicial notice must ask the court to take judicial notice. *See United States v. Calderon-Canas*, No. 3:13-CR-466-M(5)-BH, 2019 U.S. Dist. LEXIS 26849 at *2 (N.D. Tex. Feb. 15, 2019) ("Because Defendant does not seek judicial notice of a fact, Rule 201 does not apply"); *see also Maz Encryption*, 347 F.3d at 293 (finding a "party's request, in briefing, for a court to take judicial notice" and the responding party's ability to brief the issue "sufficient to provide the opportunity to be heard"); FRE 201(c) (providing that a court "may take notice on its own" or "must take judicial notice if a party requests it and the court is supplied with the necessary information").

---

[1] Courts cannot take judicial notice of facts that are subject to reasonable dispute because "the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (quoted in *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 n.28 (5th Cir. 1998)).

Under FRCP Rule 12(d), courts confronted with matters outside the pleadings have two options. First, the court may ignore the matters entirely; second, it may convert the 12(b)(6) motion to a Rule 56 motion for summary judgment. Where the materials supporting matters outside the pleadings are "limited," courts should generally choose the first path, "ignor[ing] the copies of the documents, treat[ing] the motion[] as motions to dismiss, and evaluat[ing] the allegations in the complaint according to standards developed for a motion to dismiss." *Isquith ex rel. Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988). If a court follows the second path by converting the motion to dismiss into a motion for summary judgment, then the court should give the parties "a reasonable opportunity to present all material that is pertinent to the motion," FRCP Rule 12(d), including discovery.[2]

## II.     Argument

Perhaps fearing the Court might find the meat of its argument hard to swallow, Match salted its Motion down with a variety of matters that are beyond the scope of the pleadings. Match's improper representations generally fall into five categories:

**1. Match Claims the Wrong Entity Was Sued.** In two footnotes,[3] Match raises a number of purported facts to support a claim that the FTC has sued the wrong corporate entity. These matters and their related exhibits—consisting of attorney emails and a one-page, self-

---

[2] *See, e.g., Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003) ("the district court erred by treating [defendant's] motion for judgment on the pleadings as a motion for summary judgment without providing [plaintiff] an opportunity to conduct discovery"); *Wells v. Bank of Am., N.A.*, No. 3:13-CV-3658-M, 2014 U.S. Dist. LEXIS 128890, at *8 (N.D. Tex. Aug. 18, 2014) (collecting cases and noting that "when documents outside of the pleadings are submitted in connection with a motion to dismiss, and discovery would be appropriate to resolve the issues raised in the motion, it is appropriate to decline to convert a motion to dismiss"); *Clark v. Tarrant Cty., Texas*, 798 F.2d 736, 746 (5th Cir. 1986) ("summary judgment may not be used to cut off discovery").

[3] *See* Br. at 1 n.2 (substantially all of footnote), 28 n.26 ("the FTC sued Match Group, Inc. . .").

serving declaration—are not matters addressed in the Complaint or in any documents referenced in the Complaint. Match did not seek judicial notice of these claims, nor would they be proper for judicial notice in any event because they do not meet "Rule 201's indisputability requirement" *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998), failing to "accurately and readily [be] determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Moreover, the claim raises a mixed question of fact and law that is beyond the scope of whether the FTC's Complaint has stated a claim at the motion to dismiss phase,[4] and Match's corporate entity claims, even if true, would not entitle Match to judgment as a matter of law in any event.[5] The Court should therefore ignore Match's improper inclusions for purposes of ruling upon its Motion.

**2. Match Claims to have "Permanently Ceased" its Unlawful Conduct.** Match repeatedly states that it has "permanently ceased" its wrongful practices,[6] but this bare assertion is contrary to the Complaint, which alleges that Match had suspended certain practices but that they are likely to recur. *See* Compl. ¶¶ 3, 64. Because Match's unsupported claims lie squarely

---

[4] *See, e.g., Norfolk S. Ry. V. Trinity Indus., Inc.*, No. 3:07-CV-1905, 2008 U.S. Dist. LEXIS 110274 at *17 (N.D. Tex. Sept. 2, 2008) ("However, NSR points to additional facts that are totally within Trinity's knowledge which might, after discovery, support a veil-piercing theory. Accordingly, the District Court should allow NSR to amend its complaint if it has sufficient facts to plead fraud in the manner that Rule 9(b) requires.").

