# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MATCH GROUP, INC., a corporation, <br><br> Defendant. | Case No. 3:19-cv-02281-K |

## MATCH GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF FTC'S MOTION TO EXCLUDE

**MEMORANDUM OF POINTS AND AUTHORITIES**

Match agrees that this Court should not rely on matters not pleaded or referenced in the Complaint in ruling on the four discreet legal issues presented by its Motion to Dismiss. That said, the FTC's Exclusion Motion should be denied, because it focuses on matters that the Court need not rely on in considering the Motion to Dismiss. The Fifth Circuit is clear that, so long as this Court uses information for background, and does not "show legal reliance" on such information, it need not convert a motion to dismiss into one for summary judgment. *Knighton v. Merscorp Inc.*, 304 F. App'x 285, 287 (5th Cir. 2008) (unpublished) ("Here, the district judge only referenced information outside of the pleadings in the section of her opinion providing background on MERS and its role in mortgage lending. This does not show legal reliance on the information."). As demonstrated in Match's moving and reply briefs, and summarized herein, the fatal defects in the FTC's Complaint are found within that pleading.

 **A.** **The Complaint Fails to Satisfy Section 13(b) If the FTCA Is Not "About To" Be Violated, So Any Dispute About "Permanent" Discontinuance Is Irrelevant.**

The Exclusion Motion objects that Match states in its Response that it has "permanently ceased" the practices challenged by the Complaint. While these practices have indeed been permanently discontinued, it is not necessary for the Court to analyze permanence to grant the Motion to Dismiss. The Complaint repeatedly admits that Match ceased the alleged conduct underlying Counts I-IV. (Compl. ¶¶ 3, 19, 20, 34.) For two of these counts, the Complaint states that the conduct was ceased by "mid-2018" and for another two, "mid 2019." (*Id.* at ¶ 3.) The Complaint further makes no allegation that the practices have been resumed, that there are any plans to resume them, or any facts that give an inference that they are "about to" be resumed, as

required for the FTC to have statutory authorization under Section 13(b).  (Mot. to Dismiss at 1, 9-14.)

While the Exclusion Motion states without any support that the practices are merely "suspended" (implying their resumption in the future), the actual Complaint does not allege this. (Exclusion Mot. at 4.)  The FTC too is bound to the actual allegations made in its Complaint when opposing the Motion to Dismiss.  When this Court analyzes the Motion to Dismiss, Plaintiff cannot supplement its pleading through briefs.  *EuroTec Vertical Flight Sols., LLC. v. Safran Helicopter Engines S.A.A.*, 3:15-CV-3454-S, 2019 WL 3503240, at *17 n.10 (N.D. Tex. Aug. 1, 2019) ("It is axiomatic that Plaintiff cannot amend the complaint by a brief in opposition to a motion to dismiss.").  The FTC is held to the four corners of the Complaint and is entitled to no presumption of truth for matters outside of it.

Rather, the Complaint's failure to satisfy Section 13(b) is evident from the face of the Complaint, without need to rely on descriptions of them as "suspended" or "permanent."  This issue should not affect the Court's analysis, and thus this portion of the Exclusion Motion should be denied as moot.

### B. The Complaint Fails to Plead the Lack of Simple Alternative Cancellation Methods

ROSCA requires that internet sellers using auto-renewal services "provide[] simple mechanisms for a consumer to stop recurring charges."  15 U.S.C. § 8403.  The FTC admits that its "Complaint is clearly limited to Match's online cancellation and the substantial injury that the method caused[.]"  (Exclusion Mot. at 6.)  It also admits that Match offers "alternative cancellation mechanisms available on Match's platform" that the "FTC did not challenge." (Exclusion Mot. at 5.)  Any potential ambiguity about the scope of the Complaint's challenge of Match's "billing and cancellation practices" is addressed by the admissions in the Exclusion

Motion, which makes crystal clear that the FTC acknowledges the existence of alternative cancellation methods and does not challenge them.  (*Id.* at 5-6.)  This sets up a purely legal question for the Court:  Can the FTC plead a ROSCA violation by attacking only one of a defendant's several cancellation methods?  As the plain text of the statute indicates, it cannot.  The Court need not reach the specifics or number of Match's alternative cancellation methods to decide this issue, but rather, should hold that the FTC must satisfy the text of the statute in its pleading.

