**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

MATCH GROUP, INC., a corporation,

Defendant.

**Case No.** 3:19-cv-02281-K

**Plaintiff's Motion for Leave to File Sur-Reply and Brief in Support**

Plaintiff the Federal Trade Commission ("FTC") respectfully requests leave to file a sur-reply to the motion to dismiss filed by Defendant Match Group, Inc. ("Match") (Dkt. 20):

**Summary**

The FTC requests the Court to admit the attached six-page sur-reply in response to Match's reply. The sur-reply serves two limited purposes. First, it addresses a significant Fifth Circuit opinion, *SEC v Team Resources, Inc.*, —— F.3d ——, No. 18-10931, 2019 U.S. App. LEXIS 33106 (5th Cir. Nov. 5, 2019), that the circuit court issued the same day the FTC filed its Opposition and thus was unable to brief there. This decision—one that Match failed to bring to the Court's attention in its reply—raised three issues that are critical to the Court's decision in this case and that therefore merit the three pages of briefing we provide in the sur-reply. Second, Match's reply raised a new argument regarding the pleading standard for Section 13(b), and the FTC respectfully submits that fairness provides that we should have an opportunity to respond.

**Argument**

A district court generally grants leave for a nonmovant to file a sur-reply in three limited circumstances. First, a sur-reply is appropriate where a moving party raises new arguments in its

reply brief. *See, e.g., Equibrand Corp. v. Reinsman Equestrian Prod., Inc.*, No. 307-CV-0536-P, 2007 WL 1461393, *1 n.2 (N.D. Tex. May 17, 2007); *Pa. Gen. Ins. Co. v. Story*, No. 3:03-CV-0330-G, 2003 WL 21435511, *1 (N.D. Tex. June 10, 2003).[1] Second, a sur-reply is appropriate where a moving party presents new issues or evidence for the first time. *See Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 U.S. Dist. LEXIS 174856, *2 (N.D. Tex. Oct. 23, 2017). Third, a sur-reply is appropriate where a nonmovant can show an "exceptional or extraordinary" event that merits approving such a filing. *See, e.g., Binh Hoa Le v. Exeter Fin. Corp.*, No. 3:15-CV-3839-L, 2019 U.S. Dist. LEXIS 55056, *17 (N.D. Tex. Mar. 31, 2019). The FTC respectfully submits that its attached sur-reply meets two of these circumstances:

First, the FTC submits that the Fifth Circuit issuing a significant decision the same day that the FTC filed its opposition brief is an exceptional circumstance that merits a sur-reply.[2] In *Team Resources*, the Fifth Circuit reaffirmed the scope of equitable relief in *SEC v. Blatt*, 583 F.2d 1325 (5th Cir. 1978), while also directly addressing two other issues critical to the basis for Match's motion to dismiss. The FTC addresses these three areas in the sur-reply:

- Whether district courts may grant equitable monetary relief where the underlying statute provides only for a "permanent injunction";
- Under what circumstances Supreme Court holdings invalidate Fifth Circuit law; and
- Whether the Fifth Circuit will revisit past holdings that other circuits call into question.

As a result, the FTC respectfully submits that the Court would benefit from further briefing from

---

[1] Courts generally do not consider arguments raised for the first time in a reply brief at all. *See, e.g., Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex.2001); *Blanchard & Co. v. Heritage Capital Corp.*, No. 3:97-CV-690-H, 1997 U.S. Dist. LEXIS 19395, *1 (N.D. Tex. Dec. 1, 1997). "But no 'palpable injustice' exists when the opposing party is given opportunity to respond." *Schimek v. MCI, Inc.*, No. 3:05-CV-0045-P, 2006 U.S. Dist. LEXIS 54747, *2 n.5 (N.D. Tex. Aug. 7, 2006) (quoting *Blanchard*, 1997 U.S. Dist. LEXIS 19395, at *1).

[2] The FTC was unaware of the Fifth Circuit's decision until the day after it was issued.

the FTC in three pages of its sur-reply and Match, if it chooses, in a filing of similar length.

Second, the FTC respectfully requests the opportunity to respond to a new argument that Match raised in its reply brief regarding the pleading standard under Section 13(b). 15 U.S.C. § 53(b). In its original motion, Match argued that "likelihood of recurrence" was simply the wrong standard for authorizing Section 13(b) relief, and that instead the Court should apply the more stringent standard set forth in *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019). *See, e.g.*, Mot. at 12. In contrast, Match's reply brief argues that Section 13(b)'s "about to violate" language is completely unrelated to whether courts may enjoin defendants under the statute, and that therefore the Fifth Circuit law has nothing to say on the matter. Rep. at 1, 5. We respectfully request that the Court consider the response in the sur-reply, which we have covered in approximately the same space as Match devotes to the new argument (two and a half pages).

**Conclusion**

For the reasons set forth above, the FTC respectfully requests the Court grant the FTC's motion for leave to file a sur-reply.

Respectfully submitted,

DATED: November 26, 2019

/s/ Zachary A. Keller
ZACHARY A. KELLER, Texas Bar No. 24087838
M. HASAN AIJAZ, Virginia Bar No. 80073
MATTHEW WILSHIRE, California Bar No. 224328
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9382 (Keller); (214) 979-9386 (Aijaz);
(214) 979-9362 (Wilshire)
F: (214) 953-3079
E: zkeller@ftc.gov; maijaz@ftc.gov; mwilshire@ftc.gov
Attorneys for Federal Trade Commission

**CERTIFICATE OF CONFERENCE**

In compliance with Local Rule 7.1, I certify that I conferred with Angela C. Zambrano, Attorney for Defendant, on November 20, 2019. On November 21, 2019, Chad Hummel, Attorney for Defendant, advised that Defendant is opposed to this motion.

/s/ Zachary A. Keller
Zachary A. Keller

**CERTIFICATE OF SERVICE**

On November 26, 2019, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Zachary A. Keller
Zachary A. Keller