IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MATCH GROUP, INC., a corporation,<br><br>    Defendant. | **Case No.** 3:19-cv-02281-K<br><br>**Plaintiff's Reply to Defendant's Opposition to Motion to Exclude Matters Outside the Pleadings** |

Plaintiff Federal Trade Commission ("FTC") respectfully submits this reply to the opposition (Dkt. 31) filed by Defendant Match Group, Inc. ("Match") to make three brief points:

First, the FTC agrees with Match that the issues we address in our Motion to Exclude ("Motion") (Dkt. 26) are "matters that the Court need not rely on in considering the Motion to Dismiss." Opp. at 1. Match opposes our Motion by describing the purported facts it seeks to retain as variously "irrelevant," "not necessary," and as facts the Court "need not legally rely on." Opp. at 1, 3. The FTC agrees: the extraneous facts Match included are legally irrelevant, and the Court should therefore exclude them.

Second, Match's opposition cites to a "clear" non-binding Fifth Circuit opinion that has nothing to do with whether Match improperly introduced matters outside the pleadings; instead, it bears only on what the Court may do with information made available to it. In *Knighton v. Merscorp, Inc.*, 304 F. App'x 285 (5th Cir. 2008) (unpublished), the plaintiffs argued that the district court erred by including matters outside the pleadings in its findings on a motion to dismiss, and the Fifth Circuit declined to hold the district court in error because the court had not placed legal reliance on the matters. *Id.* at 287. *Knighton* had nothing to do with whether the

1

matters raised are outside the pleadings or not. Instead, it only related to whether the court had committed reversible error by exercising its discretion to include background information it did not rely upon to determine the case before it. The FTC has never challenged the Court's broad discretion to entertain facts, *see, e.g.,* Mtn. at 7-8, and that discretion includes taking notice of them while ignoring them entirely in evaluating the merits of the case. That the Court *may* include Match's purported facts has nothing to do with whether it *should* do so, however, and the Motion argues that the Court should not include them, whether as legally significant matters of fact or otherwise.[1]

Finally, the Court should disregard Match's attempt to get another bite at the 12(b)(6) apple by using its opposition to recapitulate purportedly "fatal defects in the FTC's Complaint" from its motion to dismiss. *See generally* Opp. at 1-3 (re-litigating Section 13(b) and Count V). These matters are improper to raise here, and the Court should therefore ignore them.

**Conclusion**

The FTC respectfully requests the Court to grant its Motion to Exclude.

Respectfully submitted,

DATED: December 3, 2019	/s/ Zachary A. Keller_____
ZACHARY A. KELLER, Texas Bar No. 24087838
M. HASAN AIJAZ, Virginia Bar No. 80073
MATTHEW WILSHIRE, California Bar No. 224328
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9382 (Keller); (214) 979-9386 (Aijaz);
    (214) 979-9362 (Wilshire)
F: (214) 953-3079
E: zkeller@ftc.gov; maijaz@ftc.gov; mwilshire@ftc.gov
Attorneys for Federal Trade Commission

---

[1] The "background" information Match provides is a misleading gloss on the history of the case in any event. *Compare, e.g.,* Motion to Dismiss (Dkt. 20) at 6 ("The DOJ ***declined*** the case . . . ") (emphasis in original) *with* Opposition (Dkt. 27) at 4 (Department of Justice "issu[ed] a grand-jury subpoena to Match regarding the conduct in the FTC's complaint.").

2

**CERTIFICATE OF SERVICE**

On December 3, 2019, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Zachary A. Keller
Zachary A. Keller
