IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>    Defendant. | Case No. 3:19-cv-02281-K |

**MATCH GROUP, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

## MEMORANDUM OF POINTS AND AUTHORITIES

The FTC's proposed sur-reply does not raise new relevant legal authority or rebut an argument raised for the first time in Match's reply brief.  It is thus, transparently, an attempt impermissibly at getting the "last word" on a Motion where Match is the moving party.  The FTC's purported justifications for seeking leave are each based on demonstrably false premises:  First, the purportedly new and important cited decision, *SEC v. Team Resources, Inc.* ("*Team Resources*"), is nothing of the kind, as it merely reaffirmed principles found in other prior cases relating to the SEC—principles that the FTC did not even address in its Opposition; and, second, Match raised no new argument in its reply brief, as its moving brief raised the exact argument, using the exact same language, that the FTC incorrectly asserts is "new" in its request for leave.  For these reasons, the FTC's motion aptly illustrates why sur-replies are "highly disfavored" in this District, and it should be summarily denied.

### A.   Sur-Replies Are Highly Disfavored and Should Rarely Be Granted

Under Local Rule 7.1, the movant (here, Match) has the first and last word on a motion to dismiss.[1]  The standard in this District is clear:  "[s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter."  *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).  Indeed, "[t]he purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard.  A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage."  *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-CV-1397, 2003 WL 251318, at *21

---

[1] Before the FTC filed, Match alerted the FTC to the weaknesses in its proposal to file a sur-reply and urged it to reconsider, but the FTC did not meaningfully engage with Match in an effort to avoid unnecessary motion practice.

1

(N.D. Tex. Feb. 3, 2003).  As a result, the non-movant must show "exceptional or extraordinary circumstances" to justify a sur-reply.  *Lacher*, 147 F.Supp.2d at 539.  None exist here.

### B. The FTC Should Not Be Allowed to Raise New Matters for the First Time in a Sur-Reply

The FTC incorrectly argues that it is an "exceptional circumstance" that *SEC v. Team Resources, Inc.*, 942 F.3d 272 (5th Cir. 2019) ("*Team Resources*") was decided on the day it filed its Opposition.  (Sur-Reply Mot. at 1-2.)  New authority can justify a sur-reply when it makes "drastic changes in the law likely to change the court's determination *and* . . . the court is likely to miss [the authority] in its research, or might find [it] only with difficulty and significant effort."  *Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 491 (N.D. Tex. 2001) (emphasis in original) (denying motion to supplement summary judgment brief with new, published Fifth Circuit decisions issued after submission of brief).  *Team Resources* is not a "drastic change in the law" and would not "change the court's determination."[2]

First, *Team Resources* should do nothing to "change the [C]ourt's determination."  *Team Resources* does not involve the FTC, the FTCA, or whether the FTC may seek equitable monetary relief in this Court.[3]  *Team Resources* involves SEC disgorgement and the FTC made no argument—through analogy or otherwise—relating to SEC disgorgement, nor did Match raise the issue in its moving or reply briefs.  Instead, the FTC is improperly seeking to add a completely new argument to its Opposition that neither party previously raised.  If the FTC wanted to draw an analogy to the SEC's authority to seek disgorgement in its enforcement proceedings, it could have, and should have, done so in its Opposition.  *See Gonzalez v. Tex. Health & Human Servs. Comm'n*, No. 5:13-CV-183-DAE, 2014 WL 6606629, at *3 (W.D. Tex. Nov. 19, 2014) (striking arguments

---

[2] Nor would this Court be likely to miss this case in its own research.
[3] Nor does it concern the principles analyzed in *Shire*, *Credit Bureau*, or any other case cited by the parties.

2

in sur-reply that could have been—but were not—asserted in response brief); *Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*, No. 7:09-CV-29-O, 2011 WL 13128125, at *14 (N.D. Tex. May 4, 2011) (denying motion for leave to file sur-reply that went beyond arguments in reply brief). Therefore, it is wholly inappropriate for the FTC to attempt to raise this issue for the first time in a proposed sur-reply. The FTC waited several weeks, and until after Match filed its Reply, to raise the issue of *Team Resources*, again showing that it is a pretext to try to have the last word through a sur-reply.

More substantively, in its proposed sur-reply, the FTC wishes to mischaracterize *Team Resources* based on the false premise that the decision affects whether implied monetary relief is available under the FTCA. It does not. *Team Resources* is a purely procedural decision that makes no pronouncements about the scope of implied equitable relief under statutory schemes generally, whether in the SEC or FTCA context. It states only that the Fifth Circuit's rule of orderliness requires it to follow prior Fifth Circuit precedent that the SEC is entitled to disgorgement in enforcement proceedings until the Supreme Court expressly overturns that holding—a holding *Team Resources* acknowledges is currently before the Supreme Court.[4] *Team Resources*, 942 F.3d at 273–74, 277. The FTC omits the critical difference between *Team Resources* and this Court's analysis, which is that neither the Supreme Court nor the Fifth Circuit has <u>ever</u> held that implied

