IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>        Defendant. | Case No.  3:19-cv-02281-K |

## OBJECTION TO FTC'S PURPORTED "NOTICES"

Defendant Match Group, Inc. ("Match) respectfully responds to the Federal Trade Commission's ("FTC") "Notices of Recently Decided Authority" as follows:

The FTC has now submitted three "Notices of Recently Decided Authority" to the Court. Each Notice is accompanied by the FTC's gloss on a recently-decided case, and each is effectively an impermissible sur-reply filed without leave. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (noting a party must seek leave of court to file a sur-reply).[1]  Until now, Match has refrained from responding, but given the FTC's repeated filings about cases that are completely inapposite to this case, Match believes the FTC's actions warrant a brief response.

Two of the three of the FTC's "recently decided authority," *FTC v. Zurixx*, *LLC*, 2:19-CV-00713, 2020 WL 927531, at *1 (D. Utah Feb. 26, 2020) and *FTC v. Nudge, LLC*, 2:19-CV-00867, 2019 WL 7398678, at *1 (D. Utah Dec. 31, 2019) stand for the unremarkable proposition that a

---

[1] Match also notes that the FTC's November 26, 2019 Motion for Sur Reply was unjustified and was another attempt to have the last bite at the apple.

1

district court is bound to circuit precedent, because the Tenth Circuit has already ruled that Section 13(b) of the FTCA authorizes equitable monetary relief.[2]

But the fact that Utah district courts must adhere to binding Tenth Circuit authority is irrelevant to the Court's determination in this case. That is because, as the FTC itself has recently stated to the Supreme Court, the Fifth Circuit has *not* ruled on the issues disputed in *Credit Bureau*. Specifically, the FTC admitted in recent Supreme Court filings that the Fifth Circuit has no binding precedent that Section 13(b) of the FTCA authorizes equitable monetary relief. *See* Resp. to Pet. for Writ. of Cert. at 6, *AMG Cap. Mgmt. v. FTC* (No. 19-508 filed Dec. 23, 2019); Pet. for Writ of Cert. at 3 n.2, 11–12, *FTC v. Credit Bureau Ctr., LLC* (No. 19-825 filed Dec. 19, 2019); Resp. to Pet for Writ of Cert. at 6–7, *Publishers Bus. Servs. Inc. v. FTC* (No. 19-507 filed Dec. 13, 2019). The Court should take special note of these admissions because they are highly inconsistent with the FTC's filings in this case.

The third case comes from the Western District of Texas, but the FTC mis-perceives its relevance. *FTC v. Educare Ctr. Servs., Inc.*, No. 3-19-CV-00196-KC, 2020 WL 218519, at *1 (W.D. Tex. Jan. 14, 2020), *appeal docketed*, No. 20-50113 (Feb. 19, 2020). The *Educare* case does not resemble the facts or applicable law before this Court. The *Educare* court found, after the FTC actually produced evidence and obtained an injunction, a "wide-spread and organized fraudulent scheme" was ongoing even after initiation of the litigation and evaluated the appropriateness of its previously-issued TRO and preliminary injunction, neither of which the FTC has even sought here. 2020 WL 218519, at*4, 6-7. And critically, the standard to evaluate a preliminary injunction is not at issue here (but was in *Educare* and *Sw. Sunsites*). This is not the

---

[2] *Nudge* also concluded that a defendant was violating or about to violate the FTCA because it was part of a common enterprise that the remaining defendants did not contest was violating or about to violate the FTCA. *Nudge, LLC*, 2019 WL 7398678 at *6–8. This analysis has no applicability to the case here.

issue before the Court, and the FTC is again attempting to conflate the fundamentally different facts and law from preliminary injunction cases to paper over the fatal defects in its own pleading.

|  |  |
|---|---|
| Date:  March 2 ,2020 | By: */s/ Angela C. Zambrano*<br>Angela C. Zambrano<br>State Bar No. 24003157<br>angela.zambrano@sidley.com<br>David Sillers<br>State Bar No. 24072341<br>dsillers@sidley.com<br>SIDLEY AUSTIN LLP<br>2021 McKinney Ave, Suite 2000<br>Dallas, TX 75201<br>Telephone:  214.981.3300<br>Fax:  214.981.3400<br><br>Chad S. Hummel *(admitted Pro Hac)*<br>chummel@sidley.com<br>SIDLEY AUSTIN LLP<br>1999 Avenue of the Stars, 17th Floor<br>Los Angeles, CA 90067<br>Telephone:  310.595.9500<br>Fax:  310.595.9501<br><br>*Attorneys for Match Group, Inc.* |

## CERTIFICATE OF SERVICE

On March 2, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ David Sillers*
　　　　　　　　　　　　　　　　　　　　　　　　　David Sillers

3