# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation,<br><br>Defendant. | **Case No.** 3:19-cv-02281-K<br><br>**Plaintiff's Reply to Defendant's Objection** |

Plaintiff Federal Trade Commission ("FTC") respectfully submits this reply to the Objection (Dkt. 40) filed by Defendant Match Group, Inc. ("Match") to make three brief points:

First, the FTC filed the one-page notices at issue here solely to apprise the Court of recently decided cases. *See* (Dkts. 37, 38, 39). These non-substantive notices starkly contrast with the inappropriate substantive briefings in Match's self-styled "Objection." *See* Obj. (Dkt. 40) at 1-2. We leave for the Court to make of the cases what it will, giving no further argument.

Second, the Court should disregard the abrupt digression that Match wedged into its Objection—in which Match contends that "the FTC admitted in recent Supreme Court filings that the Fifth Circuit has no binding precedent that Section 13(b) of the FTC[ Act] authorizes equitable monetary relief," Obj. (Dkt. 40) at 2—for two reasons:

- First, as in previous filings,[1] Match misconstrues the materials it cites. The briefs Match cites do not "admit[]" or "state[]" anything about Fifth Circuit law; instead, they merely do not list Fifth Circuit law in string cites. Whether the FTC or Solicitor General include Fifth Circuit law in their string cites for any given filing unrelated to

---

[1] *Compare, e.g.,* Match's Motion to Dismiss (Dkt. 20) at 11-13, *with* FTC's Opposition (Dkt. 27) at 10 (Match failing to raise superseding case).

this case has nothing to do with the FTC's position on Fifth Circuit law and is certainly not the admission Match represents it to be here.[2]

- Second, Fifth Circuit law governing Section 13(b) speaks for itself, as our Opposition explains. *See* Opp. (Dkt. 27) at 12-24. As such, the Court should ignore Match's eleventh-hour attempt to create a sideshow with cert-petition string cites and should instead keep its focus on the main stage: the Fifth Circuit law briefed in our filings.

Finally, and more broadly, the Court should disregard Match's attempt to get another bite at the 12(b)(6) apple by filing its "Objection" to raise new arguments and analyze new cases. Because these matters are improper to raise here, the Court should therefore ignore them.

Respectfully submitted,

DATED: March 3, 2020

/s/ Zachary A. Keller
ZACHARY A. KELLER, Texas Bar No. 24087838
M. HASAN AIJAZ, Virginia Bar No. 80073
MATTHEW WILSHIRE, California Bar No. 224328
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9382 (Keller); (214) 979-9386 (Aijaz);
   (214) 979-9362 (Wilshire)
F: (214) 953-3079
E: zkeller@ftc.gov; maijaz@ftc.gov; mwilshire@ftc.gov
Attorneys for Federal Trade Commission

## CERTIFICATE OF SERVICE

On March 3, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Zachary A. Keller
Zachary A. Keller

---

[2] Notably, one of these petitions is for the case *FTC v. Credit Bureau Ctr., Inc.*, 937 F.3d 764 (7th Cir. 2019), which is a case that, as we noted in our Opposition, gave a questionable gloss on Fifth Circuit law in footnoted dicta. *See* Opp. (Dkt. 27) at 14-15.