IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation,<br><br>Defendant. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff's Motion for Leave to File Notice of Recently Decided Authority and Brief in Support** |

Plaintiff the Federal Trade Commission ("FTC") respectfully requests leave to file a notice of recently decided authority ("Notice") to the motion to dismiss ("Motion") filed by Defendant Match Group, Inc. ("Match") (Dkt. 20):

1. On April 22, 2020, the Court stayed this action and required that "the Parties must seek leave of the Court before submitting any additional or supplemental filings related to the Motion to Dismiss." (Dkt. 43).

2. The FTC seeks leave to file a notice of a recently decided authority today because the Supreme Court of the United States ruled on a case that bears directly on Match's Motion:

3. On October 17, 2019, Match filed its Motion. In the Motion, Match argues that the FTC cannot secure equitable monetary relief under Section 13(b), 15 U.S.C. § 53(b). *See* (Dkt. 20) at 14-17. Match premised this argument in large part upon two contentions: (a) that Section 13(b) does not expressly authorize monetary relief and (b) that *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946), which defined equitable relief to include monetary relief, "ha[s] been effectively overruled by more recent Supreme Court implied-remedies decisions." (Dkt. 20) at 16 n.14.

4. On November 5, 2019, the FTC filed its Response to Match's Motion. (Dkt. 27). In our Response, we address both prongs of Match's argument. *See, e.g.,* (Dkt. 27) at 21-24.

5. On June 22, 2020, the Supreme Court of the United States decided *Liu v. SEC*, No. 18-1501, 2020 WL 3405845, 591 U.S. ____ (2020). In *Liu*, the Supreme Court reaffirmed *Porter* while also holding, among other things, that "[d]ecisions from this Court confirm that a remedy tethered to a wrongdoer's net unlawful profits, whatever the name, has been a mainstay of equity courts." 2020 WL 3405845 at *5.

6. Because *Liu* bears on critical aspects of Match's Motion, the FTC respectfully requests that the Court grant us leave to file the attached Notice and appended copy of *Liu* for its consideration.

Respectfully submitted,

DATED: June 24, 2020

/s/ Zachary A. Keller_____
ZACHARY A. KELLER
M. HASAN AIJAZ
MATTHEW WILSHIRE
Texas Bar No. 24087838 (Keller)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9382 (Keller)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
F: (214) 953-3079
Email: zkeller@ftc.gov; maijaz@ftc.gov; mwilshire@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF CONFERENCE**

In compliance with Local Rule 7.1, I certify that I conferred with Chad S. Hummel, Attorney for Defendant, on June 22, 2020. On June 24, 2020, Mr. Hummel advised that Defendant is opposed to this motion.

/s/ Zachary A. Keller<br>Zachary A. Keller

**CERTIFICATE OF SERVICE**

On June 24, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Zachary A. Keller<br>Zachary A. Keller