IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation,<br><br>        Defendant. | Case No. 3:19-cv-02281-K |

## OPPOSITION TO FTC'S MOTION FOR LEAVE TO FILE NOTICE OF RECENTLY DECIDED AUTHORITY

This Court should deny the Federal Trade Commission's (FTC's) request for leave to file a ***fourth*** post-reply brief – under the guise of a notice of new authority – in opposition to Match Group, Inc.'s (Match's) pending motion to dismiss. The authority at issue is the highly publicized Supreme Court's *Liu* v. *SEC* decision dated June 22, 2020. No. 18-1501 (June 22, 2020). That decision does not decide, much less address, the question presented to this Court in Match's Motion: whether the FTC may seek *equitable monetary relief* under Section 13(b) of the FTC Act, which expressly authorizes *only injunctive relief*. In stark contrast, the statute under consideration in *Liu* expressly authorized the SEC to seek "any equitable relief" in civil cases. *Id.* at 2. *Liu* did not address or even mention the Seventh Circuit's *Credit Bureau* decision, which held that the Section 13(b) only authorizes injunctions and not other forms of equitable relief. *FTC v. Credit Bureau Center, LLC*, 937 F.3d 764 (7th Cir. 2019). A petition for certiorari to the Supreme Court is pending in that case.

The FTC's request fails to meet the standard required to permit additional briefing and should be denied for three independent but related reasons:

**First**, the Supreme Court's decision in *Liu* does not address the question in Match's Motion. The statute at issue in *Liu* expressly authorized any equitable relief, whereas the statute at issue in our case does not grant any such authority. The issue in *Liu* was whether disgorgement qualifies as an equitable remedy. *Liu* holds that statutory authorization to obtain "any equitable relief," 15 U.S.C. §78u(d)(5), means what it says—that the SEC can obtain equitable relief and the remedies of disgorgement and restitution can be forms of equitable relief if appropriately tailored. Unlike the statute in *Liu*, the text of Section 13(b), does *not* authorize the FTC to obtain "any equitable relief." Rather, it only expressly authorizes a specific type of equitable relief: an "injunction." 15 U.S.C. § 53(b). Thus, if anything, *Liu* confirms that statutes mean what they say and Section 13(b) should not be interpreted to authorize equitable monetary relief not provided for in the text of the statute.

Thus, the FTC's statement that *Liu* "bears directly on Match's Motion [to dismiss]," Dkt. 44 at 1, is flat wrong. Dkt. 44 at 1. Indeed, the FTC has repeatedly taken the opposite position from what it urges now, and has stated that *Liu* is unrelated to the issue in the FTC's petition for certiorari to the Supreme Court in *Credit* Bureau (the same issue presented here). For example, in its Supreme Court filings the FTC stated:

- "The Court should grant this petition [for review in *Credit Bureau*] notwithstanding the grant of certiorari in *Liu v. SEC*, No. 18-1501, which involves whether disgorgement under the securities laws is an equitable remedy in light of this Court's decision in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), that such orders are penal in nature. The answer to that question [in *Liu*] will not resolve whether Section 13(b) authorizes district courts entering a permanent injunction against illegal conduct to order that money taken by that conduct be returned to consumers. The question here is distinct from the question in *Liu*, will not be resolved in that case, and warrants independent review." *FTC v. Credit Bureau Center*, 19-825, FTC Petition for Certiorari at 11.

- "[T]here is no need to await the outcome of *Liu*, which presents a different question from this case" under section 13(b). *FTC v. Credit Bureau Center*, 19-825, FTC Reply in Support of Certiorari at 4.

- "The Court's decision in *Liu* is unlikely to affect the outcome in this case." *id.*

The FTC should not be permitted to tell the Supreme Court one thing and then tell this Court exactly the opposite. The fact of the matter is that *Liu* dealt with whether disgorgement amounts to equitable relief. Our issue is whether the FTC Act (a different statute) permits equitable monetary relief where the statute does not authorize it.

**Second**, contrary to the FTC's arguments, *Liu* did not "reaffirm *Porter [v. Warner Holding Co.*, 328 U.S. 395 (1946)]." Dkt. 44 at 2. Neither of the parties in *Liu* disputed *Porter* and thus there was no occasion for the Court to reconsider it or to affirm it. The Supreme Court merely quoted from *Porter* for the unremarkable proposition that "a remedy tethered to a wrongdoer's net unlawful profits . . . has been a mainstay of equity courts." Dkt. 4 at 2 (citing *Liu*). That does not have any bearing on whether Section 13(b) limits the relief available through it to just injunctions.

**Third**, the FTC has already filed three notices of supplemental authority here. After the third notice, this Court stayed the case and entered an order prohibiting "any additional or supplemental filings related to the Motion to Dismiss" absent leave of the Court. Dkt. 20. Because the *Liu* case does not address, much less decide, the issue relevant here, this notice appears to be nothing more than an attempt to file yet another sur-reply on Match's motion to dismiss. But there is no basis for such leave to file a sur-reply under this district's precedent. *See Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 491 (N.D. Tex. 2001) ("The only time new authority justifies a sur-reply is when it makes "drastic changes in the law likely to change the court's determination and that the court is likely to miss in its research, or might find only with difficulty and significant effort."). Neither prong is met here.

For these reasons, Match respectfully requests that the Court deny the FTC's motion for leave.

| | |
|---|---|
| Date:  June 25, 2020 | By: _Angela C. Zambrano_____<br>Angela C. Zambrano<br>State Bar No. 24003157<br>angela.zambrano@sidley.com<br>David Sillers<br>State Bar No. 24072341<br>dsillers@sidley.com<br>SIDLEY AUSTIN LLP<br>2021 McKinney Ave, Suite 2000<br>Dallas, TX 75201<br>Telephone:  214.981.3300<br>Fax:  214.981.3400<br><br>Chad S. Hummel *(admitted Pro Hac)*<br>chummel@sidley.com<br>SIDLEY AUSTIN LLP<br>1999 Avenue of the Stars, 17th Floor<br>Los Angeles, CA 90067<br>Telephone:  310.595.9500<br>Fax:  310.595.9501<br><br>*Attorneys for Match Group, Inc.* |

## **CERTIFICATE OF SERVICE**

On Jun 25, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ David Sillers*
David Sillers

4