IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                     Plaintiff,<br><br>   v.<br><br>MATCH GROUP, INC., a corporation,<br><br>                     Defendant. | Case No.  3:19-cv-02281-K |

**DEFENDANT MATCH GROUP, INC.'S MOTION FOR LEAVE TO FILE
NOTICE OF RECENTLY DECIDED AUTHORITY AND FOR STAY OF ALL
PROCEEDINGS PENDING SUPREME COURT DECISION IN *FTC V. CREDIT
BUREAU* AND BRIEF IN SUPPORT**

Defendant Match Group, Inc., ("Match") respectfully requests leave to submit a notice to this Court of the recent grant of certiorari by the Supreme Court of the United States in *Fed. Trade Comm'n v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019), *cert. granted*, 2020 WL 3865251 (July 9, 2020),[1] and for leave to seek a **stay of all proceedings** in this matter, including a ruling by this Court on Match's pending Motion to Dismiss (Dkt. 20), pending a decision by the Supreme Court in *Credit Bureau*, anticipated in early summer 2021.

On April 22, 2020, this Court stayed this action pending its ruling on Match's Motion to Dismiss and required that "the Parties must seek leave of the Court before submitting any additional or supplemental filings related to the Motion to Dismiss."  (Dkt. 43.)

On July 9, 2020, the Supreme Court of the United States granted the Federal Trade Commission's ("FTC") Petition for a Writ of Certiorari in the *Credit Bureau* case in which the

---

[1] The Supreme Court also granted certiorari in *AMG Capital Mgmt., LLC v. FTC*, 910 F.3d 417 (9th Cir. 2018), *cert. granted*, 2020 WL 3865250 (July 9, 2020), and consolidated these cases.  In contrast to the decision in *Credit Bureau*, the Ninth Circuit in *AMG* affirmed an equitable monetary relief award for the FTC under Section 13(b).  *See* 910 F.3d at 426.

FTC sought review of the Seventh Circuit's holding that the FTC does not have the statutory authority to seek equitable monetary relief in federal court under Section 13(b) of the FTC Act, 15 U.S.C. §53(b).  *See* Order Granting Petition For Certiorari, *Fed. Trade Comm'n v. Credit Bureau Ctr., LLC* (No. 19-825), 2020 WL 3865251 (U.S. July 9, 2020).

Match's Motion to Dismiss, filed on October 17, 2019 (Dkt. 20), is, in substantial part, based on the unambiguous language of the FTC Act and the persuasive Seventh Circuit's decision in *Credit Bureau*, in which that court held that Section 13(b) of the FTC Act only authorizes injunctions and not other forms of equitable relief.  Monetary relief, of course, can be sought by the FTC through administrative proceedings and a follow-on federal court lawsuit pursuant to Section 19 of the FTC Act, but that is not the procedural route that the FTC elected in this case.

Match's Motion is also, in part, based on the fact that the practices challenged in the Complaint in this case have long been discontinued and are not "about to" resume, a fact that should preclude injunctive relief under Section 13(b), as held in *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 159 (3d Cir. 2019), on which the FTC did not seek Supreme Court review.

**The Fifth Circuit has not decided either issue.**  And the FTC itself has conceded that the Supreme Court's recent decision in *Liu v. SEC*, 140 S. Ct. 1936, 591 U.S. ___ (2020), does not decide the issue presented in Match's Motion regarding statutory authority to seek equitable monetary relief under Section 13(b), and that will be decided *Credit Bureau*.  *See* Match's Opposition to FTC's Motion for Leave to File Notice of Recently Decided Authority, filed June 25, 2020, quoting FTC positions taken in its Supreme Court Petition and reply (Dkt. 45).

Therefore, because the Supreme Court has agreed to decide the circuit court split on one of the precise issues that is the subject of the pending Motion to Dismiss, and on which the Fifth

Circuit has not definitively ruled, Match respectfully requests that this Court stay its hand until the Supreme Court decision, thereby avoiding either an incorrect dismissal (in the event this Court were to grant Match's Motion) or the unnecessary expenditure of resources in litigation (in the event this Court were to deny Match's Motion on this issue).

Date:  July 17, 2020

By: */s/  Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
David Sillers
State Bar No. 24072341
dsillers@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone:  214.981.3300
Fax:  214.981.3400

Chad S. Hummel *(admitted Pro Hac)*
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone:  310.595.9500
Fax:  310.595.9501

*Attorneys for Match Group, Inc.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 15, 2020, I conferred with Zachary A. Keller, counsel for the FTC, and Mr. Keller indicated that the FTC opposes the relief requested.

                                                  */s/ Chad S. Hummel*
                                                  Chad S. Hummel

**CERTIFICATE OF SERVICE**

On July 17, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                  */s/ David Sillers*
                                                  David Sillers