IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MATCH GROUP, INC., a corporation,<br><br>　　Defendant. | **Case No.** 3:19-cv-02281-K<br><br>**Opposition to Defendant's Motion for Leave to File Notice of Recently Decided Authority and for Stay of All Proceedings** |

　　Plaintiff the Federal Trade Commission ("FTC") respectfully requests that the Court deny Defendant Match Group, Inc.'s ("Match") motion for leave to file both a notice of "recently decided authority" and a request to stay this already-stayed case ("Motion") (Dkt. 46):

**Summary**

　　The Court should deny Match's motion for leave to file a notice of "recently decided authority" for a simple reason: Match does not provide any decided authority at all. Instead, Match's proposed filing seeks to notify the Court of a grant of certiorari by the Supreme Court of the United States—a grant of review that neither changes nor clarifies the state of the law.

　　The Court should deny Match's request to file a motion for stay pending a future Supreme Court decision for a similarly simple reason: Match cannot meet the threshold of showing harm absent a stay. To the contrary, the Supreme Court's grant of certiorari concerns only one aspect of the relief the FTC seeks—whether the FTC can obtain monetary relief under Section 13(b). 15 U.S.C. § 53(b). Even if the Supreme Court rules that the FTC cannot obtain monetary relief under 13(b), Match does not dispute that 13(b) empowers this court to issue an injunction. *See* Mtn. (Dkt. 46) at 2; *see also* FTC's Opp. to Mtn. to Dismiss (Dkt. 27) at 12-24.

1

**Argument**

1. <u>Match's Motion for Leave to File Notice of Recently Decided Authority</u>

Contrary to the title of Match's Motion, the Motion does not bring any "recently decided authority" to this Court's attention. Instead, Match's notice only raises that next year the Supreme Court will be evaluating a consolidated appeal that includes *FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019), *cert. granted*, 2020 U.S. LEXIS 3557 (U.S. July 9, 2020) (No. 19-825) ("*CBC*" and, together with the other case, the "Consolidated Appeals").[1] Mtn. (Dkt. 46) at 1-2. The Supreme Court reviewing a case next year is not recently decided authority. The Court should therefore deny the Motion.

2. <u>Match's Motion for Leave to Seek a Stay of All Proceedings</u>

The Court should also deny Match's request to file a motion to stay because Match failed to show that it would incur harm absent a stay. In deciding motions to stay, courts asses four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).[2] Match's Motion does not directly address any of these factors. In fact, the Motion fails to cite a single case, to set forth the factors for a stay, or to engage in an even cursory analysis of the merits. Instead, Match

---

[1] The Supreme Court consolidated *CBC* with *AMG Capital Mgmt., LLC, v. FTC*, 910 F.3d 417 (9th Cir. 2018), *cert. granted*, 2020 U.S. LEXIS 3556 (U.S. July 9, 2020) (No. 19-508).

[2] *Cf. Clinton v. Jones*, 520 U.S. at 708 (trial record must enable a judge to assess potential harm absent a stay). The likelihood of success on the merits and irreparable injury are the most important factors for courts to consider, *Nken*, 556 U.S. at 434-435, and the final two factors—injury to the non-moving parties or others interested in the proceeding and the public interest—merge where the government is the party opposing the stay. *Id.*

brings the Court a heap of red herrings without any plan for cooking them up, raising four arguments that have little to do with actual harm or any other factor courts consider for stays.

Match first argues that this Court should stay the case due to the mere possibility that the Supreme Court will uphold the *CBC* court's view that 13(b) "authorizes injunctions and not other forms of equitable relief." Mtn. (Dkt. 46) at 2. This position has two problems. First, as Match acknowledges, *id.*, injunctions are available relief under 13(b) regardless of the availability of monetary relief. Second, the FTC is seeking relief under Sections 5 and 19 as well. *See* Compl. (Dkt. 1) at 24-25 ¶¶ 88-89. Thus, even if the Supreme Court were to disallow monetary relief under 13(b), this litigation would still require discovery and resolution.

Match then raises two issues—the availability of monetary relief through administrative proceedings and a Third Circuit case having nothing to do with monetary relief at all—that are wholly untethered to either the Consolidated Appeals or any other reason for issuing a stay, and Match does not give any basis for their weighing in its favor. *See* Mtn. (Dkt. 46) at 2.

Match concludes by arguing that a stay is necessary to avoid an "incorrect dismissal (in the event this Court were to grant Match's Motion) or the unnecessary expenditure of resources in litigation (in the event this Court were to deny Match's Motion on this issue)," (Dkt. 46) at 3, but these contentions again have nothing to do with the factors federal courts evaluate to determine whether a stay is necessary. An "incorrect dismissal" granting Match's motion to dismiss would not harm Match, and the FTC is opposing the stay because we welcome this Court ruling on the case law. "[E]xpenditure of resources in litigation" is similarly unavailing because, as we explained above, litigation is necessary regardless of whether monetary relief is available under Section 13(b).

In sum, Defendant's request for a stay based on whether monetary relief is available under 13(b) amounts to little more than an attempt to wag the 13(b) dog by its monetary relief tail, subsuming the entire action within one aspect of the relief sought. The Court should reject this logic and therefore deny Match's request to file a motion for a stay.

## Conclusion

For the reasons set forth above, the FTC requests the Court deny Defendant's Motion.

Respectfully submitted,

DATED: July 24, 2020

/s/ Zachary A. Keller
ZACHARY A. KELLER
M. HASAN AIJAZ
MATTHEW WILSHIRE
Texas Bar No. 24087838 (Keller)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9382 (Keller)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
F: (214) 953-3079
Email: zkeller@ftc.gov; maijaz@ftc.gov; mwilshire@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On July 24, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Zachary A. Keller
Zachary A. Keller