**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>               Plaintiff,<br><br>  vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>               Defendant. | Case No.  3:19-cv-02281-K |

**APPENDIX IN SUPPORT OF DEFENDANT MATCH GROUP, INC.'S**
**MOTION TO STAY PENDING SUPREME COURT DECISION IN FTC V. CREDIT**
**BUREAU AND BRIEF IN SUPPORT**

Defendant Match Group, Inc., by and through its counsel, submits this Appendix in Support

of its Motion to Stay Pending Supreme Court Decision in *FTC v. Credit Bureau* and Brief in

Support.

| Ex. | Description | App. Page(s) |
|:---:|---|:---:|
| 1 | *Halley v. Deutsche Bank Nat'l Tr. Co.*, No. 4:15-cv-01174 (S.D. Tex. Dec. 23, 2015), ECF Nos. 25 (staying case pending Supreme Court decision in *Amerigold Logistics, LLC v. ConAgra Foods, Inc.*). | App. 001–002 |
| 2 | *Perrill v. Equifax Info. Servs., L.L.C.*, No. 1:14-cv-00612-SS (W.D. Tex. Aug. 4, 2015), ECF No. 105 (staying case pending Supreme Court disposition of *Spokeo, Inc. v. Robins*). | App. 003–005 |
| 3 | *Perrill v. Equifax Info. Servs., L.L.C.*, No. 1:14-cv-00612-SS (W.D. Tex. July 16, 2015), ECF No. 101 (moving to stay case pending Supreme Court disposition of *Spokeo, Inc. v. Robins*, which could be dispositive of issues before court). | App. 006–015 |
| 4 | *In re Cyberonics Inc. Sec. Litig.*, No. 4:05-cv-02121 (S.D. Tex. Apr. 19, 2007), ECF No. 91 (staying case pending Supreme Court decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*). | App. 016–017 |

Dated: September 8, 2020                    Respectfully Submitted,


                                            */s/  Angela C. Zambrano*
                                            Angela C. Zambrano
                                            State Bar No. 24003157
                                            angela.zambrano@sidley.com
                                            David Sillers
                                            State Bar No. 24072341
                                            dsillers@sidley.com
                                            SIDLEY AUSTIN LLP
                                            2021 McKinney Ave, Suite 2000
                                            Dallas, TX 75201
                                            Telephone:  214.981.3300
                                            Fax:  214.981.3400

                                            Chad S. Hummel (admitted *pro hac vice*)
                                            chummel@sidley.com
                                            SIDLEY AUSTIN LLP
                                            1999 Avenue of the Stars, 17th Floor
                                            Los Angeles, CA 90067
                                            Telephone:  310.595.9500
                                            Fax:  310.595.9501

                                            *Attorneys for Match Group, Inc.*

## CERTIFICATE OF SERVICE

On September 8, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ David Sillers
David Sillers

# APPENDIX

# EXHIBIT  1

United States District Court
Southern District of Texas
**ENTERED**
December 23, 2015
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY K. HALLEY, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1174 |
| | § | |
| DEUSTCHE BANK NATIONAL | § | |
| TRUST COMPANY, AS TRUSTEE | § | |
| FOR MORGAN STANLEY ABS | § | |
| CAPITAL I INC., TRUST 2004-HE3, | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2004-HE3, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## ORDER TO STAY AND ADMINISTRATIVELY CLOSE

It is hereby **ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending a decision by the United States Supreme Court in *Americold Logistics, LLC v. ConAgra Foods, Inc.*, Supreme Court Case No. 14-1382, *cert. granted*, 136 S. Ct. 27 (Oct. 1, 2015).

SIGNED at Houston, Texas, this **23rd** day of **December, 2015**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

P:\ORDERS\11-2015\1174AdminClose.wpd   151223.0841

**APP 002**

# EXHIBIT  2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 AUG -4  PM 1: 46

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
                    DEPUTY

DAVID A. PERRILL, GREGORY PERRILL, and
ALL OTHERS SIMILARLY SITUATED,
                    Plaintiffs,

-vs-                                                    Case No.  A-14-CA-612-SS

EQUIFAX INFORMATION SERVICES, L.L.C.,
                    Defendant.

