IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>    Defendant. | Case No. 3:19-cv-02281-K |

## NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendant Match Group, Inc. ("Match") submits this Notice of Supplemental Authorities relevant to its pending Motion to Dismiss (ECF No. 20). On October 9, 2020, the Court stayed this case pending the U.S. Supreme Court's decision in *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021). On April 22, 2021, the Supreme Court issued its decision and held that Section 13(b) of the Federal Trade Commission Act (the "FTCA") does not authorize the FTC to seek, or a court to award, equitable monetary relief such as restitution or disgorgement in a direct action in federal court alleging violations of Section 5 of the FTCA. In compliance with the Court's Order to file a joint status report within 45 days of the Supreme Court's opinion (ECF No. 54), the parties intend to file a joint submission. In the meantime, Match files this Notice of Supplemental Authorities to make the Court aware of two cases—*AMG* (attached as Exhibit A) and *FTC v. AdvoCare Int'l, L.P.*, No. 4:19-CV-715-SDJ, 2020 WL 6741968 (E.D. Tex. Nov. 16, 2020) (attached as Exhibit B)—relevant to the Motion to Dismiss.[1]

---

[1] The parties intend to comply with the Court's order by filing a joint status report by June 7, 2021. The FTC objected to Match including the substance of this Notice in the forthcoming joint status report, however, and insisted that Match should file a Notice of Supplemental Authorities instead. The FTC also indicated that it would take "some time" to prepare its portion of the joint status report. As a result, and seeing no need for additional delay, Match filed this Notice in advance of the forthcoming joint status report.

1

1. The Supreme Court's decision in *AMG* governs the resolution of one of the arguments in Match's Motion to Dismiss—that equitable monetary relief is not available to the FTC in this case on Counts I–IV, alleging violations of Section 5 of the FTCA. *See* Mot. to Dismiss at 14–17. The Court must therefore dismiss the FTC's demand for monetary relief on those Counts.

*AMG* also reinforces Match's argument that the Court should dismiss Counts I–IV in their entirety because the FTC lacks statutory authority to sue based on past conduct, absent any plausible factual allegations that the challenged conduct is "about to" resume. *See* Mot. to Dismiss at 9–14. In *AMG*, the Supreme Court emphasized the statute's use of "the words 'is violating' and 'is about to violate' (not 'has violated')," explaining that Section 13(b) "addresses a specific problem, namely, that of stopping seemingly unfair practices from taking place while the Commission determines their lawfulness." *AMG*, 141 S. Ct. at 1348. The Court also examined the statute's structure and described the "coherent enforcement scheme" that Congress intended: "[T]he Commission may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, or when it seeks only injunctive relief." *Id.* at 1349. But Congress did not intend to allow the FTC "to use § 13(b) as a substitute for" the administrative process. *Id.* Instead, the plain language and structure of the statute indicate that if the FTC wants to seek a remedy for past conduct, it must go through the administrative process laid out by Congress, as Match argued in its Motion to Dismiss. *Id.* Simply put, when the "seemingly unfair practices" stopped before the FTC brought suit, there is no "problem" for Section 13(b) to solve, so the FTC's claims should be dismissed. *See id.* at 1348–49.

2. In addition to *AMG*, Match also draws the Court's attention to another supplemental authority, *FTC v. AdvoCare Int'l, L.P.*, No. 4:19-CV-715-SDJ, 2020 WL 6741968 (E.D. Tex. Nov. 16, 2020), in which another federal district court in Texas dismissed an FTC action on the same

ground that Match urges. In that case, the court ruled that the language of Section 13(b) "unambiguously requires [the FTC to plead] plausible factual allegations supporting a reasonable belief of present or future misconduct." *Id.* at *5. The defendants had ceased the allegedly wrongful conduct during negotiations with the FTC, before the FTC filed suit, so the court granted the defendants' motion to dismiss. *Id.* at *1, *5. While the alleged "misconduct was extensive and longstanding—having taken place for 'a period of more than 20 years'—all factual allegations indicate[d] that the alleged violations ended entirely in July 2019," but the FTC did not file suit until October 2019, the court explained. *Id.* at *5. So even though "only three months had passed since the [defendants] ceased their alleged misconduct," because "the FTC identifie[d] no ongoing misconduct and, in fact, appear[ed] to concede that the [defendants'] alleged misconduct continued only until July 2019," the court dismissed the FTC's claims.[2] *Id.*; *see also FTC v. AbbVie Inc.*, 976 F.3d 327, 376 (3d Cir. 2020) ("So if a violator's conduct is neither imminent nor ongoing, there is nothing to enjoin, and the FTC cannot sue under Section 13(b)."), *cert. pet. pending*, No. 20-1293.

---

[2] The *AdvoCare* court also rejected the FTC's argument that its "internal, 'reason to believe' determination is an effective 'King's X' against a motion to dismiss a Section 13(b) complaint." *Id.* at *4. The court held that the FTC's complaint must include factual allegations supporting the FTC's belief. *Id.* This court should reject the FTC's "reason to believe" argument in this case for the same reason.

Dated: May 17, 2021               Respectfully submitted,

                                  */s/ Angela C. Zambrano*
                                  Angela C. Zambrano
                                  State Bar No. 24003157
                                  angela.zambrano@sidley.com
                                  David Sillers
                                  State Bar No. 24072341
                                  dsillers@sidley.com
                                  SIDLEY AUSTIN LLP
                                  2021 McKinney Ave, Suite 2000
                                  Dallas, TX 75201
                                  Telephone: 214.981.3300
                                  Fax: 214.981.3400

                                  Chad S. Hummel (admitted *pro hac vice*)
                                  chummel@sidley.com
                                  SIDLEY AUSTIN LLP
                                  1999 Avenue of the Stars, 17th Floor
                                  Los Angeles, CA 90067
                                  Telephone: 310.595.9500
                                  Fax: 310.595.9501

                                  *Attorneys for Match Group, Inc*

## CERTIFICATE OF SERVICE

On May 17, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing document has been filed with the Clerk of Court for the U.S. District Court, Northern District of Texas, and thereby served via the Court's CM/ECF system as authorized by Federal Rule of Civil Procedure 5(b)(2).

                                  */s/ Angela C. Zambrano*
                                  Angela C. Zambrano

4