IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation,<br><br>    Defendant. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff Federal Trade Commission's Objection to Defendant Match Group Inc.'s Purported Notice of Supplemental Authorities** |

Plaintiff the Federal Trade Commission ("FTC") objects to Defendant Match Group, Inc.'s ("Match") Notice of Supplemental Authority for the reasons below. ECF No. 56.

Defendant's filing violates the clear instructions and purpose of this Court's April 22, 2020 and October 9, 2020 orders staying this case. ECF Nos. 43 and 54. Specifically, Defendant's filing—a brief styled as a "Notice of Supplemental Authority"—plainly violates this Court's April 22, 2020 stay order. That order requires that the parties "seek leave of the Court before submitting any additional or supplemental filings related to the Motion to Dismiss." ECF No. 43.

Further, Defendant's filing ignores the clear purpose of the Court's October 9, 2020 stay order, which directs the parties to submit a Joint Report that "shall contain statements of how the parties wish to proceed" in light of the Supreme Court's decision in *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021). ECF No. 54. The joint filing therefore would serve as notice of the decision. Instead of providing guidance for how it wishes to proceed, Defendant's "notice" contains substantive arguments and is actually a sur-reply to its motion to dismiss, meaning Defendant would have needed this Court's leave to file it even if this Court had not issued its

1

stay orders.[1] *See e.g., Coleman v. Saul*, No. 3:19-CV-2198-K-BT, 2021 WL 1117167, at *2 (N.D. Tex. Mar. 24, 2021) (Kinkeade, E.) ("Surreplies are highly disfavored and this Court will only permit a surreply in exceptional or extraordinary circumstances.") (citations omitted). Defendant's "notice" is wholly unnecessary and filed without leave.

Defendant attempts to justify its violation of the Court's orders by claiming that the 45 days the Court afforded the parties to file its Joint Report[2] constitutes unnecessary "delay." *See* ECF No. 56 at 1 n.1. Because 45 days has not lapsed since the Supreme Court's *AMG* decision, there is no delay. Additionally, the Supreme Court's *AMG* decision, regarding the extent of the FTC's authority, requires internal deliberation and agency-wide coordination—considerations the Court's 45-day order anticipated and accommodates. Further, nothing would have prevented Defendant from properly seeking leave to file its brief, as the FTC advised it to do,[3] and as it has done before. *See* ECF No. 46.

---

[1] *See* ECF Nos. 20 and 56 at 2 (*e.g.*, "The Court must therefore," "reinforces Match's argument," "the FTC's claims should be dismissed," "dismissed an FTC action on the same ground that Match urges," "This Court should reject the FTC's 'reason to believe' argument in this case for the same reason").

[2] *See* ECF No. 54. *AMG* was decided on April 22, 2021, meaning the parties must file its joint report by June 6, 2021.

[3] As Defendant alludes to in its own briefing, the FTC advised it that filing this argument with the Court without first seeking leave would violate the Court's stay orders. *See* ECF No. 56 at 1 n.1.

For these reasons, the FTC respectfully requests that the Court disregard Defendant's inappropriately filed notice. In the alternative, the FTC requests leave to file a response of equal length to Defendant's notice.

Respectfully submitted,

DATED: May 20, 2021

/s/ *M. Hasan Aijaz*
ZACHARY A. KELLER
M. HASAN AIJAZ
MATTHEW WILSHIRE
REID TEPFER
Texas Bar No. 24087838 (Keller)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
Texas Bar No. 24079444 (Tepfer)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9382 (Keller)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9395 (Tepfer)
F: (214) 953-3079
Email: zkeller@ftc.gov; maijaz@ftc.gov; mwilshire@ftc.gov; rtepfer@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On May 20, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ <u>*M. Hasan Aijaz*</u>  
M. HASAN AIJAZ