IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>      Defendant. | Case No. 3:19-cv-02281-K |

## JOINT REPORT

Pursuant to this Court's Order of Administrative Closure and Staying Case (ECF No. 54), Plaintiff Federal Trade Commission (the "FTC") and Defendant Match Group, Inc. ("Match," and together with the FTC, the "Parties") respectfully submit this joint report. The Court's Order directed the Parties to "file a Joint Report within 45 days of the United States Supreme Court issuing a decision in the FTC v. Credit Bureau case," including "statements of how the Parties wish to proceed." *Id*. The Supreme Court resolved the issue presented in the *FTC v. Credit Bureau Center* petition on April 22, 2021. Having met and conferred, the Parties therefore submit this joint report pursuant to the Court's Order.

### I. BACKGROUND

On September 25, 2019, the FTC filed a five-count Complaint for Permanent Injunction, Civil Penalties, and Other Relief (the "Complaint") against Match. ECF No. 1. The FTC brought four counts (Counts I–IV) pursuant to Section 13(b) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 53(b), for alleged violations of Section 5 of the FTCA, 15 U.S.C. § 45, seeking equitable monetary and injunctive relief, and one count (Count V) pursuant to Section 19 of the FTCA, 15 U.S.C. § 57b, for alleged violations of the Restore Online Shoppers'

Confidence Act ("ROSCA"), 15 U.S.C. § 8403. On October 17, 2019, Match filed a Motion to Dismiss all five counts of the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. That motion is fully briefed.

On April 22, 2020, the Court stayed this case "[d]ue to the current issues affecting the entire country . . . pending a ruling on the Motion to Dismiss" and required leave for any additional filings. ECF No. 43. On July 17, 2020, Match filed a Motion for Leave to File Notice of Recently Decided Authority and for Stay of All Proceedings Pending Supreme Court Decision in *FTC v. Credit Bureau*, ECF No. 46, which the Court granted. ECF No. 48. Match then filed a Motion for Stay Pending Supreme Court Decision in *FTC v. Credit Bureau* (the "Motion to Stay").[1] ECF No. 51. On October 9, 2020, the Court granted the Motion to Stay, administratively closed the case, and ordered the Parties to file a joint status report within 45 days of the Supreme Court's decision. ECF No. 54. The Supreme Court issued its decision in *AMG Capital Mgmt., LLC v. FTC*, on April 22, 2021, resolving the issue presented in *FTC v. Credit Bureau*. *See* 141 S. Ct. 1341 (2021) ("*AMG Capital*"). In *AMG Capital*, the Supreme Court held that Section 13(b) of the Federal Trade Commission Act "does not authorize the Commission directly to obtain court-ordered monetary relief." *Id.* at *1347. Below, each party sets forth a statement on how it wishes to proceed in this case.

## II.   THE PARTIES' POSITIONS

### A.   The FTC's Position

The FTC continues to seek the relief that remains available following *AMG Capital*: injunctive relief pursuant to Counts I–IV and monetary relief, including both civil penalties and consumer redress, pursuant to Count V.

---

[1] The Supreme Court consolidated *Credit Bureau* with *AMG*, so any reference in the Motion to Stay to *Credit Bureau* referred to both cases.

2

In *AMG Capital*, the Supreme Court decided a narrow question regarding the scope of Section 13(b): whether it empowers federal courts to award equitable monetary relief. The Supreme Court held it does not. *See AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341, *13 (2021). Accordingly, the *AMG Capital* decision precludes this Court from awarding equitable monetary relief under Section 13(b) for Counts I-IV of the FTC's Complaint. Importantly, however, the FTC remains entitled to seek injunctive relief under Section 13(b) for the violations of Section 5 alleged in Counts I-IV, as well as monetary relief, under Section 19 of the FTC Act, 15 U.S.C. § 57b, and civil penalties, under 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), for the violations of ROSCA, 15 U.S.C. § 8403, alleged in Count V.

The case therefore continues. Accordingly, the FTC respectfully requests that the Court lift all stays in this matter and order the Parties to submit a joint proposed scheduling order pursuant to Chamber's Rule I.C.[2] Lastly, the FTC respectfully requests that the Court rule upon Defendant's pending Motion to Dismiss, which has been fully briefed.[3] ECF No. 20.

---

[2] Match complains in its portion about purported delay by the FTC in drafting this joint report. *See infra* n.3. The FTC contends this is irrelevant to the report and unworthy of the Court's time. But in the interest of accuracy, the FTC notes that it proposed revisions to Match's proposed joint section weeks before the filing deadline and provided its separate statement five days before the deadline—and a day before Match provided its own final version of its separate statement, which now contained briefing in support of its Motion to Dismiss.

