# EXHIBIT 1

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff-Appellee,<br><br>   v.<br><br>HOYAL & ASSOCIATES, INC., an Oregon corporation; et al.,<br><br>          Defendants-Appellants. | No.   19-35668<br><br>D.C. No. 1:16-cv-00720-CL<br><br><br>MEMORANDUM[*] |
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff-Appellee,<br><br>   v.<br><br>HOYAL & ASSOCIATES, INC., an Oregon corporation; JEFFREY HOYAL, individually and as an officer of Hoyal & Associates, Inc.,<br><br>          Defendants-cross-<br>          defendants-Appellees,<br><br>   v. | No.   19-35669<br><br>D.C. No. 1:16-cv-00720-CL |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(2 of 12)

Case: 19-35668, 06/11/2021, ID: 12141413, DktEntry: 68-1, Page 2 of 8
Case 3:19-cv-02281-K   Document 66-2   Filed 06/21/21   Page 3 of 13   PageID 672

| | |
|---|---|
| DAVID P. LENNON; LENNON & KLEIN, P.C., a foreign business corporation, | |
| | Third-party-defendants-Appellees, |
| REALITY KATS, LLC, an Oregon limited liability company; DENNIS SIMPSON, | |
| | Defendants-third-party-plaintiffs-cross-claimants-Appellants. |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted June 9, 2021[**]
Portland, Oregon

Before: GRABER and IKUTA, Circuit Judges, and BENITEZ,[***] District Judge.

Dennis Simpson, Jeffery Hoyal, Lori Hoyal, and corporate defendants, Reality Kats, LLC, and Hoyal & Associates, Inc. (H&A), appeal from the district court's judgment holding that they are subject to a permanent injunction and

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

monetary judgment. We have jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291. We affirm in part and vacate in part.

Section 5 of the Federal Trade Commission Act (FTCA) makes it unlawful for any person or entity to engage in "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). When a corporate entity violates this section by making a deceptive representation, an individual may be found personally liable for such a corporate violation if he or she "participated directly" in the unlawful acts or practices, or "had the authority to control" the unlawful acts or practices at issue, and "had actual knowledge of the misrepresentations involved, was recklessly indifferent to the truth or falsity of the misrepresentations, or was aware of a high probability of fraud and intentionally avoided learning the truth." *FTC v. Com. Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016), *overruled on other grounds by AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021). Under § 13(b) of the FTCA, 15 U.S.C. § 53(b), the Federal Trade Commission (FTC), "in proper cases," may seek a permanent injunction to remedy a violation of § 45. This statutory authorization does not, however, allow the FTC to seek, and the court to award, equitable monetary relief. *AMG Cap. Mgmt., LLC*, 141 S. Ct. at 1344.

In light of *AMG Capital Management*, we vacate the district court's monetary judgment. *See id.* Therefore, we need not consider the parties' arguments relating to the monetary judgment, including Simpson and Reality Kats' laches and estoppel theories.

The district court did not err in holding Simpson, Jeffrey Hoyal, and Lori Hoyal personally liable for the corporate defendants' violations of § 45.[1]

First, the district court did not err in concluding that the corporate defendants, including Reality Kats and H&A, operated as a common enterprise and were therefore liable for each other's unlawful acts.

Second, the district court did not err in holding that the mailers sent by the common enterprise were deceptive as a matter of law because the representations in the mailers created a "net impression" that was likely to mislead consumers acting reasonably. *FTC v. Gill*, 265 F.3d 944, 950, 956 (9th Cir. 2001). The appellants do not dispute the district court's finding that the mailers created the "net impression" that any current subscription would be renewed automatically and

---

[1]Dennis Simpson failed to challenge personal jurisdiction before the district court, so he cannot raise such a challenge here. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (holding that personal jurisdiction challenges "must be raised at the first available opportunity or, if they are not, they are forever waived").

that the consumer was being offered the lowest price. *FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009). Nor do they dispute on appeal that these representations were material. Contrary to the appellants' argument, the mailers' misleading "net impression" was not cured by the disclaimer on the reverse side of the mailers. *See id.* Further, the 2004 settlement agreement between some of the appellants and the state of Oregon does not undermine the district court's determination that the representations on the mailers are deceptive under federal law. U.S. Const. art. VI.

