IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>          Defendant. | Case No. 3:19-cv-02281-K |

**JOINT REPORT**

The Court having ordered that the parties submit a joint report "as to their opinions on alternative dispute resolution," (Doc. 72), Plaintiff Federal Trade Commission and Defendant Match Group, Inc. respectfully submit this joint report.

  I.  **THE PARTIES' POSITIONS**

  A.  **The FTC's Position**

The FTC remains open to settlement discussions and would be willing to participate in mediation. The FTC respectfully requests that any mediation be before the Magistrate in this matter. The FTC is willing to participate in mediation either before or after the Court rules upon Match's Motion to Dismiss. (Doc. 20.)

While Plaintiff's counsel cannot commit to settlement terms before a Commission vote, counsel would communicate with agency leadership in preparation for any mediation and would be prepared to discuss what terms the Commission likely would accept to resolve the matter. If a proposed settlement is reached with Defendant, Plaintiff's counsel would then seek Commission approval.

B.  **Match's Position**

Match filed what is now a fully briefed Motion to Dismiss this case which is pending before this Court (Dkt. No. 20). The import of the Supreme Court's decision in *AMG* is that the FTC cannot obtain monetary relief in this matter under FTCA Section 13b (as Match has argued), even if the FTC were to prevail on any of its FTCA claims, as the FTC has acknowledged in Dkt. No. 62. Furthermore, years ago, Match completely ceased the conduct at issue under the FTCA, which, also precludes injunctive relief as a matter of law under *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019), and its progeny. Finally, for the reasons fully set forth in Match's Motion to Dismiss, the FTC's claim under ROSCA (that Match's online cancellation mechanism was not "simple") fails as matter of law.

Despite all this, the FTC and Match have engaged in periodic confidential settlement communications, including recently, in this matter. While Match is prepared and willing to engage in further ADR procedures, including formal mediation either before a Magistrate Judge or a private mediator selected by the parties, because the FTC and Match fundamentally disagree about whether either monetary or injunctive relief could ever be obtained as a matter of law, Match does not expect ADR to produce a settlement at this juncture and, therefore, respectfully asks that this Court decide its pending Rule 12 Motion to Dismiss prior to any further mandatory settlement proceedings.

Dated: July 15, 2021                              Respectfully submitted,

*/s/ Reid Tepfer*
M. Hasan Aijaz
Matthew Wilshire
Reid Tepfer
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
Texas Bar No. 24079444 (Tepfer)

Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9395 (Tepfer)
F: (214) 953-3079
Email: maijaz@ftc.gov;
mwilshire@ftc.gov; rtepfer@ftc.gov

*Attorneys for the FTC*


*/s/ Chad S. Hummel*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
David Sillers
State Bar No. 24072341
dsillers@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone: 214.981.3300
Fax: 214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc.*