IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                   Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>                   Defendant. | Case No. 3:19-cv-02281-K |

**DEFENDANT MATCH GROUP, INC.'S OPPOSITION TO MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Match opposes the FTC's motion for leave to file a notice of supplemental authority regarding *FTC v. Neora LLC*, Case No. 3:20-cv-01979-M (N.D. Tex. Aug. 2, 2021), because the FTC wrongly suggests that the decision is relevant to Match's argument that the Complaint does not sufficiently allege that Match "is violating, or is about to violate," any law enforced by the FTC.[1]  In *Neora*, the Court held that the "Complaint sufficiently allege[d] both that Defendants' alleged lawbreaking is ongoing and is likely to reoccur." Order at 11.  It reached that conclusion because the Complaint contained "numerous allegations in the present tense—indicating the Defendants are currently engaging in the alleged conduct—as well as specific examples dated shortly before the Complaint was filed."  *Id.* at 13.  For example, while the *Neora* defendants argued that one of the products at issue "was no longer marketed after 2015," the Court noted that "the Complaint also alleges Defendants referred consumers and [Brand Partners] back to the

---

[1] The *Neora* decision also applies the holding of *AMG Capital Management v. FTC*, 141 S. Ct. 1341 (2021), and confirms the FTC's inability to seek equitable monetary relief directly in federal court under Section 13(b), an issue also raised in Match's pending Motion to Dismiss.

**DEFENDANT MATCH GROUP, INC.'S OPPOSITION TO**
**MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**        Page 1

[allegedly deceptive] marketing materials" for that product, "and continued making the claims first used in those materials through the filing date of the Complaint." *Id.* at 14.

Here, by contrast, the Complaint does not plead any ongoing conduct relevant to the FTC's Section 13(b) claim, nor does it contain allegations of purported violations in the present tense; rather, it pleads only conduct that Match voluntarily ceased months or over a year prior to the FTC filing suit. *See* Match Mot. to Dismiss (Dkt. 20) at 12-13; Match Reply in Support of Mot. to Dismiss (Dkt. 30) at 3-7. In fact, unlike in *Neora*, the FTC *concedes* that Match discontinued the conduct at issue. The FTC admitted that Match suspended the activities that formed the basis of the FTC's Section 13(b) claims "between mid-2018 and mid-2019," months prior to suit being filed for some claims, and over a year prior to suit being filed for others. FTC Resp. to Mot. to Dismiss (Dkt. 27), at 4. The FTC argued in its opposition to Match's Motion to Dismiss only that there was a risk that "Match will *resume*" its alleged violations. *Id.* at 7 (emphasis added). It has now been two or three years since Match discontinued the conduct at issue, and the FTC has not alleged (because it cannot) that Match has resumed those activities. Because the *Neora* Complaint alleged ongoing conduct "in the present tense," but the Complaint in this action, by the FTC's admission, pleads only *discontinued* conduct, the *Neora* decision is not relevant to this Court's decision, and thus is not a proper supplemental authority to be submitted to the Court.

Dated:  August 12, 2021

Respectfully submitted,

/s/  Angela C. Zambrano
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
David Sillers
State Bar No. 24072341
dsillers@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone:  214.981.3300
Fax:  214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone:  310.595.9500
Fax:  310.595.9501

*Attorneys for Match Group, Inc.*

## CERTIFICATE OF SERVICE

On August 12, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/  Angela C. Zambrano
Angela C. Zambrano