IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MATCH GROUP, INC., a corporation,<br><br>　　Defendant. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff Federal Trade Commission's Reply in Support of Motion for Leave to File Notice of Supplemental Authority** |

　　In opposing the FTC's motion for leave to file supplemental authority, Defendant Match Group, Inc. mischaracterizes the holdings in the *Neora* Order. *See* Doc. 75. In fact, *Neora* has two key holdings that address legal issues raised in Match's Motion to Dismiss.[1] Therefore, the Court should consider the decision in ruling on Match's motion.

　　First, *Neora* reiterates that longstanding Fifth Circuit precedent controls when determining whether a Defendant "is violating, or is about to violate" the FTC Act.[2] As the FTC notes in its opposition to the Motion to Dismiss that, under Fifth Circuit law, the Commission need only make allegations that "giv[e] rise to a 'fair inference of a reasonable expectation of continued violations' absent restraint'" to show that a defendant "is violating, or is about to violate" the FTC Act.[3] Match nevertheless argues that the "fair inference" standard does not apply to FTC cases.[4] Like the *Neora* defendants, Match argues that the standard applies only to

---

[1] Doc. 20.

[2] *See* Doc. 30 at 9.

[3] Doc. 27 at 12 (citing *FTC v. Southwest Sunsites*, 665 F.2d 711, 723 (5th Cir. 1982)).

[4] Doc. 30 at 7-11.

1

cases brought under a different statute and that the court should instead follow out-of-circuit law.[5] *Neora* rejects Match's position. It specifically holds that the "fair inference" standard applies in FTC Act cases under binding Fifth Circuit precedent, explaining that "the Fifth Circuit in *Sunsites* applied the standard in an FTC enforcement case" and there is no reason not to continue to apply it to FTC cases.[6]

Second, the *Neora* decision makes clear that "allegations of past conduct can give rise to a reasonable inference of current or future violations, either in conjunction with other circumstances or where the past violations are extensive."[7] That issue is squarely before the Court here. The FTC has alleged that Match is likely to commit future violations given Match's long history of flagrant FTC Act violations, which ceased only on the eve of litigation.[8] Match, on the other hand, argues that such evidence cannot "give rise to a reasonable inference of current or future violations."[9] That position is expressly rejected by *Neora*.

Accurately portrayed, *Neora* is highly relevant to Match's Motion to Dismiss. Accordingly, it appears likely that Match's concern is not that *Neora* has no relevance to its pending Motion to Dismiss, but rather that it may prove fatal to its arguments.

Respectfully submitted,

DATED: August 13, 2021

/s/ *Reid Tepfer*
M. HASAN AIJAZ
MATTHEW WILSHIRE

---

[5] *Neora* Order at 11 (citing *Southwest Sunsites, Inc.*, 665 F.2d at 723).

[6] *Id.*

[7] *Neora* Order at 12 (citing *FTC v. Educare Ctr. Servs., Inc.*, 433 F. Supp. 3d 1008, 1014 (W.D. Tex. 2020)).

[8] *See* Doc. 1 at 20 ¶64.

[9] *See Neora* Order at 12; Doc. 30 at 7-11.

REID TEPFER
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
Texas Bar No. 24079444 (Tepfer)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9395 (Tepfer)
F: (214) 953-3079
Email: maijaz@ftc.gov;
mwilshire@ftc.gov; rtepfer@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

      On August 13, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *REID TEPFER*
REID TEPFER
