THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MATCH GROUP, INC., a corporation, <br><br> Defendant. | Case No. 3:19-cv-02281-K <br><br> **Plaintiff's Brief Clarifying the Equitable Relief Sought as to Counts I and II of the Complaint** |

This Court has requested that the Federal Trade Commission clarify the nature of the relief it seeks for Counts I and II following *AMG Capital Mgmt., LLC v. FTC*.[1] The FTC seeks injunctive relief only for these counts.

**I. The Relief Sought by the Commission in Counts I and II**

Originally, the FTC sought equitable relief, including both injunctive and monetary relief, for Counts I and II. Now, in light of the Supreme Court's ruling in *AMG*, the FTC seeks only injunctive relief for these counts.

In *AMG*, the Supreme Court decided the narrow question of whether Section 13(b) of the FTC Act empowered federal courts to award equitable *monetary* relief.[2] The Court ruled such relief was unavailable under Section 13(b).[3] However, this ruling did not disturb the Commission's authority to seek other forms of equitable relief, including injunctive relief, under

---

[1] 593 U.S. ___, 141 S. Ct. 1341 (2021); *see* Doc. No. 77.
[2] *See AMG Capital Mgmt., LLC*, 141 S. Ct. at 1344 ("The question presented is whether this statutory language authorizes the Commission to seek, and a court to award, equitable monetary relief such as restitution or disgorgement.").
[3] *See id*.

1

Section 13(b). In fact, consistent with Section 13(b)'s explicit authorization that courts may grant a "permanent injunction,"[4] the *AMG* Court concluded that "the Commission may use §13(b) to obtain injunctive relief . . . when it seeks only injunctive relief."[5] Lower courts too have held injunctive relief remains available under §13(b)[6] and have awarded it post-*AMG*.[7]

In this case, the FTC anticipates moving for an order enjoining Defendant Match Group, Inc. from engaging in similar illegal conduct on Match.com or its other online-dating platforms. Such a proposed order would enjoin Match by prohibiting various misrepresentations and requiring affirmative disclosures reasonably related to the conduct at issue. The proposed order will also include proscriptive requirements needed to enable the FTC to monitor Match's compliance with the order. This injunctive relief is necessary to prevent Match from easily circumventing the Court's Order by modifying its practices slightly or moving its illegal practices to one of its many other online-dating platforms, and it is justified given Match's brazen and willful law violations. Courts routinely grant this type of relief in FTC cases.[8]

---

[4] 15 U.S.C. § 53(b)(2).
[5] *AMG Capital Mgmt., LLC*, 141 S. Ct. at 1349.
[6] *See FTC v. On Point Capital Partners LLC*, No. 20-10790, 2021 U.S. App. LEXIS 32883, *23 11th Cir. Nov. 4, 2021) (citing *AMG Capital Mgmt., LLC*, 141 S. Ct. at 1347–48); *FTC v. Hoyal & Assocs.*, 859 Fed. Appx. 117, 120 (9th Cir. 2021); *FTC v. Neora LLC*, No. 3:20-cv-01979, 2021 U.S. Dist. LEXIS 144314, *14 (N.D. Tex. Aug. 2, 2021); *FTC v. Am. Future Sys.*, 20-cv-2266, 2021 U.S. Dist. LEXIS 140330, *2 n.1 (E.D. Penn. July 26, 2021).
[7] *See, e.g.*, *FTC v. LendingClub Corp.*, No. 3:18-cv-02454 (N.D. Ca. July 14, 2021) (stipulated order); *FTC v. Vivint Smart Home, Inc.*, No. 2:21-cv-00267 (D. Utah Apr. 29, 2021) (stipulated order).
[8] *See, e.g.*, *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 395 (1965) ("The Commission is not limited to prohibiting the illegal practices in the precise form in which it is found to have existed in the past. Having been caught violating the [FTC] Act, respondents must expect some reasonable fencing in."); *Trans World Accounts, Inc. v. FTC*, 594 F.2d 212, 215 (9th Cir. 1979) ("the FTC has authority to frame an order which extends beyond the immediate facts of the decided case. These 'fencing in' provisions are needed to prevent similar and related violations from occurring in the future.") (citation omitted).

