THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation,<br><br>Defendant. | Case No. 3:19-cv-02281-K<br><br>**Motion to Lift Stay** |

Plaintiff the Federal Trade Commission ("FTC") respectfully moves for the Court to lift the stay in this matter following the ruling in *AMG Capital Mgmt., LLC v. FTC*, 593 U.S. ___, 141 S. Ct. 1341 (2021) (*"AMG Capital"*). Plaintiff further respectfully requests that the Court order the parties to submit a proposed scheduling order, pursuant to Chamber's Rule I.C., and authorize discovery to commence.

I. Background

On September 25, 2019, the FTC filed a five-count Complaint for Permanent Injunction, Civil Penalties, and Other Relief against Match Group, Inc.[1] The first four counts (Counts I–IV) sought equitable monetary and injunctive relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), for violations of Section 5 of the FTC Act, 15 U.S.C. § 45. The fifth count sought consumer redress and civil penalties pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b, for violations of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403.

---

[1] *See* Doc. No. 1.

1

On October 17, 2019, Match filed a 12(b)(6) Motion to Dismiss.² Subsequently, the Court stayed this case, on April 22, 2020, "[d]ue to the current issues affecting the entire country . . . pending a ruling on the Motion to Dismiss" and required leave for additional briefing on the Motion to Dismiss.³

On July 17, 2020, Match filed a Motion for Leave to File Notice of Recently Decided Authority and for Stay of All Proceedings Pending Supreme Court Decision in *FTC v. Credit Bureau* ("Motion to Stay").⁴ The Court granted Match's Motion to Stay and administratively closed the case on October 9, 2020.⁵ In its Order, the Court stated that "should further proceedings become necessary or desirable, any party or the Court may initiate such further proceedings in the same manner as if this Order had not been entered." *See id.* The Court directed the parties to submit a joint status report within 45 days of the Supreme Court's ruling in *FTC v. Credit Bureau Center, LLC*.⁶

On April 22, 2021, the Supreme Court issued a decision in *AMG Capital*, which resolved the issue presented in *FTC v. Credit Bureau Center*.⁷ Accordingly, the parties submitted a joint report on June 7, 2021.⁸ In this report, both parties requested that the Court reopen the case and

---

² *See* Doc. No. 20.
³ *See* Doc. No. 43.
⁴ *See* Doc. No. 48.
⁵ *See* Doc. No. 54.
⁶ No. 19-825 (cert. granted July 9, 2020); *see* Doc. No. 54.
⁷ *See* 141 S. Ct. 1341 (2021).
⁸ *See* Doc. No. 62.

rule on Match's pending Motion to Dismiss.[9] The FTC further requested that the Court order the parties to submit a joint scheduling order and allow discovery to commence.[10]

Shortly thereafter, on July 6, 2021, the Court ordered the parties to submit a joint filing advising the Court concerning their positions on alternative dispute resolution given the Supreme Court's ruling.[11] The FTC stated that it is willing to mediate, while Match requested that the Court rule on its pending Motion to Dismiss before ordering any mediation.[12] Subsequently, on December 16, 2021, the Court ordered the FTC to submit a brief clarify the relief sought concerning Counts I and II.[13] Pursuant to this Order, the FTC advised the Court that it continues to seek injunctive relief for all Counts and monetary relief, including consumer redress and civil penalties, for Count V.[14]

## II.  Legal Discussion

### A.  Legal Standard

While a district court has discretionary authority to stay proceedings, courts "must weigh competing interests and maintain an even balance" when determining whether a stay is justified.[15] These competing interests include "(1) the potential prejudice to the non-moving party, (2) the hardship and inequity to the moving party if the action is not stayed, and (3)

---

[9] *See id.* at 3–4.

[10] *See id.* at 3.

[11] *See* Doc. 72.

[12] *See id.* at 1–2.

[13] *See* Doc. 77 at 1–2.

[14] Doc. 82 at 4.

[15] *See Landis v. N Am. Co.*, 299 U.S. 248, 254–55 (1936).

judicial efficiency."[16] When considering whether to maintain or lift a stay, courts must weigh these competing interests "as they now exist, in order to determine whether the equities continue to justify a stay."[17]

Further, while courts can stay discovery while a motion to dismiss is pending, such stays are "not automatic[]."[18] Indeed, they are "'the exception rather than the rule.'"[19] Nor do 12(b)(6) motions to dismiss "require postponing a Rule 26(f) conference."[20] When deciding whether to stay discovery while a motion to dismiss is pending, courts consider factors including "the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay."[21]

### B. The Court should lift the stay and commence discovery.

This Court should lift the stay and reopen the case. The factual and legal circumstances that led it to stay this proceeding nearly two years ago have changed significantly and do not support maintaining the stay.

---

[16] *Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213, 2021 U.S. Dist. LEXIS 174872 (N.D. Tex. May 7, 2021).

[17] *United States v. Bazemore*, No. 3:09-cv-2237, 2011 U.S. Dist. LEXIS 173827, *2 (N.D. Tex. Feb. 11, 2011) (citing *In re Beebe*, No. 95-20244, 1995 U.S. App. LEXIS 41303, *10 (5th Cir. 1995) (per curiam)).

