IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>                    Defendant. | Case No. 3:19-cv-02281-K |

**DEFENDANT MATCH GROUP, INC.'S RESPONSE IN PARTIAL OPPOSITION TO MOTION TO LIFT STAY**

Defendant Match Group, Inc. ("Match") respectfully submits this Response in Partial Opposition to the FTC's Motion to Lift Stay, Dkt. 83 (the "Motion").

**I.     PRELIMINARY STATEMENT**

Although Match agrees that the Court should reopen the case from administrative closure and decide the Motion to Dismiss, as it indicated in its section of the joint report, Dkt. 62, Match opposes lifting the discovery stay while its case-dispositive Motion to Dismiss is pending. Maintaining the stay while the Court decides the Motion to Dismiss would prevent unnecessary expense and discovery burden and would not harm the FTC.  The FTC would not suffer any prejudice, given the amount of time that the case has already been stayed and that the FTC previously conducted a years-long investigation in which it obtained a significant amount of discovery from Match (including hundreds of thousands of documents and answers to a large number of interrogatories and other written questions).  Thus, the Court should maintain the stay while the Motion to Dismiss is pending.

## II.     BACKGROUND

Before the FTC filed the Complaint, the FTC conducted a wide-ranging investigation of a variety of Match's business practices. The investigation spanned the course of over two years, and the FTC obtained a significant amount of information from Match. Specifically, Match produced hundreds of thousands of documents and answered a large number of interrogatories and other written questions. Notwithstanding that investigation and the fact that Match voluntarily changed its business practices (even though Match disputes that those practices were in any way improper), the FTC sued under the FTC Act and ROSCA. *See* Compl., Dkt. 1.

After the FTC filed the Complaint, Match filed a Motion to Dismiss. Dkt. 20. If granted in full (as Match believes it should be), the Motion to Dismiss will dispose of the entire case. On April 22, 2020, the Court, *sua sponte*, stayed the case "pending a ruling on the Motion to Dismiss." Dkt. 43. The FTC did not take any steps to initiate discovery before the Court issued the stay. On October 9, 2020, the Court further stayed and administratively closed the case pending the Supreme Court's decision in *FTC v. Credit Bureau*. Dkt. 54.

## III.    ARGUMENT AND AUTHORITY

District courts have broad discretion and inherent authority to stay proceedings and discovery, particularly while case-dispositive motions to dismiss are pending. *See, e.g.*, *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *1–2 (N.D. Tex. Aug. 12, 2020) (staying discovery pending ruling on motion to dismiss when defendant's arguments in motion to dismiss were "not frivolous and merit[ed] serious consideration" and could potentially dispose of entire case); *Belmonte v. Medstar Mobile Healthcare*, No. 3:19-CV-1867-N, 2020 WL 6119907, at *1 (N.D. Tex. Apr. 3, 2020) (staying discovery pending consideration of motion to dismiss when stay would "prevent unnecessary expense and discovery burden from falling on [defendant]").

The Court should deny in part the FTC's Motion and maintain the discovery stay while Match's case-dispositive Motion to Dismiss is pending, as the Court previously decided, for at least three reasons. *See* Dkt. 43.  <u>First</u>, a discovery stay is appropriate while the Motion to Dismiss is pending because the Motion to Dismiss could (and should) dispose of the entire case and "preclude the need for the discovery altogether." *Belmonte*, 2020 WL 6119907, at *1. And the FTC admits that the strength of a motion to dismiss is a factor the Court can consider in deciding whether to continue a stay.  *See* Mot. at 4.  As Match explained in the Motion to Dismiss, the Complaint should be dismissed in its entirety because the FTC impermissibly bypassed its statutorily prescribed administrative processes by suing Match in federal court under Section 13(b) of the FTC Act and seeking injunctive and monetary relief (which the FTC now admits is prohibited following *AMG Capital*, *see* Dkt. 62, 82–83) based on permanently discontinued conduct, in addition to tacking on a ROSCA claim that is belied by the unambiguous text of the statute.  *See* Dkt. 20, 30; *see also supra* Section II (explaining bases for Match's Motion to Dismiss).

<u>Second</u>, even if the Motion to Dismiss is not granted in its entirety, the stay should be maintained because the Court's ruling on the Motion to Dismiss will inform the scope of any future discovery that occurs.  The FTC sued under two different statutes, and its allegations range from pre-subscription advertisements to post-subscription cancellation and chargeback policies.  *See* Compl. ¶¶ 65–85.  A decision dismissing some of the FTC's claims but not others will have a substantial impact on the proper scope of discovery.  Thus, maintaining the existing discovery stay saves the parties (and potentially the Court) significant time and expense by eliminating the need for or clarifying the appropriate scope of any discovery.

Third, the FTC is not suffering any prejudice from continuing the temporary stay. The FTC's boilerplate argument that it "would suffer serious prejudice if discovery were further postponed" ignores the reality that the FTC already conducted a multi-year investigation prior to filing suit. *See* Mot. at 5–6. Through that investigation, it obtained hundreds of thousands of documents and answers to a large number of interrogatories and other written questions from Match. It is difficult to see what more the FTC could appropriately seek through additional discovery that the FTC has not already had the opportunity to obtain during its lengthy investigation. Additionally, the parties agree that Match discontinued the practices challenged under the FTC Act in this lawsuit (Counts I to IV) prior to the FTC filing suit, so there can be no urgency to stopping those business practices (and therefore the stay cannot be causing the FTC any prejudice)—those practices are already stopped. *See* Compl. ¶ 3; Resp. to Mot. to Dismiss, Dkt. 27, at 4.

## IV.   CONCLUSION

The Court should maintain the discovery stay "pending a ruling on the Motion to Dismiss," as it originally decided. Dkt. 43. No reason exists to change course now. For these reasons, Match respectfully requests that the Court deny in part the Motion.

Dated: March 1, 2022                                  Respectfully submitted,

*/s/  Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
David Sillers
State Bar No. 24072341
dsillers@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone:  214.981.3300
Fax:  214.981.3400

4

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc.*

## CERTIFICATE OF SERVICE

On March 1, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Angela C. Zambrano*
Angela C. Zambrano