THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>MATCH GROUP, INC., a corporation,<br><br>　　　Defendant. | Case No. 3:19-cv-02281-K<br><br><br>**Plaintiff's Reply in Support of Motion to Lift Stay** |

　　　Nearly two and a half years into these proceedings, the FTC has not yet been authorized to serve any discovery. With the bases for the stay now fully resolved, the balance of equities strongly supports this Court exercising its discretion to lift the stay and commence discovery. Despite this, in its Response in Partial Opposition to the FTC's Motion to Lift Stay ("Partial Opposition"), Defendant Match Group, Inc. asks that discovery not proceed until its Motion to Dismiss is decided.[1] While the FTC agrees that Defendant's Motion to Dismiss is ripe to be addressed, discovery should not be stayed pending its resolution. Defendant's Motion to Dismiss, which lacks merit, fails to justify deviating from the general principle that the filing of a motion to dismiss does not stay discovery.[2] Instead, the stay should be lifted, and discovery

---

[1] *See generally* Doc. 84.

[2] *See Kaneka Corp. v. JBS Hair, Inc.*, 3:10-CV-1430-P, 2011 WL 13167931, at *1 (N.D. Tex. Mar. 30, 2011) ("For judicial economy purposes, the Court cannot stay a case every time a party believes a Motion to Dismiss should be granted in their favor."); *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (noting that stays due to a pending motion to dismiss are the "exception rather than the rule").

1

initiated, because the reasons for the stay have been resolved and because the FTC would face substantial prejudice from a continued stay.

I. **Argument**

    A. **Both bases for the stay have resolved. It should be lifted accordingly, and discovery allowed to proceed.**

Defendant claims that a continued stay is justified by the merits of the three remaining arguments in its Motion to Dismiss,[3] even implying these issues are why the case is currently stayed.[4] The record shows otherwise. The Court entered its first stay order in April 2020 due to the Covid-19 pandemic.[5] Subsequently, the Court entered a second stay order in August 2020, granting Match's Motion to Stay Pending Supreme Court Decision in *FTC v. Credit Bureau* ("Motion to Stay"), to allow the Supreme Court to decide that case.[6] Neither stay concerned, nor even addressed, the purported merits of the three remaining arguments in Defendant's Motion to Dismiss.[7] Because federal litigants can engage in discovery even during the Covid-19 pandemic and the Supreme Court has resolved *Credit Bureau*, the stays relating to these issues should be lifted, and discovery should proceed just as it would absent these stays.

Indeed, Defendant never moved for a stay based on these undecided arguments in its Motion to Dismiss. Instead, Match's Motion to Stay focused solely on the *FTC v. Credit Bureau*

---

[3] Defendant made four arguments for dismissal in its Motion to Dismiss. *See* generally Doc. 20. Three remain undecided following the Supreme Court's ruling that equitable monetary relief is unavailable under Section 13(b) of the FTC Act. *See AMG Capital Mgmt., LLC v. FTC*, 593 U.S. ___, 141 S. Ct. 1341 (2021). For a discussion of these three arguments and their flaws, the FTC respectfully refers the Court to its Opposition to Defendant's Motion to Dismiss, Doc. 27, and its Surreply to Defendant's Motion to Dismiss. Doc. 32.

[4] *See* Doc. 84 at 2.

[5] *See* Doc. 43.

[6] *See* Doc. 54.

[7] *See generally* Docs. 43 and 54.

case pending before the Supreme Court.[8] With that case resolved, Defendant has fully obtained the relief it requested, and discovery should proceed.

### B.  The FTC would be prejudiced by a continued stay.

In support of a continued stay, Defendant argues that because this matter has been stayed for nearly two years already, the FTC could not be prejudiced, no matter how long the stay endures. In truth, the FTC would endure substantial prejudice from a continued stay.

First, the FTC's limited pre-suit investigation does not justify a stay nor eliminate potential prejudice to the FTC, as Defendant claims.[9] To be sure, Defendant has already produced thousands of documents to the FTC, which provided compelling evidence of Match's illegal conduct. However, the purpose of the FTC's pre-suit investigation was to determine whether there was "reason to believe" that Defendant has violated the law.[10] Moreover, in making its pre-litigation requests for evidence, the FTC made significant accommodations to Defendant in response to claims of purported burden, voluntarily limiting its requests to the minimum amount of evidence needed to assess Defendant's business practices. Now, Match has rejected settlement, deciding instead to put the FTC to its burden. Such is Match's choice, but Match should not be permitted to twist the FTC's earlier accommodations to its advantage by objecting to producing the documents needed to prove the FTC's case.

---

[8] *See generally* Doc. 51.

[9] *See* Doc. 84 at 1.

[10] *See* 15 U.S.C. § 53(b); *cf. United States v. Witmer*, No. 1:93-cv-1410, 1993 U.S. Dist. LEXIS 14347, *211 (M.D. Pa. Oct. 8, 1993) (discussing a pre-litigation civil investigative demand issued by the federal government and noting that "[t]he purpose of the CID is to 'enable the Government to determine whether enough evidence exists to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily'").

Second, the FTC has critical discovery needs, contrary to Defendant's claims, [11] and an indefinite stay would harm the FTC's ability to gather this evidence. To highlight one such need, the FTC intends to seek evidence to determine whether Defendant has continued its illegal conduct.[12] Further, to streamline its investigation, the FTC took no oral testimony from any witness pre-suit. Such testimony is the category of evidence most at risk by a protracted stay, as witnesses' memories inevitably fade. While Match may ignore this basic principle, the Court need not.

Lastly, and most importantly, Defendant's Partial Opposition ignores the thousands of consumers harmed by its illegal practices who await redress. As discussed in the FTC's Motion to Lift Stay, the FTC remains eligible to seek consumer redress, under Section 19 of the FTC Act, 15 U.S.C. § 57b, and civil penalties, under 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), for the violations of ROSCA, 15 U.S.C. § 8403, alleged in Count V. These consumers are prejudiced by every day that they remain unredressed for Match's law violations.

---

[11] Match's claim that the FTC's discovery needs have already been met undercuts its argument that Match would waste significant time and money were it required to proceed with discovery before its Motion to Dismiss is decided. *See* Doc. 84 at 4 (claiming that "[i]t is difficult to see what more the FTC could appropriately seek through additional discovery that the FTC has not already had the opportunity to obtain during its lengthy investigation"). When determining whether a matter should be stayed pending a motion to dismiss, courts consider factors including the breadth of the discovery requests and the burden in responding. *See Von Drake v. NBC*, No. 3-04-cv-0652, 2004 U.S. Dist. LEXIS 25090, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). If Match were to be believed, no such burden exists. As such, Match cannot credibly claim prejudice from discovery proceeding.

[12] Defendant claims to have ceased all illegal conduct as to Counts I-IV of the FTC's Complaint (Doc. 84 at 4). However, the FTC has been unable to serve discovery relating to these claims, and much of the conduct at issue relates to Match's internal policies and procedures.

## II. Conclusion

Given that both bases for the current stay have resolved, the FTC respectfully requests that the Court lift the stay and allow discovery to commence to avoid undue prejudice to the FTC.

Respectfully submitted,

DATED: March 4, 2022

/s/ *Reid Tepfer*
REID TEPFER
M. HASAN AIJAZ
MATTHEW WILSHIRE
SARAH ZUCKERMAN (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
New York Bar No. 5603832 (Zuckerman)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9376 (Zuckerman)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
mwilshire@ftc.gov;
szuckerman@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On March 4, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *REID TEPFER*
REID TEPFER