# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-02281-K |
| | § | |
| **MATCH GROUP, INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER SETTING SETTLEMENT CONFERENCE

By order dated April 8, 2022, United States District Judge Ed Kinkeade referred this case to the undersigned to conduct a settlement conference. ECF No. 94. The Court held a telephone status conference with counsel for the parties today to schedule the settlement conference.

It is, therefore, **ORDERED** that the settlement conference is **SET** for **Wednesday, May 11, 2022, at 9:30 a.m. C.D.T. via Zoom**.

All parties and their counsel are instructed to review the Rules of Mediation, attached to this Order as Exhibit A, which provide the general procedures to be followed at the settlement conference in which the undersigned will act as the mediator.

It is further **ORDERED** that by no later than **5:00 p.m. C.D.T. on May 9, 2022**, each party shall submit a completed Confidential Settlement Conference Information Sheet, a copy of which is attached to this Order as Exhibit B, to chambers via email at ray_orders@txnd.uscourts.gov. This document shall not be filed with the clerk, but shall be submitted only to the chambers of the undersigned. The document will only be viewed by the undersigned and his staff and will not be shared with any other parties or counsel. **The parties and counsel shall pay particular attention to Question No. 1 on the Information Sheet, which requires immediate attention.**

Failure to comply with this order or to attend the conference without obtaining prior permission of the Court shall result in appropriate sanctions.

It is so **ORDERED** on April 12, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

**RULES FOR MEDIATION**

1.      **Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement, or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2.      **Agreement of Parties.** Whenever the parties have agreed to mediation, they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

3.      **Consent to Mediator.** The parties consent to the appointment of the individual named as mediator in their case. The Mediator shall act as an advocate for resolution and shall use his best efforts to assist the parties in reaching a mutually acceptable settlement.

4.      **Conditions Precedent to Serving as Mediator.** The Mediator will only serve in cases in which the parties are represented by attorneys. The Mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the Mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

5.      **Authority of Mediator.** The Mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine.

6.      **Commitment to Participate in Good Faith.** While no one is asked to commit to settle his case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

7.      **Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them. The Mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The Mediator does not warrant or represent that settlement will result from the mediation process.

8.      **Authority of Representatives. PARTY REPRESENTATIVES MUST HAVE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PRESENT.** The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator.

9. **Time and Place of Mediation.** The Mediator shall fix the time of each mediation session. The mediation shall be held at the office of the Mediator, or at any other convenient location agreeable to the Mediator and the parties, as the Mediator shall determine.

10. **Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the Mediator and all attorneys of record with an Information Sheet and Request for Mediation on the form provided by the Mediator setting forth its position with regard to the issues that need to be resolved.

At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented. The Mediator may require any party to supplement such information.

11. **Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the Mediator.

12. **Confidentiality.** Confidential information disclosed to a Mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the Mediator. All records, reports, or other documents received by a mediator while serving in that capacity shall be confidential. The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum. Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorney's fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding: (a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; (b) admissions made by another party in the course of the mediation proceedings; (c) proposals made or views expressed by the Mediator; or (d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

13. **No Stenographic Record.** There shall be no stenographic record of the mediation process.

14. **Termination of Mediation.** The mediation shall be terminated: (a) by the execution of a settlement agreement by the parties; (b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile; or (c) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

15. **Exclusion of Liability.** The Mediator is not a necessary or proper party in judicial proceedings relating to mediation. Neither Mediator nor any law firm employing Mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

16. **Interpretation and Application of Rules.** The Mediator shall interpret and apply these rules.

EXHIBIT B

CONFIDENTIAL SETTLEMENT CONFERENCE INFORMATION SHEET
(For Settlement Conferences Before United States Magistrate Judge Hal R. Ray, Jr.)

1. **What was your last settlement offer? (If you have not made an offer, you shall personally speak with counsel for the opposing party and make such an offer <u>prior</u> to submitting this Information Sheet to the judge.)**

2. Case Number and Style (including party association, i.e., defendant, plaintiff):

3. Settlement Conference Date:

4. Trial Date (if set):

5. Names, addresses, and telephone numbers of you and your client (identifying attorney(s) and authorized representative(s) who will be attending the Settlement Conference):

6. Names, addresses, and telephone numbers of non-parties, if any (identifying attorney(s) and authorized representative(s) who will be attending the Settlement Conference):

7. State the nature of your client's claims, defenses, and counterclaims.

8. What relief does your client seek?

9. What are the primary disputed issues of law or fact in this case, from your perspective?

10. Do you have sufficient information to form a realistic settlement position? If not, what other information do you need?

11. What is the status of discovery?

12. Are there any motions pending before the Court?

13. Is there any other information that you believe the judge needs to know to facilitate the settlement conference?

14. If you desire, you may attach a short (two page maximum) confidential mediation statement.