IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>      Defendant. | Case No. 3:19-cv-02281-K |

**DEFENDANT MATCH GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER INJUNCTIVE RELIEF**

Defendant Match Group, Inc. ("Match") respectfully submits this Answer and Affirmative Defenses (the "Answer") in response to the Federal Trade Commission's ("FTC") Complaint for Permanent Injunction, Civil Penalties, and Other Relief (the "Complaint").

## ANSWER

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Match denies any such allegations. More specifically, Match denies that it has engaged in any conduct that violates the FTC Act or the Restore Online Shoppers' Confidence Act ("ROSCA"). Match further denies that that the FTC is entitled to any relief, and specifically notes that it submits this Answer subject to the Court's Order on Match's Motion to Dismiss, which dismissed the FTC's claims for equitable monetary relief for Counts I through IV. Dkt. 86.

## SUMMARY OF THE CASE

2. Match denies that Match Group, Inc. operates Match.com. Match admits that Match.com is an online dating service. Match further admits that consumers using Match.com

may create profiles and may pay for a subscription to use a broader range of services, including the ability to communicate with other users.

3. Match denies that it maintained any deceptive or unfair practices both because they were not deceptive or unfair practices and because Match does not operate Match.com or any other dating service brand. Match admits that Match.com voluntarily changed many of its business practices well before the FTC filed the Complaint. Match denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. Match admits the allegations contained in Paragraph 4.

5. Match admits the allegations contained in Paragraph 5 that venue is proper in this judicial district.

## PLAINTIFF

6. Match admits the allegations contained in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Match denies any such allegations. Moreover, the Court dismissed with prejudice the FTC's claim for equitable monetary relief under Section 13(b) for Counts I through IV, Dkt. 86 at 13, following the U.S. Supreme Court's decision in *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021); to the extent a response is still required, Match denies that the FTC is entitled to obtain equitable monetary relief.

## DEFENDANT

8. Match admits that it is a Delaware corporation with its principal place of business at 8750 North Central Expressway, Suite 1400, Dallas, Texas 75231. Match further admits that it transacts or has transacted business in this District, where its principal place of business is located.

Match denies that it transacts or has transacted business throughout the United States, because it is solely a holding company.

## COMMERCE

9.      Match denies that it has maintained a substantial course of trade in or affecting commerce because it is solely a holding company and does not own or operate Match.com or any other dating website.

## DEFENDANT'S BUSINESS PRACTICES

10.     Match denies the allegations contained in Paragraph 10.

11.     Match denies the allegations contained in Paragraph 11.

12.     Match admits that Match.com is an online dating service website that provides consumers a forum where they can contact and communicate with other like-minded people over the Internet, typically for the express or implied purpose of developing romantic relationships. Match denies the remaining allegations contained in Paragraph 12.

### *Background*

13.     Match does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 13, with respect to any entity other than Match Group, Inc.  Match denies that Match Group, Inc. engages in the conduct alleged in Paragraph 13.

14.     Match does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 14, with respect to any entity other than Match Group, Inc.  Match denies that Match Group, Inc. engages in the conduct alleged in Paragraph 14.

15.     The Court dismissed with prejudice Counts I and II, Dkt. 86 at 35, so no answer to this Paragraph is required.  To the extent that a response is required, Match does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 15, with respect to any entity other than Match Group, Inc. Match admits that online dating services can be misused by

third parties to facilitate fraud or to promote dubious or unlawful products or services to consumers, which is why Match Group, LLC is an industry leader in combatting online dating fraud. Match denies the remaining allegations contained in Paragraph 15.

16. The Court dismissed with prejudice Counts I and II, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 16, with respect to any entity other than Match Group, Inc. Match admits that consumers can incur injury from certain romance scams, which is why Match Group, LLC is an industry leader in combatting online dating fraud. Match lacks knowledge or information sufficient to form a belief about the remaining allegations contained in Paragraph 16 and therefore denies them.

