IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation,<br><br>    Defendant. | Case No. 3:19-cv-02281-K<br><br>**PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT AND ADD DEFENDANT** |

Plaintiff the Federal Trade Commission ("FTC") moves this Court to allow the FTC to amend its Complaint and add a defendant.[1] In support of this request, the FTC respectfully states the following:

1. The FTC filed its initial complaint in this action on September 25, 2019 against Defendant Match Group, Inc., a Delaware corporation, regarding its online dating service Match.com. Defendant Match Group, Inc. filed a motion to dismiss the complaint on October 17, 2019. On March 24, 2022, the Court ruled on that motion. On April 28, 2022, the Court issued a Scheduling Order.

2. The FTC has since learned that it Match Group, LLC, a wholly owned subsidiary of Match Group, Inc., also operates Match.com in conjunction with Defendant Match Group, Inc.

3. Due to its apparent role in operating the Match.com service, and to ensure that the Commission can obtain complete relief that protects consumers, the FTC seeks leave to file an

---

[1] The proposed Amended Complaint is attached as Exhibit 1.

**PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT AND ADD DEFENDANT**
1

amended complaint to add Match Group, LLC, formerly known as Match.com LLC as a defendant in this action and to conform the language within the complaint to reflect this additional defendant.

4.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "[t]he court should freely give leave when justice so permits."  The Fifth Circuit has held that "district courts must entertain a presumption in favor of granting parties leave to amend," and that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial."  *See Deuling v. Devon Energy Corp.*, 623 Fed.Appx. 127, 128-129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 376 (5th Cir. 2000); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).  The FTC believes that none of these bases for denial is present in this case.

First, the Fifth Circuit has made clear that "delay warrants dismissal 'only if the delay . . . presents the possibility of serious prejudice to the opponent.'"  *Id.* at 130 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598-99 & n. 2 (5th Cir. 1981)).  "Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial. This Court and other courts have found prejudice, for instance, if the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial." *Id.* at 130 (citing S*mith v. EMC Corp.*, 393 F.3d 590, 594–96 (5th Cir.2004)).  Because this motion seeks to amend the FTC's complaint early in the litigation and because it only to seeks to add a subsidiary of the Defendant as a party and not to add or modify the claims in the complaint or to add unrelated parties, granting the motion is unlikely to cause any delay.  The FTC is moving to amend barely two

weeks after the Court issued its Scheduling Order on April 28, 2022; more than a year before the trial date, which is set for June 5, 2023; and before discovery has even begun.  Indeed, once the Court entered its Scheduling Order, FTC counsel quickly sought and obtained Commission approval to file the proposed amended complaint.  Moreover, this motion comes before the relevant deadline set by the Court in its Scheduling Order, which the required "[a]ll motions to join parties or to amend pleadings" be filed by May 13, 2022.  Additionally, given the close relationship between the Defendant and its wholly owned subsidiary, the amendment will not hinder the Defendant's ability to litigate the allegations in the amended complaint.

Second, the FTC makes this motion without bad faith or dilatory motive.  The FTC seeks this amendment simply to add an additional appropriate corporate entity responsible for operating Match.com.  The FTC's motivation is to ensure it can protect the public interest by obtaining injunctive relief against all entities that operate Match.com.

Third, there is no undue prejudice to the Defendant in this case, which has identified Match Group, LLC as an appropriate defendant and has been made aware of the FTC's intent to amend its complaint as requested.

WHEREFORE, the FTC respectfully requests that this Court permit the FTC to amend its complaint.

                        Respectfully submitted,

DATED: May 13, 2022

*/s/ Reid Tepfer*
REID TEPFER
M. HASAN AIJAZ
MATTHEW WILSHIRE
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
mwilshire@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF CONFERENCE**

On May 12 and 13, 2022, attorneys for Plaintiff conferred with counsel for Defendant. Defendant opposes the motion. Opposing counsel indicated they did not think the amendment was appropriate and that Defendant, Match Group, Inc., should be dismissed.
.

*/s/ Reid Tepfer*

**CERTIFICATE OF SERVICE**

On May 13, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Reid Tepfer*