IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                  Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation,<br><br>                  Defendant. | Case No. 3:19-cv-02281-K |

**DEFENDANT MATCH GROUP, INC.'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT AND ADD DEFENDANT**

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ............................................................................................... 1

II.   BACKGROUND .................................................................................................................... 3

III.  ARGUMENT AND AUTHORITY ....................................................................................... 6

    A.  The FTC's Proposed Amended Complaint Improperly Asserts Two Counts that the Court Dismissed with Prejudice ................................................................................................. 6

    B.  The FTC's Proposed Amended Complaint Is Futile Because the FTC Has Not Alleged that Match Group, LLC Is "Violating" or "About to Violate" the Law ............... 7

    C.  The FTC's Years-Long Delay in Attempting to Name Match Group, LLC as a Defendant Evinces Its Dilatory Motive and Lack of Diligence ........................................... 10

IV.   CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brown v. Valdez*,
  No. 3:19-CV-2332-E-BK, 2020 WL 2330183 (N.D. Tex. May 8, 2020) ..............................8, 9

*FTC v. Neora LLC*,
  552 F. Supp. 3d 628 (N.D. Tex. 2021) ...........................................................................8, 9

*FTC v. Sw. Sunsites, Inc.*,
  665 F.2d 711 (5th Cir. 1982) ..........................................................................................8, 9

*FTC v. Traffic Jam Events, LLC*,
  No. 20-1740-WBV-DMD, 2020 WL 3490434 (E.D. La. June 26, 2020) .........................8, 9

*Gorfinkel v. U.S. Citizenship and Immigration Servs.*,
  No. 3:20-cv-01086-X (BT), 2021 WL 1009319 (N.D. Tex. Feb. 12, 2021) ............................6

*Hunter v. Schopmeyer*,
  No. 3:18-CV-1589-D(BH), 2020 WL 908541 (N.D. Tex. Jan. 31, 2020)............................1, 7

*Hurdt v. Advanced Bionics, LLC*,
  No. 3:11-CV-2309-L, 2013 WL 12123893 (N.D. Tex. May 24, 2013) ........................3, 10, 12

*Jones v. Wells Fargo Bank, N.A.*,
  No. 3:09-CV-1989-L, 2011 WL 710877 (N.D. Tex. Feb. 25, 2011)................................10, 12

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
  751 F.3d 368 (5th Cir. 2014) ................................................................................................6

*Mitsubishi Aircraft Intern., Inc. v. Brady*,
  780 F.2d 1199 (5th Cir. 1986) ............................................................................................10

*Oren-Bousquet v. LaSalle Bank*, N.A., No. SA-07-CA-802-H, 2008 WL
  11410042 (W.D. Tex. June 16, 2008)...................................................................................7

*RBH Energy, LLC v. Brown*,
  No. 3:16-CV-0830-G, 2016 WL 8465805 (N.D. Tex. Dec. 16, 2016)......................................9

*Reitz v. City of Abilene*,
  No. 1:16-CV-0181-BL, 2018 WL 1472531 (N.D. Tex. Mar. 26, 2018) ...............................1, 6

*Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*,
  No. 3:06-CV-0271-B, 2007 WL 9717289 (N.D. Tex. Jan. 16, 2007) ....................................12

*Wimm v. Jack Eckerd Corp.*,
   3 F.3d 137 (5th Cir. 1993) ..................................................................................10, 12

**Statutes**

15 U.S.C. § 53(b) (FTC Act § 13(b)).................................................................2, 4, 7, 8, 9

47 U.S.C. § 230 of the Communications Decency Act ............................................5, 7

**Rules and Regulations**

Fed. R. Civ. P.
   15(a)(1) ....................................................................................................................6
   15(a)(2) ....................................................................................................................6

Pursuant to the Court's Order, Dkt. 108, Defendant Match Group, Inc. ("Match") respectfully submits this Response in Opposition to Plaintiff Federal Trade Commission's ("FTC") Motion to Amend Its Complaint and Add Defendant, Dkt. 107 (the "Motion" or "Motion for Leave").[1]

## I.   PRELIMINARY STATEMENT

The FTC's Motion—which seeks leave to add a new defendant (Match Group, LLC) to this action nearly three years after the FTC brought this lawsuit and five years after the FTC learned that Match Group, LLC operates Match.com—should be denied on three independent bases:

