IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2281-K |
| | § | |
| MATCH GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court is Plaintiff Federal Trade Commission's Motion to Amend its Complaint and Add Defendant (Doc. No. 107). Defendant Match Group, Inc. filed its Response in Opposition (Doc. No. 109) and Plaintiff filed its Reply (Doc. No. 110). For the following reasons, the Court **GRANTS** the Motion to permit Plaintiff Federal Trade Commission ("Plaintiff") to add Match Group, LLC ("Match LLC") as a defendant. The Court, however, **DENIES** Plaintiff leave to amend its complaint to reallege Count I and Count II against Defendant Match Group, Inc. because those claims have been dismissed with prejudice. In accordance with this Order, Plaintiff may file its amended complaint that omits allegations against Defendant Match Group, Inc. under Count I and Count II **by July 20, 2022**.

The Court does not find it necessary to recite the factual background of this case, having done so in detail in the Memorandum Opinion and Order determining Defendant Match Group, Inc.'s ("Match Inc.") motion to dismiss. *See* Ct. Mem. Op.

(Doc. No. 86). The following procedural background is relevant to the Motion at hand. The Court granted Match Inc.'s motion to dismiss in part, dismissing with prejudice Plaintiff's claim for equitable monetary relief in Counts I-IV and also Counts I and II as being barred because Match Inc. is entitled to immunity under the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"). The Court denied the motion to dismiss in all other respects, finding Plaintiff's Complaint satisfied the facial plausibility threshold and stated a claim on which relief can be granted, thereby surviving the challenge under Federal Rule of Civil Procedure 12(b)(6). *See generally id.* Match Inc. subsequently filed an unopposed Motion to Strike (Doc. No. 97) asking the Court to strike the allegations specific to Counts I and II from the Complaint under Rule 12(f). Match Inc. reasoned that because those claims had been dismissed with prejudice, it need not answer or otherwise respond to those claims. Agreeing that no answer or other response was required, the Court nevertheless found that striking those allegations and, therefore the claims which had already been dismissed with prejudice was unnecessary and not justified under Rule 12(f). Ct. Or. (Doc. No. 101).

In that time, the Court entered its Scheduling Order setting the trial date and deadlines in this case. *See* Doc. No. 100. The deadline for filing a motion to join parties or amend pleadings was May 13, 2022. Plaintiff filed the instant Motion to Amend its Complaint and Add Defendant on May 13, 2022. This Motion is ripe and ready to be determined.

## II. Applicable Law

When a party cannot amend a pleading as a matter of course, the "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) specifically provides that leave of the court should be freely granted "when justice so requires." *Id.* The district court has discretion in determining whether to grant or deny a motion for leave to amend. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *see also Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (internal quotations omitted) ("In the context of motions to amend pleadings, 'discretion' may be misleading, because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend."). "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci*, 751 F.3d at 378; *see Stripling*, 234 F.3d at 872 (internal quotation and citation omitted) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."). The court does not abuse its discretion in denying a motion to amend if an amendment would be futile. *Marucci*, 751 F.3d at 378 (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.* (citing *Briggs*, 331 F. 3d at 508).

## III. Analysis

### A. Leave to Add New Defendant

The Court turns first to Plaintiff's request for leave to add Match LLC as a defendant. Plaintiff argues that Match LLC is a "wholly owned subsidiary" of Match Inc. and "operates Match.com in conjunction with Defendant [Match Inc.]." Pl.'s Mot. at 1. Match Inc. argues in response that the "years-long delay" in seeking to name Match LLC is evidence of Plaintiff's lack of diligence and dilatory motive and, therefore, leave should be denied. District courts accord a "presumption of timeliness" to a motion for leave to amend that is filed by the court-ordered deadline. *Smallwood v. Bank of Am.*, Civ. Action No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011) (Fitzwater, CJ); *accord Harrison Co., LLC v. A-Z Wholesalers, Inc.*, Civ. Action No. , 2020 WL 918749, at *4 (N.D. Tex. Feb. 26, 2020) (Boyle, J.). Plaintiff's Motion was filed by the deadline set forth in the Court's Scheduling Order. The Court acknowledges there was disagreement between the parties regarding a deadline to amend pleadings or join new parties when they submitted their joint scheduling report. *See* (Doc. No. 99) at 6-8. But, despite the age of the case, the Court had not yet entered a Scheduling Order and could find no basis to justify excluding this standard deadline. The Court did, however, severely accelerate these deadlines in line with Match Inc.'s proposed deadline, giving the parties two weeks to file a motion to amend or join parties. In this very tight timeframe, Plaintiff filed its Motion by the deadline and,

therefore, there is a presumption of timeliness. *See Smallwood*, 2011 WL 4941044, at *1.

Even assuming there is some evidence of delay in Plaintiff naming Match LLC, "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Match Inc. focuses its argument on the delay itself and that it is "unjustifiable". But Match Inc. wholly fails to establish it would be prejudiced by the amendment adding Match LLC as a defendant. Again, the presumption of timeliness of this Motion is given great weight in determining whether any delay is undue. *Harrison*, 2020 WL 918749, at *4. Further, "[i]n analyzing whether granting leave to amend would be unduly prejudicial, courts also consider existing discovery deadlines and the extent to which extension of the discovery period may cure any prejudice." *Id.* With the Scheduling Order having been entered less than three months ago, discovery is certainly at its inception and the deadline does not run until January 6, 2023. An extension of the discovery deadline is not yet justified, but the Court remains open to this possibility should any prejudice arise. In considering Match Inc.'s response and supporting appendix, the Court cannot find that Match Inc. established there was undue delay or prejudice in Plaintiff naming Match LLC. Having no "substantial reason" to deny the Motion for leave to add a new party, the Court **grants** the Motion as to naming Match Group, LLC as a defendant.

