**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                         Plaintiff,<br><br>     vs.<br><br>MATCH GROUP, INC., a corporation, and<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br>                         Defendants. | Case No. 3:19-cv-02281-K |

**DEFENDANT MATCH GROUP, INC.'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO THE FEDERAL TRADE COMMISSION'S FIRST AMENDED
COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF, CIVIL
PENALTIES, AND OTHER INJUNCTIVE RELIEF**

Defendant Match Group, Inc. respectfully submits this Amended Answer and Affirmative

Defenses (the "Answer") in response to the Federal Trade Commission's ("FTC") First Amended

Complaint for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief (the

"Complaint").

## AMENDED ANSWER

1.      Paragraph 1 contains legal conclusions to which no response is required.  To the

extent any statements in this Paragraph are considered factual allegations, Match Group, Inc.

denies any such allegations.  More specifically, Match Group, Inc. denies that it has engaged in

any conduct that violates the FTC Act or the Restore Online Shoppers' Confidence Act

("ROSCA").  Match Group, Inc. further denies that the FTC is entitled to any relief, and

specifically notes that it submits this Answer subject to the Court's Order on Match Group, Inc.'s

Motion to Dismiss, which dismissed the FTC's claims for equitable monetary relief for Counts I

through IV, Dkt. 86.  Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 1 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the remaining allegations contained in Paragraph 1 as they relate to Match Group, Inc.

## SUMMARY OF THE CASE

2.      Match Group, Inc. denies that it operates Match.com.  Match Group, Inc. admits that Match.com is an online dating service.  Match Group, Inc. further admits that consumers using Match.com may create profiles and may pay for a subscription to use a broader range of services, including the ability to communicate with other users.  Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 2 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the remaining allegations contained in Paragraph 2 as they relate to Match Group, Inc.

3.      Match Group, Inc. denies that it maintained any deceptive or unfair practices both because they were not deceptive or unfair practices and because Match Group, Inc. does not operate Match.com or any other dating service brand.  Match Group, Inc. admits that Match.com voluntarily changed many of its business practices well before the FTC filed the Complaint.  Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 3 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the remaining allegations in Paragraph 3 as they relate to Match Group, Inc.

## JURISDICTION AND VENUE

4.      Match Group, Inc. admits the allegations contained in Paragraph 4.

5.      Match Group, Inc. admits the allegations contained in Paragraph 5 that venue is proper in this judicial district.

**PLAINTIFF**

6.     Match Group, Inc. admits the allegations contained in Paragraph 6.

7.     Paragraph 7 contains legal conclusions to which no response is required.  To the extent any statements in this Paragraph are considered factual allegations, Match Group, Inc. denies any such allegations.  Moreover, the Court dismissed with prejudice the FTC's claim for equitable monetary relief under Section 13(b) for Counts I through IV, Dkt. 86 at 13, following the U.S. Supreme Court's decision in *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021); to the extent a response is still required, Match Group, Inc. denies that the FTC is entitled to obtain equitable monetary relief.

**DEFENDANTS**

8.     Match Group, Inc. admits that it is a Delaware corporation with its principal place of business at 8750 North Central Expressway, Suite 1400, Dallas, Texas 75231.  Match Group, Inc. further admits that it transacts or has transacted business in this District, where its principal place of business is located.  Match Group, Inc. admits that Match Group, LLC is an indirect wholly owned subsidiary of Match Group, Inc.  Match Group, Inc. denies that it is the sole member of Match Group, LLC.  Match Group, Inc. denies that it transacts or has transacted business throughout the United States, because it is solely a holding company.  Match Group, Inc. denies the remaining allegations contained in Paragraph 8.

