IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br>      Defendants. | Case No. 3:19-cv-02281-K |

**DEFENDANT MATCH GROUP, LLC'S**
**PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules") and the Court's July 13, 2022 Order, Dkt. 115, Defendant Match Group, LLC ("MGL") respectfully submits this Partial Motion to Dismiss and Brief in Support (the "Motion").

**I. PRELIMINARY STATEMENT**

The Court already dismissed with prejudice the FTC's Counts I and II against Match Group, Inc. ("MGI") because MGI is immune from liability under § 230 of the Communications Decency Act (the "CDA"). *See* Mem. Op., Dkt. 86 (the "Dismissal Order"). The CDA confers broad immunity to web-based service providers (such as MGL) against attempts to hold them liable for publishing information created by third parties.

The FTC now alleges the same Counts I and II against MGL, based on the same conduct. Count I alleges that MGL deceived users by sending them automatic notifications without adequate disclaimers about third-party communications, but the CDA forecloses liability based upon such a theory. Similarly, Count II alleges that MGL engaged in unfair practices by allowing the delivery

of potentially fraudulent communications from third parties to some users while withholding them from others, but the CDA also immunizes such conduct.

For the same reasons that the Court already analyzed in great detail as to MGI, *see* Dkt. 86 at 13–35, MGL likewise is entitled to CDA immunity for Counts I and II.  The FTC represented in its Reply to Match Group, Inc.'s Opposition to the FTC's Motion to Amend its Complaint and Add Defendant that it would not oppose a motion to dismiss Counts I and II by MGL, as they relate to the Court's dismissal of Counts I and II against MGI.  Dkt. 110 at 7.  And the Court made clear that it will hold the FTC to that representation.  Order, Dkt. 115 at 8.  Accordingly, the Court should dismiss Counts I and II with prejudice as to MGL, as it did with respect to MGI.

## II.     BACKGROUND

### A.     Relevant Procedural Background

The FTC filed a Complaint for Permanent Injunction, Civil Penalties, and Other Relief against Match Group, Inc. (the "Original Complaint").  Dkt. 1.  MGI responded with a Motion to Dismiss, Dkt. 20, which the Court granted in large part.  Dkt. 86.  As relevant here, the Court dismissed with prejudice Counts I and II against MGI because MGI is immune from liability under § 230 of the CDA.  *Id.* at 15, 34-35.

The FTC then filed a Motion to Amend Its Complaint and Add Defendant, in which the FTC attempted to reallege Counts I and II against MGI and also allege Counts I and II against MGL.  Dkt. 107. MGI opposed that Motion.  Dkt. 109.  In response to MGI's arguments that the FTC had no legally cognizable basis to allege Counts I and II against MGL, the FTC represented that it "would not oppose an MGL motion to hold that the Court's dismiss [sic] of those counts [I and II] is effective as to MGL."  Dkt. 110 at 7.

The Court agreed that the FTC could not reallege Counts I and II against MGI, given the Court's previous dismissal of those claims, and noted that permitting the FTC to assert Counts I

and II against MGL "is almost certainly futile." Dkt. 115 at 8. However, the Court permitted the FTC leave to assert Counts I and II against MGL "solely for the purpose of preserving any issue on appeal," but made clear that it would "hold Plaintiff to its representation on the record that it will not oppose a motion to dismiss Count I and Count II filed by Match LLC as being barred under the CDA for the same reasons the Court previously found as to Match Inc." *Id.* The FTC then filed the First Amended Complaint in which it alleges the same Counts I and II against MGL.

### B.  Relevant Factual Background

The FTC's factual allegations as to MGL are identical to its factual allegations as to MGI, which the Court found did not state a claim for purposes of Count I and II because of CDA immunity. MGL owns and operates Match.com, an online dating platform. To enhance the experience of its legitimate users, MGL expends extraordinary time and resources to keep spammers, bots, scammers, and others who seek to use the service for improper purposes off its platform, and to remove questionable accounts from the platform promptly upon detection.

The FTC's First Amended Complaint contorts MGL's fraud-prevention efforts. Count I alleges that MGL engaged in a deceptive practice by sending non-paying registered users automated notifications (so-called "pay to read" or "PTR" communications) when paying subscribers had expressed interest in them without adequately notifying the registered users that some of those subscriber accounts were then under review by MGL for potential violations of MGL's terms of use. Count II alleges that MGL acted unfairly and caused consumer harm by exposing consumers to the risk of fraud in providing recent subscribers access to communications that had been flagged for review.[1]

---

[1] MGL has since permanently ceased the practices underlying the allegations that relate to the FTC's Counts I and II, as the FTC acknowledges. *See* First Am. Compl. ¶ 3.

