IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>                Defendants. | Case No. 3:19-cv-02281-K |

**[PROPOSED] STIPULATED ORDER REGARDING
DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

**1.      PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

**2.      COOPERATION**

The parties are aware of the importance the Court places on cooperation, and commit to cooperate in good faith throughout the matter.

**3.      SEARCH**

The parties agree that after responding in writing to requests to produce pursuant to Fed. R. Civ. P. 34, where appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**4.      PRODUCTION FORMATS**

The parties agree to provide load-ready electronic productions with:

      a.      A delimited data load file (.DAT) containing a line for every document, unique id

1

number for every document (DocID), metadata fields, and native file links where applicable; and

b. A document level text file, named for the DocID, containing the text of each produced document.

Except as noted below, the parties agree to produce documents in native format with all metadata and either document level extracted text or Optical Character Recognition (OCR) whenever possible, in near-native format when native is not possible, and, if neither format is technologically feasible, TIFF files with metadata and extracted text. For each document submitted electronically, the parties will produce the standard metadata fields shown in Exhibit A in a standard delimited data load file. The parties will use these standard Concordance delimiters in delimited data load files:

| Description | Symbol | ASCII Character |
| --- | --- | --- |
| Field Separator | ¶ | 20 |
| Quote Character | Þ | 254 |
| Multi Entry delimiter | ® | 174 |
| <Return> Value in data | ~ | 126 |

For email ESI, the parties agree to produce as native or as TIFF files with metadata and extracted text. Attachments will be produced as separate documents and the parent/child relationship between email and attachments will be preserved. For multimedia ESI, the parties agree to discuss the production format. For materials available only in "hard" format—e.g., on paper— the parties agree to produce in a PDF format, with searchable text embedded in the PDF, or if not technologically feasible, as singe-page TIFF files with metadata and extracted, searchable text. For ESI available only in a format accessible through proprietary software not available to the

general public, the parties agree to confer about production. For Microsoft Excel, Access, or PowerPoint files, the parties agree to produce in native format with extracted text and metadata. The parties agree that data compilations in Excel spreadsheets or delimited text formats must contain all underlying data, formulas, and algorithms without redaction (except for privilege). If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

The parties agree to global deduplication across custodians, by using hash value (MD5 or SHA-1). The names of all custodians that had a copy of deduplicated documents shall be preserved and included in a metadata field.

The parties agree to use email threading software as part of production.

The parties agree not to degrade the searchability of documents as part of the document production process.

The parties need not re-produce in discovery documents that were already produced to the FTC in response to the FTC's CID. Instead, the parties will refer to the bates number of the relevant documents.

**5.     PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree, if appropriate, to discuss phasing the production of ESI (e.g., phasing by ESI source or type).

**6.     DOCUMENTS PROTECTED FROM DISCOVERY**

    a.     Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case is not itself a waiver in this case or in any other

        federal or state proceeding. Nothing in this Order shall be interpreted to limit the applicability of Fed. R. Evid. 502(d).

b.     The parties shall take reasonable steps to prevent the disclosure of privileged or work product material (together, "protected" material). In the event of such disclosure, the parties shall follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) and herein for materials produced in discovery in this action by both parties and nonparties.

c.     If a receiving party discovers material produced to it by a party or nonparty in this action that the receiving party reasonably believes to be protected material, the receiving party shall promptly notify the producing party in writing and segregate that material (or the protected portion) until it receives a response from the producing party or the passage of seven days, whichever is earlier. If, after such notice, the party that produced the material fails within seven days to state its position about the privileged or protected status of the material, the receiving party may deem all claims of privilege of protection for that material waived.

d.     If a producing party discovers that it has disclosed protected material to another party, it shall (1) notify the receiving party in writing within seven days after such discovery, and (2) take prompt reasonable steps to identify any other protected material that it also may have disclosed. If the producing party fails to notify the receiving party within seven days of its disclosure of the protected material and state its position about the privileged or protected status of the material, the receiving party may deem all claims of privilege of protection for that material waived.

      e.      If the parties disagree about the applicability of any asserted privilege or other protection for material that the producing party contends is protected material and should not have been disclosed, the parties shall promptly meet and confer to resolve the issue. If the parties cannot resolve the issue, the party that produced the material shall have the obligation to raise that dispute to the Court and shall exercise reasonable diligence in doing so.

      f.      Any party's return, sequester, or destruction of any material pursuant to this Order or the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) does not waive any right to challenge the assertion of privilege or other protection for that material in any litigation.

