## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MATCH GROUP, INC., a corporation, and<br><br>MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>    Defendants. | Case No. 3:19-cv-02281-K<br><br>**FTC'S RESPONSE TO DEFENDANT MATCH GROUP LLC'S MOTION TO DISMISS** |

Plaintiff the Federal Trade Commission ("FTC") responds to Defendant Match Group, LLC's ("MGL") Partial Motion to Dismiss, and respectfully states the following:

Before this Court is the FTC's First Amended Complaint (Dkt. 116) and Defendant MGL's Partial Motion to Dismiss (Dkt. 123) ("the Motion"). MGL's Motion relies on this Court's dismissal with prejudice of Counts I and II of the FTC's Complaint (Dkt. 1) as alleged against MGL's parent company, Match Group, Inc. ("MGI").[1] In its ruling, the Court held that § 230 of the Communications Decency Act (the "CDA") affords immunity to MGI for its conduct as alleged in Counts I and II (Dkt. 86). MGL requests that the Court extend this ruling to cover these same claims alleged against MGL in Counts I and II of the FTC's First Amended Complaint. (Dkt. 123).

---

[1] In the interests of judicial efficiency, the FTC abbreviates the case history and refers the Court to the significant briefing record before the Court. *See, e.g.*, (Dkts. 1, 20, 27, 30, 35, 36, 37, 38, 82, 86, 107, 109, 110, 115, 116).

This Court "grant[ed] Plaintiff leave to assert [Counts I and II] against Match LLC, which is a newly added party, solely for the purpose of preserving any issue on appeal." (Dkt. 115 at 8). In accordance with this order, the FTC does not oppose MGL's Motion but merely intends to preserve its right to appeal[2] whether § 230 of the CDA immunizes MGI and MGL's conduct as alleged in Counts I and II of the FTC's First Amended Complaint.[3]

Respectfully submitted,

DATED: August 17, 2022

/s/ Reid Tepfer
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)

---

[2] For purposes of appeal, the FTC incorporates all of its previous arguments made with respect to MGI in support of its contention that MGL is also liable for MGL's conduct as alleged in Counts I and II of the First Amended Complaint. *See, e.g.*, (Dkts. 27, 36, 37, 38, and 82).

[3] The FTC further seeks to correct MGL's mischaracterization that the FTC "acknowledges" that MGL has "permanently ceased the practices underlying the allegations that relate to the FTC's Counts I and II." Dkt.123 at 3, n.1. The FTC has acknowledged no such thing. Indeed, the record is replete with the FTC's contentions challenging that the conduct has permanently ceased. *See* (Dkt. 27 at 10-18; Dkt. 32.1 at 4-6; Dtk. 82 at 2-3 ("the FTC anticipates moving for an order enjoining Defendant Match Group, Inc. from engaging in similar illegal conduct on Match.com or its other online-dating platforms."). To be clear, the FTC seeks a permanent injunction enjoining the defendants from engaging in the alleged illegal conduct on Match.com and Defendants' other online dating platforms because the evidence establishes that this conduct is likely to recur.

**PLAINTIFF'S RESPONSE TO DEFENDANT MATCH GROUP, LLC'S MOTION TO DISMISS**

T: (214) 979-9382 (O'Gorman)
T. (214) 979-9379 (Hilliard)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov
ehilliard@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION