IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                      Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability company,<br><br>                      Defendants. | Case No. 3:19-cv-02281-K |

**PROTECTIVE ORDER REGARDING
CONFIDENTIAL MATERIALS**

Having carefully considered the parties' Joint Motion for Entry of Stipulations Regarding Discovery of Electronically Stored Information and Confidential Materials (the "Motion") (Doc. No. 130), the Court finds there is good cause for entry of orders governing discovery of electronically stored information and confidential materials. Accordingly, the Court **GRANTS** the Motion and enters following Protective Order Regarding Confidential Materials. The Court will enter the Order Regarding Discovery of Electronically Stored Information in a separate document of this same date.

1. **PURPOSE AND LIMITATIONS**

Plaintiff Federal Trade Commission ("FTC") and Defendants Match Group, Inc. and Match Group, LLC ("Defendants") stipulate to and petition the Court to enter this

1

Protective Order Regarding "Confidential" Materials (the "Protective Order"), as defined herein. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79.3 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file under seal.

2. **DEFINITIONS**

As used in this Protective Order:

> a. "Materials" shall refer to any document, writing, recording, transcript of oral testimony, recorded or graphic matter, tangible object, and electronically stored information, or to any portion of the foregoing. Any Materials disclosed, provided, produced, or filed in this proceeding by any Person, whether a Party or Non-Party, that contain (1) Sensitive Personal Information as defined in paragraph 2(e), (2) trade secrets or other competitively sensitive information (such as confidential research, development, technical, commercial, or financial information) not otherwise publicly accessible or available, (3) any information received in confidence from a third party, or (4) any other information a Party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G), as well as any information that discloses the substance of the contents of such Materials, may be designated as Confidential by any Party or by the Non-Party that discloses, produces, provides, or files the Materials.

b. "Non-Party" shall refer to any Person who is not a Party.

c. "Party" shall refer to any party to this action, including all of its officers, directors, employees, and contractors.

d. "Person" shall refer to any natural person, partnership, corporation, association, or governmental or other legal entity, including, but not limited to, each Party and any Non-Party.

e. "Sensitive Personal Information" shall include any:

   (i) Social Security number;

   (ii) Sensitive health-related data including medical records;

   (iii) Biometric identifier;

   (iv) Any one or more of the following when combined with an individual's name, address, or phone number: (A) date of birth, (B) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, or (f) credit or debit card number;

   (v) An individual's name, if that individual is a minor;

   (vi) An individual's telephone number, email address, or home address; or

   (vii) Other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

3. **CONFIDENTIAL MATERIALS**

Consistent with Fed. R. Civ. P. 26(c), any Materials disclosed, provided, produced, or filed in this proceeding by any Party or Non-Party that contain (1) Sensitive Personal Information, (2) trade secrets or other competitively sensitive information (such as confidential research, development, technical, commercial, or financial information) not otherwise publicly accessible or available, (3) any information received in confidence from a third party, or (4) any other information a Party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G), as well as any information that discloses the substance of the contents of such Materials, may be designated as Confidential by any Party or by the Non-Party that discloses, produces, provides, or files the Materials, if that Party or Non-Party has a good faith belief that the confidentiality designation is warranted. The designating Party or Non-Party may designate as Confidential only those portions of Materials that qualify for Confidential treatment under this Order. A designation that Materials are Confidential shall constitute a representation by the designating Party or Non-Party, in good faith and after careful determination, that the designated Materials, or portion thereof, are eligible for such designation pursuant this Protective Order. Such designated Materials, as well as any information that discloses the substance or contents of such Materials, shall be treated as Confidential pursuant to and to the extent permitted by this Protective Order.

    4.  Sensitive Personal Information shall be afforded all the protections of this Protective Order afforded to other Confidential Materials, and also shall be secured by any receiving Party or Non-Party in such a manner as to minimize the possibility of disclosure, intentional or unintentional, to unauthorized Persons, including the physical storage thereof in a secure area or law office, the electronic storage thereof on a password-protected computer or system which may be accessed only by Persons authorized to have access to the Sensitive Personal Information pursuant to the terms of this Protective Order, and the transmission thereof only to other authorized Persons by a trackable method with restricted delivery to such Persons.

