**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

FEDERAL TRADE COMMISSION,

                Plaintiff,

    vs.

MATCH GROUP, INC., a corporation, and
MATCH GROUP, LLC, formerly known as
MATCH.COM, LLC, a limited liability
company,

                Defendants.

Case No. 3:19-cv-02281-K

**DEFENDANT MATCH GROUP, LLC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE FEDERAL TRADE COMMISSION'S FIRST AMENDED COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF, CIVIL PENALTIES, AND OTHER INJUNCTIVE RELIEF**

    Defendant Match Group, LLC respectfully submits this Amended Answer and Affirmative Defenses (the "Answer") in response to the Federal Trade Commission's ("FTC") First Amended Complaint for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief (the "Amended Complaint").

**AMENDED ANSWER**

    1.    Paragraph 1 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Match Group, LLC denies any such allegations. More specifically, Match Group, LLC denies that it has engaged in any conduct that violates the FTC Act or the Restore Online Shoppers' Confidence Act ("ROSCA"). Match Group, LLC further denies that that the FTC is entitled to any relief. Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations

of Paragraph 1 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the remaining allegations contained in Paragraph 1 as they relate to Match Group, LLC.

## SUMMARY OF THE CASE

2.      Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 2 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that it operates Match.com and that Match.com is an online dating service.  Match Group, LLC further admits that consumers using Match.com may create profiles and may pay for a subscription to use a broader range of services, including the ability to communicate with other users.  Match Group, LLC denies the remaining allegations contained in Paragraph 2 as they relate to Match Group, LLC.

3.      Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 3 with respect to any entity other than Match Group, LLC. Match Group, LLC denies that it maintained any deceptive or unfair practices.  Match Group, LLC admits that Match.com voluntarily changed many of its business practices well before the FTC filed the Amended Complaint.  Match Group, LLC denies the remaining allegations in Paragraph 3 as they relate to Match Group, LLC.

## JURISDICTION AND VENUE

4.      Match Group, LLC admits the allegations contained in Paragraph 4.

5.      Match Group, LLC admits the allegations contained in Paragraph 5 that venue is proper in this judicial district.

## PLAINTIFF

6.      Match Group, LLC admits the allegations contained in Paragraph 6.

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent any statements in this Paragraph are considered factual allegations, Match Group, LLC denies any such allegations.

## DEFENDANTS

8.      Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 8 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that it is an indirect wholly owned subsidiary of Match Group, Inc. Match Group LLC denies its sole member is Match Group, Inc.  Match Group, LLC denies the remaining allegations contained in Paragraph 8 as they relate to Match Group, LLC.

9.      Match Group, LLC admits that it was formerly known as Match.com LLC and that it is a Delaware limited liability company with its principal place of business at 8750 North Central Expressway, Suite 1400, Dallas, Texas 75231.  Match Group, LLC further admits that it transacts or has transacted business in this District, where its principal place of business is located.  Match Group, LLC further admits that it is an indirect wholly owned subsidiary of Defendant Match Group, Inc. and it has no board of directors.  Match Group, LLC denies its sole member is Match Group, Inc.  Match Group, LLC admits that it has had executive officers who have been executive officers of Match Group, Inc.

## COMMERCE

10.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 10 with respect to any entity other than Match Group, LLC. Additionally, Paragraph 10 contains legal conclusions to which no response is required.

## DEFENDANTS' BUSINESS PRACTICES

11.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 11 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the remaining allegations contained in Paragraph 11 as they relate to Match Group, LLC.

12.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 12 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that it generates revenue from (among other things) selling subscriptions to Match.com.  Match Group, LLC denies the remaining allegations contained in Paragraph 12 as they relate to Match Group, LLC.

13.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 13 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that Match.com is an online dating service website that provides consumers a forum where they can contact and communicate with other like-minded people over the Internet, typically for the express or implied purpose of developing romantic relationships. Match Group, LLC denies the remaining allegations contained in Paragraph 13 as they relate to Match Group, LLC.

