IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:19-CV-2281-K |
| § | |
| **MATCH GROUP, INC.**, a corporation, and § | |
| **MATCH GROUP, LLC**, formerly known § | |
| as MATCH.COM, LLC, a limited liability § | |
| company, § | |
| Defendants. § | |

### ORDER

By order of reference filed September 7, 2022, before the Court for determination is *Plaintiff Federal Trade Commission's Motion to Compel Production of Documents and Interrogatory Responses from Defendant Match Group, Inc.*, filed September 6, 2022 (doc. 140). Counsel for the parties to the dispute are hereby **ORDERED** to meet face-to-face to fully confer on each of the items in dispute as follows:

### I. Face-to-Face Conference

Local Rule 7.1(a) of the Civil Local Rules for the Northern District of Texas requires that parties confer before filing this type of motion. Based on a full review of the motion, it appears that the parties could more fully confer on the issues in dispute pursuant to Local Rule 7.1(a) and *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 289–90 (N.D. Tex. 1988)(discussing proper utilization of then Local Rule 5.1(a), which is now Local Rule 7.1(a)).

Genuine, good-faith efforts by the parties to resolve their disputes before seeking court intervention often result in greater control over the outcome, acceptable compromise, or appreciably narrowed issues; these efforts also result in cost savings for the litigants. Opposing parties will have

reasonable disagreements throughout litigation that will require the Court's resolution. However, they must comply with Local Rule 7.1(a) in an earnest attempt to ensure that the issues presented are unbridgeable and supported by reasonable yet differing positions. The parties are therefore directed to meet **face-to-face**. The "face-to-face" requirement is not satisfied by a telephonic conference.

## II.  Requirements for the Conference

At the face-to-face conference, counsel for the parties must engage in an item-by-item discussion of each disputed issue or discovery request and/or corresponding objections raised in the motion.[1]  During the item-by-item discussion, *counsel must exchange authorities supporting their positions on each disputed issue or discovery request or objection.*[2]

## III.  Post-Meeting Instructions

If the disputed issues are resolved during the face-to-face meeting, the movant shall forward an agreed proposed order in word or wordperfect format to the Court at ramirez_orders@txnd.uscourts.gov **no later than 5:00 p.m. on September 21, 2022.** If unresolved issues remain, the movant shall be responsible for filing a joint submission jointly prepared by the parties in accordance with Section IV of this Order **no later than 5:00 p.m. on September 21, 2022**.

## IV.  Joint Submission

The joint submission must include *only* an item-by-item listing of each specific issue, discovery request, deposition topic, and/or corresponding objection(s), that was alleged in the

---

[1] The purpose of the face-to-face conference is to narrow or resolve the pending issues. Issues that were not raised in the initial motion, or relief that was not requested in the initial motion, must be raised by separate motion.

[2] Exchange of authorities will facilitate the parties' evaluation of the merits of their positions on the disputed issues.

motion and that remains in dispute after the face-to-face conference (Disputed Requests). Disputes that have been resolved during the parties' face-to-face conference should not be included in the joint submission. ***Only those issues (or discovery requests or objections) that are listed in the joint submission will be considered.***

The joint submission should set forth the parties' respective positions immediately following the listed Disputed Request.[3] ***Each party's position statement for each disputed issue*** or ***category must include citations to authorities that support its position on the particular issue or category***.[4] Any listed authorities must have been provided to the opposing party's counsel no later than the face-to-face conference.

Because the face-to-face conference is intended to focus or narrow the disputes, the original motion and any supporting evidence **WILL NOT** be considered. ***Only the position statement and briefing set forth in the joint submission, and any accompanying evidence in a joint appendix, will be considered.*** The joint submission must not incorporate by reference any portion of the original motion, appendix, or any other filing.

The joint submission must also set forth the date of the face-to-face conference, the length of the conference, and the names of the persons who attended. It must be signed by counsel for all parties to the dispute.

To the extent that evidentiary support for a position is required, the parties may also file a joint appendix to the joint submission. The appendix to the joint submission must include ***only*** the

---

[3] If Disputed Requests are similar or related, a listing of the discovery requests by categories may be appropriate. However, each such category should include an itemized list of all Disputed Requests that fall within that category.

[4] Under LR 7.1(d), briefs shall contain a "party's contentions of fact and/or law, and arguments ***and authorities***." (emphasis added). In addition to being required by LR 7.1(d), citation of authorities greatly assists the Court in making rulings more expeditiously.

evidence relating to the discovery disputes presented in the joint submission. Materials to be included in the joint appendix must have been exchanged no later than the face-to-face conference. The joint appendix must be filed by the movant contemporaneously with the joint submission. ***Only the evidence in the appendix to the joint submission will be considered.*** The appendix to the joint submission must not incorporate by reference any portion of any appendix to the original motion, or to any other filing.

### V. Responsive Pleadings

The joint submission is filed *in lieu* of a response to the motion. A separate response must not be filed. If in response to the motion, the responding party seeks to obtain affirmative relief, it must file a separate motion for that affirmative relief. The joint submission must not include any new or responsive motions by any party.

### VI. Sanctions

Failure to confer face-to-face or to participate in the filing of a joint submission as directed will subject the non-complying party and/or attorney to sanctions. If a responding party fails to comply with this order, the moving party must timely file its portion of the joint submission and include a notice advising the Court of the responding party's failure to comply. If the movant fails to comply with this order, or if the joint submission is not timely filed, the motion will be subject to dismissal for failure to comply with this order.

### VII. Hearing

No hearing will be scheduled on this motion at this time.

**SO ORDERED** on this 7th day of September, 2022.

                                                                           _____
                                                                           IRMA CARRILLO RAMIREZ
                                                                           UNITED STATES MAGISTRATE JUDGE