IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>MATCH GROUP, INC., a corporation, and<br><br>MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>   Defendants. | Case No. 3:19-cv-02281-K<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO EXTEND DEADLINES** |

     The Federal Trade Commission respectfully moves this Court to extend all deadlines in this matter by three months to address Defendants' serious abuses of the discovery process. As noted in the FTC's separate motion to compel, Defendant Match Group, Inc. (MGI) is withholding based on frivolous objections *all* documents and information relating to two of the FTC's three counts, as is Defendant Match Group LLC (MGLLC). In doing so, Defendants rely on an argument with no basis in law and which this Court has rejected twice already in this case.

     MGI has engaged in this obstruction after requesting and receiving an expedited discovery schedule. Therefore, absent an extension of deadlines, the FTC will have to proceed with depositions without the opportunity to review written discovery on most of its counts or question witnesses about critical documents that remain in Defendants' possession. Accordingly, good cause exists for modifying the Court's scheduling order under FED. R. CIV. P. 16(b)(4).

     **I.    Relevant Background**

     Since the FTC filed this action in September 2019, the Defendants have done everything they can to frustrate the Commission's attempt to take even basic discovery. First, MGI resisted

discovery while its Motion to Dismiss was pending, and then it opposed lifting the stay of discovery in this action even after the Supreme Court resolved the issue that necessitated the stay, arguing that the FTC would suffer no prejudice "given the amount of time that the case has already been stayed."[1]

On March 24, 2022, the Court granted in part and denied in part the Motion to Dismiss.[2] In its Order, the Court expressly rejected MGI's contentions that the FTC had failed to allege facts supporting a likelihood of recurrence of Match's conduct in Counts III and IV.[3] The Court also rejected MGI's argument that the FTC needed to prove anything more than a likelihood of recurrence to obtain injunctive relief.[4]

After the Court lifted the stay, MGI pushed for an accelerated discovery period of a mere six months.[5] On April 28, 2022, the Court issued the Scheduling Order, which provided approximately eight months for discovery.[6] Shortly thereafter, the FTC filed a Motion to Amend, seeking to add as Defendant MGI's wholly owned subsidiary, MGLLC. Although the FTC sought to amend its Complaint before the Scheduling Order's deadline, MGI opposed the amendment. In opposition, MGI contended that the FTC should not be permitted to amend, arguing once more that the FTC had not satisfied its burden to allege that a law violation is

---

[1] *See* Doc. 84 at 1.

[2] *See* Doc. 86.

[3] *See id.* at 11.

[4] *See id.* The Court quoted language from cases that confirmed the FTC's ability to establish a likelihood of recurrence by pointing to past violations. *See id.* (citing *FTC v. Sw. Sunsites, Inc.*, 665 F.2d 711, 723 (5th Cir. 1982); *FTC v. Neora LLC*, 552 F. Supp. 3d 628, *6 (N.D. Tex. 2021) (Lynn, CJ.); and *United States v. Cornerstone Wealth Corp., Inc.*, 549 F. Supp. 2d 811, 816-17 (N.D. Tex. 2008) (Fitzwater, CJ.)).

[5] *See* Doc. 99 at 13.

[6] *See* Doc. 100.

occurring or about to occur under Section 13(b) of the FTC Act, this time as to MGLLC.[7] Once again, the Court rejected this argument and allowed the amendment.

After demanding an accelerated discovery timetable, MGI proceeded to engage in dilatory tactics, in an apparent effort to run out the clock. The FTC served MGI written discovery requests on June 3, 2022. MGI requested an extension to produce documents, and the FTC granted the extension until July 31.[8] Nevertheless, MGI failed to produce documents by the agreed deadline.[9]

Weeks later, on August 12 and again August 18, 2022, MGI made partial productions. But it withheld all documents and information relating to Counts III and IV of the FTC's Amended Complaint. Without citing any supporting authority, MGI claimed that it, rather than the Court, could declare that those counts were "moot" and thus "do[] not ever need to be litigated."[10] After MGI failed to remedy this deficiency, the FTC filed a motion to compel, which has been referred to Magistrate Judge Ramirez and is awaiting resolution.[11]

The FTC served Requests for Production on Defendant MGLLC on August 19, 2022. On the date this production was due, Defendant MGLLC provided written responses but did not produce additional documents. Instead, counsel merely stated that MGLLC "intends to substantially complete its production of documents no later than October 19, 2022," unilaterally granting itself a one-month extension for its response.[12] Further, MGLLC's written responses

---

[7] *See* Doc. 109 at 6.

