**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>    vs.<br><br>MATCH GROUP, INC., a corporation, and<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>                Defendants. | Case No. 3:19-cv-02281-K |

**APPENDIX IN SUPPORT OF DEFENDANTS MATCH GROUP, INC. AND**
**MATCH GROUP, LLC'S MOTION FOR A PROTECTIVE ORDER**

Defendants Match Group, Inc. and Match Group, LLC, by and through their counsel,

submit this Appendix in support of the Motion for a Protective Order.

| Ex. | Description | App. Page(s) |
|---|---|---|
| 1 | Plaintiff Federal Trade Commission's First Requests for Production of Documents to Match Group, Inc. | APP 001-016 |
| 2 | Plaintiff Federal Trade Commission's Subpoena to Hinge, Inc. | APP 017-032 |
| 3 | Plaintiff Federal Trade Commission's Subpoena to Humor Rainbow, Inc. | APP 033-048 |
| 4 | Email exchange between FTC and Counsel for MGI and MGL, September 29, 2022 | APP 049-052 |

Dated: September 30, 2022

Respectfully submitted,

*/s/ Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943

tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone: 214.981.3300
Fax: 214.981.3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc. and Match Group, LLC*

## <u>CERTIFICATE OF SERVICE</u>

On September 30, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).


*/s/ Angela C. Zambrano*
Angela C. Zambrano

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MATCH GROUP, INC., a corporation,<br><br>    Defendant. | Case No. 3:19-cv-02281-K<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff the Federal Trade Commission ("FTC"), by its undersigned attorneys, submits to Defendant Match Group, Inc. ("Match") the following First Request for Production of Documents (the "Request").

### INSTRUCTIONS

A.      These instructions and definitions should be construed to require Request responses based upon your actual or constructive knowledge, information available to you, as well as that of your attorneys, accountants, consultants, employees, independent contractors representatives, agents, and other acting on your behalf. This Request must be responded to by the party to whom they are directed within thirty (30) days of the date of service, as defined by Rule 6 of the Federal Rules of Civil Procedure. For any specific document or range of documents You reference in response to this Request that has been or will be produced to the FTC, identify such document(s) by the associated Bates number or other identifying information in Your response. In construing this Request, the present tense includes the past and future tenses, the singular includes the plural, and the plural includes the singular.

B.      This Request covers Documents and information in Your possession or under Your actual or constructive custody or control, including Documents and information in the possession, custody, or control of Your attorneys, accountants, directors, officers, employees, service providers, and other agents and consultants, whether or not such Documents or information were received from or disseminated to any person or entity

C.      If, in responding to this Request, You encounter any ambiguities, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

D.      This Request is continuing in nature, up to and during trial. If, after You serve Your response, You become aware of additional or corrective information or material responsive to this Request, You must supplement Your Request response and promptly produce the responsive material or information to Plaintiff in accordance with Federal Rule of Civil Procedure 26(e).

E.      The relevant time period for this Request shall be from January 1, 2013, to the completion of this action, unless otherwise specified. If the response to any Request is different for different periods within the applicable time period, provide a complete response for each time period and designate the specific time period for which the response is applicable.

F.      If you are withholding a document or information, provide the basis for withholding, including:

1.      If you are withholding the document or information under claim of privilege or the work product doctrine, provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship

PLAINTIFF FTC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K
2

of the author, addressee, custodian, and any other recipient to each other, in a

manner that, without revealing the information claimed to be protected, will

enable the FTC to assess the applicability of the privilege or protection

claimed by you;

2.  If you are withholding the document or information for any reason other than

a claim of privilege or the work product doctrine, provide the reason for

withholding the document.

G.      If a responsive document or information contains non-privileged material as well

as material you contend is privileged, you must disclose the non-privileged material to the fullest

extent possible without disclosing the privileged material. You must clearly indicate the portions

of the document or information to which privilege is claimed. If you redact or alter a document,

identify the reason for the redaction or alteration. Any redactions must be clearly visible on the

redacted document.

H.      Personally Identifiable Information ("PII") or Sensitive Health Information

**("SHI"):** If You believe that Your response would require You to disclose PII or SHI, please

contact Plaintiff's counsel Reid Tepfer before providing Your response to discuss whether there

are steps You can take to minimize the amount of PII or SHI You include in Your response, and

how to securely transmit such information to the FTC. Plaintiff's counsel may instruct You to

encrypt any electronic copies of such material with encryption software such as PKZip and

provide the encryption key in a separate communication.

PII includes an individual's Social Security number, an individual's name, address, or

phone number in combination with one or more of the following: date of birth, Social Security

number, driver's license number or state identification number (or a foreign country equivalent), passport number, financial account number, credit card number, or debit card number.

SHI includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

I.      In producing documents consisting of electronically stored data in machine-readable form in response to any Request, provide such data in a machine-readable form that does not require specialized or proprietary hardware or software.

J.      Unless otherwise requested, in lieu of producing original hard-copy documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the FTC upon request. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding. Provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

K.      If any document requested herein was formerly in your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, you shall submit in lieu of any such document a written statement describing in detail:  (a) the nature of the document and its contents; (b) the identity of the person(s) who prepared or authored the document and, if applicable, the identity of the person(s) to whom the document was sent or shown; (c) the date on which the document was prepared or transmitted; and (d) the date the document was lost or

PLAINTIFF FTC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

destroyed and, if destroyed, the events of and reason(s) for such destruction and the identity, employer(s), current address, and position(s) of the person(s) requesting and/or performing the destruction.

L.      If any document requested herein was previously produced to the FTC, identify it by bates number.

M.      Each response shall be organized and labeled to correspondent to the numbered Request to which it is responsive.

N.      If You cannot answer all or part of any Request in full after exercising due diligence to secure the full information to do so, state and answer to the extent possible, specifying Your inability to answer the remainder, stating the information or knowledge You have concerning the unanswered portion, and detailing what You did in attempting to secure the unknown information.

O.      The Commission often makes its files available to other civil and criminal federal, state, local, or foreign law enforcement agencies. The FTC may make information supplied by you available to such agencies where appropriate pursuant to the FTC Act and 16 C.F.R. §§ 4.11(c) and (j). Information you provide may be shared with other federal, state, or foreign civil or criminal agencies.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in this Request, the following terms are to be interpreted in accordance with these definitions:

PLAINTIFF FTC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

A.      "**Match**" or the "**Company**" or "**You**" means Match Group, Inc., its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants and other persons working for or on behalf of the foregoing. The term shall include any descriptor used by Match in its business practices.

B.      **2017 CID**" means the Civil Investigative Demand the FTC issued to Match Group, Inc. in March 2017

C.      "**Advertisement**" or "**Advertising**" or "**Ad**" means any written or verbal statement, illustration, or depiction that promotes the sale of a good or service or is designed to increase consumer interest in a brand, good, or service. Advertising media include, but are not limited to, packaging and labeling; promotional materials; print; television; radio; and internet, social media, email, and other digital content.

D.      "**and**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Request all information that otherwise might be construed to be outside the scope of the specification.

E.      "**any**" shall be construed to include "all," and "**all**" shall be construed to include the word "any."

F.      "**Chargeback**" means a transaction that is returned as a financial liability to an acquirer by a card issuer, usually because of a disputed transaction. The acquirer may then return or "charge back" the transaction to the merchant.

G.      "**Customer**" or "**Customers**" means any individual or individuals who have maintained an account on any website owned or operated by the Company, including

PLAINTIFF FTC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

Match.com, OKCupid, Plenty of Fish, and Tinder, regardless of whether such individual or individuals paid for those accounts or not.

      H.    "**Document**" means the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, taped, recorded, filmed, punched, computer-stored, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, or label. "Document" shall also include Electronically Stored Information.

