IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                      Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>                      Defendants. | Case No. 3:19-cv-02281-K |

## DEFENDANTS MATCH GROUP, INC. AND MATCH GROUP, LLC'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants Match Group, Inc. ("MGI") and Match Group, LLC ("MGL," and collectively, "Defendants") submit this Motion for a Protective Order from Deposition Notices served by Plaintiff Federal Trade Commission ("FTC" or "Plaintiff"). Defendants are not seeking to prevent any witness from being deposed, but rather are only seeking to have the depositions set on dates that work with the schedules of the witnesses. Defendants have bent over backwards to make that happen—offering multiple dates, proposing a variety of solutions, and even rearranging schedules Thanksgiving week to make a deposition possible. But the FTC refuses to compromise in any way, instead insisting on scheduling nine depositions in an arbitrarily abbreviated timeframe, for no discernible reason. Because the FTC refuses to withdraw or amend the deposition notices, Defendants seek expedited briefing on this matter.

Defendants worked diligently with the FTC to cooperatively schedule depositions for dates on which the witnesses, counsel, and the parties are available. Nonetheless, the FTC unilaterally

1

noticed three depositions for dates on which the FTC had been informed that the deponents are unavailable—two of those dates during Thanksgiving week. The FTC has refused to reschedule the depositions to dates on which the deponents are available, despite Defendants' multiple requests, even after being provided the details of the deponents' personal and professional conflicts. Defendants even tried to accommodate the FTC by rearranging schedules to make a 30(b)(6) representative available on some of the topics in the FTC's 30(b)(6) notice *a single day* after the date noticed by the FTC, but that was not good enough for the FTC. The FTC also issued deposition notices to former employees without complying with the Federal Rules. Defendants have exchanged multiple emails and two separate phone calls with the FTC (after the FTC refused to meet in person with Defendants' counsel) in an attempt to resolve these issues. Because the FTC refuses to withdraw or reschedule the defective notices, Defendants must seek relief from this Court.

## I.      BACKGROUND

The FTC identified nine deponents—including three former CEOs and several other senior officers. Defendants diligently worked to identify dates that were workable for each deponent, Defendants, and Defendants' counsel. Because the FTC is seeking to depose high-level executives with job responsibilities that are difficult to adjust, and the FTC is seeking to take depositions around the holidays, when many businesses do end of year planning and people often take vacations, the options were limited. However, Defendants were able to offer multiple dates for eight witnesses (including former employees not controlled by Defendants) from November 4 through December 15, 2022.[1] All of the deposition dates that Defendants offered were at least three weeks prior to the January 6, 2023, close of discovery. Defendants explained that although

---

[1] Defendants could not identify dates for one deposition (that of Kris Auderer), because Ms. Auderer is a non-party whom Defendants' counsel does not represent.

2

some of the dates were later than the FTC had requested, the dates were the earliest workable dates. App. at 053 (emails between FTC and counsel for Defendants regarding witness availability).

After the FTC expressed frustration with the dates provided, Defendants went back to the witnesses and were able to provide some additional dates and offer more detail regarding why witnesses were not available on earlier dates. As relevant to this Motion, Defendants explained that one of the deponents (Adrian Ong) "is Senior Vice President, Operations," and that as a result of that position, "he has multiple end-of-year planning meetings in the upcoming weeks." App. at 061. Defendants also informed the FTC that Mr. Ong "has prescheduled PTO around Thanksgiving" (from November 18-29), for which he needs to prepare. *Id.* Mr. Ong also has childcare obligations, and he has been busy with other pressing issues, making a deposition in November impossible. Thus, the earliest date available for Mr. Ong's deposition is December 12 (with December 13 available as an alternative).

