IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>　　Defendants. | Case No. 3:19-cv-02281-K<br><br>**JOINT MOTION TO EXTEND DEADLINES AND CONTINUE TRIAL DATE** |

### I.　　INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and the Court's Scheduling Order, Doc. 100, Plaintiff and Defendants respectfully file this Joint Motion to Extend Deadlines and Continue Trial Date (the "Joint Motion"). The Court previously indicated that the parties "may move for extensions of specific deadlines arguably affected by any ruling or delay, and such motion must demonstrate the required good cause," noting pending discovery disputes before United States Magistrate Judge Ramirez. Doc. 157. As explained in this Joint Motion, good cause exists to extend the deadlines set forth in the Scheduling Order, in light of Judge Ramirez's recent decision on a discovery dispute between the parties in which she overruled Match Group, Inc.'s objection to producing documents on the basis of the practices in Counts III and IV being permanently discontinued. Doc. 164. Further, there are exigent circumstances to continue the trial setting because doing so is necessary to maintain at least 120 days between the summary judgment deadline (if extended as requested) and the trial setting.

**JOINT MOTION TO EXTEND DEADLINES**

1

## II. ARGUMENT

### A. Good Cause Exists to Extend the Deadlines Set Forth in the Scheduling Order Following Judge Ramirez's Recent Ruling on a Discovery Dispute

There is good cause to extend the deadlines as requested in this Joint Motion, as the Joint Motion follows a discovery ruling that resolves a longstanding discovery dispute and seeks to continue deadlines by only a modest extension. A substantial amount of discovery has already occurred in this matter, and the parties do not anticipate requiring additional extensions or continuances. However, as discussed below, the January 6, 2023, deadline to complete all discovery will not allow the parties to complete all fact and expert discovery or allow the Court to resolve the other remaining discovery motions.

The parties have fundamental disputes about the scope of discovery, resulting in several discovery motions, hampering the parties' ability to meet the deadlines prescribed by the Scheduling Order to complete all discovery and subsequent deadlines. *See* Doc. 144, 147, and 158. Although Judge Ramirez recently resolved one of those motions on November 1, 2022, Doc. 164, Defendants will need additional time to identify documents and information to comply with that order. Additionally, Defendants' motion to compel remains pending, Doc. 144, and may likewise result in the need for additional discovery.

Due to the expansion of discovery resulting from the recent order, an eight-week extension to the deadlines to complete all discovery, file all dispositive motions (including motions for summary judgment), and file motions challenging or seeking to disqualify expert witnesses set by the Court's Scheduling Order is necessary both to allow Defendants sufficient time to prepare their productions and to allow Plaintiff time to use materials from those productions as the basis for expert analysis and deposition discovery. Because of the additional

time needed by both parties, good cause exists for modifying the existing deadlines to complete all discovery, file all dispositive motions (including motions for summary judgment), and file motions challenging or seeking to disqualify expert witnesses.

### B. Exigent Circumstances Exist to Continue the Trial Setting Following the Necessary Extension of Discovery, Dispositive Motion, and Daubert Motion Deadlines and to Permit the Parties to File Summary Judgment Motions 120 Days Before Trial

To accommodate the proposed eight-week extension of deadlines to complete all discovery, file all dispositive motions (including motions for summary judgment), and file motions challenging or seeking to disqualify expert witnesses, the parties further respectfully request a continuance of the trial setting. The exceptional circumstances in this matter necessitate such a continuance, as detailed below:

1. The parties have filed four motions regarding a number of discovery issues. *See* Doc. 133, 140, 152, and 160. Only one such motion has been resolved. The remainder are still before Magistrate Judge Ramirez,[1] and the parties are still meeting and conferring on several outstanding discovery issues;

2. The parties agree that the discovery disputes and expansion of discovery resulting from their resolution have caused delay necessitating an eight-week extension of the deadlines to complete all discovery, file all dispositive motions (including motions for summary judgment), and file motions challenging or seeking to disqualify expert witnesses;

---

[1] Defendants filed notices, Doc. 168-69, withdrawing two of the motions, Doc. 152, 160, following Plaintiff's agreement to withdraw third-party subpoenas and deposition notices.

**JOINT MOTION TO EXTEND DEADLINES**

3

3. Given the Court's preference that motions for summary judgment be filed at least 120 days before trial, the extension needed to complete all fact and expert discovery and then brief and file motions for summary judgment also requires that the trial setting be postponed by a modest amount. While 120 days after the parties' proposed deadline to file motions for summary judgment would be August 1, 2023, Defendants' counsel are unavailable for trial during the month of August and first two weeks of September due to other preexisting conflicts. Furthermore, while the parties could be amenable to a trial setting in mid-September, because the Court previously asked the parties to "propose a trial date which corresponds with the first Monday of the agreed upon month," Doc. 89, the parties have proposed the first Monday of October, which is October 2, 2023; and

4. An extension of the deadlines to complete all fact and expert discovery, file all dispositive motions, and file motions challenging or seeking to disqualify expert witnesses will allow the parties to resolve several discovery issues among themselves, eliminating the need for the Court to resolve those disputes, which would conserve judicial resources. Such an extension also will provide the parties an opportunity to file dispositive motions over 120 days before trial, which may eliminate the need for the Court to resolve certain disputes at trial or even eliminate the need for trial altogether.