[5] *See, e.g., United States v. Bestfoods, Inc.*, 524 U.S. 51, 62 (1998) (recognizing a "fundamental principle of corporate law . . . that the corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, *inter alia*, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the shareholder's behalf"); *Zale Corp. & Corrigan-Republic, Inc. v. FTC*, 473 F.2d 1317, 1321 (5th Cir. 1973) ("the inte[]grated operation[,] interlocking directorate[,] and unified advertising strongly militate for finding . . . application of the exceptions to recognition of separate corporate entities where to do so frustrates a statutory policy.").

[6] *See* Br. at 1 ("permanently discontinued conduct"), 3 ("conduct that has been *permanently* discontinued").

outside the pleadings, the Court should not consider them in ruling whether the Complaint states a claim for relief. The Court should therefore exclude the claims.

**3. Match Claims to Offer Alternative Simple Cancellation Methods.** Match also improperly raises issues of fact pertaining to its cancellation methods that are beyond the scope of the Complaint.[7] These matters relate to alternative cancellation mechanisms available on Match's platform—mechanisms that the FTC did not challenge or even refer to in its Complaint. *See* Compl. ¶¶ 53-59.

Here Match—without explicitly seeking judicial notice—makes its singular attempt to justify its improper inclusion of matters outside the pleadings by claiming that the FTC's Complaint incorporated by reference all of the cancellation methods by using the term "practices," Br. at 5 n.6. Match's position is wrong for three reasons. First, a plain reading of the Complaint shows that "practices" referred to the many ways Match frustrated consumers' attempts to cancel through its online mechanism. *See* Compl. ¶¶55-59. Second, using "practices" to describe cancellation methods does not reflect proper English usage, as evidence by the fact that Match itself uses the word "methods" instead of "practices" in its own section that includes the footnote making this argument and the odd result if one were to do so.[8] Third, Match's

---

[7] *See* Br. at 1 ("other available cancellation methods . . .), 2 (same), 5 ("ignoring other methods of cancellation"), 5 n.6 ("existence of multiple other cancellation mechanisms . . ."), 8 ("the multiple ways that consumers can cancel . . ."), 27 ("ignoring Match's phone, fax, . . . " and "Match has *five* other cancellation . . ."), 27 ("Match has five other cancellation mechanisms . . ."), 27 n.24 (Match informed the FTC . . .").

[8] Doing so would leave Match discussing "one of Match's multiple subscription cancellation practices," its "other practices of cancellation," and that "every available practice of cancellation be simple, and it does not even require that an online practice of cancellation be provided."

supporting authority is not on point and in fact supports the Court excluding the extraneous cancellation-related matters.[9]

Thus because the FTC's Complaint is clearly limited to Match's online cancellation and the substantial injury that the method caused, these alternative methods—and whether they are purportedly simple—are outside the scope of the pleadings. Match did not seek judicial notice of these matters and should not receive it in any event because they are not facts that "can accurately and readily [be] determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). The FTC therefore requests the Court to exclude them.

**4. Match's Claims About the FTC Investigation.** In addition, Match improperly includes irrelevant issues pertaining to the history of the FTC's investigation.[10] These matters are both irrelevant and presented in a misleading manner. Although Match makes a perfunctory claim that a version of the complaint that was not filed in court is nevertheless "public," Br. at 6

---

[9] In the case Match cited, *Gines v. Horton*, 699 F.3d 812 (5th Cir. 2012), the court considered whether a motion to dismiss properly relied upon the contract at issue when the plaintiff claimed to have contracted around a default legal rule. *Id.* at 820. Because the motion to dismiss in question did not attach the actual contract that was the subject of the controversy, however, the Fifth Circuit held it "need not reach this claim." *Id.*

Although the court noted in passing that "a district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim," *id.*, the authority the *Gines* court cited shows why this Court should exclude Match's extraneous matters here. In that case, *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533 (5th Cir. 2003), recognized "one limited exception" to the general rule that district courts "must not go outside the pleadings and must accept all well-pleaded facts as true." *Id.* at 536. For that exception, "[t]he fact that the plaintiffs did not object to, or appeal, the district court's consideration of those documents was central to this Court's approval of that practice," *id.*, and the Court "restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). The FTC here does object to Match's introducing these extraneous matters because they are not relevant to core claim that its online cancellation mechanism has caused substantial consumer harm, instead only serving to confuse the issues at stake.

[10] *See* Br. at 6-7 (substantially all of Section II.A and supporting appendix inclusions).

n.7, it makes no reference to where that document could be readily found.[11] The Court should disregard all of these claims because they are not found in the pleadings, are not judicially noticeable, and are generally not relevant to whether the FTC's Complaint states a claim.