        C.       **The Court Need Not Ignore the History of This Case**

The FTC proposes to exclude Match's discussion of the history of the FTC Investigation (Exclusion Mot. at 6) and so-called "Generic Praising" of its business, including its fraud prevention practices.  (Exclusion Mot. at 7.)  Including basic background, like information about Match's business to correct the Complaint's biased and inaccurate background descriptions of them, is standard practice.  The Court need not legally rely on either to dismiss the Complaint (and Match is not asking the Court to rely on either), and so they are not grounds for an exclusion order.  *Knighton*, 304 F. App'x at 287 (approving references to background information).

        D.       **Match Has Withdrawn the "Wrong Entity" Issue**

Finally, Match has repeatedly informed the FTC that it has sued the wrong entity because Match Group, Inc. is a holding company that performed none of the actions challenged by the Complaint.  (Mot. to Dismiss at 1 fn. 2.)  Match has repeatedly tried to work with the FTC to have it amend the Complaint to name the correct entity, Match Group, LLC, but the FTC has thus far refused to even engage in a substantive discussion of the matter or provide a single

reason for its naming of a holding company as the defendant.[1]  It is supremely inefficient for the FTC to refuse to engage in a good-faith discussion of this, especially because it has been repeatedly placed on notice that it has sued the wrong entity.  *See Perez v. Prods. of Tomorrow, Inc.*, 06-20309-CIV, 2006 WL 8433479, at *3 (S.D. Fla. July 18, 2006) ("[A]s Plaintiff has now been placed on notice [that defendant believed it was not the correct defendant], it is incumbent that he investigate the possibility that he has sued the wrong entity and his failure to do so could be grounds for the imposition of sanctions.").

While courts have dismissed wrongly-named entities through motions to dismiss including reference to affidavit, in the interests of efficiency, and because the FTC's entire Complaint should be dismissed as laid out in Match's Motion to Dismiss, Match withdrew its request that the FTC dismiss Match Group, Inc. from the case.  *See, e.g., Warter v. Boston Sec., S.A.*, No. 03-81026-CIV/RYSKAMP, 2004 WL 691787, at *13 (S.D. Fla. Mar. 22, 2004) (dismissing claim alleging wrongdoing by bank where plaintiff incorrectly sued holding company because "[t]he holding company and the bank are not one and the same, and the holding company does not conduct any banking activities").  If necessary, however, Match plans to raise this issue with a motion for leave to seek early summary judgment.  The FTC has informed Match—again, with no explanation—that it will oppose Match's motion for leave to file an early summary judgment.  The FTC's refusal to conform its pleadings to reality is a waste of judicial and Match's resources, and Match will seek costs.

* * *

---

[1] The FTC's purported justification in its Opposition for naming Match Group Inc., a supposed veil-piercing theory, has no basis, and makes no sense where those allegations are completely absent from the Complaint.

In conclusion, the FTC attempts another distraction with the Exclusion Motion. The Court need not reach these issues to grant the Motion to Dismiss, and should deny the Exclusion Motion as moot.

Date:  November 26, 2019								By: */s/ Angela C. Zambrano*
										Angela C. Zambrano
										State Bar No. 24003157
										angela.zambrano@sidley.com
										David Sillers
										State Bar No. 24072341
										dsillers@sidley.com
										SIDLEY AUSTIN LLP
										2021 McKinney Ave, Suite 2000
										Dallas, TX 75201
										Telephone:  214.981.3300
										Fax:  214.981.3400

										Chad S. Hummel *(pro hac vice)*
										chummel@sidley.com
										SIDLEY AUSTIN LLP
										1999 Avenue of the Stars, 17th Floor
										Los Angeles, CA 90067
										Telephone:  310.595.9500
										Fax:  310.595.9501

										*Attorneys for Match Group, Inc.*

**CERTIFICATE OF SERVICE**

On November 26, 2019, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

										*/s/ David Sillers*
										David Sillers

ACTIVE 251433565