---

[4] In *Team Resources*, the appellants argued that the SEC was no longer entitled to disgorgement at all because *Kokesh v. SEC*'s holding that it was a "penalty" removed it as an equitable remedy. 942 F.3d at 275-76. But, the Supreme Court itself stated in *Kokesh* that it should not be "interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings[.]" *Id.* at 276 (quoting *Kokesh*, 137 S.Ct. at 1642 n.3). Thus, the Fifth Circuit concluded that it was required to follow its holding in *SEC v. Blatt*, 583 F.2d 1325 (5th Cir. 1978) that the SEC could seek disgorgement in enforcement proceedings. The fact that the Supreme Court has agreed to review whether the SEC is in fact entitled to this equitable remedy supports Match's argument that current Supreme Court jurisprudence requires courts to strictly adhere to statutory text. *See Team Resources* at 277 and n.4 (noting that *Kokesh* was "illuminating" and citing scholar's statement that *Kokesh* casts "considerable doubt on the validity of the seemingly well-established disgorgement sanction"). Therefore, contrary to the FTC's argument, *Team Resources* does not undercut this proposition nor Match's arguments. And again, neither side mentioned *Kokesh* or SEC disgorgement in 75 pages of briefing before the attempted sur-reply.

equitable monetary relief is available under Section 13(b) of the FTCA.  Therefore, not only does the FTC mischaracterize the substance of the *Team Resources* decision, it also mischaracterizes the effect of the decision's adherence to the rule of orderliness.[5]  Match has not requested that the Court depart from Fifth Circuit precedent because, as explained in its reply brief, Fifth Circuit cases including *Southwest Sunsites* support Match's position that the FTC may only properly seek monetary relief under Section 19.  The fact that the Fifth Circuit is required to follow its prior panel decisions has no relevance here.  Thus, the Court should reject the FTC's argument that *Team Resources* is even relevant to (much less critical to) the issues in this case.

### C. The FTC's Argument That Match Raised a "New" Argument in Its Reply Is Demonstrably False

The FTC argues that Match raised a "new argument" in its reply brief about the pleading standard for Section 13(b) that purportedly justifies three pages of additional briefing.  The FTC claims that Match raised the following new argument in its reply brief: "that the Opposition 'conflate[s] the standards for (1) bringing an action under Section 13(b) ('about to violate' the law) with (2) obtaining injunctive relief from a federal court ('likely to resume' unlawful conduct)." Dkt. 32-1 at 4.  The FTC is wrong—in Match's moving brief, it stated that the FTC has repeatedly attempted to "conflate the plain language of the limitations on its Section 13(b) authority with the 'likelihood of recurrence' standard for issuance of a preliminary injunction." (Mot. at 12.)  Match then explained why the plain language of Section 13(b) does not permit the FTC's action here because there is no evidence that Match is "about to violate" the FTCA.  Far from being a "new"

---

[5] Further, *Team Resource*'s adherence to a long-standing Fifth Circuit rule that panels are bound by prior decisions can hardly deem the decision "new authority."  *See Team Resources*, 942 F.3d at 278 (citing cases from 2016 and 2008 explaining the rule of orderliness).

4

argument raised in the Reply, Match argued, almost word-for-word, the same thing in its moving brief as a central pillar for why the filing pre-requisites under Section 13(b) are not met.

In its opposition to the motion, the FTC used <u>exactly</u> the strategy predicted by Match in its opening brief, citing a series of cases in which the courts analyzed Section 13(b) preliminary injunctions under—unsurprisingly—a "likelihood of recurrence" standard. (Opp. at 5-7.) In its reply brief, Match addressed the FTC's arguments directly, noting that each of the FTC's cases involved preliminary injunctions and none involved an analysis of the "about to violate" standard of Section 13(b). (Reply at 5.) And Match reiterated what it had stated in its moving brief—that the plain language of Section 13(b) requires factual allegations showing that the defendant is "about to" violate the law, and that such allegations are completely absent from the Complaint here. (Reply at 4-5.) In other words, Match's position has been consistent since its original brief in support, nothing "new" was added in its reply, and the proposed sur-reply's second section simply seeks the last word on an issue already extensively litigated. This is made clear because the proposed sur-reply wants to re-discuss the exact same cases as the FTC did in the response brief. *Compare* Dkt. 32-1 at 4-6 *with* Dkt. 27 at 8-9 (each discussing *Sunsites*, *Cornerstone Wealth*, and *SEC v. First Financial Group*).

The FTC simply has no response because it has alleged no facts demonstrating that Match is about to violate the FTCA. The FTC's request for a sur-reply should be denied.

\* \* \*

In conclusion, neither party has raised any arguments analogizing the FTC's ability to obtain restitution to the SEC disgorgement scenario such that a case on that issue would be critical to the Court's determination of the Motion, and both parties have extensively briefed their respective positions on Section 13(b). The Court should recognize the FTC's request for a sur-

reply as a transparent attempt by the FTC to supplement its prior briefing and "get the last word," and the Court should therefore deny it.[6]

|  |  |
|---|---|
| Date:  December 6, 2019 | By: */s/ Angela C. Zambrano*<br>Angela C. Zambrano<br>State Bar No. 24003157<br>angela.zambrano@sidley.com<br>David Sillers<br>State Bar No. 24072341<br>dsillers@sidley.com<br>SIDLEY AUSTIN LLP<br>2021 McKinney Ave, Suite 2000<br>Dallas, TX 75201<br>Telephone:  214.981.3300<br>Fax:  214.981.3400<br><br>Chad S. Hummel *(admitted Pro Hac)*<br>chummel@sidley.com<br>SIDLEY AUSTIN LLP<br>1999 Avenue of the Stars, 17th Floor<br>Los Angeles, CA 90067<br>Telephone:  310.595.9500<br>Fax:  310.595.9501<br><br>*Attorneys for Match Group, Inc.* |

## **CERTIFICATE OF SERVICE**

On December 6, 2019, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ David Sillers*
David Sillers

---

[6] Although Match believes that the FTC's sur-reply is wholly inappropriate, if the Court believes that additional briefing is justified, Match requests the opportunity to respond fully to the FTC's proposed sur-reply.

ACTIVE 251723802