_____

## O R D E R

BE IT REMEMBERED on this day the Court held a telephonic hearing in the above-styled

cause, and the parties appeared by and through counsel.  The Court now enters the following orders

confirming its oral pronouncements:

IT IS ORDERED that Defendant Equifax Information Services, L.L.C.'s Motion to

Stay [#101] is GRANTED.  This cause is hereby STAYED pending the Supreme Court's

disposition of *Spokeo, Inc. v. Robins*, No. 13-1339, 135 S. Ct. 1892 (2015) (granting

certiorari).  Upon said disposition, the parties are ORDERED to file with the Court either

jointly or, in the event of disagreement, separately, an explanation of how this case should

proceed;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Certify Class [#84] is

DENIED without prejudice to refiling upon lifting of the stay; and

IT IS FINALLY ORDERED that Plaintiffs' Motion for Leave to File Under Seal

[#95] (sealed) is GRANTED.

SIGNED this the 4th day of August 2015.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID A. PERRILL, and all others similarly situated, | § § § | |
| Plaintiff, | § | Case No. 1:14-cv-00612-SS |
| | § | |
| v. | § § | |
| EQUIFAX INFORMATION SERVICES LLC, | § § | |
| Defendant. | § § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO STAY**

By next June, the Supreme Court of the United States will resolve an issue critical to many, if not all, class actions under the Fair Credit Reporting Act ("FCRA"):  Whether consumers have Article III standing to assert claims under the FCRA absent a concrete and particularized injury in fact.  *Spokeo, Inc. v. Robins*, No. 13-1339, 2015 WL 1879778, at *1 (U.S. Apr. 27, 2015).  If the Supreme Court rules in favor of Spokeo, that holding could be dispositive of the issues before the Court, including whether the Court can certify this putative class action.  Accordingly, Defendant Equifax Information Services LLC ("Equifax") requests that the Court stay any further litigation to await *Spokeo*.

Both the Plaintiffs David and Gregory Perrill and Equifax agree that the Supreme Court's *Spokeo* decision will have a significant impact on this case.  *See* Dkt. No. 84 at 23 (recognizing that *Spokeo* "may clarify key issues in this case").  The Perrills, however, invite the Court to engage in a potentially futile exercise:  They ask the Court to certify the class "conditionally" and then await the Supreme Court's *Spokeo* decision, which could undo any class-certification decision months after it issues.  *Id.*  Rather than waste the Court's resources resolving a class-certification decision that may well become moot by June, Equifax believes the most efficient course would be to stay the entire litigation now, avoiding unnecessary litigation on class-certification and merits issues.  Granting a stay is exactly what courts have done in similar cases in light of *Spokeo* and what makes the most sense to do here.  *See e.g.*, *Boise v. ACE USA, Inc.*, 2015 WL 4077433 (S.D. Fla. July 6, 2015); *Syed v. M-L LLC*, 2015 WL 3630310 (E.D. Ca. May 29, 2015); *Williams v. Elephant Ins. Co.*, 2015 WL 3631691 (E.D. Va. May 27, 2015); *Ramirez v. TransUnion, LLC*, No. 12-cv-632, Dkt. No. 184 (N.D. Cal. June 22, 2015).