[3] Match's portion of this Joint Report improperly includes new argument and additional briefing in support of its Motion to Dismiss. Doc. No. 20. Such briefing is beyond the scope of this joint report, which the Court directed was to contain "statements of how the parties wish to proceed" in this case. Doc. No. 45. Moreover, Match has again failed to seek leave of the Court before filing additional briefing concerning its Motion, which the Court expressly required of the Parties in its stay order. *See* Doc. No. 43 (ordering that "the Parties . . . seek leave of the Court before submitting any additional or supplemental filings related to the Motion to Dismiss"). In fact, after the Court struck a filing containing substantially similar briefing, Match, rather than seeking leave as the Court directed, has merely shoehorned its arguments into a different filing. *See* Doc. No. 58 (striking Match's Notice of Supplemental Authority due to Match's failure to seek leave of the court)

B.     Match's Position

The Court should reopen the case from administrative closure and then consider and decide Match's pending Motion to Dismiss, dismissing all of the FTC's claims for the reasons explained in that Motion and the Supreme Court's decision in *AMG*. Discovery should remain stayed pending the Court's resolution of the Motion to Dismiss, as it was prior to the Supreme Court's granting the petition for a writ of certiorari in *Credit Bureau*. *See* ECF No. 43.

Match's Motion to Dismiss makes four primary arguments. One argument has now been decided by the Supreme Court in *AMG* and must be granted—that equitable monetary relief is not available to the FTC in this case on Counts I–IV. *See* Mot. to Dismiss at 14–17.

The Supreme Court's decision in *AMG* also bears on Match's argument that the FTC lacks statutory authority to sue based on past conduct absent any plausible factual allegations that the challenged conduct is "about to" resume. *See* Mot. to Dismiss at 9–14. The Supreme Court explained that Section 13(b) "addresses a specific problem, namely, that of stopping seemingly unfair practices from taking place while the Commission determines their lawfulness." *AMG*, 141 S. Ct. at 1348. In doing so, the Supreme Court emphasized the statute's use of "the words 'is violating' and 'is about to violate' (not 'has violated')." *Id*. The Court also examined the statute's structure and described the "coherent enforcement scheme" that Congress intended: "[T]he Commission may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, or when it seeks only injunctive relief." *Id*. at 1349. But Congress did not intend to allow the FTC "to use § 13(b) as a substitute for" the administrative process. *Id*.

---

The FTC advised Match that its briefing contravened the Court's orders and requested that its portion be revised to comply. Match declined to do so. Given the Court's orders, the FTC has not responded to Match's improper supplemental briefing and respectfully requests that the Court disregard it. If the Court is inclined to consider Match's arguments, the FTC would request the right to file a brief response addressing the merits.

4

Instead, the plain language and structure of the statute indicate that if the FTC wants to seek a remedy for past conduct, it must go through the administrative process laid out by Congress. *Id.* at 1348–49. Simply put, when the "seemingly unfair practices" stopped before the FTC brought suit, there is no "problem" for Section 13(b) to solve. *See id.*[4]

In sum, the Supreme Court definitively ruled against the FTC in *AMG*. With the issue now decided, there is no reason to delay a ruling on Match's Motion to Dismiss.[5] For all the reasons explained in Match's Motion to Dismiss, the Court should reopen this case and promptly dismiss the FTC's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[4] Match disagrees with the FTC's contention that Match's portion of this report is improper or otherwise contravenes the Court's orders. This discussion of *AMG* is fairly within the scope of the Court's request for a joint report stating how the parties wish to proceed after the *AMG* decision, which necessarily entails discussion of *AMG*. It is also responsive to the FTC's portion of this report, in which the FTC characterizes *AMG* and its bearing on the FTC's ability to seek injunctive relief. In fact, the FTC recently filed a post-*AMG* joint report in another case and did not object to the defendant including statements about *AMG* similar to those included in Match's statement above. *See FTC v. Neora, LLC*, Case No. 3:20-cv-01979-M, Dkt. 53 (N.D. Tex. May 10, 2021). There is no reason for the FTC to take a different position here.

Moreover, the FTC's objection and demand for additional briefing is only the latest example of its attempts to delay resolution of this case, as evidenced by its conduct in preparing this joint report. For example, despite repeated requests and promising Match that it would provide the FTC's portion of the joint report "well before the Court's filing deadline," the FTC did not provide its portion until 5 days before the report was due. *See* Ex. A (May 14, 2021, email from R. Tepfer to C. Hummel).

[5] Match also intends to move for leave to file a notice of supplemental authority regarding *FTC v. AdvoCare Int'l, L.P.*, No. 4:19-CV-715-SDJ, 2020 WL 6741968 (E.D. Tex. Nov. 16, 2020).

Dated: June 7, 2021

*/s/ Reid Tepfer*
M. Hasan Aijaz
Matthew Wilshire
Reid Tepfer
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
Texas Bar No. 24079444 (Tepfer)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9395 (Tepfer)
F: (214) 953-3079
Email: maijaz@ftc.gov;
mwilshire@ftc.gov; rtepfer@ftc.gov

*Attorneys for the FTC*

Respectfully submitted,

*/s/ Angela C. Zambrano*
Angela C. Zambrano
Texas State Bar No. 24003157
angela.zambrano@sidley.com
David Sillers
Texas State Bar No. 24072341
dsillers@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: 214.981.3300
Fax: 214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc.*

6