Third, the factual findings by the district court, which are not clearly erroneous, support the conclusion that Simpson, Jeffrey Hoyal, and Lori Hoyal are personally liable for the corporate defendants' violations of § 45. The district court did not clearly err in finding that Simpson participated directly in the deceptive mailing operation because, through Reality Kats, he "managed subscription product marketing, modeling, database management, [and] analysis for the deceptive mailing operation." The district court did not clearly err in concluding that Simpson had actual knowledge of or was recklessly indifferent to the deceptive practices, *Com. Planet, Inc.*, 815 F.3d at 600, as he signed the 2015 settlement, received some of the cease-and-desist letters, and was aware that the operation received complaints or inquiries from state attorneys general. Nor did the district court clearly err in finding that Lori Hoyal participated in the deceptive

mailing operation, or had the authority to control it, given that she was a 50% owner of H&A, held H&A's corporate officer roles, and managed consumer money from the deceptive mailing operation through H&A. The 2004 settlement agreement with Oregon expressly prohibited the Hoyals from relying on the agreement as evidence of approval of their deceptive operations, and therefore does not negate the district court's finding that the Hoyals had actual knowledge of or were recklessly indifferent to the deceptive practices. *Id*.

Further, the district court did not err in holding that there was a reasonable likelihood of recurrence of the operation's deceptive practices even though some of the corporate entities in the operation had ceased to exist before this lawsuit.[2] Simpson's reliance on an out-of-circuit case, *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019), is misplaced because the defendant in that case had stopped its challenged practice five years previously, and there was no evidence that it would carry out similar unfair practices in the future, *id*. at 160. Here, by contrast, given the defendants' record showing a "willingness to flout the law" in a

---

[2]The 2015 settlement by some defendants with Oregon did not extinguish the mailing operation. After the 2015 settlement, the assets of the operation were transferred to the Hoyals' nephew "to effectively run and maintain a subscription agency business." And since 2015, Simpson continued to be involved in mailers, providing one of his former business partners with the same kind of services as he did for the deceptive mailing operation.

substantially similar manner over a decade, the district court did not err in concluding that Lori Hoyal, Jeffrey Hoyal, Simpson, and the corporate defendants, including Reality Kats, would likely commit future violations involving deceptive mailer operations.[3]  *Sears, Roebuck & Co. v. FTC*, 676 F.2d 385, 392 (9th Cir. 1982).  Therefore, the district court did not err in ordering the injunction against appellants.  *Evans Prods.*, 775 F.2d at 1086.[4]

For the same reasons, the district court did not err in concluding that this is a "proper case" for the issuance of a permanent injunction under 15 U.S.C. § 53(b).  *Evans Prods.*, 775 F.2d at 1086; *FTC. v. H. N. Singer, Inc.*, 668 F.2d 1107, 1110 (9th Cir. 1982), *overruled on other grounds by AMG Cap. Mgmt., LLC*, 141 S. Ct. at 1341.  We have long held that the FTC can obtain injunctive relief without initiating administrative proceedings.  *H.N. Singer*, 668 F.2d at 1110.  As indicated

---

[3]For this reason, Simpson's and Reality Kats' argument that the case was brought under the impermissible theory that the defendants "could" violate the law, rather than the "likely to recur" theory fails.  *FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985).  So does their challenge that they were not allowed "an opportunity to explore discovery on this [theory]."

[4]Reality Kats and Dennis Simpson also raise issues regarding, among other things, the order dismissing their third-party complaint and their cross-claim, and the district court's evidentiary rulings, but fail to support them with arguments. Those issues "are deemed abandoned."  *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir. 2010).

above, there is ample evidence supporting the district court's conclusion that violations are "likely to recur." *Evans Prods.*, 775 F.2d at 1087, 1089.

Finally, the injunction is neither impermissibly vague nor overbroad. The scope of the injunction is not confusing, and it bears a reasonable relation to the FTC's goal of preventing similar future violations. *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 394–95 (1965); *Portland Feminist Women's Health Ctr. v. Advocs. for Life, Inc.*, 859 F.2d 681, 684–85 (9th Cir. 1988).

**AFFIRMED IN PART and VACATED IN PART.**[5]

---

[5] The parties will bear their own costs on appeal.

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)    A.    Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.    Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

(10 of 12)

Case: 19-35668, 06/11/2021, ID: 12141413, DktEntry: 68-2, Page 2 of 4
Case 3:19-cv-02281-K   Document 66-2   Filed 06/21/21   Page 11 of 13   PageID 680

> ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> ▶ The proceeding involves a question of exceptional importance; or
> ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

(12 of 12)

Case: 19-35668, 06/11/2021, ID: 12141413, DktEntry: 68-2, Page 4 of 4
Case 3:19-cv-02281-K   Document 66-2   Filed 06/21/21   Page 13 of 13   PageID 682

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                                                 **Date**

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (*Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief*) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 10**                                                                 *Rev. 12/01/2018*