Moreover, Match did not contest in its Motion to Dismiss that the FTC Act, as a matter of law, grants this Court the authority to enter an injunction.[9]

Finally, Fifth Circuit law authorizes injunctive relief where, as here, the defendant is likely to violate the FTC Act again.[10] When assessing "whether to issue an injunction based on past violations" of §13(b), courts consider factors including: (1) the egregiousness of the defendant's actions, (2) the isolated or recurrent nature of the infraction, (3) the degree of scienter involved, (4) the sincerity of the defendant's assurances against future violations, (5) the defendant's recognition of the wrongful nature of his conduct, and (6) the likelihood that the defendant's occupation will present opportunities for future violations.[11] Here, Match's illegal conduct was egregious, longstanding, and carried out with the knowledge and participation of its executives.[12] Further, Match ceased its illegal conduct only on the eve of litigation and well after learning of the FTC's investigation.[13] Such facts easily satisfy the Fifth Circuit's standard for awarding injunctive relief for past violations under §13(b).

Accordingly, the FTC remains entitled to seek injunctive under Section 13(b) for the violations of Section 5 alleged in Counts I-IV. The FTC also remains entitled to monetary relief, under Section 19 of the FTC Act, 15 U.S.C. § 57b, and civil penalties, under 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), for the violations of the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403, alleged in Count V.

---

[9] *See generally* Doc. No. 20.
[10] *FTC v. Southwest Sunsites*, 665 F.2d 711, 723 (5th Cir. 1982); *see also FTC v. Investment Dev., Inc.*, No. 89-642, 1989 U.S. Dist. LEXIS 6502, at *10 (E.D. La. June 7, 1989) ("A district court has authority to grant a permanent injunction . . . against violation of any provision of law enforced by the Commission where there is a cognizable danger of recurrent violation.").
[11] *See United States v. Cornerstone Wealth Corp.*, 549 F. Supp. 2d 811 (N.D. Tex. 2008) (quoting *SEC v. Blatt*, 583 F.2d 1325, 1334 n.29 (5th Cir. 1978)).
[12] *See, e.g.*, Doc. 1 at ¶¶ 3, 23, 29-37, 50, 57-59, and 64.
[13] *See id.* at ¶¶ 3 and 64.

## II. Clarification of Plaintiff's Position in Opposition to Defendant's Motion to Dismiss

This Court also requested that the FTC clarify its statement from its Opposition Brief "that it 'only seeks equitable relief for consumers who purchased subscriptions' as a result of allegedly deceptive advertisements, and 'not for any further resulting harm.'"[14]

By that statement, the FTC described the nature of equitable monetary relief sought at that time for Counts I and II. As described above, before *AMG*, the FTC sought both injunctive and monetary relief for these counts, including equitable monetary relief equal to the cost of the subscriptions that Match had deceptively induced consumers to purchase.[15] The FTC distinguished this requested monetary relief from "any further resulting harm" to consumers from Match's actions—*i.e.*, financial harm caused by the third-party scammers that Match knowingly exposed its customers to on its platform.[16] The FTC has never sought restitution for harm to consumers directly caused by such third-party scammers. But the FTC did not limit its request for relief to only *monetary* relief for these counts and indeed has consistently sought the injunctive relief described in the Complaint's Prayer for Relief.[17]

Although *AMG* now precludes the FTC from receiving equitable monetary relief under Section 13(b), the FTC remains entitled to all the other forms of relief originally sought, including injunctive relief for all Counts and monetary relief and civil penalties for Count V. Accordingly, the FTC continues to seek injunctive relief against Match for Counts I and II.

                                        Respectfully submitted,

DATED: December 27, 2021                /s/ *Reid Tepfer*
                                                        REID TEPFER
                                                        M. HASAN AIJAZ

---

[14] Doc. No. 77 at 1 (quoting Doc. No. 27 at 38).
[15] *See* Doc. No. 1 at ¶¶ 20–32
[16] *See id.* at ¶¶33–37.
[17] *See id.* at ¶90.

MATTHEW WILSHIRE
SARAH ZUCKERMAN

Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
New York Bar No. 5603832 (Zuckerman)

Federal Trade Commission
1999 Bryan St., Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9376 (Zuckerman)


F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
mwilshire@ftc.gov;
szuckerman@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


## CERTIFICATE OF SERVICE

On December 27, 2021, I filed the foregoing document with the clerk of court for the

U.S. District Court, Northern District of Texas. I hereby certify that I have served the document

on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ <u>REID TEPFER</u><br>REID TEPFER