[18] *See Sedillo v. Team Techs., Inc.*, No. 3:20-cv-1628, 2020 U.S. Dist. LEXIS 164085 (N.D. Tex. Sept. 9, 2020); *Stanissis v. Dyncorp Int'l LLC*, No. 3:14-cv-2736, 2014 U.S. Dist. LEXIS 174296, at *3 (N.D. Tex. Dec. 17, 2014) (quoting *N. Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC*, 2011 U.S. Dist. LEXIS 118388, at *2 (W.D. Pa. July 13, 2011)) (noting that stays are not "'automatically granted whenever a motion to dismiss is pending'").

[19] *Escareno v. Lundbeck, LLC*, No. 3:14-cv-257, 2014 U.S. Dist. LEXIS 66824, *5 (N.D. Tex. May 15, 2014) (quoting *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 U.S. Dist. LEXIS 56564, at *6 (N.D. Tex. July 23, 2008)).

[20] *See Escareno*, 2014 U.S. Dist. LEXIS 66824 at *4.

[21] *See Primesource Bldg. Prods. v. Lee Grp. Int'l*, Inc., 3:19-cv-02878, 2020 U.S. Dist. LEXIS 195681, *3 (N. D. Tex. Aug. 12, 2020) (citing *Von Drake v. National Broadcasting Co., Inc.*, No. 3-04-CV-0652, 2004 U.S. Dist. LEXIS 25090, at *3 (N.D. Tex. May 20, 2004)).

The Court originally stayed this case in April 2020 due to the Covid-19 pandemic. A second stay order was entered pending the Supreme Court's ruling in *Credit Bureau Center, LLC*.[22] Neither ground supports extending the stay now. Teleconferencing technology and other means of risk mitigation would allow litigation to proceed safely and indeed have done so in other matters. Moreover, the narrow issue presented by *FTC v. Credit Bureau Center* has been resolved by the Supreme Court and briefed by the parties here.[23]

The FTC further requests that the Court order the parties to submit a proposed scheduling order and allow discovery to commence while Match's Motion to Dismiss is under advisement. The Commission would suffer serious prejudice if discovery were further postponed due solely to a pending motion to dismiss. Given the time that has elapsed since the Commission filed this action, witnesses' memories may soon begin to fade, and evidence could be lost should the stay continue indefinitely. Moreover, as the Commission has previously briefed, Match's Motion to Dismiss is without merit and exceeding unlikely to dispose of this case.[24] And while the Supreme Court held in *AMG Capital* that Section 13(b) of the FTC Act does not authorize equitable monetary relief, the Commission remains entitled to seek both injunctive and monetary relief against Match here. Specifically, the FTC remains entitled to seek injunctive relief under Section 13(b) for the law violations alleged in Counts I-V, as well as consumer redress, under Section 19 of the FTC Act, 15 U.S.C. § 57b, and civil penalties, under 5(m)(1)(A) of the FTC Act, 15

---

[22] *See* No. 19-825 (cert. granted July 9, 2020).

[23] *See* Doc. No. 62.

[24] Despite this, Match has indicated that it is unwilling to mediate while its Motion is pending. *See* Doc. No. 73 at 2 (claiming that "the FTC and Match fundamentally disagree about whether either monetary or injunctive relief could ever be obtained as a matter of law" and stating that ADR is unlikely "to produce a settlement at this juncture"). Given that Match is expressly averse to resolving this matter through mediation, the FTC should be allowed to pursue its case through discovery.

U.S.C. § 45(m)(1)(A), for the violations of ROSCA, 15 U.S.C. § 8403, alleged in Count V. Thus, postponing discovery would further delay justice for the many consumers who await redress.

### III. Conclusion

With teleconferencing technologies and Covid-19 protocols in place, and *AMG Capital* now resolved by the Supreme Court, the stay should be lifted. The balance of factors weighs heavily in favor of permitting the FTC to pursue its claims and seek monetary and equitable relief for injured consumers. For these reasons, the FTC respectfully requests that the Court lift the stay, order the parties to submit a joint proposed scheduling order, and allow discovery to commence.

Respectfully submitted,

DATED: February 22, 2022

/s/ *Reid Tepfer*
M. HASAN AIJAZ
MATTHEW WILSHIRE
REID TEPFER
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
Texas Bar No. 24079444 (Tepfer)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9395 (Tepfer)
F: (214) 953-3079
Email: maijaz@ftc.gov;
mwilshire@ftc.gov;
rtepfer@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF CONFERENCE

I certify that, on February 15 and 22, 2022, I conferred with counsel for Match Group, Inc., concerning this motion. Counsel indicated Match agrees that the Court should reopen the case from administrative closure and decide the Motion to Dismiss. However, counsel indicated Match opposed lifting the discovery stay so long as the Motion to Dismiss is pending.

/s/ *REID TEPFER*
REID TEPFER

## CERTIFICATE OF SERVICE

On February 22, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *REID TEPFER*
REID TEPFER