17. Match admits that consumers can purchase Match.com subscriptions of varying lengths and that may automatically renew for terms equivalent to the original subscription length. The Court dismissed with prejudice Counts I and II, Dkt. 86 at 35, so no answer to this Paragraph is required for the allegations related to Counts I and II. To the extent any allegations related to Counts I and II in Paragraph 17 are considered factual allegations to which a response is required, Match admits that consumers may establish free user profiles that allow them to use limited services at no cost and that Match Group, LLC has made certain "free trial" offers in the past. Match denies the remaining allegations contained in Paragraph 17.

18. Match does not have sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18.

19. The Court dismissed with prejudice Counts I and II, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match admits that although some users of Match.com attempted to use it for illegitimate reasons, Match Group, LLC went to

extraordinary lengths, at great expense to it, to block such users and protect legitimate subscribers and non-subscribers. Match denies the remaining allegations contained in Paragraph 19.

20. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match admits the allegations contained in Paragraph 20.

21. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies that it sends Match.com users anything, given that it does not operate Match.com.

22. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 22.

23. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 23.

24. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 24.

25. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies that it ever sent discount offers for subscription packages at reduced prices to consumers.

26. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, as drafted, Match does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 26.

27. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 27.

28. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 28.

29. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies that it has any contact with Match.com users because it does not own or operate Match.com. Match further denies the remaining allegations contained in Paragraph 29.

30. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies that consumers contact it to complain about subscribing to Match.com or that Match has replied to any such communications because Match does not own or operate Match.com.

31. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in  Paragraph 31.

32. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 32.

33. The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies that it could be

aware of any communications, screen users, or withhold communications because it does not own or operate Match.com. Match denies the remaining allegations contained in Paragraph 33.

34. The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 34.

35. The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 35.

36. The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 36.

37. The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required. To the extent that a response is required, Match denies the allegations contained in Paragraph 37.

38. Match denies the allegations contained in Paragraph 38.

39. Match denies the allegations contained in Paragraph 39.

40. Match denies the allegations contained in Paragraph 40.

41. Match admits that the "learn more" page clearly and conspicuously disclosed requirements for the guarantee, including a requirement to (1) create a truthful Match.com profile with a primary photo and keep it visible to the public; (2) respond to, or initiate email communication with at least 5 unique Match.com members each month through the Match.com service; and (3) comply with all of the Match.com Guarantee Program Rules listed on the same page. Match denies the remaining allegations contained in Paragraph 41.

42. Match denies the allegations contained in Paragraph 42.

43. Match denies the allegations contained in Paragraph 43.

44. Match denies the allegations contained in Paragraph 44.

45. Match admits that the progress page contained certain information about a user's progress toward eligibility for the guarantee. Match denies the remaining allegations in Paragraph 45.

46. Match denies the allegations contained in Paragraph 46.

47. Match admits that all guarantee requirements were clearly and conspicuously disclosed, as all requirements were listed in 13 clearly bulleted points with space between each bullet on the "learn more" page. Match denies that accepting the free six months on the progress page was a prerequisite to receiving the guarantee. Match denies the remaining allegations in Paragraph 47.

48. Match denies the allegations contained in Paragraph 48.

49. Match admits that users were asked if they had met someone to determine whether they were eligible for the guarantee extension. Match denies the remaining allegations contained in Paragraph 49.

50. Match denies the allegations contained in Paragraph 50.

51. Match denies the allegations contained in Paragraph 51.

52. Match denies the allegations contained in Paragraph 52.

53. Match admits that consumers who purchase a Match.com subscription must complete an online enrollment process and provide payment information for the initial subscription package. Match further admits that the subscription may continue unless the consumer affirmatively cancels the subscription through any of the various means available to the consumer

to cancel the subscription. Match denies the remaining allegations contained in Paragraph 53, including that it was Match's "subscription package" or that Match "will automatically charge consumers" given that Match does not own or operate Match.com.

54.     Match admits that consumers who subscribe to Match.com may continue to have their subscriptions renewed until they affirmatively cancel their subscriptions through any of the various means available to the consumer to cancel the subscription. Match denies the remaining allegations contained in Paragraph 54.