<u>First</u>, the FTC improperly continues to assert Counts I and II in its Proposed Amended Complaint, even though this Court already dismissed those Counts with prejudice against Match Group, Inc. on the basis that the conduct was immune under the Communications Decency Act. Dkt. 86. Reasserting dismissed claims is improper. *See, e.g.*, *Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2018 WL 1472531, at *2 (N.D. Tex. Mar. 26, 2018) ("[T]he proposed amended complaint includes claims that the [c]ourt has already dismissed with prejudice and without leave to amend. Including such claims in the amended complaint is improper."). In addition to reasserting Counts I and II against Match Group, Inc., the FTC also alleges Counts I and II against Match Group, LLC. Thus, if the Court grants the FTC's Motion for Leave, Match Group, LLC will be forced to move to dismiss Counts I and II on the same immunity grounds on which the Court already ruled in favor of Match Group, Inc. This would prejudice Match Group, Inc. and Match Group, LLC and would waste the parties' and Court's resources. *See, e.g.*, *Hunter v. Schopmeyer*, No. 3:18-CV-1589-D(BH), 2020 WL 908541, at *3 (N.D. Tex. Jan. 31, 2020), *report and recommendation adopted*, No. 3:18-CV-1589-D, 2020 WL 905333 (N.D. Tex. Feb. 25, 2020),

---

[1] Match has filed an Appendix in Support of this Motion ("Appendix"). The exhibits to the Appendix are referenced as ("Def. App. Ex.").

*appeal dismissed*, 850 F. App'x 311 (5th Cir. 2021) (denying leave to amend when plaintiff sought to add second state judge as defendant when plaintiff had made similar allegations against first state judge and it "ha[d] already been recommended that his claims against the first state judge be dismissed based on judicial immunity").

Second, the FTC's attempt to bring claims under Section 13(b) of the FTC Act against Match Group, LLC is futile because the FTC does not allege a single fact that Match Group, LLC is "violating" or "about to violate" the FTC Act, as required by Section 13(b). *See* 15 U.S.C. § 53(b) (granting authority to file suit in federal court only when the defendant "is violating, or is about to violate" the law). Nor could it. According to the FTC's own Proposed Amended Complaint, the conduct at issue under the FTC Act ceased more than three years before the FTC decided to bring any claims against Match Group, LLC. Critically, the FTC has not pleaded (and cannot plead) a single fact suggesting that Match Group, LLC has engaged in any of the purported FTC Act violations in the last three years.[2] Given this lengthy passage of time and Match's repeated public commitment to not reinstituting the challenged practices, the FTC's allegations do not satisfy the Fifth Circuit's *Southwest Sunsites* standard, because they are not sufficient to meet the FTC's burden of showing a fair inference that Match Group, LLC would continue to violate the law absent restraint or otherwise allege that Match Group, LLC is "violating" or "about to violate" the FTC Act. Therefore, those claims would be subject to dismissal, and any amendment to add them would be futile. Given that Section 13(b) claims against Match Group, LLC would not be legally viable, the addition of another defendant would result in yet additional motion practice, which would prejudice Match. This prejudice is amplified by the fact that the FTC's

---

[2] The FTC could confirm that the Guarantee at issue in Count III is still discontinued through simple due diligence on Match.com. The FTC could likewise reference the publicly available Match.com Terms of Use, which it cites in both the Original Complaint, ¶ 62, and Proposed Amended Complaint, ¶ 63, to confirm that the chargeback policy that it has put at issue in Count IV is still discontinued. *See* Def. App. Ex. D-G, App. 012-059 (introduced below).

2

extreme delay could have been avoided if the FTC had acted with due diligence and sought leave to amend at an earlier date.[3]

Third, the FTC's failure to allege any claims against Match Group, LLC until now evinces the FTC's dilatory motive and lack of diligence because, contrary to the FTC's representation in its Motion, the FTC has known *for more than five years* that Match Group, LLC (not Match Group, Inc.) owns and operates Match.com. Courts in this District routinely deny leave to amend when plaintiffs fail to adequately explain their delay in investigating or pleading new claims against a new party. *See, e.g.*, *Hurdt v. Advanced Bionics, LLC*, No. 3:11-CV-2309-L, 2013 WL 12123893, at *2 (N.D. Tex. May 24, 2013) (denying leave to amend to add new party, relying in part on plaintiff's failure to "adequately explain[] the delay in discovering and pleading the new claims against" the new party).[4] There is no reason for the FTC's delay here. For each of these three separate and independent reasons, the FTC's Motion should be denied.