### B.     Amending Complaint as to Count I and Count II

In its amended complaint, Plaintiff asserts Count I and Count II alleging violations of Section 5(a) of the FTC Act for "Misrepresentation Regarding Users of Defendants' Service" (Count I) and "Exposing Consumers to Risk of Fraud" (Count II).  The Court denies Plaintiff leave to amend its complaint to reassert Count I and Count II against Match Inc. because it is improper.  The Court grants Plaintiff leave to allege these claims against Match LLC in the first instance.

As for Match Inc., the Court previously dismissed both Count I and Count II with prejudice because Match Inc. is immune under § 230 of the CDA and the claims are thus barred.  Plaintiff argues it is proper to re-allege these claims against Match Inc. because it is consistent with the Court's prior order denying the motion to strike these allegations from the original complaint, and it will preserve its right to appeal.  The Court disagrees with both arguments. The Court's reasoning in denying the motion to strike under Rule 12(f) has no bearing on this analysis of whether leave to amend the complaint under Rule 15 should be granted.  Further, under clear Fifth Circuit case law, Plaintiff's right to appeal the dismissal of Count I and Count II will not be waived. The Fifth Circuit clarified that "[w]hether a plaintiff forfeits the right to appeal dismissal of a claim omitted from a later amended complaint depends on the reason for dismissal." *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc.*, 787 F.3d 716, 724 (5th Cir. 2015).  As in the case before this Court, "[i]f the district court dismissed the claim on the merits or with prejudice, the plaintiff may appeal that ruling without needing

to include the claim in a later amended complaint." *Id.* The purpose of this rationale lies in judicial efficiency as it "prevents a plaintiff from having to reassert rejected claims in an amended complaint, which would require the court to take the perfunctory step of issuing another dismissal order and potentially lead to sanctions being imposed on counsel for ignoring the court's earlier ruling." *Id.* Therefore, the Court does not find it necessary or appropriate to permit Plaintiff to reassert Counts I and II against Match Inc.

The issue of preserving Plaintiff's right to appeal is less clear with respect to newly added defendant Match LLC, which is alleged to be a wholly owned subsidiary of Match Inc. The allegations related to Count I and Count II in the original complaint are the same as those contained in the proposed amended complaint. In its prior Memorandum Opinion and Order, the Court analyzed in great detail Match Inc.'s entitlement to § 230 immunity on both Count I and Count II based on the allegations in the original complaint. *See* Mem. Op. at 13-35. From the face of the proposed amended complaint, it appears Match LLC cannot be liable under Count I and Count II because Plaintiff's allegations fail to defeat Match LLC's entitlement to immunity under § 230 of the CDA. *Cf. id.* at 15 (finding "Match is entitled to § 230 immunity for both Count I and Count II as that affirmative defense appears clearly on the fact of the FTC's Complaint."); *id.* at 34 ("No matter how artfully pleaded, the FTC is attempting to impose liability on Match for content created and developed by third-party users of Match.com in both Counts I and II."). Plaintiff essentially concedes as

much in its Reply, stating that it will not oppose a motion to dismiss Count I and Count II filed by Match LLC asserting the claims are barred on the same immunity grounds. Pl.'s Reply (Doc. No. 110) at 7; *see also id.* at n.8 (noting it would reserve the right to appeal dismissal of Count I and Count II). Allowing Plaintiff to assert Count I and Count II against newly added defendant Match LLC is almost certainly futile. The Court will nevertheless grant Plaintiff leave to assert these claims against Match LLC, which is a newly added party, solely for the purpose of preserving any issue on appeal. However, the Court will hold Plaintiff to its representation on the record that it will not oppose a motion to dismiss Count I and Count II filed by Match LLC as being barred under the CDA for the same reasons the Court previously found as to Match Inc. *See* Pl.'s Reply (Doc. No. 110) at 7.

For these reasons, the Court **grants** Plaintiff's Motion for Leave to Amend its Complaint and Add Defendant as it pertains to adding Match Group, LLC and to assert the proposed claims against this newly added defendant. The Court **denies** Plaintiff leave, however, to amend its complaint to reassert Count I and Count II against Match Group, Inc. For this reason, Plaintiff's proposed amended complaint (Doc. No. 107-1) will not be filed. Instead, Plaintiff may file its amended complaint with the Court that omits all allegations against Defendant Match Group, Inc. under Count I and Count II **by July 20, 2022**. No additional changes to the proposed amended complaint may be made unless Plaintiff chooses to omit Count I and Count II altogether. **If Plaintiff fails to file its amended complaint in compliance with this**

**Order, the Court will strike it without further notice and the original complaint will remain the operative pleading.**

    **SO ORDERED.**

Signed July 13th, 2022.

                                    */s/ Ed Kinkeade*
                                ED KINKEADE
                                UNITED STATES DISTRICT JUDGE