9.     Match Group, Inc. admits that Match Group, LLC was previously known as Match.com, LLC.  Match Group, Inc. further admits that Match Group, LLC is a Delaware company with its principal place of business at 8750 North Central Expressway, Suite 1400, Dallas, Texas 75231.  Match Group, Inc. admits that Match Group, LLC is an indirect wholly owned subsidiary of Match Group, Inc.  Match Group, Inc. denies that it is the sole member of Match Group, LLC.  Match Group, Inc. does not have sufficient knowledge or information to

admit or deny the allegations of Paragraph 9 with respect to any entity other than Match Group, Inc. Match Group, Inc. denies the remaining allegations contained in Paragraph 9 as they relate to Match Group, Inc.

## COMMERCE

10.     Match Group, Inc. denies that it has maintained a substantial course of trade in or affecting commerce because it is solely a holding company and does not own or operate Match.com or any other dating website. Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 10 with respect to any entity other than Match Group, Inc. Match Group, Inc. denies the remaining allegations contained in Paragraph 10 as they relate to Match Group, Inc.

## DEFENDANTS' BUSINESS PRACTICES

11.     Match Group, Inc. denies the allegations contained in Paragraph 11.

12.     Match Group, Inc. denies the allegations contained in Paragraph 12.

13.     Match Group, Inc. admits that Match.com is an online dating service website that provides consumers a forum where they can contact and communicate with other like-minded people over the internet, typically for the express or implied purpose of developing romantic relationships. Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 13 with respect to any entity other than Match Group, Inc. Match Group, Inc. denies the remaining allegations contained in Paragraph 13 as they relate to Match Group, Inc.

14.     Match Group, Inc. denies that it engages in the conduct alleged in Paragraph 14. Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 14 with respect to any entity other than Match Group, Inc.

4

15.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 15 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies that it engages in the conduct alleged in Paragraph 15.

16.     The Court dismissed with prejudice Counts I and II, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Counts I and II against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 16 with respect to any entity other than Match Group, Inc.  Match Group, Inc. admits that online dating services can be misused by third parties to facilitate fraud or to promote dubious or unlawful products or services to consumers, which is why Match Group, LLC is an industry leader in combatting online dating fraud.  Match Group, Inc. denies the remaining allegations contained in Paragraph 16 as they relate to Match Group, Inc.

17.     The Court dismissed with prejudice Counts I and II, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Counts I and II against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 17 with respect to any entity other than Match Group, Inc.  Match Group, Inc. admits that consumers can incur injury from certain romance scams, which is why Match Group, LLC is an industry leader in combatting online dating fraud.  Match Group, Inc. lacks knowledge or information sufficient to form a belief about the remaining allegations contained in Paragraph 17 and therefore denies them.

18.     Match Group, Inc. admits that consumers can purchase Match.com subscriptions of varying lengths and that may automatically renew for a term or terms equivalent to the original

subscription length.  The Court dismissed with prejudice Counts I and II, Dkt. 86 at 35, so no answer to this Paragraph is required for the allegations related to Counts I and II.  Furthermore, the FTC does not allege Counts I and II against Match Group, Inc, so no answer is required by Match Group, Inc.  To the extent any allegations related to Counts I and II in Paragraph 18 are considered factual allegations to which a response is required, Match Group, Inc. admits that consumers may establish free user profiles that allow them to use limited services at no cost and that Match Group, LLC has made certain "free trial" offers in the past.  Match Group, Inc. denies the remaining allegations contained in Paragraph 18 as they relate to Match Group, Inc.

19.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19.

20.     The Court dismissed with prejudice Counts I and II, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Counts I and II against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. admits that, although some users of Match.com attempted to use it for illegitimate reasons, Match Group, LLC went to extraordinary lengths, at great expense to it, to block such users and protect legitimate subscribers and non-subscribers.  Match Group, Inc. denies the remaining allegations contained in Paragraph 20.

21.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. admits the allegations contained in Paragraph 21.

22.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc.,

so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. denies that it sends Match.com users anything, given that it does not operate Match.com.  Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 22 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the remaining allegations contained in Paragraph 22 as they relate to Match Group, Inc.

23.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 23 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 23 as they relate to Match Group, Inc.