## III.     ARGUMENT AND AUTHORITIES

### A.     MGL Is Entitled to Immunity from Counts I and II Under CDA § 230(c)(1)

As the Court explained in the Dismissal Order, a defendant is entitled to CDA § 230(c)(1) immunity when (1) "the defendant is 'a provider or user of an interactive computer service'";[2] (2) the allegedly damaging information was "provided by another information content provider"; and (3) "the plaintiff's claims treat the defendant as a 'publisher' of the allegedly damaging information." Dkt. 86 at 13 (quoting 47 U.S.C. § 230(c)(1)).  The Court ruled that these factors were satisfied and that MGI is entitled to § 230(c)(1) immunity for Counts I and II.  *See* Dkt. 86 at 28 (analyzing in detail MGI's § 230(c)(1) immunity for Count I), 34 (explaining same analysis applied equally to Count II).  Because the FTC alleges the same Counts I and II against MGL, and the FTC agrees that the same analysis applies, the Court should likewise find that Match Group, LLC satisfies each element for § 230(c)(1) immunity and dismiss Counts I and II.

### 1.     *The Allegedly Damaging Information Was Provided by Another Information Content Provider*

An "interactive computer service provider has immunity under the CDA as long as it is not also the provider for the content in question." Dkt. 86 at 17 (citing cases).  The "immunity analysis turns on who was responsible for the specific harmful material at issue," not "whether the service provider was responsible for the general features and mechanisms of the service or content (such as advertisements) that might also have appeared on the service." *Id.* (quoting *Doe v. Bates*, No. 05-CV-91, 2006 WL 8440858, at *10 (E.D. Tex. Jan. 18, 2006)).  As applied to Counts I and II of the Original Complaint, the Court reasoned that "the FTC must plausibly allege that Match [Group,

---

[2] The FTC did not dispute that MGI is an interactive service provider, and the Court found it "apparent from the [Original] Complaint that Match [Group, Inc.] is an 'interactive computer service' provider under the CDA." Dkt. 86 at 16.  Because the FTC's allegations against MGL are identical to its allegations against MGI, the Court should likewise find it "apparent from the [First Amended] Complaint that Match [Group, LLC] is an 'interactive computer service' provider under the CDA." *Id.* at 16.

Inc.] 'itself *authored or created* the content'" for "Match [Group, Inc.] to be the provider of the content at issue." *Id.* at 18–19 (emphasis in original) (quoting *La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 994 (S.D. Tex. 2017)).

In the Dismissal Order, the Court found it "clear from the [Original] Complaint that the underlying communication created by a third-party, a Match.com user, [was] truly 'the specific harmful material at issue,' not the automatically generated advertisement." *Id.* at 19. The Court emphasized that "the [Original] Complaint affirmatively (and repeatedly) assert[ed] that these advertisements were *automatically* generated when a communication was sent from one user (without reference to legitimacy of the account) to another user." *Id.* at 19 (emphasis in original) (citing Orig. Compl. ¶¶ 21, 24, 33). Moreover, the FTC itself alleged that "the advertisement could be deceptive only in the instance that a fraudulent or flagged account sent the communication." *Id.* And the FTC did not—and could not—allege that "Match [Group, Inc.] 'created or developed' the fraudulent or flagged communication that triggered the automatic advertisement," because the FTC also alleged "that these fake accounts [were] created by 'persons seeking to perpetrate scams.'" *Id.* at 20 (citing Orig. Compl. ¶ 22). Thus, the FTC could not "get around its own allegations" that placed third-party content at issue. *Id.* at 22 (applying as to Count I); 34 (explaining same analysis applied equally to Count II).

The FTC's allegations against MGL are identical to those against MGI. Thus, the same analysis that the Court applied to the Original Complaint with respect to MGI applies equally to MGL, and demonstrates the allegedly damaging information as provided by a third party.

>	2.	The FTC's Counts I and II Treat MGL as the "Publisher" of the Allegedly Harmful Information

An "interactive computer service provider is entitled to § 230 immunity if the plaintiff seeks to hold it liable as a publisher or speaker of information created by . . . a third-party." Dkt.

5

86 at 22.  Claims grounded in a "publisher's traditional editorial functions," such as "[s]creening, blocking, monitoring, or editing allegedly harmful third-party content," are subject to § 230 immunity.  *Id.* (citing *Bates*, 2006 WL 8440858, at *12).