**7.     MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

Dated:  August 15, 2022 	Respectfully submitted,

                                                        */s/ Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX  75201
Telephone:  214.981.3300
Fax:  214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc. and Match Group, LLC*


*/s/ Reid Tepfer*
REID TEPFER
M. HASAN AIJAZ
MATTHEW WILSHIRE
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Federal Trade Commission
1999 Bryan St. Ste. 2150

6

Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T: (214) 979-9379 (Hilliard)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
mwilshire@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov
ehilliard@ftc.gova
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and forgoing document was served on all counsel of record via e-mail as outlined below on August 15, 2022.

Reid Abram Tepfer
rtepfer@ftc.gov
M Hasan Aijaz
maijaz@ftc.gov
Sarah Zuckerman
szuckerman@ftc.gov
John R. O'Gorman
jogorman@ftc.gov
Erica Rollins Hilliard
ehilliard@ftc.gov

                                            */s/  Angela C. Zambrano*
                                            Angela C. Zambrano

# EXHIBIT A

**Standard Metadata Fields**

| DAT FILE FIELDS | DEFINITIONS | POPULATE FIELD FOR: |
|---|---|---|
| DocID | Unique ID number for each document | All Documents |
| FamilyID | Unique ID for all documents in a family including parent and all child documents | All Documents |
| ParentID | Document ID of the parent document. This field will only be populated on child items | All Documents |
| File Path | Path to produced native file | All Documents |
| TextPath | Path to document level text or OCR file | All Documents |
| Custodian | Name of the record owner/holder | All Documents |
| AllCustodians | Names of all custodians that had copy of this record (populate if data was deduplicated or email threading was used) | All Documents |
| Source | Source of documents: CID, Subpoena, Third Party Data, etc. | All Documents |
| Filename | Original file name | All Documents |
| File Size | Size of documents | All Documents |
| File Extensions | Extension of file type | All Documents |
| MD5 Hash | Unique identifier for electronic data used in de-duplication | All Documents |
| PRODUCTION_VOLUME | Production Volume | All Documents |
| HASREDACTIONS | Redacted document | All Documents |
| Exception Reason | Reason for exception encountered during processing (e.g., empty file, source file, password-protected file, virus) | All Documents |
| PRODBEG | Beginning production bates number | Documents with Produced Images |
| PRODEND | Ending production bates number | Documents with Produced Images |
| PRODBEG_ATTACH | Beginning production family bates number | Documents with Produced Images |
| PRODEND_ATTACH | Ending production family bates number | Documents with Produced Images |
| Page Count | The number of pages the document contains | Documents with Produced Images |
| From | Names retrieved from the FROM field in a message | Emails |
| To | Names retrieved from the TO field in a message; the recipient(s) | Emails |
| CC | Names retrieved from the CC field in a message; the copied recipient(s) | Emails |
| BCC | Names retrieved from the BCC field in a message; the blind copied recipient(s) | Emails |
| EmailSubject | Email subject line | Emails |
| Date Sent | The date an email message was sent | Emails |
| Time Sent | The time an email message was sent | Emails |
| Date Received | The date an email message was received | Emails |
| Time Received | The time an email message was received | Emails |
| Author | File Author | Loose Native Files and Email Attachments |
| Title | File Title | Loose Native Files and Email Attachments |
| Subject | File Subject | Loose Native Files and Email Attachments |
| Date Created | Date a document was created by the file system | Loose Native Files and Email Attachments |
| Time Created | Time a document was created by the file system | Loose Native Files and Email Attachments |
| Date Modified | Last date a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Time Modified | Last time a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Date Printed | Last date a document was printed and recorded by the file system | Loose Native Files and Email Attachments |
| Time Printed | Last time a document was printed and recorded by the file system | Loose Native Files and Email Attachments |