    5.  Any Party or Non-Party who, as part of this proceeding, discloses, provides, or produces to any other Party, or files with the Court, materials that are Confidential under this Protective Order shall designate such Materials as Confidential at the time of the disclosure, provision, production, or filing. Materials shall be designated as Confidential by placing on or affixing to the document or other medium containing Confidential Material (in such manner as will not interfere with the legibility thereof) the designation "CONFIDENTIAL – FTC v. MATCH, Case No. 3:19-cv-02281-K," or any other appropriate notice that identifies this proceeding, together with an indication of the portion or portions of the document considered to be Confidential Material. Confidential Materials contained in electronic documents shall be designated as confidential by branding the material with the designation "CONFIDENTIAL – FTC v. MATCH, Case No. 3:19-cv-02281-K," or any other

appropriate notice that identifies this proceeding, and by marking the face of the CD or DVD or other medium on which the document is produced as "CONFIDENTIAL." Masked or otherwise redacted copies of Materials may be produced where the portions masked or redacted contain privileged or protected matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

6. Notwithstanding paragraph 5, if during a deposition in this proceeding, a deponent (or the deponent's counsel) fails to designate as Confidential appropriate portions of the deponent's deposition testimony on the record during the course of or at the close of the deposition, the deponent (or the deponent's counsel) may, no later than ten days after the deposition transcript becomes available to the deponent, designate as Confidential those portions of the transcript that contain Confidential Materials. The Confidential designation may be accomplished by marking "CONFIDENTIAL" every page of the transcript that contains Confidential Materials, notifying all Parties of the transcript page and line numbers of the pages deemed to be Confidential, and marking the first and last such pages of such ranges as "CONFIDENTIAL – START" and "CONFIDENTIAL – END," respectively. Until the earlier of the expiration of this ten-day period or the Confidential designation, the entire deposition transcript shall be treated as Confidential.

7. Notwithstanding paragraph 5, any Party, within thirty days of receiving Confidential Materials from a Non-Party as part of this proceeding, may designate such

Materials as Confidential. Until the earlier of the expiration of this thirty-day period or the Confidential designation, such Materials shall be treated as Confidential.

8. With respect to all Materials provided for inspection by a Party or its counsel, all Confidential Materials shall be stamped "CONFIDENTIAL – FTC v. MATCH, Case No. 3:19-cv-02281-K" by the Party or Non-Party desiring such designation, or otherwise designated by such Party or Non-Party in writing, within thirty days of production. Until the end of such thirty-day period, the document production will be deemed to be designated Confidential in its entirety under the terms of this Protective Order. A designation of Confidential by stamping or labeling need not be made until after counsel for the inspecting party has inspected the Materials and selected Materials to be copied. Making Materials available for inspection shall not constitute a waiver of any claim to designate such Materials as Confidential, and all Materials provided for inspection by a Party's or Non-Party's counsel shall be treated as though designated. If a Party or Non-Party who previously disclosed, provided, or produced to or filed with the FTC, pursuant to the FTC's investigation of Match, Materials entitled to confidentiality under the Federal Trade Commission Act, or any other federal statute or regulation, or under any federal court or FTC precedent interpreting such statute or regulation, identifies those documents by Bates numbers as documents that should be treated as produced in this litigation (as provided for in the ESI Order entered in this matter), the Party or Non-Party may concurrently designate any such Materials as Confidential to the extent permitted by this Protective

7

Order. This designation may be accomplished by notifying all Parties of the Bates ranges (or other identifying information) of such Materials that are to be designated Confidential. For the avoidance of doubt, any Materials disclosed, provided, or produced to or filed with the FTC as part of the FTC's CID that are not identified by Bates numbers as documents that should be treated as produced in this litigation shall be treated as Confidential Material under this Protective Order to the same extent they were entitled to confidentiality when originally provided to the FTC.

9. The disclosure of Confidential Materials or information that discloses the substance of the contents of Confidential Material (including through any writing or communication reproducing, paraphrasing, or otherwise disclosing the content of Confidential Materials) shall be limited to the following Persons:

   a. The Court, and its personnel, presiding over this proceeding and related officials involved in this proceeding or any other related proceeding (such as appellate review of this proceeding) in which the Confidential Materials are used, including judges, magistrates, commissioners, referees, jurors, court reporters and Persons preparing transcripts of testimony, and other personnel of the Court.

   b. The parties, including their counsel, staff, employees, and agents (including consultants not covered under Subparagraph 9(d) below), as well as contractors assisting the parties in the preparation or hearing of this proceeding under the direction and control of the parties or their counsel, staff, employees, or agents.

   c. Defendants' outside counsel of record in this proceeding, as well as their associated attorneys and other employees or contractors assisting such counsel in the preparation or hearing of this proceeding under the direction and control of such counsel.