14.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 14 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that online dating service providers generally allow consumers access to databases of other enrolled customers.  Match Group, LLC further admits that providers typically enable consumers to interact with one another.  Match Group, LLC denies the remaining allegations contained in Paragraph 14 as they relate to Match Group, LLC.

15.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 15, with respect to any entity other than Match Group, LLC, or any dating site other than Match.com.   Match Group, LLC admits that, to use Match.com, consumers typically first create profiles that contain information about themselves.   Match Group, LLC further admits that, within these profiles, consumers are able to upload pictures and to provide descriptive and personal information that may be viewable by other consumers using the service. Match Group, LLC denies the remaining allegations contained in Paragraph 15.

16.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 16 with respect to any entity other than Match Group, LLC.  Match Group, LLC admits that online dating services can be misused by third parties to facilitate fraud or to promote dubious or unlawful products or services to consumers, which is why Match Group, LLC is an industry leader in combatting online dating fraud.  Match Group, LLC denies the remaining allegations contained in Paragraph 16 as they relate to Match Group, LLC.

17.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC admits that consumers can incur injury from certain romance scams, which is why Match Group, LLC is an industry leader in combatting online dating fraud.   Match Group, LLC lacks knowledge or information sufficient to form a belief about the remaining allegations contained in Paragraph 17 and therefore denies them.

18.     Match Group, LLC admits that consumers can purchase Match.com subscriptions of varying lengths and that may automatically renew for a term or terms equivalent to the original

subscription length.  The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required for the allegations related to Counts I and II.  To the extent any allegations related to Counts I and II in Paragraph 18 are considered factual allegations to which a response is required, Match Group, LLC admits that consumers may establish free user profiles that allow them to use limited services at no cost and that Match Group, LLC has made certain "free trial" offers in the past.  Match Group, LLC denies the remaining allegations contained in Paragraph 18 as they relate to Match Group, LLC.

19.      Match Group, LLC admits that consumers using Match.com can create online profiles with photographs and other personal information and can view the profiles of other Match.com users, and that consumers may use those profiles to interact with other users.  Match Group, LLC denies the remaining allegations contained in Paragraph 19.

20.      The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC admits that, although some users of Match.com attempted to use it for illegitimate reasons, Match Group, LLC went to extraordinary lengths, at great expense to it, to block such users and protect legitimate subscribers and non-subscribers.  Match Group, LLC denies the remaining allegations contained in Paragraph 20.

21.      The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC admits the allegations contained in Paragraph 21.

22.      The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 22 with respect

to any entity other than Match Group, LLC.  Match Group, LLC admits that nonsubscribers receive a notification when they receive a personalized communication from another user.  Match Group, LLC denies the remaining allegations contained in Paragraph 22 as they relate to Match Group, LLC.

23.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 23 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 23 as they relate to Match Group, LLC.

24.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 24 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 24 as they relate to Match Group, LLC.

25.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 25 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 25 as they relate to Match Group, LLC.

26.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 26 with respect

to any entity other than Match Group, LLC. Match Group, LLC admits the allegations contained in Paragraph 26 as they relate to Match Group, LLC.

27.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required. To the extent that a response is required, as drafted, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 27.

28.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required. To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 28 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 28 as they relate to Match Group, LLC.

29.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required. To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 29 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that Match.com deletes accounts that it determines are fraudulent or otherwise in violation of Match.com's Terms of Use and thereafter the profiles will be unavailable to other users. Match Group, LLC denies the remaining allegations of Paragraph 29 as they relate to Match Group, LLC.

30.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required. To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 30 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 30 as they relate to Match Group, LLC.

31.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 31 with respect to any entity other than Match Group, LLC.  Match Group, LLC admits that Match.com does not send members misleading notifications, e-mails, or winks professing romantic interest, and that Match.com has communicated that fact to users.  Match Group, LLC further admits that users can temporarily hide their profiles, which will make them appear unavailable to other users.  Match Group, LLC denies the remaining allegations contained in Paragraph 31 as they relate to Match Group, LLC.

32.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 32 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 32 as they relate to Match Group, LLC.