[8] *See* Exh. 2.

[9] *See* Exh. 3.

[10] *See, e.g.*, Exh. 4 at Responses #2, 6, 14, 15, 17, 19, 25, 26, 28, 31, 34, and 36.

[11] *See* Doc. 140.

[12] *See* Exh. 5.

indicate that, like MGI, it intends to withhold all documents pertaining to Counts III and IV.[13] Moreover, the responses indicate that MGLLC intends to withhold even basic documents about corporate governance, its relationship with Defendant MGI, and a host of other topics.[14] Presumably, MGLLC is taking this position in the hopes it can avoid turning over documents further showing that MGI controlled, and is legally responsible for, match.com and other dating sites under MGL's umbrella, including Tinder.

## II.     Legal Standard

The Court may modify a scheduling order upon a showing of good cause.[15] "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order."[16] To establish good cause to modify a scheduling order, the requesting party must "show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension."[17]

## III.    Argument

To delay discovery, Match has gone to extremes. As discussed below, it failed to respond to discovery in a timely manner, and then took absurd positions in resisting discovery that appear to be mere dilatory tactics. Unless the deadlines are extended, the delay will impair the FTC's ability to resolve outstanding discovery disputes that are the subject of its motion to compel,

---

[13] *See* Exh. 6 at Responses #6, 14, 15, 17, 26, 32, 33, 42, 45, 48, and 50.

[14] *See* Exh. 6 at Responses #5, 6.c, 8, 9.

[15] *See* FED. R. CIV. P. 16(b)(4).

[16] *Mallory v. Lease Supervisors, LLC*, No. 3:17-cv-3063, 2019 U.S. Dist. LEXIS 120295, *3 (N.D. Tex. July 19, 2019) (citing *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)).

[17] *S & W Enters., LLC v. Southwest Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003).

finalize written discovery responses, review documents produced by Defendants, conduct expert discovery, and take depositions of the Defendants and their key personnel.

The FTC diligently sought discovery on its live counts shortly after the parties' Court-ordered mediation failed. But, as discussed above, MGI repeatedly missed deadlines for responding to discovery, even though it had no intention of responding to broad swathes of it.

After delaying the process for several months, MGI now refuses to respond at all to most of the FTC's discovery on absurd grounds. First, it claims that Counts III and IV are "moot" because it says so.[18] Second, it objects that "[t]he FTC has identified no evidence that the challenged conduct is about to, or is likely to, recur"—as if to suggest that the FTC must first prove its allegations to MGI's satisfaction before the FTC is entitled to discovery on those counts.

Without an extension of the discovery deadlines, the FTC is at risk of substantial prejudice from Defendants' discovery abuses. As discussed in the FTC's motion to compel, the requested evidence is critical to establish liability, to determine whether the conduct is ongoing or is likely to recur, and to assess the appropriate scope of injunctive relief. The FTC had intended to begin oral discovery by scheduling depositions beginning in October. However, because the FTC has received no discovery related to two of its three counts from either Defendant, it faces a difficult choice of taking the depositions without that discovery or risking not being able to take them at all.[19] In fact, because critical documents are being withheld, the

---

[18] Specifically, MGI claimed in responses to numerous discovery requests that "the question of whether any injunctive relief should be issued that addresses this alleged conduct is moot and does not ever need to be litigated."

[19] While the FTC received limited production in response to a Civil Investigative Demand to MGI in 2017, Defendants have centered their defenses around actions they have taken since 2019. *See, e.g.*, Doc. 109 at 8.