      I.    "**each**" shall be construed to include "every," and "**every**" shall be construed to include "each."

      J.    "**Guarantee Extension**" means any free or additional subscriptions, services, or access to Match.com provided to a Customer under the terms of any guarantee.

      K.    "**Identify**" or "**the identity of**" shall be construed, (a) when used in connection with identification of a natural Person, to require identification of the person's name, contact phone number(s), email address, and zip code, (b) when used in connection with businesses or other organization, to require identification of name, address, telephone number, email address, and identities of natural Persons who are officers, directors or managers of the business or organization, and contact Persons, where applicable; and (c) with respect to any document produced in connection with the 2017 CID or in response to discovery requests in this lawsuit, to require that You state the Bates number and production date associated with such document.

PLAINTIFF FTC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 007

L.      "**Match Group, LLC**" means Match Group, LLC and includes operations under assumed names, prior names, and predecessor entities, including Match.com, LLC.

M.      "**Match Guarantee**" means any Company offer to provide free subscription services to Match.com for Customers who fulfill certain criteria during their subscription period.

N.      "**Match.com**" means the dating platform available at www.match.com.

O.      "**OKCupid**" means the dating platform marketed using the brand name "OKCupid" available at www.okcupid.com and on the Apple App Store or Google Play App Store.

P.      "**Person**" or "**Persons**" shall mean all natural persons, corporations, partnerships, or other business associations and all other legal entities, including all members, officers, predecessors, assigns, divisions, affiliates and subsidiaries.

Q.      "**Plenty of Fish**" means the dating platform marketed using the brand name "Plenty of Fish" available at www.pof.com or on the Apple App Store or Google Play app store.

R.      "**referring to**" or "**related to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recording, transcribing, recommending, concerning, or pertaining to, in whole or in part.

S.      "**Subscriber**" means any user who has had either a paid account or a "free trial" account on any website owned or operated by the Company.

T.      "**Tinder**" means the dating platform marketed using the brand name "Tinder" available at www.tinder.com or on the Apple App Store or Google Play app store.

PLAINTIFF FTC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. The Company's certificate of incorporation, bylaws, rules, regulations, procedures, and any amendments to them.

2. All minutes (including attachments) of meetings of the Company's Board of Directors and all materials submitted to the Board.

3. All materially different versions of the Company's organizational charts and personnel directories.

4. Documents sufficient to show all relationships that have existed between Match Group, Inc. and any other corporate entity, including Match Group, Inc.'s subsidiaries, entities with an ownership interest the Company, and any other entity You claim has operated match.com.

5. Documents sufficient to show all corporate officers of:

   a. Match Group, Inc.;

   b. Any corporate subsidiary of Match Group, Inc.;

   c. Any corporation that has had an ownership interest in Match Group, Inc.;

   d. Any other entity You claim has operated match.com;

   e. Any other entity You contend has operated Tinder;

   f. Any other entity You contend has operated OKCupid;

   g. Any other entity You contend has operated Plenty of Fish.

6. Documents sufficient to identify all current and former employees of Match Group, Inc. whose responsibilities include or relate to:

   a. advertising or marketing;

   b. customer service;

    c.  corporate governance or operations;

    d.  general management;

    e.  research and development;

    f.  legal compliance;

    g.  accounting or finance;

    h.  cancellation of subscriptions;

    i.  the Match Guarantee; and

    j.  policies and practices related to chargebacks.

7.  Documents sufficient to identify all current and former Match executives.

8.  Documents sufficient to show all transfers of money between Match Group, Inc., and any corporate subsidiary or owner or any other entity You claim has operated match.com, OKCupid, Plenty of Fish, and Tinder.

9.  All Documents You contend tend to show that Match Group, Inc., is not liable for the violations alleged in the Complaint filed in this case, including documents supporting the claim that another entity has operated match.com, OKCupid, Plenty of Fish, and Tinder.

10.  All Documents You contend tend to show that Match Group LLC operates or has operated Match.com, OKCupid, Plenty of Fish, and Tinder.

11.  All Documents You contend tend to show that Match Group Inc. does not or has not operated Match.com, OKCupid, Plenty of Fish, and Tinder.

12.  Documents sufficient to show the Company's quarterly and annual gross and net revenue, including profit and loss statements and accounting documents for Match.com, OKCupid, Plenty of Fish, and Tinder.

13. Documents showing the Company's projections of its gross and net revenue, including Documents provided to prospective investors.

14. Documents sufficient to show quarterly and annual revenue from:

    a.   Subscriptions to Match.com;

    b.   Subscriptions to OKCupid;

    c.   Subscriptions to Plenty of Fish;

    d.   Subscriptions to Tinder;

    e.   Subscriptions to Match.com that included or was subject to a Match Guarantee;

    f.   Payments from accounts on Match.com that had been automatically renewed; and

    g.   Payments from Subscribers who had clicked on the "retention offer" or "Cancel Subscription" hyperlinks described in Paragraph 55 of the Complaint filed in this case.

15. Each unique version of all Ads related to a Match Guarantee.

16. Each unique version of all Ads related to cancellation of a Match.com, OkCupid, Plenty of Fish, or Tinder subscription, including Ads related to the ease or availability of cancellation.

17. Documents sufficient to show each unique disclosure You contend disclosed policies concerning terminating subscriptions in response to a Customer Chargeback.

18. Representative copies of all visual content shown to Customers during the process of purchasing or signing up for a paid subscription.

PLAINTIFF FTC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

19. Representative copies of all visual content that Match has shown to Customers concerning the Match Guarantee, including concerning:

    a.  Advertisements relating to Subscriptions subject to the Match Guarantee;

    b.  Customer "progress" with regard to the Match Guarantee; and

    c.  Redeeming a Match Guarantee or receiving a Guarantee Extension.

20. Representative copies of all visual content that Customers have had to view to cancel their subscriptions.

21. Representative copies of all visual content that the Company has shown to Customers concerning the available means of cancelling their subscriptions.

22. All documents related to any change or contemplated change to any means of subscription cancellation available to Customers.

23. All documents related to account takeovers.

24. All documents related to software flaws that prevented Customers from:

    a.  logging into their accounts;

    b.  using their accounts; or

    c.  canceling their accounts.

25. All communications relating to:

    a.  Match Guarantees;

    b.  Cancellation of paid subscriptions by Customers;

    c.  Customer Chargebacks;

    d.  Denial of Customers' access to accounts in response to chargebacks;

    e.  The marketing or advertising of Tinder Gold or Tinder Boost; and

    f.   The marketing or advertising of Incognito Mode, OKCupid Premium, or Profile Boosts on OKCupid.

26. All Documents related to how consumers or Customers view, read, react to, understand, or have been influenced by Ads relating to Match Guarantees; chargeback policies; Ads relating to subscription renewal or cancellation; or the means of subscription renewal or cancellation, including documents relating to copy tests, A/B testing, click-through data, consumer or Customer surveys, usability tests, and focus groups.

27. All Documents, including internal and third-party studies or audits, relating to Customers' efforts to cancel their subscriptions to Match.com, Tinder, or OKCupid.

28. All Documents relating to the policies and practices of the Company, Match.com, Tinder, or OKCupid regarding the following:

    a.   Match Guarantees;

    b.   account cancellation;

    c.   Availability of customer support services;

    d.   availability of refunds;

    e.   Customer Chargebacks;

    f.   Customer access to accounts; and

    g.   compliance with consumer protection laws, including the FTC Act and the Restore Online Shoppers' Confidence Act.

29. All Documents relating to any internal or external review concerning compliance by the Company with consumer protection laws, including the FTC Act and the Restore Online Shoppers' Confidence Act.

30. All Documents relating to Customer complaints.

31. All communications with Customers relating to the Match Guarantee or the Company's chargeback or cancellation policies or practices.

32. All documents relating to any lawsuit alleging that the operators of Match.com, Tinder, Plenty of Fish, or OKCupid have engaged in fraud or violated any federal, state, or foreign consumer protection laws.