Defendants also explained that another one of the deponents, Michele Watson, is "a former employee who is now retired and spends most of her time traveling." App. at 062. Defendants noted that Ms. Watson "has a number of trips that she has already booked," and that "she is going to be in Mexico for most of the rest of the year." *Id.*

Finally, Defendants told the FTC that they were "continuing to work on dates for the MGL 30(b)(6) deposition, but given the number and range of topics covered, it [was] taking some time to identify appropriate deponents and coordinate schedules." App. at 062. Defendants said they "expect[ed] to get back to [the FTC] next week." *Id.*

Notwithstanding these efforts, just hours later, on October 21, 2022, the FTC served eight notices of deposition pursuant to Rule 30. For nearly half of the notices, the FTC ignored the dates that Defendants had offered. Instead, the FTC chose its own dates—two of them during

Thanksgiving week—which Defendants had already explained were not workable. The FTC also ignored the deponents' locations and purported to notice all of the depositions for the FTC's office in Dallas, even though some of the witnesses are not local. A chart reflecting the deponents, their dates offered by Defendants, and the deposition date identified in the FTC's notice is below.

| Deponent | Date(s) Offered | Date Noticed | Deponent Location | Noticed Location |
|---|---|---|---|---|
| Adrian Ong | December 12 or 13, 2022 | November 17, 2022 | Dallas, TX | FTC Dallas Offices |
| MGL Corporate Representative | | November 21, 2022 | | FTC Dallas Offices |
| Michele Watson* | December 8, 13, or 15, 2022 | November 22, 2022 | Austin, TX (but traveling to Mexico) | FTC Dallas Offices |
| Amarnath Thombre | December 1, 2022 | December 1, 2022 | Dallas, TX | FTC Dallas Offices |
| MGI Corporate Representative | December 5, 2022 | December 5, 2022 | | FTC Dallas Offices |
| Melissa Clinchy* | December 6, 7, or 8, 2022 | December 6, 2022 | Dallas, TX | FTC Dallas Offices |
| Greg Blatt* | December 8, 13, or 15, 2022 | December 8, 2022 | Miami, FL | FTC Dallas Offices |

* indicates former employee

As shown in the chart above, the FTC selected dates for the Ong, Watson, and MGL Corporate Representative depositions that Defendants had not offered because the deponents were not available on those dates. Specifically, Mr. Ong has work and childcare responsibilities on November 17, the date that the FTC noticed, followed by pre-planned PTO for November 18-29. Mr. Ong will also be one of MGL's Corporate Representatives, which makes the November 21 MGL 30(b)(6) date unworkable for the same reason. MGL's other potential Corporate Representative(s) also are not available on November 21. Finally, Ms. Watson will be out of the

country on a long-planned vacation to Mexico on the date that the FTC noticed for her deposition, November 22. Moreover, Ms. Watson lives in Austin, not Dallas, so the original noticed location of her deposition does not comply with Federal Rule of Civil Procedure 45 regarding the deposition of non-parties such as Ms. Watson.

After the FTC served these notices, Defendants tried again to reach agreement with the FTC. Defendants attempted to confer further with the FTC, on two separate phone calls (after the FTC refused to meet with Defendants in person). In an effort to accommodate the FTC, Defendants rearranged schedules and were able to find an MGL Corporate Representative who would be able to cover "many of the topics in the MGL 30(b)(6) notice on which MGL will produce a witness" on November 22—two days before Thanksgiving—with the remainder of the topics likely to be covered at Mr. Ong's deposition on December 12 or 13. App. at 053. Defendants agreed to identify the topics to be covered at the November 22 deposition at least two weeks prior to that deposition. Despite Defendants' concessions, the FTC was still not interested in any compromise. Instead, the FTC claimed that it could not agree to this proposal without knowing how many topics the Corporate Representative would cover on November 22, to ensure that it would not be only "one or two." Defendants assured the FTC (as they had indicated in writing) that the Corporate Representative could cover "many of the topics in the MGL 30(b)(6) notice on which MGL will produce a witness," App. at 053, and asked the FTC to identify some standard for how many topics would be "enough" for them to agree to the November 22 date. But the FTC still refused. It would agree to the November 22 date only if MGL agreed to present *all* of its 30(b)(6) Corporate Representative testimony on that date. It therefore issued an amended 30(b)(6) notice to MGL, but made clear that it expected *all* topics to be covered on that date, App. at 121, even though Defendants had already explained why that was not possible.