Therefore, the parties believe that the short continuance should provide sufficient time to complete discovery, file dispositive motions and motions challenging or seeking to disqualify expert witnesses, and prepare for trial. The parties do not anticipate that any further extensions

will be necessary. Given these circumstances, good cause and exigent circumstances exist for continuing the trial setting to October 2023.

Accordingly, the parties respectfully propose the following deadlines for this matter:

| Description | Current Deadline | Parties' Proposed Deadlines |
| --- | --- | --- |
| File a written designation of the name and address of each expert witness who will testify at trial, otherwise complying with Fed. R. Civ. P. 26(a)(2) | November 4, 2022 | December 30, 2022 |
| Complete all discovery, including discovery concerning expert witnesses | January 6, 2023 | March 3, 2023 |
| File all motions that would dispose of all or any part of this case (including all motions for summary judgment) | February 6, 2023 | April 3, 2023 |
| File motions challenging or seeking to disqualify expert witnesses (e.g., *Daubert* motions) | February 6, 2023 | April 3, 2023 |
| Make the disclosure required by Fed. R. Civ. P. 26(a)(3)(A)-(B) | May 1, 2023 | August 28, 2023 |
| File all pretrial material pretrial material with the Court, including those identified in paragraph 11 of the Court's April 28, 2022 Scheduling Order, Doc. 100. | May 15, 2023 | September 11, 2023 |
| Bench trial | June 5, 2023 | October 2, 2023 |

### III.   CONCLUSION AND REQUESTED RELIEF

For these reasons, the parties respectfully request that the Court extend all deadlines by eight weeks so that the parties have sufficient time to complete discovery following Judge Ramirez's November 1, 2022 Order, Doc. 164, file all dispositive motions (including motions for summary judgment), and file motions challenging or seeking to disqualify expert witnesses. The

**JOINT MOTION TO EXTEND DEADLINES**

5

parties further respectfully request that the Court continue the trial setting until October 2, 2023, so that the parties are able to file dispositive motions after the close of discovery and at least 120 days before their requested trial setting.

| | |
|---|---|
| Dated: November 7, 2022 | Respectfully submitted, |
| */s/ Angela Zambrano* | */s/ Reid Tepfer* |
| Angela C. Zambrano | M. Hasan Aijaz |
| State Bar No. 24003157 | Reid Tepfer |
| angela.zambrano@sidley.com | Erica Rollins Hilliard |
| Chelsea A. Priest | Sarah Zuckerman (admitted *pro hac vice*) |
| State Bar No. 24102375 | John R. O'Gorman (admitted *pro hac vice*) |
| cpriest@sidley.com | Virginia Bar No. 80073 (Aijaz) |
| Tayler G. Bragg | Texas Bar No. 24079444 (Tepfer) |
| State Bar No. 24109943 | Mississippi Bar No. 104244 (Hilliard) |
| tbragg@sidley.com | New York Bar No. 5603832 (Zuckerman) |
| SIDLEY AUSTIN LLP | Texas Bar No. 24121292 (O'Gorman) |
| 2021 McKinney Ave, Suite 2000 | Federal Trade Commission |
| Dallas, TX 75201 | 1999 Bryan St. Ste. 2150 |
| Telephone: 214.981.3300 | Dallas, Texas 75201 |
| Fax: 214.981.3400 | T: (214) 979-9386 (Aijaz) |
| | T: (214) 979-9395 (Tepfer) |
| Chad S. Hummel (admitted *pro hac vice*) | T: (214) 979-9379 (Hilliard) |
| chummel@sidley.com | T: (214) 979-9376 (Zuckerman) |
| SIDLEY AUSTIN LLP | T: (214) 979-9382 (O'Gorman) |
| 1999 Avenue of the Stars, 17th Floor | F: (214) 953-3079 |
| Los Angeles, CA 90067 | maijaz@ftc.gov; |
| Telephone: 310.595.9500 | rtepfer@ftc.gov; |
| Fax: 310.595.9501 | ehilliard@ftc.gov |
| | szuckerman@ftc.gov; |
| *Attorneys for Match Group, Inc. and Match Group, LLC* | jogorman@ftc.gov |
| | *Attorneys for the FTC* |

*/s/ Jeanette Teckman*
Jeanette Teckman
State Bar No. 24008216
SVP, Associate General Counsel - Litigation & IP
8750 North Central Expressway, Suite 1400
Dallas, TX 75231
Telephone: 214-576-9328
Email: jeanette.teckman@match.com

*Moving Party (Match Group, Inc. and Match Group, LLC)*

**JOINT MOTION TO EXTEND DEADLINES**