**5. Match's Generic Praising of Its Own Business and Business Practices.** Finally, Match makes several irrelevant and unsupported claims about its business that are outside the scope of the Complaint,[12] while also raising alleged policies or practices that are beyond the scope of the Complaint.[13] These matters are also questions of fact that are irrelevant as to whether the Complaint states claims upon which relief can be granted. *See* Compl. ¶¶53-63 (setting forth practices relating to Match's cancellation and chargeback policies and alleging that those practices caused consumer injury). Moreover, as with all other categories discussed above, Match neither sought judicial notice nor had any basis to make such a request regarding these matters. The Court should therefore exclude them from consideration in ruling upon Match's Motion.

While the Court has broad discretion in deciding whether to exclude these matters, the merits in this case favor of their exclusion. The Fifth Circuit has "caution[ed] district courts that, although fully empowered to do as they see fit, the best path when presented with outside materials of limited nature is to exclude them." *Gen. Retail Servs., Inc. v. Wireless Toyz*

---

[11] An unfiled version of a complaint is unlike other documents from administrative agencies that are available for judicial notice. *See Carter v. Am. Tel. & Tel. Co.*, 365 F.2d 486, 491 (5th Cir. 1966) (holding that court properly took judicial notice of "complaint, tariffs, regulations, and agency orders").

[12] *See* Br. at 1 ("industry-leading anti-fraud tools, systems, and strategies . . . "), 5-6 ("Match.com was the first and is the longest-operating . . ."), 7 n.9 ("Match's efforts to combat improper use of its platform . . ."), 25 (". . . as 'fraud review' actually refers to . . .").

[13] *See* Br. at 1 (vaguely referencing "Match's online disclosures"), 2 (referencing "Match's online disclosures to those users"), 8 ("the FTC ignores that the policy . . ."), 8 n.10 ("Although the issue is beyond the scope of this Motion, the FTC also ignores . . .").

*Franchise, LLC*, 255 F. App'x 775, 786 n.8 (5th Cir. 2007) (*citing Isquith*, 847 F.2d at 193 n.3).[14] The matters at issue in this case are precisely the type the Fifth Circuit cautioned against admitting, not presenting the type of claims or evidence appropriate for summary judgment at this stage of the proceedings.

In sum, none of the assertions detailed above are proper for consideration in a motion to dismiss. Instead, the matters are generally irrelevant to the issues at stake, and the Court should decline to consider them. Accordingly, the FTC requests that this Court exclude the extraneous material Match presented in its Motion.[15]

## III.    Conclusion

For the reasons set forth above, the FTC respectfully requests the Court to exclude the aforementioned matters outside the pleadings that Match improperly introduced in its Motion. Alternatively, the FTC requests that the Court stay resolving all questions subject to summary judgment until discovery is complete.

---

[14] This preference is rooted in judicial efficiency, because "[w]hen the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, when it is scanty, incomplete, or inconclusive, the court probably will reject it." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969) (quoted in *Isquith ex rel. Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)).

[15] Although the FTC requests the Court to exclude these matters, the Court also has the option to convert Match's Motion into a motion for summary judgment governed by Rule 56 of the FRCP. *See* FRCP Rule 12(d). If the Court does so, the FTC requests the opportunity to present evidence relevant to that motion. *See id.* Specifically, because the parties have not conducted discovery, the FTC requests the Court to stay any adjudication of the matters Match presented pending further discovery and other appropriate proceedings. *See Benchmark Elecs.*, 343 F.3d at 726 (finding error where plaintiff did not have an opportunity for discovery after conversion of motion for judgment on pleadings to summary judgment motion); *see also Brown v. Livingston*, 524 F. App'x 111, 115 (5th Cir. 2013) (describing procedure for requesting post-conversion discovery).

Respectfully submitted,

DATED: November 5, 2019

   /s/ Zachary A. Keller_____
ZACHARY A. KELLER
M. HASAN AIJAZ
MATTHEW WILSHIRE
Texas Bar No. 24087838 (Keller)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9382 (Keller)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
F: (214) 953-3079
Email: zkeller@ftc.gov; maijaz@ftc.gov; mwilshire@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule 7.1, I certify that I conferred with Angela C. Zambrano, Attorney for Defendant, on October 30, 2019. On November 4, 2019, she advised that Defendant is opposed to this motion.

/s/ Zachary A. Keller
Zachary A. Keller

## CERTIFICATE OF SERVICE

On November 5, 2019, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Zachary A. Keller
Zachary A. Keller