APP 008

## I.       Background

In December 2013, the Perrills filed this purported class action against Equifax in the District of Minnesota alleging that Equifax furnished their credit records to the Texas Comptroller without a permissible purpose in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681b and 1681e(a).[1]   Compl. ¶¶ 15-16, 29.   The Perrills seek only statutory damages under the FCRA and do not seek actual damages for any purported injury incurred as a result of Equifax's alleged conduct;[2] indeed, the Perrills fail to plead any actual concrete harm and rest their claims only on a bare violation of the FCRA.   Instead, the Perrills seek statutory and punitive damages for Equifax's alleged willful violations of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A) and § 1681n(a)(2).   *Id.* ¶ 30.   Specifically, the Perrills contend that they are entitled to recover statutory damages solely because Equifax allegedly had no "reason to believe" that the Texas Comptroller had a permissible purpose for obtaining their consumer reports and because Equifax purportedly did not maintain reasonable procedures to ensure that the Texas

---

[1] The complaint was transferred to this district on July 1, 2014.

[2] *See, e.g.*, David A. Perrill Feb. 17, 2015 Deposition, at 14:1-4 (admitting that he has never been denied credit based upon the contents of his Equifax credit file); *id.* at 22:23-23:18 ("It's very important to me from a reputational standpoint . . . . I take a lot of pride in having a very strong credit history."); *id.* at 87:8-10 (when asked why interrogatory answer was amended to remove emotional harm damages:   "And even though I was upset, I don't think it dictated emotional harm."); *id.* at 117:11-120:24) (describing "out-of-pocket financial damages" as $8 for certified letters and 15 hours of "time lost"); Gregory Perrill Feb. 18, 2015 Deposition, at 31:13-19 (Q: "What facts do you have that would support an award of punitive damages against Equifax in this case?" A: "For pulling my credit report."); *id.* at 38:7-10 (Q: "Did you incur any financial losses as a result of the Texas Comptroller requesting and obtaining a copy of your credit report from Equifax?" A: "I do not know."); *id.* at 54:16-55:9 (describing his damages as "damage to my reputation," and further admitting that he is not aware of any actual damage to his reputation); *id.* at 60:10-13 (admitting that he was not seeking actual damages from Equifax for a loan application denial); *id.* at 70:24-71:3 (when asked what actual damages he suffered: "An invasion of my privacy and the damage to my reputation."); *id.* at 77:8-14 (Q: "Did you have any

Comptroller had a permissible purpose.  Compl. ¶¶ 14-16, 30 ; Dkt. No. 84 at 8, 12. The Perrills likewise contend that each of the putative class members can recover from Equifax irrespective of whether the Texas Comptroller actually had a permissible purpose for obtaining any of their consumer reports.  Dkt. No. 84 at 8.

The Fifth Circuit held over 15 years ago that the Perrills' interpretation of the FCRA is wrong—a consumer cannot recover under the "permissible purpose" sections of the statute simply by proving that a consumer reporting agency lacked a "reason to believe" that the user had a permissible purpose or lacked reasonable procedures for ensuring a permissible purpose. *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 266 (5th Cir. 2000).  To the contrary, the consumer only has a claim under the FCRA if, in fact, her credit report was obtained without a permissible purpose.  The threshold question in this case, therefore, is *not* whether Equifax's knowledge or procedures were adequate, but whether each alleged class member can prove that the Texas Comptroller lacked a permissible purpose to obtain their credit reports.  That inherently individualized question will preclude the Perrills from meeting their burden of proving that the Rule 23 prerequisites for class certification are satisfied.

The Perrills acknowledge the *Washington* decision, but contend the Fifth Circuit simply got it wrong.  Dkt. No. 84 at 8-9.  Nevertheless, recognizing that it remains binding precedent, the Perrills ask the Court to stay the case—after "conditionally" certifying the class—to assess whether (and how) the Supreme Court's forthcoming decision in *Spokeo* affects the holding in *Washington*.  *Id.*  In Equifax's view, *Washington* will remain controlling no matter how the Supreme Court rules in *Spokeo* because the cases address slightly different questions (*i.e.*, the

---

out-of-pocket damages at any time as a result of the conduct of Equifax alleged in the complaint?" A: "Not that I'm aware of.").