55.     Match admits that consumers must complete some simple steps to cancel a Match.com subscription through Match.com's online flow and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail. Match denies the remaining allegations contained in Paragraph 55.

56.     Match admits that subscribers who decide to cancel their Match.com subscriptions through Match.com's online flow are asked a few simple questions and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail. Match denies the remaining allegations contained in Paragraph 56.

57.     Match denies the allegations contained in Paragraph 57.

58.     Match admits that some consumers have occasionally complained about Match.com's online cancelation flow, but denies that those complaints were meritorious and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail. Match denies the remaining allegations contained in Paragraph 58, including the suggestion that Match "has billed" consumers, given that Match does not own or operate Match.com.

59.     Match denies the allegations in contained Paragraph 59.

60. Match denies the allegations contained in Paragraph 60.

61. Match denies the allegations contained in Paragraph 61.

62. Match denies the allegations contained in Paragraph 62.

63. Match denies the allegations contained in Paragraph 63.

64. Match denies the allegations contained in Paragraph 64.

## VIOLATIONS OF THE FTC ACT

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent any allegations in this Paragraph 65 are considered factual allegations, Match denies any such allegations.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent any allegations in this Paragraph 66 are considered factual allegations, Match denies any such allegations

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent any allegations in this Paragraph 67 are considered factual allegations, Match denies any such allegations

### Count I
### Misrepresentation Regarding Users of Defendant's Service[1]

68. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. This Paragraph is subject to Match's pending Unopposed Motion to Strike.

69. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. This Paragraph is subject to Match's pending Unopposed Motion to Strike.

70. The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required. This Paragraph is subject to Match's pending Unopposed Motion to Strike.

---

[1] Match denies the allegations contained in this heading from the FTC's Complaint.

## Count II
### Exposing Consumers to Risk of Fraud[2]

71.     The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required. This Paragraph is subject to Match's pending Unopposed Motion to Strike.

72.     The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required. This Paragraph is subject to Match's pending Unopposed Motion to Strike.

73.     The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required. This Paragraph is subject to Match's pending Unopposed Motion to Strike.

## Count III
### Deceptive "Guarantee" Program[3]

74.     Match denies the allegations contained in Paragraph 74.

75.     Match denies the allegations contained in Paragraph 75.

76.     Match denies the allegations contained in Paragraph 76.

## Count IV
### Unfair Denial of Access to Consumers' Accounts[4]

77.     Match denies the allegations contained in Paragraph 77.

78.     Match denies the allegations contained in Paragraph 78.

79.     Match denies the allegations contained in Paragraph 79.

### VIOLATIONS OF THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT

80.     Match admits that Congress passed ROSCA in 2010. Match further admits that Paragraph 80 accurately quotes 15 U.S.C. § 8401. Match denies the remaining allegations contained in Paragraph 80 as they are legal conclusions.

---

[2] Match denies the allegations contained in this heading from the FTC's Complaint.
[3] Match denies the allegations contained in this heading from the FTC's Complaint.
[4] Match denies the allegations contained in this heading from the FTC's Complaint.

11

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent any allegations in this Paragraph 81 are considered factual allegations, Match denies any such allegations.

82. Paragraph 82 contains legal conclusions to which no response is required. To the extent any allegations in this Paragraph 82 are considered factual allegations, Match denies any such allegations.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent any allegations in this Paragraph 83 are considered factual allegations, Match denies any such allegations.

## Count V
### Failure to Provide a Simple Mechanism for Consumers to Stop Recurring Charges[5]

84. Match denies the allegations contained in Paragraph 84.

85. Match denies the allegations contained in Paragraph 85.

### CONSUMER INJURY

86. Match denies the allegations contained in Paragraph 86.

### THIS COURT'S POWER TO GRANT RELIEF

87. Paragraph 87 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Match denies any such allegations. Moreover, the Court dismissed with prejudice the FTC's claim for equitable monetary relief under Section 13(b) for Counts I through IV, Dkt. 86 at 13, following the U.S. Supreme Court's decision in *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021); to the extent a response is still required, Match denies that the FTC is entitled to obtain equitable monetary relief.