## II. BACKGROUND

On March 17, 2017, the FTC served Match Group, Inc. with a Civil Investigative Demand ("CID"). Since then, Match has repeatedly informed the FTC that Match Group, Inc. is a separate holding company and that Match Group, LLC (formerly named Match.com, LLC) actually owns and operates Match.com. For example, Match stated in its May 15, 2017 Interrogatory Responses to the FTC's CID that Match.com, LLC is the general operating company that operates Match.com. *See* Def. App. Ex. A, at App. 001-002.[5] Over the course of the FTC's multiple year pre-suit

---

[3] The reason for the FTC's delay will likely become apparent in discovery if the Motion is granted. Match expects the FTC to overreach and seek wildly broad discovery requests relating to other dating platforms operated by separate, unnamed companies held by the proposed defendants, despite the FTC having no allegations against any of the other dating platforms.
[4] Match also objects to the FTC's insistence on continuing to name Match Group, Inc. as a defendant, since Match Group, Inc. is not the owner or operator of Match.com.
[5] Publicly available Delaware Secretary of State records show that Match.com, LLC filed a certificate of amendment on September 12, 2017, changing its name from Match.com, LLC to Match Group, LLC. Def. App. Ex. B, at App. 003.

investigation, Match continued to raise these concerns, including in a December 16, 2018 White Paper. Even when the FTC sent a proposed Consent Order, Match explained to the FTC that the subject of the Order would need to be Match Group, LLC, rather than Match Group, Inc. Furthermore, the Match.com Terms of Use ("TOU") (of which the FTC cannot credibly claim ignorance because they are quoted in the Original Complaint, ¶ 62, and Proposed Amended Complaint, ¶ 63) also make clear that Match Group, LLC operates Match.com. Notably, prior TOUs through 2017 are available online. *See* Def. App. Ex. C, at App. 004-011 (Match.com Terms of Use Agreement, last revised 2017-12-28) ("Welcome to Match.com, the service for single adults to meet each other online, operated by Match Group, LLC."); Def. App. Ex. D, at App. 012-022 (Match.com TOU Agreement, effective 2019-04-18) ("Welcome to Match, operated by Match Group, LLC."); Def. App. Ex. E, at App. 023-033 (Match.com TOU Agreement, effective 2019-11-12) (same); Def. App. Ex. F, at App. 034-044 (Match.com TOU Agreement, effective 2021-02-08) (same); Def. App. Ex. G, at App. 045-059 (Match.com TOU Agreement, effective 2022-02-28) (same).

Match and the FTC have also repeatedly discussed the FTC's allegations about certain practices on Match.com that the FTC claims violate the FTC Act. Although Match denies any wrongdoing related to the FTC's allegations, the FTC's own allegations show that the practices challenged under the FTC Act were discontinued in early 2019. Compl. ¶ 3. In an August 6, 2019 letter to the FTC, Match left absolutely no doubt regarding any intent to resume these practices, writing that there were "no plans or intentions ever to reinstitute any of these practices" on Match.com. *See* Def. App. Ex. H, at App. 060-061. True to its word, since that time, Match has not resumed those practices, nor has the FTC alleged otherwise in its Proposed Amended Complaint. To the contrary, Match has continually reaffirmed its commitment to not reinstituting

the challenged practices, including in a May 20, 2022 letter to the FTC. *See* Def. App. Ex. I, at App. 062.