24.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 24 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 24 as they relate to Match Group, Inc.

25.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of

Paragraph 25 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 25 as they relate to Match Group, Inc.

26.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. denies that it ever sent discount offers for subscription packages at reduced prices to consumers.  Match Group, Inc. denies the remaining allegations contained in Paragraph 26.

27.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, as drafted, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 27.

28.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 28 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 28 as they relate to Match Group, Inc.

29.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of

Paragraph 29 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the remaining allegations contained in Paragraph 29 as they relate to Match Group, Inc.

30.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. denies that it has any contact with Match.com users because it does not own or operate Match.com.  Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 30 with respect to any entity other than Match Group, Inc.  Match Group, Inc. further denies the remaining allegations contained in Paragraph 30 as they relate to Match Group, Inc.

31.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. denies that consumers contact it to complain about subscribing to Match.com or that Match Group, Inc. has replied to any such communications because Match Group, Inc. does not own or operate Match.com.  Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 31 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the remaining allegations contained in Paragraph 32 as they relate to Match Group, Inc.

32.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of

Paragraph 32 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 32 as they relate to Match Group, Inc.

33.     The Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count I against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 33 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 33 as they relate to Match Group, Inc.

34.     The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count II against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. denies that it could be aware of any communications, screen users, or withhold communications because it does not own or operate Match.com.  Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 34 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the remaining allegations contained in Paragraph 34 as they relate to Match Group, Inc.

35.     The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count II against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 35 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 35 as they relate to Match Group, Inc.

36.     The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count II against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 36 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 36 as they relate to Match Group, Inc.

37.     The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count II against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 37 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 37 as they relate to Match Group, Inc.

38.     The Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required.  Furthermore, the FTC does not allege Count II against Match Group, Inc., so no answer is required by Match Group, Inc.  To the extent that a response is required, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 38 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 38 as they relate to Match Group, Inc.

39.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 39 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 39 as they relate to Match Group, Inc.

40.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 40 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 40 as they relate to Match Group, Inc.

41.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 41 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 41 as they relate to Match Group, Inc.

42.     Match Group, Inc. admits that the "learn more" page clearly and conspicuously disclosed requirements for the guarantee, including a requirement to (1) create a truthful Match.com profile with a primary photo and keep it visible to the public; (2) respond to, or initiate email communication with at least five unique Match.com members each month through the Match.com service; and (3) comply with all of the Match.com Guarantee Program Rules listed on the same page.  Match Group, Inc. denies the remaining allegations contained in Paragraph 42.

43.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 43 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 43 as they relate to Match Group, Inc.

44.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 44 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 44 as they relate to Match Group, Inc.

45.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 45 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 45 as they relate to Match Group, Inc.

46.     Match Group, Inc. admits that the progress page contained certain information about a user's progress toward eligibility for the guarantee.   Match Group, Inc. denies the remaining allegations contained in Paragraph 46.

47.     Match Group, Inc. denies the allegations contained in Paragraph 47.

48.     Match Group, Inc. admits that all guarantee requirements were clearly and conspicuously disclosed, as all requirements were listed in 13 clearly bulleted points with space between each bullet on the "learn more" page.   Match Group, Inc. denies that accepting the free six months on the progress page was a prerequisite to receiving the guarantee.   Match Group, Inc. denies the remaining allegations contained in Paragraph 48.

49.     Match Group, Inc. denies the allegations contained in Paragraph 49.

50.     Match Group, Inc. admits that users were asked if they had met someone to determine whether they were eligible for the guarantee extension.   Match Group, Inc. denies the remaining allegations contained in Paragraph 50.

51.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 51 with respect to any entity other than Match Group, Inc.   Match Group, Inc. denies the allegations contained in Paragraph 51 as they relate to Match Group, Inc.

52.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 52 with respect to any entity other than Match Group, Inc.   Match Group, Inc. denies the allegations contained in Paragraph 52 as they relate to Match Group, Inc.