The Court found that the Original Complaint sought to hold MGI "liable for its advertisements that allegedly misrepresent[ed] the communication sent from a user 'interested in establishing a dating relationship' with the consumer, but, 'in numerous instances,' it was sent from an account set up by someone with nefarious motives." *Id.* at 23 (citing Orig. Compl. ¶¶ 68–69).  Thus, the FTC's allegations "ultimately rest[ed] on Match [Group, Inc.]'s efforts, or conversely failures, to screen these fraudulent accounts and their communications, particularly with respect to automatically generated advertisements sent to nonsubscribers." *Id.* at 23.  The Court again found that "third-party content [was] most certainly at the heart of Count I" because, otherwise, "there could be no harm to any consumer." *Id.* at 26–27 (applying as to Count I); 34 (explaining same analysis applied equally to Count II).

So too in the Amended Complaint against MGL.  The FTC's allegations seek to hold MGL liable for information provided by third parties, and are grounded in MGL's "traditional editorial functions" because they "ultimately rest on [MGL's] efforts, or conversely failures, to screen [] fraudulent accounts and their communications." *See id.* at 22, 26, 33; *see also* First. Am. Compl. ¶¶ 69–70 (alleging liability for advertisements that allegedly misrepresented communications sent from users "interested in establishing a dating relationship" with those consumers when, "in numerous instances," communications at issue were sent from users with nefarious motives).  For these reasons, just as the Court dismissed Counts I and II as to MGI, it should dismiss those Counts as to MGL because MGL is entitled to § 230(c)(1) immunity.  *See* Dkt. 86 at 34.

### B. MGL Is Entitled to Immunity from Counts I and II Under CDA § 230(c)(2)

In the Dismissal Order, the Court found that § 230(c)(2) immunity also applied to Counts I and II because MGI cannot be held liable for actions taken in good faith to screen or block harmful content. Dkt. 86 at 28, 33. MGL is entitled to immunity under § 230(c)(2) for the same reason.

As the Court explained in the Dismissal Order, an "interactive service provider has immunity under the (c)(2) exemption for voluntary actions taken in good faith to block or screen offensive material." *Id.* at 86 at 30. The Court held that MGI was "clearly entitled to immunity . . . under § 230(c)(2)" because the FTC "challenge[d] the fraud review process Match [Group, Inc.] conducted for its subscribers as compared to nonsubscribers." *Id.* at 30 (holding as to Count II); *see id.* at 28 (holding as to Count I "to the extent the FTC [sought] to impose liability on [Match Group, Inc.] for actions related to its fraud review process"); *see also* Orig. Compl. ¶¶ 33–37 (alleging fraud review process resulted in Match Group, Inc. "deliver[ing] email communications from fraud-flagged users to nonsubscribers while withholding them from subscribers until it had completed its fraud review"). In other words, the FTC impermissibly sought to impose "liability based on [Match Group, Inc.'s] efforts to self-regulate material" that third-party users post on Match.com. *Id.* at 30 (quoting *Doe v. MySpace, Inc.*, 474 F. Supp. 2d 843, 850 (W.D. Tex. 2007), *aff'd*, 528 F.3d 413 (5th Cir. 2008)).

Here, MGL is similarly entitled to immunity from Counts I and II under § 230(c)(2) because the FTC in the First Amended Complaint seeks to hold MGL liable for the fraud review process that reflects MGL's good-faith effort to self-regulate material that users make available on Match.com. *See* First Am. Compl. ¶¶ 34–38 (alleging fraud review process resulted in MGL "deliver[ing] email communications from fraud-flagged users to nonsubscribers while withholding them from subscribers until it had completed its fraud review"). Thus, Counts I and II are barred as against MGL, just as they were against MGI. *See* Dkt. 86 at 34–35 ("Match [Group, Inc.] is

7

entitled to immunity under § 230(c)(2) on both Counts I and II for any actions related to its fraud review process of user accounts.").

## IV.     CONCLUSION AND REQUESTED RELIEF

For these reasons, the Court should grant the Motion and dismiss Counts I and II with prejudice because MGL is entitled to CDA immunity.  MGL respectfully requests any other relief to which it is justly entitled.

Dated:  August 12, 2022

Respectfully submitted,

*/s/  Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone:  214.981.3300
Fax:  214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc. and Match Group, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and forgoing document was served on all counsel of record via e-mail as outlined below on August 12, 2022.

Reid Abram Tepfer
rtepfer@ftc.gov
M Hasan Aijaz
maijaz@ftc.gov
Matthew James Wilshire
mwilshire@ftc.gov
Sarah Zuckerman
szuckerman@ftc.gov
John R. O'Gorman
jogorman@ftc.gov
Erica Rollins Hilliard
ehilliard@ftc.gov

            */s/ Angela C. Zambrano*
            Angela C. Zambrano