    d.    Any independent experts or consultants retained or consulted by the parties in this proceeding, including the employees of such experts or consultants who are assigned to assist such experts or consultants, in connection with services in the preparation or hearing of this proceeding or any appellate review or remand of this proceeding, provided that they sign Exhibit A.

    e.    Any Person who, based on a good faith and objectively reasonable belief or understanding of counsel of record for the disclosing party, created, sent, received or reviewed the Confidential Materials, or who has had access to the Confidential Materials independent of this proceeding.

    f.    Any person whom the disclosing party believes in good faith may be a trial or deposition witness and the witness's counsel, if the Confidential Materials are, based on a good faith and objectively reasonable belief or understanding of counsel of record for the disclosing party, reasonably related to the witness's testimony, provided that they have signed Exhibit A.

    g.    Any Person designated by the Court as required by law or as authorized by this Court.

For those individuals required to sign Exhibit A, signed statements from each individual shall be retained by counsel and need not be filed with the Court or served upon opposing counsel, unless requested for good cause or ordered by the Court. A Person's refusal or practical inability to sign the statement, after the Party's good-faith effort to secure signature, shall not restrict the Party (or its counsel) from disclosing the materials to the Person during trial, deposition, or other discovery or pretrial proceeding; provided, however, that the Party (or its counsel) shall serve on or provide to the Person a copy of this Protective Order before the disclosure, and, in the case of the Person's refusal, makes a record of the Person's refusal to sign, or, in the case of

9

impracticability, makes a good-faith attempt to obtain the Person's signature after the disclosure.

10. Notwithstanding the limitations set forth in Section 9 and subject to taking appropriate steps to preserve confidentiality, the Commission may disclose Confidential Material or Sensitive Personal Information to other governmental entities to the extent it is required to do so by law (including as provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f) and 57b-2), and only after providing reasonable notice to the producing party in advance of the disclosure, sufficient to allow the producing party to object to the disclosure or otherwise have the opportunity to seek relief. Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

11. Disclosure of Confidential Materials, or information that discloses the substance of the contents of Confidential Materials, to any Person described in Paragraph 9 of this Protective Order shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal therefrom, and for no other purpose whatsoever. Any such receiving Person to whom Confidential Materials are disclosed in this proceeding shall: (a) read this Protective Order; (b) use such Confidential Materials, or information that discloses the substance of the contents of Confidential Materials, only for purposes permitted by this Protective Order; and (c) not disclose or divulge the content of Confidential Materials, or information that discloses the substance of the contents of Confidential Materials, other than as permitted by this

Protective Order. However, nothing contained in this Protective Order shall be construed as imposing these or any other obligations on the Court or court personnel.

12. Nothing in this Protective Order shall restrict the use of Confidential Materials outside of this litigation by any Person, or the disclosure of Confidential Materials to any Person (or that Person's counsel), who: (a) originally disclosed, provided, or produced such Materials in this proceeding; (b) has had such Materials in its possession, custody, or control independent of this proceeding or any FTC investigation of Defendants; or (c) has discovered such materials independent of this proceeding or any FTC investigation of Defendants.

13. Without written permission from the Party or Non-Party who designated the Materials Confidential or an order of the Court, a Party may not file in the public record in this action any Confidential Materials. Instead, a Party that seeks to file Confidential Material must comply with Local Civil Rule 79.3, including its provisions for filing Materials under seal. For Materials designated Confidential by a Non-Party, the Party seeking their filing shall provide to that designating Non-Party advance notice of at least three days (excluding Saturdays, Sundays, and legal holidays defined under Fed. R. Civ. P. 6) before filing a Motion for Leave to File Under Seal under Rule 79.3(c). If the designating Non-Party agrees in writing to withdraw its Confidential designation from the Materials at issue or to otherwise permit their filing in the public

11

records, such Materials may be filed in the public record and shall no longer be treated as Confidential in this proceeding.

14. Nothing in this Protective Order shall be construed to affect in any way the admissibility of any Materials, testimony, or any other evidence in this proceeding. This Protective Order shall have no effect upon, and its scope shall not extend to, any Party's use of its own discovery Materials.

15. Any Party or Non-Party who designates any Materials as Confidential pursuant to this Protective Order may consent to the removal of such designation by so notifying counsel of record for the other Parties in writing, after which time such Materials shall no longer be treated as Confidential in this proceeding. Any Party or Non-Party that, acting in good faith, inadvertently or mistakenly designates Materials as Confidential may withdraw that designation so notifying counsel of record for the other parties in writing immediately after discovering the erroneous designation, after which time such Materials shall no longer be treated as Confidential in this proceeding.