33.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 33 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 33 as they relate to Match Group, LLC.

34.     The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 34 with respect to any entity other than Match Group, LLC.  Match Group, LLC admits that Match.com attempts

to identify users who are violating Match.com's Terms of Use, including those attempting to perpetrate fraud.  Match Group, LLC further admits that Match.com has withheld communications sent by users who have been identified as violating Match.com's Terms of Use.  Match Group, LLC denies the remaining allegations contained in Paragraph 34 as they relate to Match Group, LLC.

35.    The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 35 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 35 as they relate to Match Group, LLC.

36.    The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 36 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 36 as they relate to Match Group, LLC.

37.    The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required. To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 37 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 37 as they relate to Match Group, LLC.

38.    The Court dismissed with prejudice Counts I and II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 38 with respect

to any entity other than Match Group, LLC.  Match Group, LLC denies the allegations contained in Paragraph 38 as they relate to Match Group, LLC.

39.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 39 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that consumers interested in using Match.com can purchase a subscription from the Match.com website.  Match Group, LLC further admits that, until April 2019, Match.com offered some consumers a guarantee if they purchased a six-month subscription. Match Group, LLC denies the remaining allegations contained in Paragraph 39 as they relate to Match Group, LLC.

40.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 40 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that some consumers were offered a free subscription if they satisfied the terms and conditions of the guarantee, which were clearly and conspicuously disclosed by clicking on a "learn more" hyperlink.  Match Group, LLC denies the remaining allegations contained in Paragraph 40 as they relate to Match Group, LLC.

41.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 41 with respect to any entity other than Match Group, LLC. Match Group, LLC denies that Match.com's offer did not disclose that the guarantee was subject to additional terms and conditions, as the terms and conditions were clearly and conspicuously disclosed by clicking on a "learn more" hyperlink.  Match Group, LLC further denies the remaining allegations contained in Paragraph 41 as they relate to Match Group, LLC.

42.     Match Group, LLC admits that the "learn more" page clearly and conspicuously disclosed requirements for the guarantee, including a requirement to (1) create a truthful

Match.com profile with a primary photo and keep it visible to the public; (2) respond to, or initiate email communication with, at least 5 unique Match.com members each month through the Match.com service; and (3) comply with all of the Match.com Guarantee Program Rules listed on the same page.  Match Group, LLC denies the remaining allegations contained in Paragraph 42.

43.    Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 43 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that, to receive the guarantee, consumers had to follow various Program Rules, which were clearly and conspicuously disclosed in 13 clearly bulleted points with space between each bullet on the "learn more" page.  Those Program Rules speak for themselves, and Match Group, LLC denies the allegations contained in Paragraph 43 to the extent they are inconsistent with the Program Rules.  Match Group, LLC denies the remaining allegations contained in Paragraph 43 as they relate to Match Group, LLC.

44.    Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 44 with respect to any entity other than Match Group, LLC. Match Group, LLC denies that any guarantee requirements were not clearly and conspicuously disclosed, as all requirements were listed in 13 clearly bulleted points with space between each bullet on the "learn more" page.  Match Group, LLC further denies the remaining allegations contained in Paragraph 44 as they relate to Match Group, LLC.

45.    Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 45 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that Match.com users could track their compliance with the guarantee's rules on a progress page, and that Match.com disclosed that ability to its users.  Match Group, LLC denies the remaining allegations contained in Paragraph 45 as they relate to Match Group, LLC.

46.     Match Group, LLC admits that the progress page contained certain information about a user's progress toward eligibility for the guarantee.  Match Group, LLC denies the remaining allegations contained in Paragraph 46.

47.     Match Group, LLC denies the allegations contained in Paragraph 47.

48.     Match Group, LLC admits that all guarantee requirements were clearly and conspicuously disclosed, as all requirements were listed in 13 clearly bulleted points with space between each bullet on the "learn more" page.  Match Group, LLC denies that accepting the free six months on the progress page was a prerequisite to receiving the guarantee.  Match Group, LLC denies the remaining allegations contained in Paragraph 48.