FTC cannot even identify with confidence appropriate deponents relating to two of its three counts.[20] Without the sought discovery, the FTC is left to guesswork to determine which individuals have knowledge concerning Match.com's current business practices. Defendants apparently hope to hamper the FTC's ability to use this evidence by running out the clock.

The FTC has made several attempts to cure this prejudice without resorting to seeking relief from the Court. First, it has repeatedly asked MGI to voluntarily abandon its patently absurd position that it need not respond to discovery because it has unilaterally declared Counts III and IV "moot," noting that the Court has twice considered and rejected this same argument.[21] Rather than even attempt to compromise on this issue, opposing counsel has threatened Rule 11 sanctions against FTC counsel merely for continuing to litigate and seek discovery concerning these live counts.[22] Second, the FTC requested that Defendants agree to a short extension of the discovery deadlines pending resolution of its motion to compel. The Defendants have refused to negotiate any extension.

In a further attempt to avoid prejudice from MGI's delay, the FTC moved expeditiously to compel this discovery, which both MGI and MGL are wholesale withholding even now. But

---

[20] *See, e.g.*, Exh. 6 at Response 6 (stating that MGLLC will not provide documents identifying current or former employees relating to topics at issue in this lawsuit).

[21] *See* Doc. 86 (rejecting MGI's argument from its Motion to Dismiss); Doc. 115 (permitting the FTC to amend its Complaint by adding MGLLC as defendant despite MGI's argument that the FTC had failed to allege MGLLC is violating or is about to violate the FTC Act).

[22] *See* Exh. 1 (email from Defendants' Managing Attorney, Chad Hummel, with potentially confidential settlement discussion redacted out of an abundance of cautious). Frivolous threats of Rule 11 sanctions, such as this one, arguably run afoul of this District's standards for civility and professionalism. *See Dondi Properties Corp. v. Commerce Sav. & Loan Asso.*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc) (stating that "[t]hose litigators who persist in viewing themselves solely as combatants, or who perceive that they are retained to win at all costs without regard to fundamental principles of justice, will find that their conduct does not square with the practices we expect of them").

while the FTC is likely to prevail on its motion to compel, Defendants have already hindered the FTC's ability to pursue its case by throwing sand in the gears of discovery.

Accordingly, the FTC respectfully seeks a reasonable and conservative remedy for Defendants' intransigence: a three-month extension of all deadlines. The FTC conservatively estimates that this extension would be equivalent to the delay that Defendants have caused, and it is especially critical here given this matter's expedited discovery timeline. Finally, the FTC notes that while Defendants oppose this Motion, they would suffer no prejudice from the requested relief.[23]

### IV.    Conclusion

Defendants' win-at-all-costs delay tactics threaten to unfairly prejudice the FTC's case. Therefore, good cause exists to extend all deadlines in this matter by three months. Such an extension is an appropriate and conservative remedy, and it is in the interest of justice that Defendants' conduct not be condoned.

Respectfully submitted,

Dated:  September 22, 2022

*/s/ Reid Tepfer*
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)

---

[23] While Defendants may oppose this motion based on its purported eagerness to resolve the case, Defendants as noted previously justified its partial opposition of the FTC's Motion to Lift the Stay by claiming the FTC would suffer no prejudice by postponing discovery "given the amount of time that the case has already been stayed." Doc. 84 at 1. In other words, MGI was happy to postpone the end of this case when it suited them. It is apparent, then, that Defendants are eager not for the conclusion of this case but for the conclusion of the discovery period—and the prejudice it may cause the FTC.

New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T. (214) 979-9379 (Hilliard)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov
ehilliard@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF CONFERENCE

I certify that this motion was filed following a conference between counsel for the parties by email on September 19, 20, and 21, 2022. Defendants indicated that they oppose.

*/s/REID TEPFER*
REID TEPFER

## CERTIFICATE OF SERVICE

On September 22, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ REID TEPFER*
REID TEPFER