33. All versions of customer service telephone scripts, chat scripts or prepared responses, customer support manuals, employee manuals, and other training materials.

34. All Documents referring to or relating to:

    a. The Federal Trade Commission;

    b. The FTC Act;

    c. The Restore Online Shoppers' Confidence Act;

    d. Unfair, deceptive, or abusive acts or practices or "UDAAP" or "UDAP";

    e. The Department of Justice; and

    f. The lawfulness or unlawfulness of any practices related to Match Guarantees, Customer chargebacks, or the cancellation of subscriptions.

35. All Documents that support, contradict, refute, or rebut any affirmative defense You have asserted in Your Answer.

36. All Documents You referred to in the course of responding to any Request for Admission, Request for Production, or Interrogatory served by the Federal Trade Commission in this case.

37. All Documents considered or relied upon by any witness you disclose under Fed. R. Civ. P. 26(a)(2).

PLAINTIFF FTC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

Dated: June 3, 2022

/s/ M. Hasan Aijaz
REID A. TEPFER
M. HASAN AIJAZ
MATTHEW WILSHIRE
SARAH ZUCKERMAN
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
California Bar No. 224328 (Wilshire)
New York Bar No. 5603832 (Zuckerman)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9362 (Wilshire)
T: (214) 979-9376 (Zuckerman)
Email: rtepfer@ftc.gov; maijaz@ftc.gov;
mwilshire@ftc.gov; szuckerman@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

I, M. Hasan Aijaz, certify that on June 3, 2022, I caused the foregoing Plaintiff's First

Request for Production of Documents to be served on counsel of record by email.


By: /s/ M. Hasan Aijaz



**CT Corporation**
**Service of Process Notification**
09/16/2022
CT Log Number 542319701

## Service of Process Transmittal Summary

**TO:**       Laurie Braddock
              Match
              8750 N CENTRAL EXPY
              DALLAS, TX 75231-6436

**RE:**       **Process Served in Delaware**

**FOR:**      Hinge, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FEDERAL TRADE COMMISSION vs. MATCH GROUP, INC. |
| **CASE #:** | 319CV02281K |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/16/2022 at 12:33 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Laurie Braddock laurie.braddock@match.com |
| | Email Notification, Norma Rivera norma.rivera@match.com |
| | Email Notification, Jeanette Teckman jeanette.teckman@match.com |
| | Email Notification, Nathan Lyons nathan.lyons@match.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company |
| | 1209 Orange Street |
| | Wilmington, DE 19801 |
| | 866-401-8252 |
| | EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**APP 017**



# PROCESS SERVER DELIVERY DETAILS

**Date:**                         Fri, Sep 16, 2022
**Server Name:**                  Blue Marble

| Entity Served | HINGE, INC. |
|---|---|
| Case Number | 3:19-cv-02281-K |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |



AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:19-cv-02281-K |
| MATCH GROUP, INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                            Hinge, Inc.
c/o The Corporation Trust Co., Corporation Trust Center, 1209 Orange St., Wilmington, DC 19801
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A," attached

| Place: Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, TX 75201 | Date and Time:<br><br>10/01/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/15/2022

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Reid Tepfer |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
Federal Trade Commission                                                     , who issues or requests this subpoena, are:

Reid Tepfer, Federal Trade Commission, 1999 Bryan Street, Suite 2150, Dallas TX 75201, rtepfer@ftc.gov, (214) 979-9395

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**APP 019**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:19-cv-02281-K

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**Subpoena to Hinge, Inc.**
**In Case No. 3:19-cv-02281-K (N.D. Tex.)**

**INSTRUCTIONS**

    **1.**    **Definitions and Instructions:**  Please review carefully the Definitions and Instructions that provided herein, which provide important information regarding compliance with this Subpoena.

    **2.**    **Scope of Search:**  This Subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

    **3.**    **Document Identification:**  Documents that may be responsive to more than one specification of this Subpoena need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive.  If any documents responsive to this Subpoena have been previously supplied to the Commission, you may comply with this Subpoena by identifying the document(s) previously provided and the date of submission.  Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came.  In addition, number by page (or file, for those documents produced in native electronic format) all documents in your submission, preferably with a unique Bates identifier, and indicate the total number of documents in your submission.

    **4.**    **Production of Copies:**  Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this Subpoena.  Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request.  Copies of marketing materials and advertisements shall be produced

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND
INFORMATION TO HINGE, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

in color, and copies of other materials shall be produced in color if necessary to interpret them or render them intelligible.

5.      **Electronically Stored Information**:  For specifications requesting production of Documents, see the attached FTC Bureau of Consumer Protection Production Requirements ("Production Requirements"), which detail all requirements for the production of electronically stored information to the FTC.  You must discuss issues relating to the production of electronically stored information with FTC staff **prior to** production.

6.      **Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI")**:  For specifications requesting production of Documents or answers to written interrogatories, if any responsive materials contain Sensitive PII or SHI, please contact FTC counsel before producing those materials to discuss whether there are steps You can take to minimize the amount of Sensitive PII or SHI You produce, and how to securely transmit such information to the FTC.

Sensitive PII includes an individual's Social Security number; an individual's biometric data; and an individual's name, address, or phone number in combination with one or more of the following:  date of birth, driver's license or state identification number (or foreign country equivalent), military identification number, passport number, financial account number, credit card number, or debit card number.  Biometric data includes biometric identifiers, such as fingerprints or retina scans, but does not include photographs (with the exception of photographs and corresponding analyses used or maintained in connection with facial recognition software) or voice recordings and signatures (with the exception of those stored in a database and used to verify a person's identity).  SHI includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HINGE, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 023

## DEFINITIONS

The following definitions apply to this Subpoena:

D-1.   **"Hinge"** means the dating platform marketed using the brand name "Hinge," available at Hinge.co, on the Apple App Store, or Google Play app store. The term shall include any descriptor used by Hinge in its business practices.

D-2.   **"Company"** or **"You"** means the entity responsible for Hinge's operation and all directors, officers, employees, agents, consultants and other persons working for or on behalf of the foregoing.

D-3.   **"Chargeback"** means a transaction that is returned as a financial liability to an acquirer by a card issuer, usually because of a disputed transaction. The acquirer may then return or "charge back" the transaction to the merchant.

D-4.   **"Customer"** or **"Customers"** means any individual or individuals who have maintained an account on Hinge, regardless of whether such individual or individuals paid for those accounts or not.

D-5.   **"Document"** means the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, taped, recorded, filmed, punched, computer-stored, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, or label. "Document" shall also include Electronically Stored Information

D-6.   **"Identify"** or **"the Identity of"** requires identification of (a) natural persons by name, title, present business affiliation, present business address, telephone number, and email address or, if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, and the identities of Your contact persons at the business or organization.

D-7.   **"Advertisement"** or **"Advertising"** or **"Ad"** means any written or verbal statement, illustration, or depiction that promotes the sale of a good or service or is designed to increase consumer interest in a brand, good, or service.  Advertising media includes, but is not limited to:  packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HINGE, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

3

D-8.    "**Match Group, Inc.**" means Match Group, Inc, a Delaware corporation and party to this litigation.

D-9.    "**Match Group, LLC**" means Match Group, LLC and includes operations under assumed names, prior names, and predecessor entities, including Match.com, LLC.

D-10.   **Subscriber**" means any user who has had either a paid account or a "free trial" account on any website owned or operated by Hinge, Inc.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HINGE, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

4

## DEMAND FOR PRODUCTION

1. The Company's certificate of incorporation, bylaws, rules, regulations, procedures, and any amendments to them.

2. All minutes (including attachments) of meetings of the Company's Board of Directors and all materials submitted to the Board.