At the FTC's request, Defendants also returned to Ms. Watson and asked if she could move her deposition (to be given by Zoom from Mexico) a week or two earlier than the December 13 or 15 dates previously offered. However, given all of the back and forth, Ms. Watson decided that she was not willing to take time out of her long-planned international vacation to Mexico to be deposed. Ms. Watson returns to the United States from her vacation near the end of December, so her first availability for a deposition is in early January. Despite Defendants' explanation—and the fact that the FTC is imposing upon a third-party—the FTC refused to accommodate Ms. Watson's schedule. The FTC also refused to accommodate Mr. Ong's schedule, described above, stating only that they "had their doubts" about Mr. Ong's unavailability. Notably, the FTC has never said that they are unavailable on the alternative dates that Defendants offered for these depositions; rather, the FTC insists on earlier dates simply because they would prefer to depose the witnesses earlier in the discovery schedule.

## II.     LEGAL STANDARD

District courts have broad discretion to issue protective orders, for good cause, to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Under these standards, as well as under the well-established discovery rules of this Circuit, good cause exists to grant Defendants protection from, and/or to quash or modify, the FTC's deposition notices for the reasons explained below.

## III.    ARGUMENT

### A.     The FTC's Deposition Notice to a Former Employee Is Not Effective Under the Federal Rules.

Defendants' motion for protective order should be granted as to Ms. Watson because she cannot be compelled to testify through a deposition notice. Ms. Watson is a former MGL employee. Thus, unless she consents to have her deposition taken by notice (which she will not do

6

on the date and location the FTC noticed, since she will be vacationing in Mexico), a Rule 45 subpoena is required. *See* Fed. R. Civ. P. 45. Yet the FTC incorrectly noticed the deposition under Rule 30, without an accompanying Rule 45 subpoena. *See* App. at 001 (deposition notice provided under "Rule 30 of the Federal Rules of Civil Procedure").

Good cause for a protective order exists where the examining party improperly serves a Rule 30 deposition notice instead of a Rule 45 subpoena. *See, e.g.*, *Jackson v. Stevens Transp., Inc.*, No. 3:14-CV-1416-M, 2015 WL 221087, at *5 (N.D. Tex. Jan. 15, 2015) (Horan, M.J.) (quashing non-party deposition notice and issuing order to protect defendant from producing witness in response to the same); *see also Morawski v. Farmers Tex. Cnty. Mut. Ins. Co.*, No. 3:14-MC-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014) (Horan, M.J.) ("Absent [the non-party's] consent . . . to appear for a deposition, the party seeking the deposition must not only notice the deposition, but must also properly serve the non-party with a deposition subpoena pursuant to Rule 45." (quotations and citations omitted)).

Because the FTC failed to comply with Rule 45 (such as by personally serving a subpoena on Ms. Watson, or by including the required witness fees), the deposition notice is not effective. *See* Fed. R. Civ. P. 45(b)(1); *Morawski*, 2014 WL 717170, at *2 (quashing non-party deposition notice that did not meet Rule 45's requirements); *Jackson*, 2015 WL 221087, at *5 (same, and issuing order protecting non-party from compliance); *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682-D, 2016 WL 1392332, at *8 (N.D. Tex. Apr. 8, 2016) (Horan, M.J.) (denying motion to compel deposition where examining party failed to comply with Rule 45).