**APP 010**

elements of an FCRA "permissible purpose" claim as opposed to the necessity of an Article III injury-in-fact for any FCRA claim under § 1681n(a)).   But there is no doubt that the Supreme Court's *Spokeo* decision may provide yet another reason that this Court should deny the Perrills' motion for class certification:  If the Supreme Court holds that a consumer must plead and prove a concrete injury, rather than a technical violation of the statute, that will raise another question to be answered for each individual member of the putative class that will overwhelm any purportedly common questions.

## II.        The Court Has Discretion to Stay Proceedings Under These Circumstances

The Supreme Court has recognized that "incidental to a district court's inherent power 'to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants' is 'the power to stay proceedings.'"   *In re Beebe*, 1995 WL 337666, at *2 (5th Cir. May 15, 1995) (quoting *Landis v. North Am. Co.*, 299 U.S. 248 (1936)).   "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration."   *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (citing *Landis*).

The Fifth Circuit has previously found a stay to be necessary when controlling issues of law were pending in the Texas Supreme Court.   *See, e.g.*, *Baber v. Edman*, 719 F.2d 122, 123 (5th Cir. 1983) (describing a previous stay of proceedings to await the Texas Supreme Court's review of controlling case); *Life Ins. Co. of Virginia v. Murray Investment Co.*, 651 F.2d 1090, 1090 (5th Cir. 1981) (ordering district court to await the Texas Supreme Court's decision in case pending before it).   Other courts around the country have found stays to be appropriate when, as here, the Supreme Court has under consideration a potentially dispositive issue.   *See, e.g.*, *Piroglu v.*

**APP 011**

*Coleman*, 25 F.3d 1098, 1100 (D.C. Cir. 1994) (after parties briefed and argued cross-motions for summary judgment, district court granted stay over objection of plaintiff, in light of Supreme Court's grant of certiorari in two cases with similar issue); *Mobley v. Head*, 306 F.3d 1096, 1097 (11th Cir. 2002) (staying execution because the Supreme Court was considering "the same unequivocal rule" related to habeas petitions in a separate case and thus "the outcome in that case [would] determine the outcome here."); *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (ordering a stay of district court proceedings where the Supreme Court was considering a "closely related case" and the district court's consideration of the issues would, "in all likelihood, turn upon the decision" of the Supreme Court); *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (stay granted where the pending Supreme Court case "may have a dispositive effect on the instant case" and that that "factor weighs heavily in favor of granting the stay"); *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, No. 02-80309, 2003 U.S. Dist. LEXIS 13827, at *3 (S.D. Fla. 2003) (granting stay and observing that "discretion to grant stays is routinely exercised where the U.S. Supreme Court is considering, in a separate case, the controlling issue presented in the lawsuit pending before the trial court").

Further, the Perrills themselves acknowledge that of the three other similar FCRA class actions involving the Perrills' counsel, two have been stayed pending the decision in *Spokeo*, *Larson v. TransUnion, LLC*, 12-cv-5726, Dkt. No. 86 (N.D. Cal. June 26, 2015),[3] and *Ramirez v. TransUnion, LLC*, 12-cv-632, Dkt. No. 184 (N.D. Cal. June 22, 2015), and the third is awaiting a ruling on a pending motion to stay.

Here, too, the equitable factors weigh strongly in favor of a stay.

---

[3] In *Larson*, the class certification issues were fully briefed before the Supreme Court took the *Spokeo* case, and so the district court conditionally certified the case and issued a stay.

### 1.   The Parties Will Suffer Harm if the Motion to Stay is Denied

All parties, including the Perrills, will be harmed unless a stay is ordered.  Indeed in their motion for class certification, they admit that "*Spokeo* may clarify key issues in this case."  Dkt. No. 84 at 23.  If this Court grants Plaintiffs' motion for class certification before *Spokeo* is decided and this case proceeds to a class action trial, the parties will both waste significant time and resources conducting fact and expert discovery, preparing for pre-trial motions, and preparing for trial, when that class may have to be decertified if *Spokeo* is reversed.  Such an outcome would put a heavy burden on all parties to start again from square one.  *See, e.g.*, *Hicks v. Bush*, 397 F. Supp. 2d 36, 45 (D.D.C. 2005) (order staying all proceedings pending a ruling by the Supreme Court is, inter alia, "in the interest of judicial economy, and to avoid the expenditure of unnecessary resources by both parties").