---

[5] Match denies the allegations contained in this heading from the FTC's Complaint.

88. Paragraph 88 contains legal conclusions to which no response is required. Match denies any violation of ROSCA and further denies that any alleged violations were committed with knowledge. To the extent any remaining statements in this Paragraph are considered factual allegations, Match denies the remaining allegations contained in Paragraph 88.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Match denies any such allegations.

## PRAYER FOR RELIEF

90. Match denies the allegations contained in paragraph 90. Match further denies that the FTC would be entitled to any relief as a result of any alleged act or omission by Match.

**ANY ALLEGATION IN THE COMPLAINT NOT SPECIFICALLY ADMITTED IS EXPRESSLY DENIED.**

\* \* \*

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, Match does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to the FTC. Moreover, nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to the FTC's allegations. Nor shall anything stated or unstated constitute an admission of any kind.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

91. The Complaint fails to state sufficient facts to constitute a cause of action against Match, including because Match does not own or operate Match.com.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance with Applicable Law)

92. The FTC's claims are barred because Match's conduct is not unlawful in that Match complied with applicable statutes and regulations.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith Belief and Conduct)

93. The FTC's claims are barred because the acts and statements of Match were fair and reasonable and were performed in good faith based on all of the relevant facts known to Match. Match acted with a good faith belief that it had good cause or legitimate business reasons to act as it did and did not directly or indirectly perform any acts that would constitute a violation of consumers' rights. As a consequence, the FTC is not entitled to any relief whatsoever.

## FOURTH AFFIRMATIVE DEFENSE
### (Requested Relief Contrary to Public Interest)

94. The FTC's claims are barred because the FTC's requested relief is contrary to the public interest. The practices constituting the alleged FTC Act violations have ceased. However, even when the practices did exist, the guarantee at issue in Count III benefited many consumers. Additionally, the chargeback policy in Count IV was a reasonable policy designed to benefit consumers; was easily avoidable by consumers in that they could choose not to initiate a wrongful chargeback request; and, as a matter of public policy, the FTC should not seek to protect consumers who have submitted baseless chargeback requests. Moreover, the FTC's requested relief is contrary to the public interest because Match's online cancelation method at issue in Count V is intended to benefit consumers.

## FIFTH AFFIRMATIVE DEFENSE
### (Alleged Failure to Clearly and Conspicuously Disclose Not Material)

95.     The FTC's claims are barred because any alleged failure to clearly and conspicuously disclose was not material, as most consumers who did not qualify for the guarantee failed to satisfy the requirements that were clearly and conspicuously disclosed.

## SIXTH AFFIRMATIVE DEFENSE
### (Mootness)

96.     The FTC's claims are barred because they are moot.  There is no reasonable basis for the FTC's requested relief because any alleged violations under the FTC Act have long ceased.

## SEVENTH AFFIRMATIVE DEFENSE
### (Overbroad Injunction)

97.     The FTC's claims are barred because the FTC's requested injunction is overbroad and not specifically tailored to the alleged violations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Mitigation)

98.     The FTC's claims are barred because any monetary relief is subject to mitigation to the extent that consumers received refunds.

## NINTH AFFIRMATIVE DEFENSE
### (Reservation of Other Affirmative Defenses)

99.     Match lacks sufficient information regarding the facts and evidence alleged and is therefore unable to ascertain at this time any additional affirmative defenses which Match may have.  Therefore, Match expressly reserves the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

Dated: April 13, 2022

Respectfully submitted,

*/s/ Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
David Sillers
State Bar No. 24072341
dsillers@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone: 214.981.3300
Fax: 214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc.*

## CERTIFICATE OF SERVICE

On April 13, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Angela C. Zambrano*
Angela C. Zambrano