Nevertheless, on September 25, 2019, the FTC filed the Complaint for Permanent Injunction, Civil Penalties, and Other Relief, Dkt. 1 (the "Original Complaint") against Match Group, Inc. Shortly after the Original Complaint was served, counsel for Match emailed the FTC to inform it again that Match Group, Inc. was incorrectly named as a defendant in the lawsuit and should be voluntarily dismissed. *See* Dkt. 21 at 35. Counsel for the FTC acknowledged the email but declined to voluntarily dismiss the Complaint against Match Group, Inc., *see id.* at 37, and despite knowledge of Match Group, LLC, refused to substitute in Match Group, LLC, or even to add Match Group, LLC into the case—until now, nearly three years later.[6]

On October 17, 2019, Match moved to dismiss the Original Complaint, Dkt. 20 (the "Motion to Dismiss"), which the Court granted in large part, Dkt. 86 (the "Dismissal Order"). The Court dismissed with prejudice Counts I and II from the Original Complaint because the Court found immunity from liability under Section 230 of the CDA. *See id.* at 28, 30-32. The Court did not grant the FTC leave to amend.

Following the Dismissal Order, the Court issued the Scheduling Order, Dkt. 100, in which it ruled that all motions requesting leave to join parties or to amend pleadings must be filed by May 13, 2022. The FTC then filed the Motion with a Proposed First Amended Complaint for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief, Dkt. 107-1 (the "Proposed Amended Complaint"). Questionably, the FTC represented that, after filing the

---

[6] The FTC's prior explanation has been a misrepresentation that it was not aware of Match Group, LLC "until the eve of litigation and well after Match had ceased producing documents," although Match had made the FTC aware at least as early as May 15, 2017 with its Interrogatory Responses, *see* Def. App. Ex. A, at App. 001-002. *See, e.g.*, Joint Rule 26(f) Report, Dkt. 99 (falsely representing unawareness of Match Group, LLC "until the eve of litigation and well after Match had ceased producing documents"). That was two months after the FTC had served the CID and well before Match had ceased producing documents in the years-long investigation.

5

Original Complaint, the FTC "has since learned that it [sic] Match Group, LLC, . . . operates Match.com." Mot. ¶¶ 1-2. The Court then ordered expedited briefing on the Motion. Dkt. 108.

### III.   ARGUMENT AND AUTHORITY

The Court should deny the FTC's Motion. Once the time for amending a pleading as a matter of course expires (as it undisputedly has here), Rule 15(a)(1) of the Federal Rules of Civil Procedure (the "Rules") allows a party to amend its pleading only with leave of court. Fed. R. Civ. P. 15(a)(2). Although leave should be permitted when justice so requires, "leave to amend pleadings is by no means automatic." *Gorfinkel v. U.S. Citizenship and Immigration Servs.*, No. 3:20-cv-01086-X (BT), 2021 WL 1009319, at *3 (N.D. Tex. Feb. 12, 2021), *report and recommendation adopted*, No. 3:20-CV-01086-X (BT), 2021 WL 977064 (N.D. Tex. Mar. 16, 2021). In evaluating motions to amend, courts may consider various factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . and futility of the amendment." *Id.* (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) (affirming denial of motion to amend).

### A.   The FTC's Proposed Amended Complaint Improperly Asserts Two Counts that the Court Dismissed with Prejudice

Courts in this District routinely deny motions for leave to amend when proposed amended complaints include claims that have been dismissed with prejudice. *See, e.g.*, *Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2018 WL 1472531, at *2 (N.D. Tex. Mar. 26, 2018) ("In addition, as [d]efendants [] point out, the proposed amended complaint includes claims that the [c]ourt has already dismissed with prejudice and without leave to amend. Including such claims in the amended complaint is improper."). Here, despite the Court's Dismissal Order, the FTC's Proposed Amended Complaint continues to assert Counts I and II against both Match Group, Inc. and Match

6

Group, LLC.  *Compare* Prop. Am. Compl. Dkt. 107-1 ¶¶ 69-74 (asserting Counts I and II against "**Defendants**") (emphasis added), *with* Dkt. 86 at 39 ("The Court also **grants** Defendant Match Group, Inc.'s Motion to Dismiss Counts I and II because Match is entitled to immunity under 47 U.S.C. § 230 of the Communications Decency Act, thus those claims are barred and **dismissed with prejudice**." (emphasis in original)).