53.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 53 with respect to any entity other than Match Group, Inc.   Match Group, Inc. denies the allegations contained in Paragraph 53 as they relate to Match Group, Inc.

54.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 54 with respect to any entity other than Match Group, Inc.  Match Group, Inc. admits that consumers who purchase a Match.com subscription must complete an online enrollment process and provide payment information for the initial subscription package. Match Group, Inc. further admits that the subscription may continue unless the consumer affirmatively cancels the subscription through any of the various means available to the consumer to cancel the subscription.  Match Group, Inc. denies the remaining allegations contained in Paragraph 54 as they relate to Match Group, Inc., including that it was Match Group, Inc.'s "subscription package" or that Match Group, Inc. "will automatically charge consumers" given that Match Group, Inc. does not own or operate Match.com.

55.     Match Group, Inc. admits that consumers who subscribe to Match.com may continue to have their subscriptions renewed until they affirmatively cancel their subscriptions through any of the various means available to the consumer to cancel the subscription.  Match Group, Inc. denies the remaining allegations contained in Paragraph 55.

56.     Match Group, Inc. admits that consumers must complete some simple steps to cancel a Match.com subscription through Match.com's online flow and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail. Match Group, Inc. denies the remaining allegations contained in Paragraph 56.

57.     Match Group, Inc. admits that subscribers who decide to cancel their Match.com subscriptions through Match.com's online flow are asked a few simple questions and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail.  Match Group, Inc. denies the remaining allegations contained in Paragraph 57.

58.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 58 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 58 as they relate to Match Group, Inc.

59.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 59 with respect to any entity other than Match Group, Inc.  Match Group, Inc. admits that some consumers have occasionally complained about Match.com's online cancelation flow, but denies that those complaints were meritorious and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail. Match Group, Inc. denies the remaining allegations contained in Paragraph 59 as they relate to Match Group, Inc., including the suggestion that Match Group, Inc. "has billed" consumers, given that Match Group, Inc. does not own or operate Match.com.

60.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 60 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 60 as they relate to Match Group, Inc.

61.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 61 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 61 as they relate to Match Group, Inc.

62.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 62 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 62 as they relate to Match Group, Inc.

63.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 63 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 63 as they relate to Match Group, Inc.

64.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 64 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 64 as they relate to Match Group, Inc.

65.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 65 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 65 as they relate to Match Group, Inc.

## VIOLATIONS OF THE FTC ACT

66.     Paragraph 66 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 66 are considered factual allegations, Match Group, Inc. denies any such allegations.

67.     Paragraph 67 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 67 are considered factual allegations, Match Group, Inc. denies any such allegations.

68.     Paragraph 68 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 68 are considered factual allegations, Match Group, Inc. denies any such allegations.

## Count I
### Misrepresentation Regarding Users of Defendants' Service
#### (Alleged against Match Group, LLC, only)[1]

69.     The FTC does not allege Count I or Paragraph 69 against Match Group, Inc., so no answer is required by Match Group, Inc.  Additionally, the Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  For the avoidance of doubt, Match

---

[1] Match Group, Inc. denies the allegations contained in this heading from the FTC's Complaint.

Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 69 with respect to any entity other than Match Group, Inc.

70.    The FTC does not allege Count I or Paragraph 70 against Match Group, Inc., so no answer is required by Match Group, Inc.  Additionally, the Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  For the avoidance of doubt, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 70 with respect to any entity other than Match Group, Inc.

71.    The FTC does not allege Count I or Paragraph 71 against Match Group, Inc., so no answer is required by Match Group, Inc.  Additionally, the Court dismissed with prejudice Count I, Dkt. 86 at 35, so no answer to this Paragraph is required.  For the avoidance of doubt, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 71 with respect to any entity other than Match Group, Inc.