16. Any Party may challenge a designation of any Materials as Confidential and request removal of the designation as follows:

    a. The Party seeking such removal shall serve on the Party or Non-Party who designated the Materials as Confidential a written objection to such designation, which shall describe with particularity the documents or information in question and the grounds for objection.

    b. Within seven days of a written objection to the designation of Confidential Material, the designating entity and the objecting party must meet and confer in good faith to resolve the objection.

      c.      If the designating entity and the objecting party are unable to resolve the dispute, the Party requesting the removal of the designation as Confidential may file and serve a motion for an order of the Court directing that the designation be removed.

      d.      For Confidential Materials the Party or Non-Party desiring to maintain their designation as Confidential shall have the burden of establishing grounds for such treatment. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this proceeding. Moreover, the failure to designate Materials as Confidential in accordance with this Protective Order and the failure to object to such designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall neither be construed as a waiver of any Person's right to object to the furnishing of Materials in response to discovery in this proceeding, nor relieve any Person of the obligation to produce Materials in the course of discovery in this proceeding.

17. If a Party or Non-Party through inadvertence discloses, produces, or provides any Confidential Materials without designating them as Confidential as provided in this Protective Order, that Party or Non-Party shall promptly give written notice to the receiving Person that the Materials are Confidential and should be treated as such in accordance with this Protective Order. The receiving Person shall treat such Materials as Confidential from the date it receives such notice. Disclosure of such Materials prior to receipt of such notice to a Person not authorized to receive Confidential Materials shall not be deemed a violation of this Protective Order; however, each Person to whom disclosure has been made is to be advised that the

13

Materials disclosed are Confidential and must be treated in accordance with this Protective Order.

18. In the case of any accidental or inadvertent disclosure of Confidential Materials or any other disclosure not in accordance with this Protective Order, the Person responsible for the disclosure (or the Person's counsel) shall promptly notify counsel for the Party or Non-Party who designated the Materials as Confidential, or any such Person who is not represented by counsel, of the disclosure, and shall make every effort to prevent further disclosure, including attempting to retrieve all copies of the Confidential Materials from the recipients thereof, and attempting to secure the agreement of the recipients not to further disseminate the Confidential Materials in any form.

19. At the time that any consultant, expert, or other Person retained to assist a Party's counsel in this proceeding concludes his or her participation in this proceeding, such Person shall return to counsel of record for the retaining Party all copies of Confidential Materials, together with all notes, memoranda, or other papers reproducing, paraphrasing, or otherwise disclosing Confidential Materials, or certify as to their destruction. Furthermore, within thirty days after the completion of this proceeding, all Confidential Materials, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such Confidential Materials, shall be collected by counsel for the receiving Party and either destroyed or returned to the Party or Non-Party who disclosed, produced, or provided the Materials; provided,

however, that attorney work product, expert reports, deposition transcripts and other sworn statements, or pleadings reproducing, paraphrasing, or otherwise disclosing Confidential Materials may be retained in counsel's files subject to this Protective Order and providing that such Confidential Materials shall not be used for any purpose outside of those permitted by this Protective Order. For purposes of this Protective Order, this proceeding shall be considered completed when the entire proceeding has been resolved and any related orders have become final and non-appealable.

20. All Persons who receive Confidential Materials shall remain under a continuing duty not to disclose such Materials, except as permitted in this Protective Order. This duty shall continue in full force and effect after the completion of this proceeding. However, nothing contained in this Protective Order is intended to be construed as authorizing a Person to disobey a lawful court order or subpoena issued in another proceeding.

21. The Parties, in conducting discovery from any Non-Party as part of this proceeding, shall provide to each such Non-Party a copy of this Protective Order so as

to inform the Non-Party of the Non-Party's rights and obligations under this Protective Order.

22. The Parties reserve their rights to seek, through stipulated agreement or otherwise, additional protections for the use of Confidential Materials at trial.

23. In the event that any additional Person becomes a Party to this proceeding, that Person, upon proper notice, shall be bound by this Protective Order unless and until a different Protective Order is entered with respect to that Person.

24. This Protective Order in no way limits the Court's ability to disclose the information covered by this Protective Order as the Court deems appropriate.

**SO ORDERED.**

Signed August 29th, 2022.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., and MATCH GROUP, LLC,<br><br>Defendants. | Case No. 3:19-cv-02281-K |

## ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge that I have been provided with a copy of the Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

I will treat all Confidential Material and Sensitive Personal Information, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order. I will not share Confidential Material or Sensitive Personal Information with any unauthorized individual or entities, other than my counsel. I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____
                             Signature

                             _____
                             Print Name