49.     Match Group, LLC denies the allegations contained in Paragraph 49.

50.     Match Group, LLC admits that users were asked if they had met someone to determine whether they were eligible for the guarantee extension.  Match Group, LLC denies the remaining allegations contained in Paragraph 50.

51.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 51 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 51 as they relate to Match Group, LLC.

52.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 52 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 52 as they relate to Match Group, LLC.

53.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 53 with respect to any entity other than Match Group, LLC.

Match Group, LLC denies the allegations contained in Paragraph 53 as they relate to Match Group, LLC.

54.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 54 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that consumers who purchase a Match.com subscription must complete an enrollment process and provide payment information for the initial subscription package. Match Group, LLC further admits that the subscription may continue unless the consumer affirmatively cancels the subscription through any of the various means available to the consumer to cancel the subscription.  Match Group, LLC denies the remaining allegations contained in Paragraph 54.

55.     Match Group, LLC admits that consumers who subscribe to Match.com agree to continue to have their subscriptions renewed until they affirmatively cancel their subscriptions through any of the various means available to the consumer to cancel the subscription.  Match Group, LLC denies that the cancelation process is confusing or cumbersome.  Match Group, LLC denies the remaining allegations contained in Paragraph 55.

56.     Match Group, LLC admits that consumers must complete some simple steps to cancel a Match.com subscription through Match.com's online flow and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail. Match Group, LLC denies the remaining allegations contained in Paragraph 56.

57.     Match Group, LLC admits that subscribers who decide to cancel their Match.com subscriptions through Match.com's online flow are asked a few simple questions (which they make skip without answering) and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail.  Match Group, LLC admits that successful

cancelation results in a cancelation confirmation page.  Match Group, LLC denies the remaining allegations contained in Paragraph 57.

58.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 58 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that an internal presentation exists, but denies that the cancelation process is "cumbersome." Match Group, LLC denies the allegations contained in Paragraph 58 as they relate to Match Group, LLC.

59.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 59 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that some consumers have occasionally complained about Match.com's online cancelation flow, but denies that those complaints were meritorious and notes that a consumer can cancel a subscription through several other means, including by e-mail, chat, phone, fax, or mail.  Match Group, LLC denies the remaining allegations contained in Paragraph 59 as they relate to Match Group, LLC.

60.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 60 with respect to any entity other than Match Group, LLC. Match Group, LLC denies that Match.com's cancelation processes are "convoluted and confusing." Match Group, LLC denies the remaining allegations contained in Paragraph 60 as they relate to Match Group, LLC.

61.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 61 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that consumers occasionally dispute charges for Match.com

15

subscriptions through their financial institutions.  Match Group, LLC denies the allegations contained in Paragraph 61 as they relate to Match Group, LLC.

62.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 62 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that, until March 2019, if subscribers initiated a dispute of Match.com's subscription charges, their subscriptions were suspended given the consumers are effectively disputing the charge and de facto indicating that they do not want Match.com's services, as disclosed in its Terms of Use.  Match Group, LLC further admits that if Match.com prevailed in the dispute, the subscription would not be reactivated unless the subscriber made a reactivation request to Match.com.  Match Group, LLC denies the remaining allegations contained in Paragraph 62 as they relate to Match Group, LLC.

63.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 63 with respect to any entity other than Match Group, LLC. Match Group, LLC admits that Match.com's Terms of Use speak for themselves.  Match Group, LLC denies the allegations contained in Paragraph 63 to the extent they are inconsistent with the Terms of Use.  Match Group, LLC further denies that any disclosure was not clear and conspicuous.  Match Group, LLC further denies the remaining allegations contained in Paragraph 63 as they relate to Match Group, LLC.

64.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 64 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 64 as they relate to Match Group, LLC.

65.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 65 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 65 as they relate to Match Group, LLC.

## **VIOLATIONS OF THE FTC ACT**

66.     Paragraph 66 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 66 are considered factual allegations, Match Group, LLC denies any such allegations.