3. All materially different versions of the Company's organizational charts and personnel directories.

4. Documents sufficient to show all relationships that have existed between the Company and any other corporate entity, including Match Group, LLC, Match Group, Inc., its subsidiaries, entities with an ownership interest the Company, and any other entity that has operated Hinge.

5. Documents sufficient to show all corporate officers of the Company.

6. Documents sufficient to identify all current and former employees of the Company whose responsibilities include or relate to:
    a. advertising or marketing;
    b. customer service;
    c. corporate governance or operations;
    d. general management;
    e. research and development;
    f. legal compliance;
    g. accounting or finance;
    h. cancellation of subscriptions;
    i. any Guarantee; and
    j. policies and practices related to chargebacks.

7. Documents sufficient to show all transfers of money between the Company and Match Group, Inc., Match Group, LLC, or any corporate subsidiary or owner of any entity that has ever operated Hinge.

8. All Documents that tend to show that Match Group LLC operates or has operated Hinge.

9. All Documents that tend to show that Match Group LLC operates or has operated the Company.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HINGE, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 026

10. All Documents that tend to show that Match Group LLC operates or has operated Hinge, Inc.

11. All Documents that tend to show that Match Group Inc. does not or has not operated Hinge, the Company, or Hinge, Inc.

12. Documents sufficient to show the Company's quarterly and annual gross and net revenue, including profit and loss statements and accounting documents.

13. Documents showing the Company's projections of its gross and net revenue, including Documents provided to prospective investors.

14. Documents sufficient to show quarterly and annual revenue from:
    a. Subscriptions to Hinge;
    b. Subscriptions to Hinge that included or were subject to a Guarantee; and
    c. Payments from accounts on Hinge that had been automatically renewed.

15. Each unique version of all Ads related to any Guarantee.

16. Each unique version of all Ads related to cancellation of a Hinge subscription, including Ads related to the ease or availability of cancellation.

17. Documents sufficient to show each unique disclosure of policies concerning terminating subscriptions in response to a Customer Chargeback.

18. Representative copies of all visual content shown to Customers during the process of purchasing or signing up for a paid subscription.

19. Representative copies of all visual content that Hinge or the Company has shown to Customers concerning any Guarantee, including concerning:
    a. Advertisements relating to Subscriptions subject to any Guarantee;
    b. Customer "progress" with regard to the any Guarantee; and
    c. Redeeming a Guarantee or receiving a Guarantee Extension.

20. Representative copies of all visual content, including website pages and mobile application screens, that Customers have had to view to cancel their subscriptions.

21. Representative copies of all visual content, including website pages and mobile application screens, that the Company has shown to Customers concerning the available means of cancelling their subscriptions.

22. All documents related to any change or contemplated change to any means of subscription cancellation available to Customers.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HINGE, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

23. All documents related to account takeovers.

24. All documents related to software flaws that prevented Customers from:
    a. logging into their accounts;
    b. using their accounts;
    c. resetting their password; or
    d. canceling their accounts.

25. All communications relating to:
    a. Guarantees;
    b. Cancellation of paid subscriptions by Customers;
    c. Customer Chargebacks; and
    d. Denial of Customers' access to accounts in response to chargebacks.

26. All Documents related to how consumers or Customers view, read, react to, understand, or have been influenced by Ads relating to Guarantees; Chargeback policies; Ads relating to subscription renewal or cancellation or the means of subscription renewal or cancellation, including documents relating to copy tests, A/B testing, click-through data, consumer or Customer surveys, usability tests, and focus groups.

27. All Documents, including internal and third-party studies or audits, relating to Customers' efforts to cancel their subscriptions to Hinge.

28. All Documents that show how many Customers attempt to cancel their Hinge subscription and are successful or unsuccessful in doing so.

29. All Documents that show what percentage of Customers attempt to cancel their Hinge subscription are unsuccessful in doing so.

30. All Documents relating to the policies and practices of the Company regarding the following:
    a. any Guarantees;
    b. account cancellation;
    c. Availability of customer support services;
    d. availability of refunds;
    e. Customer Chargebacks;
    f. Customer access to accounts; and
    g. compliance with consumer protection laws, including the FTC Act and the Restore Online Shoppers' Confidence Act.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HINGE, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

7

31. All Documents relating to any internal or external review concerning compliance by the Company with consumer protection laws, including the FTC Act and the Restore Online Shoppers' Confidence Act.

32. All Documents relating to Customer complaints.

33. All communications with Customers relating to any Guarantee or the Company's chargeback or cancellation policies or practices.

34. All documents relating to any lawsuit alleging that the operators of Hinge have engaged in fraud or violated any federal, state, or foreign consumer protection laws.

35. All versions of customer service telephone scripts, chat scripts or prepared responses, customer support manuals, employee manuals, and other training materials.

36. All Documents referring to or relating to:
   a. The Federal Trade Commission;
   b. The FTC Act;
   c. The Restore Online Shoppers' Confidence Act;
   d. Unfair, deceptive, or abusive acts or practices or "UDAAP" or "UDAP";
   e. The Department of Justice; and
   f. The lawfulness or unlawfulness of any practices related to any Guarantee.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HINGE, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 029

**Federal Trade Commission - Bureau of Consumer Protection**
**Production Requirements**
Revised July 2020

In producing information to the FTC, comply with the following requirements, unless the FTC agrees otherwise. If you have questions about these requirements, please contact FTC counsel before production.

**Production Format**

1. **General Format**: Provide load-ready electronic productions with:

   a. A delimited data load file (.DAT) containing a line for every document, unique id number for every document (DocID), metadata fields, and native file links where applicable; and

   b. A document level text file, named for the DocID, containing the text of each produced document.

   Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, provide an Opticon image load file (.OPT) containing a line for every image file.

2. **Electronically Stored Information (ESI)**: Documents stored in electronic format in the ordinary course of business must be produced in the following format:

   a. For ESI other than the categories below, submit in native format with all metadata and either document level extracted text or Optical Character Recognition (OCR). Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, they should be converted to Group IV, 300 DPI, single-page TIFF (or color JPEG images when necessary to interpret the contents or render them intelligible.)

   b. For Microsoft Excel, Access, or PowerPoint files, submit in native format with extracted text and metadata. Data compilations in Excel spreadsheets or delimited text formats must contain all underlying data, formulas, and algorithms without redaction.

   c. For other spreadsheet, database, presentation, or multimedia formats; instant messages; or proprietary applications, discuss the production format with FTC counsel.

3. **Hard Copy Documents**: Documents stored in hard copy in the ordinary course of business must be scanned and submitted as either one multi-page pdf per document or as 300 DPI single page TIFFs (or color JPEGs when necessary to interpret the contents or render them intelligible), with corresponding document-level OCR text and logical document determination in an accompanying load file.

4. **Document Identification**: Provide a unique DocID for each hard copy or electronic document, consisting of a prefix and a consistent number of numerals using leading zeros. Do not use a space to separate the prefix from numbers.

APP 030

5. **Attachments**: Preserve the parent/child relationship by producing attachments as separate documents, numbering them consecutively to the parent email, and including a reference to all attachments.

6. **Metadata Production**: For each document submitted electronically, include the standard metadata fields listed below in a standard delimited data load file. The first line of the data load file shall include the field names. <u>Submit date and time data in separate fields</u>. Use these standard Concordance delimiters in delimited data load files:

| Description | Symbol | ASCII Character |
|---|---|---|
| Field Separator | ¶ | 20 |
| Quote Character | þ | 254 |
| Multi Entry delimiter | ® | 174 |
| <Return> Value in data | ~ | 126 |

7. **De-duplication**: Do not use de-duplication or email threading software without FTC approval.

8. **Password-Protected Files**: Remove passwords prior to production. If password removal is not possible, provide the original and production filenames and the passwords, under separate cover.