Moreover, even if a subpoena were issued, Ms. Watson is not available on the date or location noticed. As Defendants told the FTC, Ms. Watson will be traveling in Mexico for much of the remainder of this year. Yet the FTC nevertheless noticed Ms. Watson's deposition for

November 22—just two days before Thanksgiving—in the U.S. Attorney's Office in Austin.[2] Ms. Watson will not be in Austin (or even the State of Texas) on that date, and she does not return from her trip until late December. As a result, her deposition cannot go forward on November 22.[3]

Because of these procedural deficiencies, the Court should order that Ms. Watson's deposition will not go forward absent a properly served and compliant Rule 45 subpoena.

> **B.      The FTC's Deposition Notices to Mr. Ong and MGL Should Be Quashed Because the Deponents Are Unavailable on Those Dates.**

The notices to Mr. Ong and MGL should also be quashed. As noted above and reflected in the extensive email communications between the FTC and Defendants' counsel, Mr. Ong and MGL's Corporate Representative(s) (one of which is Mr. Ong) are not available on the dates that the FTC noticed for their depositions. App. at 053. Good cause for a protective order exists where a party notices a deposition for a date the deponent cannot appear. *Brooks v. Lehman Bros., Inc.*, No. 5:05-CV-160, 2007 WL 9724429, at *3 (E.D. Tex. Mar. 5, 2007) (granting protective order where deposing party noticed deposition for when deponents were scheduled to be on vacation); *Am. Airlines, Inc. v. Delta Air Lines, Inc.*, No. 4:19-CV-01053-O, 2020 WL 8093514, at *2 (N.D. Tex. Dec. 2, 2020) (O'Connor, J.) (modifying subpoena where deposition was noticed on day deponent was unavailable).

Mr. Ong is MGL's Senior Vice President of Operations. In that role, he has a number of business responsibilities, especially at this time of year. In addition to his work responsibilities, he has childcare responsibilities that make a deposition on November 17 not workable. The FTC insisted that if Mr. Ong's deposition could not occur on November 17, it must occur in November.

---

[2] The FTC initially noticed Ms. Watson's deposition for the FTC's Dallas office, but as Defendants explained to the FTC, that location violated Rule 45's geographical limitations. *See* Fed. R. Civ. P. 45(c).
[3] Notably, in another effort to streamline discovery, Defendants' counsel indicated that if the FTC would agree to a deposition date and location on which Ms. Watson is available, Defendants' counsel would accept service of a subpoena on behalf of Ms. Watson (whom Defendants' counsel also represents). The FTC refused.

But unfortunately that is not possible for this witness. Mr. Ong has pre-planned PTO scheduled for November 18-29. He is also not available for deposition the dates leading up to November 18, as he needs to spend that time completing his work responsibilities in preparation for his PTO; he has preexisting work obligations that will not allow him to spend the time necessary preparing for and giving a deposition, particularly a 30(b)(6) deposition. Asking Mr. Ong to do so is particularly unreasonable since he is available to be deposed a *few weeks later*, on December 12 or 13, as Defendants indicated to the FTC. After Defendants again repeated this information to the FTC and asked the FTC why an agreement could not be reached, the FTC stated only "we have our doubts." The FTC also had no reason for insisting on the deposition occurring in November, except that it "feels like" there are already too many depositions scheduled in December.

In addition, MGL's 30(b)(6) deposition cannot take place on November 21, the date that the FTC originally noticed for all corporate representatives to be presented as witnesses. The FTC served an expansive 30(b)(6) notice, spanning over 30 different topics. MGL has had to consult multiple individuals and their schedules to determine who to designate as corporate representatives on the various topics. One of the representatives that MGL intends to designate is Mr. Ong, so the same availability concerns apply to the MGL 30(b)(6) notice.[4] Other potential MGL Corporate Representative(s) also are not available on November 21. However, in an effort to compromise, Defendants rearranged schedules to find an MGL Corporate Representative who could be prepared to testify on many of the topics on which MGL would present a witness, and could do so on November 22—just a single day after the date the FTC originally noticed.