### 2.   The Perrills Will Not Suffer Harm From a Stay

The Perrills cannot justify a stay of this action on the ground that it will delay the class's potential monetary recovery.  *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 629 (5th Cir. 1985) ("[T]he hardship and inconvenience attendant on interim loss of monies which will be paid, with interest, on final judgment does not constitute irreparable harm.").  As the Perrills only seek monetary relief, no harm will be suffered from a stay of this action.

### 3.   A Stay of a Reasonable Duration Will Conserve Judicial Resources

The uncertainty that forms the basis of this requested stay will be resolved by the Supreme Court by next June.  Accordingly, there exists a natural "reasonable limit" on the duration of the stay.  *GATX Aircraft Corp.*, 768 F.2d at 716.  By staying the action for this reasonable duration, this Court will save significant time and resources and promote the orderly

course of justice.  If the motion to stay is denied and *Spokeo* holds that a plaintiff must prove actual harm to pursue statutory damages under the FCRA, an order granting class certification, and indeed any order entered in this case, may ultimately be reversed on appeal.  Accordingly, this factor also favors a stay.

## CONCLUSION

Based on the forgoing, Equifax requests that this action be stayed pending a decision by the Supreme Court in *Spokeo*.

DATED: July 16, 2015.

/s/  Kendall W. Carter
Zachary McEntyre, Esq.
J. Anthony Love, Esq.
Kendall Carter, Esq.
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, GA  30309
Tel:  (404) 572-2495
Fax: (404) 572-5138
Email:  KCarter@kslaw.com

*Attorneys for Equifax Information Services LLC*

**APP 014**

## CERTIFICATE OF SERVICE

I certify that on July 16, 2015, a true and correct copy of the foregoing was served via

U.S. Mail to all counsel of record:

> Mark L. Heaney, Esq.
> HEANEY LAW FIRM, LLC
> 13911 Ridgedale Drive
> Suite 110
> Minnetonka, Minnesota 55305-1773
>
> Andrew J. Ogilvie, Esq.
> Carol M. Brewer, Esq.
> ANDERSON, OGILVIE & BREWER,
> LLP
> 235 Montgomery Street, Suite 914
> San Francisco, CA  94104
>
> Amy Elizabeth Clark Kleinpeter
> Hill Country Consumer Law
> 11940 Jollyville Rd., 220-S
> Austin, TX 78759
>
> *Attorneys for Plaintiffs*

> /s/  Kendall W. Carter
> Kendall W. Carter, Esq.

9

**APP 015**

# EXHIBIT 4

APP 016

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  | § |  |
|---|---|---|
| IN RE CYBERONICS INC. | § | CIVIL ACTION H-05-2121 |
| SECURITIES LITIGATION | § |  |
|  | § |  |

### ORDER

Before the court is the plaintiffs' motion for leave to file a second amended consolidated class action complaint.  Dkt. 88.  In light of *Tellabs, Inc., v. Makor Issues & Rights, Ltd.*, 437 F.3d 588 (7th Cir., Jan. 25, 2006), *cert. granted*, 127 .S. Ct. 853 (Jan. 5, 2007) (No. 06-484), currently submitted to the United States Supreme Court, this case is STAYED pending a decision in that case. Accordingly, plaintiffs' motion for leave to file a second amended consolidated class action complaint is DISMISSED WITHOUT PREJUDICE with leave to re-urge at a later date.

It is so ORDERED.

Signed at Houston, Texas on April 19, 2007.

_____
Gray H. Miller
United States District Judge