In addition to reasserting Counts I and II against Match Group, Inc., the FTC also alleges Counts I and II against Match Group, LLC, in bad faith and with dilatory motive.  Thus, if the Court grants the FTC's Motion for Leave, Match Group, LLC will be forced to move to dismiss Counts I and II on the same immunity grounds on which the Court already ruled in favor of Match Group, Inc.  *See, e.g.*, *Hunter v. Schopmeyer*, No. 3:18-CV-1589-D(BH), 2020 WL 908541, at *3 (N.D. Tex. Jan. 31, 2020), *report and recommendation adopted*, No. 3:18-CV-1589-D, 2020 WL 905333 (N.D. Tex. Feb. 25, 2020), *appeal dismissed*, 850 F. App'x 311 (5th Cir. 2021) (denying leave to amend when plaintiff sought to add second state judge as defendant when plaintiff had made similar allegations against first state judge and it "ha[d] already been recommended that his claims against the first state judge be dismissed based on judicial immunity"); *Oren-Bousquet v. LaSalle Bank*, N.A., No. SA-07-CA-802-H, 2008 WL 11410042, at *1 (W.D. Tex. June 16, 2008) (denying leave to amend when "new allegations suffer[ed] from the same infirmity as [the] previous allegations").  This would prejudice Match Group, Inc. and Match Group, LLC and would waste the parties' and Court's resources.  Denial is appropriate for this reason alone.

### B. The FTC's Proposed Amended Complaint Is Futile Because the FTC Has Not Alleged that Match Group, LLC Is "Violating" or "About to Violate" the Law

The FTC's attempt to bring Section 13(b) claims against Match Group, LLC is also futile because the conduct at issue ceased over three years ago, and FTC has not alleged any facts in the Proposed Amended Complaint that Match Group, LLC is "violating" or "about to violate" the law.

7

*See, e.g.*, *Brown v. Valdez,* No. 3:19-CV-2332-E-BK, 2020 WL 2330183, at *2-3 (N.D. Tex. May 8, 2020) (explaining denial of motion for leave appropriate when amendment would be futile, which is the same standard of legal sufficiency that applies under Rule 12(b)(6)).

Section 13(b) of the FTC Act grants the FTC limited authority to file suit in federal court only when the defendant "is violating, or is about to violate" the law. To meet its pleading burden under Section 13(b), the FTC must allege practices "giving rise to a fair inference of a reasonable expectation of continued violations absent restraint." *FTC v. Sw. Sunsites, Inc.*, 665 F.2d 711, 714 (5th Cir. 1982). A court in this District recently illustrated this standard in a case with facts in stark contrast to those the FTC alleges here. In *FTC v. Neora LLC*, the court found that "the FTC's allegations in the [c]omplaint [were] sufficient to infer a reasonable expectation of continued violations absent restraint at least as of the date of the [c]omplaint's filing on November 1, 2019" because "[t]he [c]omplaint contain[ed] numerous allegations in the present tense" and "examples of social media posts containing alleged misrepresentations dated in September and October of 2019." 552 F. Supp. 3d 628, 638 (N.D. Tex. 2021).

By contrast, the allegations in the Proposed Amended Complaint are not sufficient to infer a reasonable expectation of continued violations absent restraint. *Cf. Neora*, 552 F. Supp. 3d at 638. The FTC cannot allege a *single fact* from the three years since the FTC filed the Original Complaint in September 2019 to support its position that the new party that it seeks to add—Match Group, LLC—is violating or about to violate the law. *Cf. FTC v. Traffic Jam Events, LLC*, No. 20-1740-WBV-DMD, 2020 WL 3490434, at *5 (E.D. La. June 26, 2020) (applying *Southwest Sunsites* in the TRO context, and holding that the FTC failed to show there was reason to believe defendants were violating or about to violate the FTC Act because "[t]here was no evidence presented that future mailings [involving the same alleged violation of the FTC Act] were

conceived, attempted, or contemplated"). Not only can the FTC not meet its burden of showing a fair inference that Match Group, LLC would continue to violate the law absent restraint, *see Sw. Sunsites, Inc.*, 665 F.2d at 723, but the facts show the exact opposite: Match has repeatedly reiterated that the challenged practices *will not* be reinstituted on Match.com. See Def. App. Ex. H-I, at App. 060-062; *see also Traffic Jam Events*, 2020 WL 3490434, at *7-8 (considering declaration stating that defendants would not engage in similar marketing, and finding that such declaration was evidence of *Cornerstone Wealth*'s sincerity factor). Thus, the FTC's claims against Match Group, LLC under Section 13(b) would be subject to dismissal, so any amendment to add them would be futile. *See, e.g.*, *Brown*, 2020 WL 2330183, at *2-3 (denying leave because amendment would be futile). Thus, the Court should deny the FTC's Motion on futility grounds.[7]