**Count II**
**Exposing Consumers to Risk of Fraud**
**(Alleged against Match Group, LLC, only)[2]**

72.    The FTC does not allege Count II or Paragraph 72 against Match Group, Inc., so no answer is required by Match Group, Inc.  Additionally, the Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required.  For the avoidance of doubt, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 72 with respect to any entity other than Match Group, Inc.

73.    The FTC does not allege Count II or Paragraph 73 against Match Group, Inc., so no answer is required by Match Group, Inc.  Additionally, the Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required.  For the avoidance of doubt,

---

[2]  Match Group, Inc. denies the allegations contained in this heading from the FTC's Complaint.

Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 73 with respect to any entity other than Match Group, Inc.

74.     The FTC does not allege Count II or Paragraph 74 against Match Group, Inc., so no answer is required by Match Group, Inc.  Additionally, the Court dismissed with prejudice Count II, Dkt. 86 at 35, so no answer to this Paragraph is required.  For the avoidance of doubt, Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 74 with respect to any entity other than Match Group, Inc.

**Count III**
**Deceptive "Guarantee" Program**[3]

75.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 75 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 75 as they relate to Match Group, Inc.

76.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 76 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 76 as they relate to Match Group, Inc.

77.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 77 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 77 as they relate to Match Group, Inc.

**Count IV**
**Unfair Denial of Access to Consumers' Accounts**[4]

78.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 78 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 78 as they relate to Match Group, Inc.

---

[3]  Match Group, Inc. denies the allegations contained in this heading from the FTC's Complaint.
[4]  Match Group, Inc. denies the allegations contained in this heading from the FTC's Complaint.

79.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 79 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 79 as they relate to Match Group, Inc.

80.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 80 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 80 as they relate to Match Group, Inc.

## VIOLATIONS OF THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT

81.     Match Group, Inc. admits that Congress passed ROSCA in 2010.  Match Group, Inc. further admits that Paragraph 81 accurately quotes 15 U.S.C. § 8401.  Match Group, Inc. denies the remaining allegations contained in Paragraph 81 as they are legal conclusions.

82.     Paragraph 82 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 82 are considered factual allegations, Match Group, Inc. denies any such allegations.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 83 are considered factual allegations, Match Group, Inc. denies any such allegations.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 84 are considered factual allegations, Match Group, Inc. denies any such allegations.

85.     Paragraph 85 contains legal conclusions to which no response is required.  Match Group, Inc. denies any violation of ROSCA and further denies that any alleged violations were committed with knowledge.  To the extent any remaining statements in this Paragraph are considered factual allegations, Match Group, Inc. denies any such allegations.  Match Group, Inc.

does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 85 with respect to any entity other than Match Group, Inc.

**Count V**
**Failure to Provide a Simple Mechanism for Consumers to Stop Recurring Charges**[5]

86.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 86 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 86 as they relate to Match Group, Inc.

87.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 87 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 87 as they relate to Match Group, Inc.

**CONSUMER INJURY**

88.     Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 88 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the allegations contained in Paragraph 88 as they relate to Match Group, Inc.

**PRAYER FOR RELIEF**

89.     Match Group, Inc. denies that the FTC would be entitled to any relief as a result of any alleged act or omission by Match Group, Inc.  Match Group, Inc. does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 89 with respect to any entity other than Match Group, Inc.  Match Group, Inc. denies the remaining allegations contained in Paragraph 89 as they relate to Match Group, Inc.

**ANY ALLEGATION IN THE COMPLAINT NOT SPECIFICALLY ADMITTED IS EXPRESSLY DENIED.**

* * *

---

[5] Match Group, Inc. denies the allegations contained in this heading from the FTC's Complaint.