67.     Paragraph 67 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 67 are considered factual allegations, Match Group, LLC denies any such allegations.

68.     Paragraph 68 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 68 are considered factual allegations, Match Group, LLC denies any such allegations.

**Count I**
**Misrepresentation Regarding Users of Defendants' Service**
**(Alleged against Match Group, LLC, only)[1]**

69.     The Court dismissed with prejudice Count I, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC denies the allegations contained in Paragraph 69.

70.     The Court dismissed with prejudice Count I, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC denies the allegations contained in Paragraph 70.

---

[1] Match Group, LLC denies the allegations contained in this heading from the FTC's Amended Complaint.

71.     The Court dismissed with prejudice Count I, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC denies the allegations contained in Paragraph 71.

### Count II
### Exposing Consumers to Risk of Fraud[2]

72.     21.     The Court dismissed with prejudice Count II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC denies the allegations contained in Paragraph 72.

73.     The Court dismissed with prejudice Count II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC denies the allegations contained in Paragraph 73.

74.     The Court dismissed with prejudice Count II, Dkt. 129, so no answer to this Paragraph is required.  To the extent that a response is required, Match Group, LLC denies the allegations contained in Paragraph 74.

### Count III
### Deceptive "Guarantee" Program[3]

75.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 75 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 75 as they relate to Match Group, LLC.

76.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 76 with respect to any entity other than Match Group, LLC.

---

[2] Match Group, LLC denies the allegations contained in this heading from the FTC's Amended Complaint.
[3] Match Group, LLC denies the allegations contained in this heading from the FTC's Amended Complaint.

Match Group, LLC denies the allegations contained in Paragraph 76 as they relate to Match Group, LLC.

77.    Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 77 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 77 as they relate to Match Group, LLC.

**Count IV**
**Unfair Denial of Access to Consumers' Accounts**[4]

78.    Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 78 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 78 as they relate to Match Group, LLC.

79.    Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 79 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 79 as they relate to Match Group, LLC.

80.    Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 80 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 80 as they relate to Match Group, LLC.

---

[4] Match Group, LLC denies the allegations contained in this heading from the FTC's Amended Complaint.

## VIOLATIONS OF THE RESTORE ONLINE SHOPPERS'
## CONFIDENCE ACT

81.     Match Group, LLC admits that Congress passed ROSCA in 2010.  Match Group, LLC further admits that Paragraph 81 accurately quotes 15 U.S.C. § 8401.  Match Group, LLC denies the remaining allegations contained in Paragraph 81 as they are legal conclusions.

82.     Paragraph 82 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 82 are considered factual allegations, Match Group, LLC denies any such allegations.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 83 are considered factual allegations, Match Group, LLC denies any such allegations.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent any allegations in this Paragraph 84 are considered factual allegations, Match Group, LLC denies any such allegations.

85.     Paragraph 85 contains legal conclusions to which no response is required.  Match Group, LLC denies any violation of ROSCA and further denies that any alleged violations were committed with knowledge.  To the extent any remaining statements in this Paragraph are considered factual allegations, Match Group, LLC denies any such allegations.  Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 85 with respect to any entity other than Match Group, LLC.

**Count V**
**Failure to Provide a Simple Mechanism for Consumers to Stop Recurring Charges**[5]

86.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 86 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 86 as they relate to Match Group, LLC.

87.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 87 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 87 as they relate to Match Group, LLC.

**CONSUMER INJURY**

88.     Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 88 with respect to any entity other than Match Group, LLC. Match Group, LLC denies the allegations contained in Paragraph 88 as they relate to Match Group, LLC.

**PRAYER FOR RELIEF**

89.     Match Group, LLC denies that the FTC would be entitled to any relief as a result of any alleged act or omission by Match Group, LLC.  Match Group, LLC does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 89 with respect to any entity other than Match Group, LLC.  Match Group, LLC denies the remaining allegations contained in Paragraph 89 as they relate to Match Group, LLC.