## Producing Data to the FTC

1. Prior to production, scan all data and media for viruses and confirm they are virus-free.

2. For productions smaller than 50 GB, submit data electronically using the FTC's secure file transfer protocol. Contact FTC counsel for instructions. **The FTC cannot accept files via Dropbox, Google Drive, OneDrive, or other third-party file transfer sites**.

3. If you submit data using physical media:

   a. Use only CDs, DVDs, flash drives, or hard drives. Format the media for use with Windows 7;

   b. Use data encryption to protect any Sensitive Personally Identifiable Information or Sensitive Health Information (as defined in the instructions), and provide passwords in advance of delivery, under separate cover; and

   c. Use a courier service (e.g., Federal Express, UPS) because heightened security measures delay postal delivery.

4. Provide a transmittal letter with each production that includes:

   a. Production volume name (e.g., Volume 1) and date of production;

   b. Numeric DocID range of all documents in the production, and any gaps in the DocID range; and

   c. List of custodians and the DocID range for each custodian.

**Standard Metadata Fields**

| DAT FILE FIELDS | DEFINITIONS | POPULATE FIELD FOR: |
|---|---|---|
| DocID | Unique ID number for each document | All Documents |
| FamilyID | Unique ID for all documents in a family including parent and all child documents | All Documents |
| ParentID | Document ID of the parent document. This field will only be populated on child items | All Documents |
| File Path | Path to produced native file | All Documents |
| TextPath | Path to document level text or OCR file | All Documents |
| Custodian | Name of the record owner/holder | All Documents |
| AllCustodians | Names of all custodians that had copy of this record (populate if data was deduplicated or email threading was used) | All Documents |
| Source | Source of documents: CID, Subpoena, Third Party Data, etc. | All Documents |
| Filename | Original file name | All Documents |
| File Size | Size of documents | All Documents |
| File Extensions | Extension of file type | All Documents |
| MD5 Hash | Unique identifier for electronic data used in de-duplication | All Documents |
| PRODUCTION_VOLUME | Production Volume | All Documents |
| HASREDACTIONS | Redacted document | All Documents |
| Exception Reason | Reason for exception encountered during processing (e.g., empty file, source file, password-protected file, virus) | All Documents |
| PRODBEG | Beginning production bates number | Documents with Produced Images |
| PRODEND | Ending production bates number | Documents with Produced Images |
| PRODBEG_ATTACH | Beginning production family bates number | Documents with Produced Images |
| PRODEND_ATTACH | Ending production family bates number | Documents with Produced Images |
| Page Count | The number of pages the document contains | Documents with Produced Images |
| From | Names retrieved from the FROM field in a message | Emails |
| To | Names retrieved from the TO field in a message; the recipient(s) | Emails |
| CC | Names retrieved from the CC field in a message; the copied recipient(s) | Emails |
| BCC | Names retrieved from the BCC field in a message; the blind copied recipient(s) | Emails |
| EmailSubject | Email subject line | Emails |
| Date Sent | The date an email message was sent | Emails |
| Time Sent | The time an email message was sent | Emails |
| Date Received | The date an email message was received | Emails |
| Time Received | The time an email message was received | Emails |
| Author | File Author | Loose Native Files and Email Attachments |
| Title | File Title | Loose Native Files and Email Attachments |
| Subject | File Subject | Loose Native Files and Email Attachments |
| Date Created | Date a document was created by the file system | Loose Native Files and Email Attachments |
| Time Created | Time a document was created by the file system | Loose Native Files and Email Attachments |
| Date Modified | Last date a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Time Modified | Last time a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Date Printed | Last date a document was printed and recorded by the file system | Loose Native Files and Email Attachments |
| Time Printed | Last time a document was printed and recorded by the file system | Loose Native Files and Email Attachments |

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**    Laurie Braddock
          Match
          8750 N CENTRAL EXPY
          DALLAS, TX 75231-6436

**RE:**    **Process Served in New York**

**FOR:**   Humor Rainbow, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FEDERAL TRADE COMMISSION vs. MATCH GROUP, INC., |
| **CASE #:** | 319CV02281K |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/16/2022 at 10:22 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Laurie Braddock  laurie.braddock@match.com |
| | Email Notification,  Norma Rivera  norma.rivera@match.com |
| | Email Notification,  Jeanette Teckman  jeanette.teckman@match.com |
| | Email Notification,  Nathan Lyons  nathan.lyons@match.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 28 Liberty Street |
| | New York, NY 10005 |
| | 866-401-8252 |
| | EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**APP 033**



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                  Fri, Sep 16, 2022
**Server Name:**                           Brett bgolub

| Entity Served | HUMOR RAINBOW, INC. |
|---|---|
| Case Number | 319CV02281K |
| Jurisdiction | NY |

| Inserts | | |
|---|---|---|
|  |  |  |



AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:19-cv-02281-K |
| MATCH GROUP, INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Humor Rainbow, Inc.
                  c/o C T Corporation System, 28 Liberty St., New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A," attached

| Place: Federal Trade Commission<br>        1999 Bryan Street, Suite 2150<br>        Dallas, TX 75201 | Date and Time:<br><br>        10/01/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        09/15/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Reid Tepfer |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiff
Federal Trade Commission                                         , who issues or requests this subpoena, are:

Reid Tepfer, Federal Trade Commission, 1999 Bryan Street, Suite 2150, Dallas TX 75201, rtepfer@ftc.gov, (214) 979-9395

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-02281-K

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**Subpoena to Humor Rainbow, Inc.**
**In Case No. 3:19-cv-02281-K (N.D. Tex.)**

## INSTRUCTIONS

**1.** **Definitions and Instructions:** Please review carefully the Definitions and Instructions that provided herein, which provide important information regarding compliance with this Subpoena.

**2.** **Scope of Search:** This Subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

**3.** **Document Identification:** Documents that may be responsive to more than one specification of this Subpoena need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this Subpoena have been previously supplied to the Commission, you may comply with this Subpoena by identifying the document(s) previously provided and the date of submission. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came. In addition, number by page (or file, for those documents produced in native electronic format) all documents in your submission, preferably with a unique Bates identifier, and indicate the total number of documents in your submission.

**4.** **Production of Copies:** Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this Subpoena. Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request. Copies of marketing materials and advertisements shall be produced

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HUMOR RAINBOW, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

1

in color, and copies of other materials shall be produced in color if necessary to interpret them or render them intelligible.

5.     **Electronically Stored Information**:  For specifications requesting production of Documents, see the attached FTC Bureau of Consumer Protection Production Requirements ("Production Requirements"), which detail all requirements for the production of electronically stored information to the FTC.  You must discuss issues relating to the production of electronically stored information with FTC staff **prior to** production.

6.     **Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI")**:  For specifications requesting production of Documents or answers to written interrogatories, if any responsive materials contain Sensitive PII or SHI, please contact FTC counsel before producing those materials to discuss whether there are steps You can take to minimize the amount of Sensitive PII or SHI You produce, and how to securely transmit such information to the FTC.

Sensitive PII includes an individual's Social Security number; an individual's biometric data; and an individual's name, address, or phone number in combination with one or more of the following:  date of birth, driver's license or state identification number (or foreign country equivalent), military identification number, passport number, financial account number, credit card number, or debit card number.  Biometric data includes biometric identifiers, such as fingerprints or retina scans, but does not include photographs (with the exception of photographs and corresponding analyses used or maintained in connection with facial recognition software) or voice recordings and signatures (with the exception of those stored in a database and used to verify a person's identity).  SHI includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HUMOR RAINBOW, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 039

## DEFINITIONS

The following definitions apply to this Subpoena:

D-1. **"OKCupid"** means the dating platform marketed using the brand name "OKCupid," available at OKCupid.com, on the Apple App Store, or Google Play app store. The term shall include any descriptor used by OKCupid in its business practices.

D-2. **"Company"** or **"You"** means the entity responsible for OKCupid's operation and all directors, officers, employees, agents, consultants and other persons working for or on behalf of the foregoing.