---

[4] Given the large number of topics and the length of time over which the FTC seeks testimony, the number of people able to act as MGL's corporate representative is limited, so MGL cannot simply pick someone with more availability or educate a single witness on all topics.

9

Defendants' significant concession was not enough for the FTC, which insisted that the November 22 deposition must cover *all* of the 30(b)(6) deposition topics, or there was no agreement. The FTC claimed to be concerned that the November 22 deponent would cover only "one or two" topics. Defendants attempted to resolve that concern by stating that the deponent could cover many topics and offered to identify the specific topics at least two weeks in advance of the deposition. Defendants even asked the FTC to indicate how many topics would be "enough," so that Defendants could try to give the FTC some comfort level. But the FTC refused. The FTC was not interested in any real compromise, but instead was just trying to unilaterally impose its scheduling preferences on Defendants and their witnesses. It attempted to do so yet again when it amended the 30(b)(6) notice to reflect a deposition date of November 22 for *all* topics, *see* App. at 121, even though Defendants had already told the FTC that presenting a witness on all topics on that date was not workable. Additionally, the FTC noticed that deposition for its Dallas offices, even though Defendants had told the FTC that the deponent is located in New York.

The Court should grant the motion for protective order as to these deposition notices and order that the deponents be deposed on dates on which they are available, rather than dates unilaterally chosen by the FTC. *Brooks*, 2007 WL 9724429, at *3; *Am. Airlines, Inc.*, 2020 WL 8093514, at *2.

### IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion be granted in its entirety, and that the Court order (1) that the deposition notice is ineffective as to the Watson deposition due to the FTC's failure to subpoena and Watson's inability to appear in Austin on November 22 because she will be on vacation in Mexico, and (2) that the Ong and MGL 30(b)(6) depositions be taken on dates on which the deponents are available. Because the dates specified in

the deposition notices are fast approaching, Defendants further respectfully request that the Court order expedited briefing on this Motion.

Dated: October 28, 2022                              Respectfully submitted,

                                                     */s/ Angela C. Zambrano*
                                                     Angela C. Zambrano
                                                     State Bar No. 24003157
                                                     angela.zambrano@sidley.com
                                                     Chelsea A. Priest
                                                     State Bar No. 24102375
                                                     cpriest@sidley.com
                                                     Tayler G. Bragg
                                                     State Bar No. 24109943
                                                     tbragg@sidley.com
                                                     SIDLEY AUSTIN LLP
                                                     2021 McKinney Ave, Suite 2000
                                                     Dallas, TX 75201
                                                     Telephone: 214.981.3300
                                                     Fax: 214.981.3400

                                                     Chad S. Hummel (admitted *pro hac vice*)
                                                     chummel@sidley.com
                                                     SIDLEY AUSTIN LLP
                                                     1999 Avenue of the Stars, 17th Floor
                                                     Los Angeles, CA 90067
                                                     Telephone: 310.595.9500
                                                     Fax: 310.595.9501

                                                     *Attorneys for Match Group, Inc. and Match Group, LLC*

## CERTIFICATE OF CONFERENCE

On October 6, 7, 12, 18, 21, and 24, 2022, counsel for Defendants conferred with the FTC via email regarding the depositions the FTC wishes to take in this matter. Despite weeks of conferral and numerous emails explaining why Defendants could offer only certain dates for the depositions the FTC subsequently noticed, the FTC nonetheless served the Deposition Notices and refused to withdraw them. Defendants then invited the FTC to a face-to-face meet and confer to continue the parties' discussions, but the FTC refused. On October 26 and 27, 2022, Defendants and the FTC conferred via telephone, both times for approximately 30 minutes. The FTC made clear that it would not withdraw the improper deposition notices and would not agree to Defendants' offered compromises, so this Motion was therefore necessary.

> */s/ Angela C. Zambrano*
> Angela C. Zambrano

## **CERTIFICATE OF SERVICE**

On October 28, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Angela C. Zambrano*
Angela C. Zambrano