Moreover, because Section 13(b) claims against Match Group, LLC would not be legally viable, the addition of Match Group, LLC as another defendant would result in additional motion practice, which would prejudice Match. *See RBH Energy, LLC v. Brown*, No. 3:16-CV-0830-G, 2016 WL 8465805, at *2-3 (N.D. Tex. Dec. 16, 2016) (finding that "granting leave to amend will not conserve judicial resources" because permitting the amendment "will likely result in additional filings and motions, only to result in the ultimate dismissal of the proposed claim against the new

---

[7] Match made a similar argument based on the Section 13(b) standard in its Motion to Dismiss, and the Court rejected it. *See* Dkt. 20 at 9-14; Dkt. 86 at 11-12. However, the Court's decision on the Motion to Dismiss does not control the argument here. First, the legal argument is different, because Match argues in this brief that the FTC's pleading is deficient even under the Fifth Circuit's *Southwest Sunsites* standard. Second, the factual argument is different, because the alleged misconduct is much farther in the past. At the time the FTC filed the Original Complaint against Match Group, Inc., the conduct had ceased only months earlier. At the time the FTC filed its Proposed Amended Complaint against Match Group, LLC, the conduct had ceased over three years earlier, which is relevant to the *Southwest Sunsites* standard. *See, e.g.*, *Neora*, 552 F. Supp. 3d at 638 (noting the recency of some of the alleged misconduct). Third, the FTC's argument in response to the Motion to Dismiss as to how Match Group, Inc. "retain[ed] the ability to engage in future violations" would not apply to Match Group, LLC, because, although erroneous, the FTC pointed to "Match [Group Inc.]'s continued operation of not only the Match.com platform but also the other 45+ similar platforms that it owns and operates." Dkt. 27 at 8.

defendant"). This prejudice is amplified by the fact that the FTC's extreme delay could have been avoided if the FTC had acted with due diligence and sought leave to amend at an earlier date.

### C. The FTC's Years-Long Delay in Attempting to Name Match Group, LLC as a Defendant Evinces Its Dilatory Motive and Lack of Diligence

The FTC's failure to name Match Group, LLC until now—five years after unequivocally being on notice that Match Group, LLC owns and operates Match.com and three years after filing the Original Complaint—evinces lack of diligence and dilatory motive (as does reasserting Counts I and II, *see supra* Section III.A). Courts in this Circuit and District deny leave when plaintiffs fail to adequately explain their delay in investigating or pleading new claims against a new party, particularly when plaintiffs were aware of facts supporting their proposed claims before they initiated an action. *See, e.g.*, *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993) (affirming denial of leave to amend where plaintiffs "were aware of the facts supporting their [proposed claims] before they initiated this action, but [] did not present those claims until . . . nine months after the action was initiated") (collecting cases with similar holdings); *Mitsubishi Aircraft Intern., Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986) (failure to urge a claim available at the outset of a case "strongly suggests either a lack of diligence on [plaintiff's] part or a lack of sincerity"); *Hurdt v. Advanced Bionics, LLC*, No. 3:11-CV-2309-L, 2013 WL 12123893, at *2 (N.D. Tex. May 24, 2013) (denying leave to amend to add new party, relying in part on plaintiff's failure to "adequately explain[] the delay in discovering and pleading the new claims against" the new party); *Jones v. Wells Fargo Bank, N.A.*, No. 3:09-CV-1989-L, 2011 WL 710877, at *9 (N.D. Tex. Feb. 25, 2011), *aff'd*, 666 F.3d 955 (5th Cir. 2012) (denying leave to amend as untimely under the court's scheduling order, but noting that the amendment would also result in undue delay and that "the court [wa]s unconvinced that [p]laintiff was incapable of earlier discovering facts concerning the 'new' claims had diligence been exercised").