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, Match Group, Inc. does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to the FTC.  Moreover, nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to the FTC's allegations. Nor shall anything stated or unstated constitute an admission of any kind.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

90.     The Complaint fails to state sufficient facts to constitute a cause of action against Match Group, Inc., including because Match Group, Inc. does not own or operate Match.com.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance with Applicable Law)

91.     The FTC's claims are barred because Match Group, Inc.'s conduct is not unlawful in that Match Group, Inc. complied with applicable statutes and regulations.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith Belief and Conduct)

92.     The FTC's claims are barred because the acts and statements of Match Group, Inc. were fair and reasonable and were performed in good faith based on all of the relevant facts known to Match Group, Inc.  Match Group, Inc. acted with a good faith belief that it had good cause or legitimate business reasons to act as it did and did not directly or indirectly perform any acts that would constitute a violation of consumers' rights.  As a consequence, the FTC is not entitled to any relief whatsoever.

## FOURTH AFFIRMATIVE DEFENSE
### (Requested Relief Contrary to Public Interest)

93.     The FTC's claims are barred because the FTC's requested relief is contrary to the public interest.  The practices constituting the alleged FTC Act violations have ceased.  However, even when the practices did exist, the guarantee at issue in Count III benefited many consumers. Additionally, the chargeback policy in Count IV was a reasonable policy designed to benefit consumers; was easily avoidable by consumers in that they could choose not to initiate a wrongful chargeback request; and, as a matter of public policy, the FTC should not seek to protect consumers who have submitted baseless chargeback requests.  Moreover, the FTC's requested relief is contrary to the public interest because the Match.com online cancelation method at issue in Count V is intended to benefit consumers.

## FIFTH AFFIRMATIVE DEFENSE
### (Alleged Failure to Clearly and Conspicuously Disclose Not Material)

94.     The FTC's claims are barred because any alleged failure to clearly and conspicuously disclose was not material, as most consumers who did not qualify for the guarantee failed to satisfy the requirements that were clearly and conspicuously disclosed.

## SIXTH AFFIRMATIVE DEFENSE
### (Mootness)

95.     The FTC's claims are barred because they are moot.  There is no reasonable basis for the FTC's requested relief because any alleged violations under the FTC Act have long ceased.

## SEVENTH AFFIRMATIVE DEFENSE
### (Overbroad Injunction)

96.     The FTC's claims are barred because the FTC's requested injunction is overbroad and not specifically tailored to the alleged violations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Mitigation)

97.     The FTC's claims are barred because any monetary relief is subject to mitigation to the extent that consumers received refunds.

## NINTH AFFIRMATIVE DEFENSE
### (Reservation of Other Affirmative Defenses)

98.     Match Group, Inc. lacks sufficient information regarding the facts and evidence alleged and is therefore unable to ascertain at this time any additional affirmative defenses which Match Group, Inc. may have.  Therefore, Match Group, Inc. expressly reserves the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.


Dated:  August 2, 2022                                  Respectfully submitted,

                                                        */s/  Angela C. Zambrano*
                                                        Angela C. Zambrano
                                                        State Bar No. 24003157
                                                        angela.zambrano@sidley.com
                                                        Chelsea A. Priest
                                                        State Bar No. 24102375
                                                        cpriest@sidley.com
                                                        Tayler G. Bragg
                                                        State Bar No. 24109943
                                                        tbragg@sidley.com
                                                        SIDLEY AUSTIN LLP
                                                        2021 McKinney Ave, Suite 2000
                                                        Dallas, TX  75201
                                                        Telephone:  214.981.3300
                                                        Fax:  214.981.3400

                                                        Chad S. Hummel (admitted *pro hac vice*)
                                                        chummel@sidley.com
                                                        SIDLEY AUSTIN LLP
                                                        1999 Avenue of the Stars, 17th Floor
                                                        Los Angeles, CA  90067

Telephone:  310.595.9500
Fax:  310.595.9501

*Attorneys for Match Group, Inc. and Match
Group, LLC*


## CERTIFICATE OF SERVICE

On August 2, 2022, I filed the foregoing document with the clerk of court for the U.S.

District Court, Northern District of Texas.  I hereby certify that I have served the document on

counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/  Angela C. Zambrano*
Angela C. Zambrano