**ANY ALLEGATION IN THE AMENDED COMPLAINT NOT SPECIFICALLY ADMITTED IS EXPRESSLY DENIED.**

---

[5] Match Group, LLC denies the allegations contained in this heading from the FTC's Amended Complaint.

\* \* \*

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, Match Group, LLC does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to the FTC.  Moreover, nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to the FTC's allegations. Nor shall anything stated or unstated constitute an admission of any kind.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

90.     The Amended Complaint fails to state sufficient facts to constitute a cause of action against Match Group, LLC.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance with Applicable Law)

91.     The FTC's claims are barred because Match Group, LLC's conduct is not unlawful in that Match Group, LLC complied with applicable statutes and regulations.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith Belief and Conduct)

92.     The FTC's claims are barred because the acts and statements of Match Group, LLC were fair and reasonable and were performed in good faith based on all of the relevant facts known to Match Group, LLC.  Match Group, LLC acted with a good faith belief that it had good cause or legitimate business reasons to act as it did and did not directly or indirectly perform any acts that would constitute a violation of consumers' rights.  As a consequence, the FTC is not entitled to any relief whatsoever.

## FOURTH AFFIRMATIVE DEFENSE
### (Requested Relief Contrary to Public Interest)

93.    The FTC's claims are barred because the FTC's requested relief is contrary to the public interest.  The practices constituting the alleged FTC Act violations have ceased.  However, even when the practices did exist, the guarantee at issue in Count III benefited many consumers. Additionally, the chargeback policy in Count IV was a reasonable policy designed to benefit consumers; was easily avoidable by consumers in that they could choose not to initiate a wrongful chargeback request; and, as a matter of public policy, the FTC should not seek to protect consumers who have submitted baseless chargeback requests.  Moreover, the FTC's requested relief is contrary to the public interest because the Match.com online cancelation method at issue in Count V is intended to benefit consumers.

## FIFTH AFFIRMATIVE DEFENSE
### (Alleged Failure to Clearly and Conspicuously Disclose Not Material)

94.    The FTC's claims are barred because any alleged failure to clearly and conspicuously disclose was not material, as most consumers who did not qualify for the guarantee failed to satisfy the requirements that were clearly and conspicuously disclosed.

## SIXTH AFFIRMATIVE DEFENSE
### (Mootness)

95.    The FTC's claims are barred because they are moot.  There is no reasonable basis for the FTC's requested relief because any alleged violations under the FTC Act have long ceased.

## SEVENTH AFFIRMATIVE DEFENSE
### (Overbroad Injunction)

96.    The FTC's claims are barred because the FTC's requested injunction is overbroad and not specifically tailored to the alleged violations.

23

## EIGHTH AFFIRMATIVE DEFENSE
### (Mitigation)

97.     The FTC's claims are barred because any monetary relief is subject to mitigation to the extent that consumers received refunds.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

98.     The FTC's claims are barred in part by the statute of limitations, including, but not limited, to the extent that the FTC seeks civil penalties, monetary relief, or redress for purported violations that occurred outside of the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (Reservation of Other Affirmative Defenses)

99.     Match Group, LLC lacks sufficient information regarding the facts and evidence alleged and is therefore unable to ascertain at this time any additional affirmative defenses which Match Group, LLC may have.  Therefore, Match Group, LLC expressly reserves the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

Dated:  September 2, 2022                              Respectfully submitted,

                                                      /s/  Angela C. Zambrano
                                                      Angela C. Zambrano
                                                      State Bar No. 24003157
                                                      angela.zambrano@sidley.com
                                                      Chelsea A. Priest
                                                      State Bar No. 24102375
                                                      cpriest@sidley.com
                                                      Tayler G. Bragg
                                                      State Bar No. 24109943
                                                      tbragg@sidley.com
                                                      SIDLEY AUSTIN LLP
                                                      2021 McKinney Ave, Suite 2000
                                                      Dallas, TX 75201

Telephone:  214.981.3300
Fax:  214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc. and Match Group, LLC*

## CERTIFICATE OF SERVICE

On September 2, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/  Angela C. Zambrano*
Angela C. Zambrano