D-3. **"Chargeback"** means a transaction that is returned as a financial liability to an acquirer by a card issuer, usually because of a disputed transaction. The acquirer may then return or "charge back" the transaction to the merchant.

D-4. **"Customer"** or **"Customers"** means any individual or individuals who have maintained an account on OKCupid, regardless of whether such individual or individuals paid for those accounts or not.

D-5. **"Document"** means the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, taped, recorded, filmed, punched, computer-stored, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, or label. "Document" shall also include Electronically Stored Information

D-6. **"Identify"** or **"the Identity of"** requires identification of (a) natural persons by name, title, present business affiliation, present business address, telephone number, and email address or, if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, and the identities of Your contact persons at the business or organization.

D-7. **"Advertisement"** or **"Advertising"** or **"Ad"** means any written or verbal statement, illustration, or depiction that promotes the sale of a good or service or is designed to increase consumer interest in a brand, good, or service. Advertising media includes, but is not limited to: packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HUMOR RAINBOW, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 040

D-8.   "**Match Group, Inc.**" means Match Group, Inc, a Delaware corporation and party to this litigation.

D-9.   "**Match Group, LLC**" means Match Group, LLC and includes operations under assumed names, prior names, and predecessor entities, including Match.com, LLC.

D-10.  **Subscriber**" means any user who has had either a paid account or a "free trial" account on any website owned or operated by Humor Rainbow, Inc.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HUMOR RAINBOW, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 041

## DEMAND FOR PRODUCTION

1.  The Company's certificate of incorporation, bylaws, rules, regulations, procedures, and any amendments to them.

2.  All minutes (including attachments) of meetings of the Company's Board of Directors and all materials submitted to the Board.

3.  All materially different versions of the Company's organizational charts and personnel directories.

4.  Documents sufficient to show all relationships that have existed between the Company and any other corporate entity, including Match Group, LLC, Match Group, Inc., its subsidiaries, entities with an ownership interest the Company, and any other entity that has operated OKCupid.

5.  Documents sufficient to show all corporate officers of the Company.

6.  Documents sufficient to identify all current and former employees of the Company whose responsibilities include or relate to:
    a.  advertising or marketing;
    b.  customer service;
    c.  corporate governance or operations;
    d.  general management;
    e.  research and development;
    f.  legal compliance;
    g.  accounting or finance;
    h.  cancellation of subscriptions;
    i.  any Guarantee; and
    j.  policies and practices related to chargebacks.

7.  Documents sufficient to show all transfers of money between the Company and Match Group, Inc., Match Group, LLC, or any corporate subsidiary or owner of any entity that has ever operated OKCupid.

8.  All Documents that tend to show that Match Group LLC operates or has operated OKCupid.

9.  All Documents that tend to show that Match Group LLC operates or has operated the Company.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HUMOR RAINBOW, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 042

10. All Documents that tend to show that Match Group LLC operates or has operated the Humor Rainbow, Inc.

11. All Documents that tend to show that Match Group Inc. does not or has not operated OKCupid, the Company, or Humor Rainbow, Inc.

12. Documents sufficient to show the Company's quarterly and annual gross and net revenue, including profit and loss statements and accounting documents.

13. Documents showing the Company's projections of its gross and net revenue, including Documents provided to prospective investors.

14. Documents sufficient to show quarterly and annual revenue from:
    a. Subscriptions to OKCupid;
    b. Subscriptions to OKCupid that included or were subject to a Guarantee; and
    c. Payments from accounts on OKCupid that had been automatically renewed.

15. Each unique version of all Ads related to any Guarantee.

16. Each unique version of all Ads related to cancellation of a OKCupid subscription, including Ads related to the ease or availability of cancellation.

17. Documents sufficient to show each unique disclosure of policies concerning terminating subscriptions in response to a Customer Chargeback.

18. Representative copies of all visual content shown to Customers during the process of purchasing or signing up for a paid subscription.

19. Representative copies of all visual content that OKCupid or the Company has shown to Customers concerning any Guarantee, including concerning:
    a. Advertisements relating to Subscriptions subject to any Guarantee;
    b. Customer "progress" with regard to the any Guarantee; and
    c. Redeeming a Guarantee or receiving a Guarantee Extension.

20. Representative copies of all visual content, including website pages and mobile application screens, that Customers have had to view to cancel their subscriptions.

21. Representative copies of all visual content, including website pages and mobile application screens, that the Company has shown to Customers concerning the available means of cancelling their subscriptions.

22. All documents related to any change or contemplated change to any means of subscription cancellation available to Customers.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HUMOR RAINBOW, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

6

23. All documents related to account takeovers.

24. All documents related to software flaws that prevented Customers from:
    a. logging into their accounts;
    b. using their accounts;
    c. resetting their password; or
    d. canceling their accounts.

25. All communications relating to:
    a. Guarantees;
    b. Cancellation of paid subscriptions by Customers;
    c. Customer Chargebacks;
    d. Denial of Customers' access to accounts in response to chargebacks; and
    e. The marketing or advertising of Incognito Mode, OKCupid Premium, or Profile Boosts on OKCupid.

26. All Documents related to how consumers or Customers view, read, react to, understand, or have been influenced by Ads relating to Guarantees; Chargeback policies; Ads relating to subscription renewal or cancellation or the means of subscription renewal or cancellation, including documents relating to copy tests, A/B testing, click-through data, consumer or Customer surveys, usability tests, and focus groups.

27. All Documents, including internal and third-party studies or audits, relating to Customers' efforts to cancel their subscriptions to OKCupid.

28. All Documents that show how many Customers attempt to cancel their OKCupid subscription and are successful or unsuccessful in doing so.

29. All Documents that show what percentage of Customers attempt to cancel their OKCupid subscription are unsuccessful in doing so.

30. All Documents relating to the policies and practices of the Company regarding the following:
    a. any Guarantees;
    b. account cancellation;
    c. Availability of customer support services;
    d. availability of refunds;
    e. Customer Chargebacks;
    f. Customer access to accounts; and
    g. compliance with consumer protection laws, including the FTC Act and the Restore Online Shoppers' Confidence Act.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HUMOR RAINBOW, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

APP 044

31. All Documents relating to any internal or external review concerning compliance by the Company with consumer protection laws, including the FTC Act and the Restore Online Shoppers' Confidence Act.

32. All Documents relating to Customer complaints.

33. All communications with Customers relating to any Guarantee or the Company's chargeback or cancellation policies or practices.

34. All documents relating to any lawsuit alleging that the operators of OKCupid have engaged in fraud or violated any federal, state, or foreign consumer protection laws.

35. All versions of customer service telephone scripts, chat scripts or prepared responses, customer support manuals, employee manuals, and other training materials.

36. All Documents referring to or relating to:
    a. The Federal Trade Commission;
    b. The FTC Act;
    c. The Restore Online Shoppers' Confidence Act;
    d. Unfair, deceptive, or abusive acts or practices or "UDAAP" or "UDAP";
    e. The Department of Justice; and
    f. The lawfulness or unlawfulness of any practices related to any Guarantee.

EXHIBIT A TO PLAINTIFF FTC'S SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION TO HUMOR RAINBOW, INC.

FTC v. Match Group, Inc., Case No. 3:19-cv-02281-K

**Federal Trade Commission – Bureau of Consumer Protection**
**Production Requirements**
Revised July 2020

In producing information to the FTC, comply with the following requirements, unless the FTC agrees otherwise. If you have questions about these requirements, please contact FTC counsel before production.

## Production Format

1. **General Format**: Provide load-ready electronic productions with:

   a. A delimited data load file (.DAT) containing a line for every document, unique id number for every document (DocID), metadata fields, and native file links where applicable; and

   b. A document level text file, named for the DocID, containing the text of each produced document.

   Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, provide an Opticon image load file (.OPT) containing a line for every image file.

2. **Electronically Stored Information (ESI)**: Documents stored in electronic format in the ordinary course of business must be produced in the following format:

   a. For ESI other than the categories below, submit in native format with all metadata and either document level extracted text or Optical Character Recognition (OCR). Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, they should be converted to Group IV, 300 DPI, single-page TIFF (or color JPEG images when necessary to interpret the contents or render them intelligible.)

   b. For Microsoft Excel, Access, or PowerPoint files, submit in native format with extracted text and metadata. Data compilations in Excel spreadsheets or delimited text formats must contain all underlying data, formulas, and algorithms without redaction.

   c. For other spreadsheet, database, presentation, or multimedia formats; instant messages; or proprietary applications, discuss the production format with FTC counsel.

3. **Hard Copy Documents**: Documents stored in hard copy in the ordinary course of business must be scanned and submitted as either one multi-page pdf per document or as 300 DPI single page TIFFs (or color JPEGs when necessary to interpret the contents or render them intelligible), with corresponding document-level OCR text and logical document determination in an accompanying load file.

4. **Document Identification**: Provide a unique DocID for each hard copy or electronic document, consisting of a prefix and a consistent number of numerals using leading zeros. Do not use a space to separate the prefix from numbers.

-A1-

5. **Attachments**: Preserve the parent/child relationship by producing attachments as separate documents, numbering them consecutively to the parent email, and including a reference to all attachments.

6. **Metadata Production**: For each document submitted electronically, include the standard metadata fields listed below in a standard delimited data load file. The first line of the data load file shall include the field names. <u>Submit date and time data in separate fields</u>. Use these standard Concordance delimiters in delimited data load files:

| Description | Symbol | ASCII Character |
|---|---|---|
| Field Separator | ¶ | 20 |
| Quote Character | þ | 254 |
| Multi Entry delimiter | ® | 174 |
| \<Return\> Value in data | ~ | 126 |

7. **De-duplication**: Do not use de-duplication or email threading software without FTC approval.

8. **Password-Protected Files**: Remove passwords prior to production. If password removal is not possible, provide the original and production filenames and the passwords, under separate cover.

## <u>Producing Data to the FTC</u>

1. Prior to production, scan all data and media for viruses and confirm they are virus-free.

2. For productions smaller than 50 GB, submit data electronically using the FTC's secure file transfer protocol. Contact FTC counsel for instructions. **The FTC cannot accept files via Dropbox, Google Drive, OneDrive, or other third-party file transfer sites**.

3. If you submit data using physical media:

    a. Use only CDs, DVDs, flash drives, or hard drives. Format the media for use with Windows 7;

    b. Use data encryption to protect any Sensitive Personally Identifiable Information or Sensitive Health Information (as defined in the instructions), and provide passwords in advance of delivery, under separate cover; and

    c. Use a courier service (e.g., Federal Express, UPS) because heightened security measures delay postal delivery.

4. Provide a transmittal letter with each production that includes:

    a. Production volume name (e.g., Volume 1) and date of production;

    b. Numeric DocID range of all documents in the production, and any gaps in the DocID range; and

    c. List of custodians and the DocID range for each custodian.

-A2-

APP 047

**Standard Metadata Fields**

| DAT FILE FIELDS | DEFINITIONS | POPULATE FIELD FOR: |
|---|---|---|
| DocID | Unique ID number for each document | All Documents |
| FamilyID | Unique ID for all documents in a family including parent and all child documents | All Documents |
| ParentID | Document ID of the parent document. This field will only be populated on child document | All Documents |
| File Path | Path to produced native file | All Documents |
| TextPath | Path to document level text or OCR file | All Documents |
| Custodian | Name of the record owner/holder | All Documents |
| AllCustodians | Names of all custodians that had copy of this record (populate if data was deduplicated or email threading was used) | All Documents |
| Source | Source of documents: CID, Subpoena, Third Party Data, etc. | All Documents |
| Filename | Original file name | All Documents |
| File Size | Size of documents | All Documents |
| File Extensions | Extension of file type | All Documents |
| MD5 Hash | Unique identifier for electronic data used in de-duplication | All Documents |
| PRODUCTION_VOLUME | Production Volume | All Documents |
| HASREDACTIONS | Redacted document | All Documents |
| Exception Reason | Reason for exception encountered during processing (e.g., empty file, source file, password-protected file, virus) | All Documents |
| PRODBEG | Beginning production bates number | Documents with Produced Images |
| PRODEND | Ending production bates number | Documents with Produced Images |
| PRODBEG_ATTACH | Beginning production family bates number | Documents with Produced Images |
| PRODEND_ATTACH | Ending production family bates number | Documents with Produced Images |
| Page Count | The number of pages the document contains | Documents with Produced Images |
| From | Names retrieved from the FROM field in a message | Emails |
| To | Names retrieved from the TO field in a message; the recipient(s) | Emails |
| CC | Names retrieved from the CC field in a message; the copied recipient(s) | Emails |
| BCC | Names retrieved from the BCC field in a message; the blind copied recipient(s) | Emails |
| EmailSubject | Email subject line | Emails |
| Date Sent | The date an email message was sent | Emails |
| Time Sent | The time an email message was sent | Emails |
| Date Received | The date an email message was received | Emails |
| Time Received | The time an email message was received | Emails |
| Author | File Author | Loose Native Files and Email Attachments |
| Title | File Title | Loose Native Files and Email Attachments |
| Subject | File Subject | Loose Native Files and Email Attachments |
| Date Created | Date a document was created by the file system | Loose Native Files and Email Attachments |
| Time Created | Time a document was created by the file system | Loose Native Files and Email Attachments |
| Date Modified | Last date a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Time Modified | Last time a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Date Printed | Last date a document was printed and recorded by the file system | Loose Native Files and Email Attachments |
| Time Printed | Last time a document was printed and recorded by the file system | Loose Native Files and Email Attachments |

| | |
|---|---|
| **From:** | Tepfer, Reid A. <rtepfer@ftc.gov> |
| **Sent:** | Thursday, September 29, 2022 12:48 PM |
| **To:** | Priest, Chelsea A. |
| **Cc:** | Hummel, Chad S.; Zambrano, Angela; Bragg, Tayler G.; Aijaz, Hasan; Hilliard, Erica; Moon, Jason C; O'Gorman, John; Zuckerman, Sarah |
| **Subject:** | Re: FTC v. Match Group, Inc. et al., No. 3:19-cv-02281-K (N.D. Tex.) |

**EXTERNAL EMAIL - Use caution with links and attachments.**

Chelsea,

We offered a reasonable path forward that would allow the parties to avoid unnecessary motion practice, and I hope you will reconsider. As to the length of the extension we offered, given our discovery schedule, defendants' refusal even to negotiate an extension of deadlines, and defendants' stonewalling and untimely or delinquent production in response to our discovery requests, we simply can't agree to provide Defendants another lengthy extension. We would of course reconsider this position if Defendants withdrew their opposition to the FTC's Motion for an Extension of Deadlines. If you decide to file your motion despite this offer, we would oppose.

Thanks,
Reid

Reid Tepfer
Federal Trade Commission
(202) 677-9483

**From:** Priest, Chelsea A. <cpriest@sidley.com>
**Sent:** Wednesday, September 28, 2022 1:30 PM
**To:** Tepfer, Reid A. <rtepfer@ftc.gov>; O'Gorman, John <jogorman@ftc.gov>; Zambrano, Angela <angela.zambrano@sidley.com>; Hummel, Chad S. <chummel@sidley.com>; Bragg, Tayler G. <tbragg@sidley.com>
**Cc:** Aijaz, Hasan <maijaz@ftc.gov>; Zuckerman, Sarah <szuckerman@ftc.gov>; Hilliard, Erica <ehilliard@ftc.gov>; Moon, Jason C <jmoon@ftc.gov>
**Subject:** RE: FTC v. Match Group, Inc. et al., No. 3:19-cv-02281-K (N.D. Tex.)