Here, not only does the FTC fail to adequately explain its years-long delay in investigating or pleading its proposed claims against a new defendant, Match Group, LLC, but the facts show that the FTC did know about Match Group, LLC. Indeed, the FTC's delay is unjustifiable in light of the *numerous* communications that Match sent to the FTC informing it that Match Group, LLC—not Match Group, Inc.—owns and operates Match.com. *See, e.g.*, Def. App. Ex. A-G, at App. 001-059.

Incredibly, the FTC claims in its Motion that only *after* filing its Original Complaint, the FTC "has since learned that it [sic] Match Group, LLC, . . . operates Match.com." Mot. ¶¶ 1-2. This is incorrect. The FTC has known since at least May 2017 that Match Group, LLC (formerly named Match.com, LLC) actually owns and operates Match.com. Match repeatedly reminded the FTC of that fact during the FTC's years-long investigation, including in a December 16, 2018 White Paper. Even when the FTC sent a proposed Consent Order, Match explained to the FTC that the subject of the Order would need to be Match Group, LLC, rather than Match Group, Inc. These reminders continued during the near three-year pendency of the Original Complaint, including shortly after the Original Complaint was filed. In that instance, after counsel for Match emailed the FTC that "Match.com is owned and operated by Match Group, LLC and not by Match Group," the FTC responded, "We appreciate your reaching out but decline to voluntarily dismiss the Complaint. Please let me know if you have any other requests or need anything else." *See* Dkt. 21 at 37. In the months since the Court entered the Dismissal Order, Match again repeatedly pointed the FTC to the numerous instances before the Original Complaint was filed when Match had told the FTC that Match Group, Inc. does not own or operate Match.com. *See, e.g.*, Dkt. 99 at 3.

Even assuming Match had not affirmatively informed the FTC that Match Group, LLC owns and operates Match.com, the FTC could have discovered that critical fact through basic due diligence. Notably, the Match.com TOU—which are available online through 2017 and which the FTC cannot credibly claim ignorance because the FTC quotes the TOU in the Original Complaint, ¶ 62, and Proposed Amended Complaint, ¶ 63—state that Match Group, LLC operates Match.com. *See* Def. App. Ex. C-G, at App. 004-059. Tellingly, the FTC does not address any of those instances or provide any explanation for its years-long delay.[8] *See, e.g.*, *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. 3:06-CV-0271-B, 2007 WL 9717289, at *1 (N.D. Tex. Jan. 16, 2007) (denying leave when plaintiff sought to "significantly expand the scope of th[e] litigation and exponentially increase the related costs—[only] *ten months* after filing its Original Complaint" by adding new parties, when plaintiff's proposed "amendments [were] generally based on the same facts in its prior pleadings" and plaintiff "identifie[d] no reason why it declined to add those amendments" to its prior pleadings") (emphasis added).

For these reasons, the Court should deny the Motion due to the FTC's dilatory motive and lack of diligence because the FTC was "aware of the facts supporting its [proposed claims] before [it] initiated this action, but [] did not present those claims until . . . [nearly three years] after the action was initiated," *see Wimm*, 3 F.3d at 141, and it is "unconvinc[ing] that [the FTC] was incapable of earlier discovering facts concerning the 'new' claims had diligence been exercised," *see Jones*, 2011 WL 710877, at *9.

---

[8] The FTC also seems to mischaracterize the relevant inquiry by asserting that, because it brought the Motion for Leave "early" in the litigation (although it did not), granting the Motion is "unlikely to *cause* any delay." Mot. at 2 (emphasis added). The relevant—and unaddressed—inquiry is the FTC's failure to adequately explain its delay in investigating or pleading new claims against a new party. *See, e.g.*, *Hurdt v. Advanced Bionics, LLC,* No. 3:11-CV-2309-L, 2013 WL 12123893, at *2 (N.D. Tex. May 24, 2013) (denying leave to amend and finding failure to adequately explain such delay).

## IV. CONCLUSION

Accordingly, Match respectfully requests that the Court deny the Motion.

Dated: May 20, 2022                                    Respectfully submitted,

/s/  Angela C. Zambrano
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
David Sillers
State Bar No. 24072341
dsillers@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone: 214.981.3300
Fax: 214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc.*

## CERTIFICATE OF SERVICE

On May 20, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/  Angela C. Zambrano
Angela C. Zambrano