Reid,
The FTC's refusal to withdraw the subpoenas is unreasonable.  The FTC's demand that Hinge, Inc. and Humor Rainbow, Inc. somehow review and produce what may be tens or hundreds of thousands of documents (if Match Group, Inc.'s productions are any indication) within *five days* of a Court order is not workable.
Given that the FTC is not willing to discuss a realistic and workable proposal, Match Group, Inc. and Match Group, LLC intend to file a Motion for Protective Order related to the third-party subpoenas to Hinge and Humor Rainbow, based primarily on the arguments already made in MGI's portion of the joint submission on the FTC's Motion to Compel since the subpoenas are largely duplicative of requests already made to (and objected to by) MGI. We assume you are opposed, but please confirm.
Best,
Chelsea

**CHELSEA A. PRIEST**
Senior Managing Associate

**SIDLEY AUSTIN LLP**

+214 981 3476
cpriest@sidley.com

---

**From:** Tepfer, Reid A. <rtepfer@ftc.gov>
**Sent:** Tuesday, September 27, 2022 11:42 AM
**To:** Priest, Chelsea A. <cpriest@sidley.com>; O'Gorman, John <jogorman@ftc.gov>; Zambrano, Angela <angela.zambrano@sidley.com>; Hummel, Chad S. <chummel@sidley.com>; Bragg, Tayler G. <tbragg@sidley.com>
**Cc:** Aijaz, Hasan <maijaz@ftc.gov>; Zuckerman, Sarah <szuckerman@ftc.gov>; Hilliard, Erica <ehilliard@ftc.gov>; Moon, Jason C <jmoon@ftc.gov>
**Subject:** RE: FTC v. Match Group, Inc. et al., No. 3:19-cv-02281-K (N.D. Tex.)

Chelsea,

Thanks for your message. As a preliminary matter, could you confirm that you're representing Hinge, Inc. and Humor Rainbow, Inc. for purposes of the FTC's subpoenas?

I believe we will be able to reach an agreement to allow Hinge, Inc. and Humor Rainbow, Inc. to delay production until after the Court has ruled on the FTC's motion to compel. I want to be clear, however, that we are not withdrawing the subpoenas. I also want to clarify that if the Court rules that the information is otherwise relevant and appropriately subject to discovery but that the FTC did not satisfactorily establish that the requested documents/information is within Defendants' possession, custody, or control, we would expect Hinge, Inc. and Humor Rainbow, Inc. to produce pursuant to these subpoenas. Lastly, before we agree to allow Hinge, Inc. and Humor Rainbow, Inc. to delay production until the Court's ruling, I would like to discuss a timeline for production in the event that the Court's ruling supports the FTC's position that Hinge, Inc. and Humor Rainbow, Inc. should produce the requested documents. Given the expedited timeline in this case and Defendants' refusal to agree to any extension of deadlines, we can't allow significant delay in the production of these documents. Accordingly, we can agree to allow Hinge, Inc. and Humor Rainbow, Inc. five additional days after the Court's ruling to produce. Please let me know if this would be acceptable.

Thanks,
Reid

Reid Tepfer
Federal Trade Commission
(202) 677-9483

---

**From:** Priest, Chelsea A. <cpriest@sidley.com>
**Sent:** Monday, September 26, 2022 3:21 PM
**To:** O'Gorman, John <jogorman@ftc.gov>; Zambrano, Angela <angela.zambrano@sidley.com>; Hummel, Chad S. <chummel@sidley.com>; Bragg, Tayler G. <tbragg@sidley.com>
**Cc:** Tepfer, Reid A. <rtepfer@ftc.gov>; Aijaz, Hasan <maijaz@ftc.gov>; Zuckerman, Sarah <szuckerman@ftc.gov>; Hilliard, Erica <ehilliard@ftc.gov>; Moon, Jason C <jmoon@ftc.gov>
**Subject:** RE: FTC v. Match Group, Inc. et al., No. 3:19-cv-02281-K (N.D. Tex.)

Counsel,
We received notice of your subpoenas to third parties Hinge, Inc. and Humor Rainbow, Inc. As you know, Hinge, Inc. and Humor Rainbow, Inc., are subsidiaries of MGI, and the FTC seeks from Hinge and Humor Rainbow the same documents that the FTC first sought from MGI. As you also know, MGI's position is that those discovery requests are irrelevant, overly broad, and unduly burdensome, as they involve dating sites that are not at issue in this case (including dating sites owned and operated by Hinge and Humor Rainbow). Such overly broad and unduly burdensome requests are particularly inappropriate when made to third parties, such as Hinge and Humor Rainbow. We understand that the FTC has a different

position, and the parties are now litigating that disagreement about the appropriate scope of discovery in the context of the FTC's Motion to Compel.

Because this relevance/burden issue has already been teed up with the Court and MGI would like to avoid burdening the Court (and the parties) with duplicative and unnecessary motion practice, MGI proposes the following to streamline discovery and reduce the unnecessary expenditure of resources by all involved:

1.   If the Court denies the portion of the FTC's Motion to Compel regarding non-Match.com dating sites, the FTC will withdraw the subpoenas and not pursue discovery from Hinge and Humor Rainbow. The documents are no more relevant coming from Hinge and Humor Rainbow than they would be coming from MGI, so if the Court denies the FTC's request to get those documents from MGI, it certainly would deny a request to get them from third parties. Re-litigating that issue would be pointless and unnecessary.

2.   If the Court grants the portion of the FTC's Motion to Compel regarding non-Match.com dating sites, MGI will produce documents about the dating sites owned and operated by Hinge and Humor Rainbow, as stated in MGI's discovery responses (less any objections the Court overrules). This should moot the need for any subpoena to third parties Hinge and Humor Rainbow, as the FTC could obtain the same documents from a party to the case.

Essentially, the parties would agree that the production of documents related to non-Match.com dating sites rises or falls on the current Motion to Compel briefing. Thus, there is no need for the third-party subpoenas, and the FTC could (and should) withdraw them in light of this proposal. Doing so would avoid the need for objections to the third-party subpoenas and resulting motion practice that would essentially be duplicative of the issues already before the Court. We hope that the FTC will give this proposal serious consideration, as it results in getting the FTC whatever discovery the Court holds it is entitled to while minimizing the burden on the Court, the parties, and third parties.

Please let us know if you would like to set up a call to discuss, or if we can reach agreement on this issue.

Best,
Chelsea

**CHELSEA A. PRIEST**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+214 981 3476
cpriest@sidley.com

---

**From:** O'Gorman, John <jogorman@ftc.gov>
**Sent:** Thursday, September 15, 2022 2:16 PM
**To:** Zambrano, Angela <angela.zambrano@sidley.com>; Hummel, Chad S. <chummel@sidley.com>; Priest, Chelsea A. <cpriest@sidley.com>; Bragg, Tayler G. <tbragg@sidley.com>
**Cc:** Tepfer, Reid A. <rtepfer@ftc.gov>; Aijaz, Hasan <maijaz@ftc.gov>; Zuckerman, Sarah <szuckerman@ftc.gov>; Hilliard, Erica <ehilliard@ftc.gov>; Moon, Jason C <jmoon@ftc.gov>
**Subject:** FTC v. Match Group, Inc. et al., No. 3:19-cv-02281-K (N.D. Tex.)

Counsel,

Please find attached two third party subpoenas, which we intend to serve on Hinge, Inc. and Humor Rainbow, Inc.

Best,
Jack

_____

**John R. O'Gorman**
Attorney, Southwest Region
Federal Trade Commission
1999 Bryan St., Suite 2150
Dallas, TX 75201
(214) 979-9382

*****************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

*****************************************************************************************

**APP 052**