IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MATCH GROUP, INC., a corporation, and <br><br> MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company, <br><br> Defendants. | Case No. 3:19-cv-02281-K <br><br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER** |

**FTC'S RESPONSE TO DEFENDANTS' OBJECTION**

1

# Table of Contents

I. Relevant Background ................................................................................................... 4

II. Legal Standard ............................................................................................................. 6

III. Argument ..................................................................................................................... 7

   A. The Magistrate's Ruling that the FTC's Discovery Requests are Relevant is Neither Clearly Erroneous nor Contrary to Law. ........................................................................ 8

     1. Discovery concerning Counts III and IV is relevant because disputed issues exist concerning these live counts. ............................................................................................ 8

     2. Defendants' one-party "stipulation" does not render the FTC's counts "moot." ......... 9

     3. Defendants' purported willingness to settle on their own terms fails to relieve them of their discovery obligations. ............................................................................................ 12

   B. The Magistrate Judge's Ruling That the FTC's Discovery is Proportional to the Needs of the Case is neither Clearly Erroneous nor Contrary to Law. ................................................. 13

     1. The Court should disregard Defendants' new evidence and expanded arguments that it failed to present to the Magistrate. ................................................................................ 13

     2. The requests' time period is routine and proportionate to the needs of the case. ........ 14

     3. Defendants may not withhold discovery merely because the FTC seeks an injunction, rather than monetary relief, for Counts III and IV. ............................................................ 16

     4. Defendants are not excused from discovery merely because the FTC received limited pre-suit discovery over five years ago. ............................................................................ 17

IV. Conclusion ................................................................................................................. 18

**FTC'S RESPONSE TO DEFENDANTS' OBJECTION**

## Cases

*Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015) .................................................. 7
*Freeman v. County of Bexar*, 142 F.3d 848 (5th Cir.1998) ............................................................. 14
*Fresh Am. Corp. v. Allen Lund Co.*, No. 3:03-CV-1299-M, 2005 U.S. Dist. LEXIS 50218 (N.D. Tex. Sept. 1, 2005) .................................................................................................................... 6
*FTC v. Colgate-Palmolive Co.*, 380 U.S. 374 (1965) .................................................................... 12
*FTC v. Ruberoid Co.*, 343 U.S. 470 (1952) .................................................................................. 12
*Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ......................................................... 14
*Hutcheson v. Dallas Cty.*, No. 3:17-cv-2021, 2019 U.S. Dist. LEXIS 74151 (N.D. Tex. May 2, 2019) .......................................................................................................................................... 7
*Kraft, Inc. v. FTC*, 970 F.2d 311 (7th Cir. 1992) ........................................................................... 12
*Lopez v. Don Herring Ltd.*, 327 F.R.D. 567 (N.D. Tex. Aug. 1, 2018) .......................................... 9
*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) ................. 7
*Moore v. Ford Motor Co.*, 755 F.3d 802, 808 (5th Cir. 2014) ...................................................... 14
*Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250 (N.D. Tex. 2017) ................................ 7
*SEC v. Sargent*, 229 F.3d 68 (1st Cir. 2000) ................................................................................. 18
*SEC v. Softpoint, Inc.*, 958 F. Supp. 846 (S.D.N.Y. 1997) ............................................................ 18
*Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10-cv-00238, 2012 WL 27473 (S.D. Ohio Jan. 5, 2012) ....................................................................................................................... 9
*United States v. Cornerstone Wealth Corp.*, 549 F. Supp. 2d 811, 816 (N.D. Tex. 2008) ....... 5, 16
*United States v. Witmer*, No. 1:93-cv-1410, 1993 U.S. Dist. LEXIS 14347 (M.D. Pa. Oct. 8, 1993) ........................................................................................................................................ 18
*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004) .............................................. 7

## Statutes

15 U.S.C. § 53(b) ........................................................................................................................... 19
28 U.S.C. § 636(b)(1)(A) ................................................................................................................ 7

## Other Authorities

Black's Law Dictionary (11th ed. 2019) ..................................................................................... 11

## Rules

Fed. R. Civ. P. 26(b)(1) ....................................................................................................... 7, 8, 18
Fed. R. Civ. P. 72(a) ........................................................................................................................ 7
Fed. R. Evid. 408(a) ..................................................................................................................... 14

**FTC'S RESPONSE TO DEFENDANTS' OBJECTION**

In her Order on the FTC's Motion to Compel, Magistrate Judge Ramirez compelled MGI to produce discovery it improperly withheld on FTC's Counts III and IV. Specifically, she overruled MGI's argument that it could withhold nearly all discovery on these counts based on its unilateral determination that these counts are "moot" and "need not be litigated." Since the outset of litigation, MGI has used variations of this mootness argument—in each instance unsuccessfully—in an effort to disrupt litigation on these two counts. Indeed, this Court denied this argument in MGI's Motion to Dismiss and again rejected MGI's mootness claim in granting the FTC leave to amend the complaint. Magistrate Judge Ramirez further held that the requests were proportional to the needs of the case. Her well-reasoned analysis proceeds from an obvious principle of discovery: Defendants are not excused from responding to discovery requests merely because they contend they will succeed on the merits. Magistrate Judge Ramirez's ruling, which merely confirmed this bedrock principle of federal litigation, is neither clearly erroneous nor contrary to law. Having referred the underlying discovery dispute to Magistrate Judge Ramirez, the Court should find nothing to disturb her ruling.

## I.     Relevant Background

The FTC served MGI with Interrogatories and Requests for Production of Documents over seven months ago, on June 3, 2022. These requests targeted fundamental issues in this case, including seeking evidence related to MGI's two violations of Section 5 of the FTC Act, which the FTC alleged in Counts III and IV. Count III alleges Defendants have violated the FTC Act by promising subscribers a free six-month subscription if they did not "meet someone special" but failing to adequately disclose many material limitations on this guarantee. Count IV concerns Match's unfair practices relating to chargeback disputes consumers filed with their financial institutions. When a Match.com user disputed a charge from Match and lost that dispute (that is,

Match was allowed to keep the payment), Match's policy was to deny that user access to their account—even though the user had paid for account access.

In response to these requests, MGI unilaterally declared Counts III and IV "moot" and refused entirely to respond to discovery requests concerning these counts. MGI's declaration that Counts III and IV were moot flew in the face of two of this Court's prior orders. First, in partially denying MGI's Motion to Dismiss, the Court held that the FTC had "allege[d] plausible facts that Match 'is violating' or 'is about to violate' the law as required under Section 13(b)" in response to MGI's Motion to Dismiss,[1] applying longstanding Fifth Circuit authority that courts must evaluate several "non-exclusive factors . . . in [determining] whether to issue a §13(b) permanent injunction based on past violations of the law."[2] When MGI recycled this argument in opposition to the FTC's Motion to Amend its Complaint and Add Defendant, the Court again rejected it.[3] The Court's rulings were unambiguous on this point: Counts III and IV are live counts, and they have been adequately pled. As such, they are subject to discovery, period.

Despite these clear rulings from the Court, MGI refused to produce discovery on Counts III and IV, forcing the FTC to file a motion to compel.[4] On November 1, 2022, Magistrate Judge

---

[1] Doc. 86 at 11. The Court further noted that "the FTC need only allege practices 'giving rise to a "fair inference of a reasonable expectation of continued violations" absent restraint'" and that "simply because the Complaint contains allegations of past violations does not mean that the FTC has not sufficiently alleged that similar violations are likely to reoccur."

[2] *See id.* Specifically, the Court may consider "the[ ] egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations." *United States v. Cornerstone Wealth Corp.*, 549 F. Supp. 2d 811, 816 (N.D. Tex. 2008).

[3] *See generally* Doc. 115.

[4] *See* Doc. 140.

**FTC'S RESPONSE TO DEFENDANTS' OBJECTION**

Ramirez rejected MGI's mootness argument for a third time.[5] Judge Ramirez concluded that discovery on the live disputed counts is both relevant and proportional to the needs of the case.[6] Undeterred, Defendants have raised their mootness argument for a fourth time by filing an Objection to the Magistrate's Order.

## II.     Legal Standard

A magistrate judge is afforded broad discretion in resolving non-dispositive discovery disputes.[7] Rule 72(a) of the Federal Rules of Civil Procedure provides that a district court may modify or set aside any part of a non-dispositive order referred to a magistrate judge only if it is clearly erroneous or contrary to law.[8] "The 'clearly erroneous' standard is quite deferential to the Magistrate and requires the District Court to have a 'definite and firm conviction that a mistake has been committed.'"[9]

Whether the FTC is entitled to the discovery at issue is controlled by Rule 26(b)(1), which provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"[10] The Federal Rules "define[] what is relevant very

---

[5] *See* Doc. 164.

[6] *Id.*

[7] *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

[8] *See* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of [the magistrate judge's non-dispositive] order that is clearly erroneous or contrary to law."); *see also* 28 U.S.C. § 636(b)(1)(A) (limiting the district court's reconsideration of a pretrial matter decided by the magistrate judge to where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law).

[9] *See Fresh Am. Corp. v. Allen Lund Co.*, No. 3:03-CV-1299-M, 2005 U.S. Dist. LEXIS 50218 (N.D. Tex. Sept. 1, 2005) (quoting *Estate of J. Edgar Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2005 U.S. Dist. LEXIS 760, at *10 (E.D. La. Jan. 18, 2005)) (internal quotation marks omitted).

[10] *See* Fed. R. Civ. P. 26(b)(1)

**FTC'S RESPONSE TO DEFENDANTS' OBJECTION**

broadly."[11] "Information within this scope of discovery need not be admissible in evidence to be discoverable."[12] "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value."[13] Discovery must also be proportional to the case. In assessing this, Courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[14] The party resisting discovery has the burden to justify its objections.[15] That party must do so with specificity, showing for each discovery request how it is not relevant or why it is otherwise objectionable.[16]

### III.  Argument

MGI is directly contravening the federal rules and this Court's orders by unilaterally declaring Counts III and IV moot and refusing to respond to discovery requests. First, MGI challenges the relevancy of the discovery based on its decision—contrary to this Court's prior rulings—that the FTC's counts are "moot" and "need not be litigated." On this basis, Defendants claim to be relieved of all discovery obligations for two of the FTC's three counts.[17] However,

---

[11] *Hutcheson v. Dallas Cty.*, No. 3:17-cv-2021, 2019 U.S. Dist. LEXIS 74151, *9 (N.D. Tex. May 2, 2019) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470-71 (N.D. Tex. 2005)).

[12] Fed. R. Civ. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

[13] *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).

[14] Fed. R. Civ. P. 26(b)(1).

[15] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

[16] *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

[17] Doc. 175 at 9-12.

the Court has previously concluded these counts are not moot, and the FTC is entitled to seek discovery to prove that Defendants' conduct is likely to recur, regardless of Defendants' denials.

Next, MGI challenges the discovery requests as not proportional to the needs of the case.[18] To make this argument, Defendants rely upon new evidence and arguments they failed to present to the Magistrate. Nevertheless, these new arguments and evidence are unavailing. The FTC sought discovery for an appropriate time period, and Defendants are not excused from discovery merely because these counts concern an injunction, not monetary relief. The requested injunction is critical to the public interest and needed to prevent Defendants from once again causing millions in consumer injury. Lastly, as the caselaw makes clear, Defendants are not excused from discovery merely because the FTC received limited pre-suit discovery over five years ago.

    **A. The Magistrate's Ruling that the FTC's Discovery Requests are Relevant is Neither Clearly Erroneous nor Contrary to Law.**

        **1.** *Discovery concerning Counts III and IV is relevant because disputed issues exist concerning these live counts.*

The FTC is unquestionably entitled to discovery on live counts concerning disputed issues. Counts III and IV relate to Defendants' deceptive marketing of their purported "Match Guarantee" and their unfair chargeback policy, respectively. Judge Ramirez compelled MGI to respond to requests that sought evidence directly relevant to these counts. For example, she ordered that MGI produce information and documents that identify individuals with responsibilities relating to the Match Guarantee and Defendants' policies and procedures related to chargebacks.[19] She ordered MGI to produce its advertisements concerning the Match

---

[18] *Id.* at 12-15.

[19] *See* Doc. 176 at 53-54.

Guarantee.[20] And she ordered MGI to produce documents sufficient to show how Defendants purportedly disclosed their chargeback policy to Match.com customers.[21] This information is critical to resolving disputed issues and accordingly subject to discovery, no matter MGI's efforts to the contrary.

MGI may not unilaterally decide what is "moot" or "need[s] to be litigated," regardless of whether Defendants believe they will eventually prevail on the merits.[22] The authority to define the scope of litigation belongs to the Court alone, which has three times rejected the same argument MGI raises again now. Most recently, Judge Ramirez rejected MGI's argument in granting the FTC's motion to compel. As such, the Court should uphold the Magistrate's ruling.

### 2. Defendants' one-party "stipulation" does not render the FTC's counts "moot."

In an effort to halt discovery on Counts III and IV before it started, Defendants filed a so-called "verified stipulation" expressing a purported "sincere commitment" not to engage in the illegal conduct in Counts III and IV again. Defendants contend that even though the Court has twice rejected their "mootness" argument, their "stipulation" claiming to have "permanently" discontinued their illegal conduct presents a changed circumstance. But a mere unenforceable stipulation cannot moot the FTC's counts. Concluding otherwise would create an absurd result

---

[20] *See id.* at 64.

[21] *See id.* at 66.

[22] *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. Aug. 1, 2018) (citations omitted) ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."); *see also Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10-cv-00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (noting that even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief—whether ultimately justified or not—provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure").

where any defendant could prevent discovery in a case where the plaintiff seeks injunctive relief simply by submitting a document denying the conduct will recur, ending the case without an enforceable order. Moreover, the Defendants' purported stipulation cannot substitute for the relief the FTC seeks, for three reasons.

First, Defendants' so-called "stipulation" is no stipulation at all.[23] It is a declaration, and a self-serving one at that.[24] Defendants are the only parties to this document, which merely denies the FTC's allegations. This misidentified document deserves no more weight than any other bare denial and certainly does not justify Defendants' efforts to thwart discovery or this Court's rulings.

Second, as the Magistrate correctly concluded, MGI's "stipulation" is nonbinding and unenforceable.[25] MGI claims that its one-party stipulation represents a "binding and sincere commitment" to permanently cease its illegal conduct. But should MGI later renege on these vague assurances, the FTC and the Court would be left without recourse. The law does not require that the FTC take Defendants' promises on faith. Tellingly, Defendants have never communicated to the FTC that they would agree to an injunction on these counts, as discussed below. In fact, they rejected the FTC's offer of precisely this resolution.[26] As Judge Ramirez

---

[23] *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "stipulation" as a "voluntary agreement between opposing parties concerning some relevant point").

[24] *See id.* (defining "declaration" as "[a] formal statement, proclamation, or announcement, esp. one embodied in an instrument. Cf. AFFIDAVIT" and "affidavit" as "[a] voluntary declaration of facts written down and sworn to by a declarant, usu. before an officer authorized to administer oaths").

[25] Doc. 176 at 217 ("I agree with the FTC that the fact that you've said you won't do it anymore is not necessarily binding and should not preclude further discovery without any litigation-ending or dispositive order from the Court.").

[26] *See* App. at 15.

**FTC'S RESPONSE TO DEFENDANTS' OBJECTION**
10

succinctly put it: "Yes, you filed a, quote, stipulation that says the Defendants won't do this anymore, but they're entitled to have discovery on whether you will or you won't."[27]

Third, even if Defendants' "stipulation" were enforceable (and, again, it is not), it is much narrower in scope than the relief that the FTC is entitled to under the law. As Defendants note, the FTC seeks relief not limited to a single website, Match.com, but instead applied generally to the defendants in this case. Such relief is necessary to prevent Defendants from engaging in the same conduct on their other dating websites. But this is merely one aspect of the fencing-in relief the FTC seeks, contrary to Defendants' claim that the "MGI has provided the maximum relief available for Counts III and IV."[28] In addition, the FTC seeks injunctive relief that will ensure that Defendants do not violate the law in similar but marginally different ways from the misconduct alleged in the Amended Complaint. The FTC further seeks provisions that will allow it to monitor Defendants' compliance with the order. The FTC's proposed order outlines the full scope of the fencing-in relief the FTC seeks, all of which is absent from Defendants' narrow "stipulation."[29] Such fencing-in relief is commonly awarded in FTC cases and has been expressly authorized by the Supreme Court.[30]

---

[27] See Doc. 176 at 217.

[28] *See* 175 at 13. In fact, the FTC's 30(b)(6) deponent explained why the relief proposed in Defendants' "stipulation" was overly narrow and therefore inadequate. *See, e.g.*, App. at 4-6 (explaining why Defendants' stipulation failed to provide appropriate relief for Count III).

[29] *See* App. at 17-30; *cf.* 146.

[30] *See FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 394 (1965) ("The Commission is not limited to prohibiting the illegal practice in the precise form in which it is found to have existed in the past. Having been caught violating the Act, respondents must expect some fencing in.") (citations and quotation marks omitted); *FTC v. Ruberoid Co.*, 343 U.S. 470, 473 (1952) (stating that the FTC "cannot be required to confine its road block to the narrow lane the transgressor has traveled; it must be allowed effectively to close all roads to the prohibited goal, so that its order may not be by-passed with impunity"); *see also Kraft, Inc. v. FTC*, 970 F.2d 311, 326 (7th Cir. 1992) (describing factors used to assess appropriateness of "fencing-in" relief).

**FTC'S RESPONSE TO DEFENDANTS' OBJECTION**

### 3. *Defendants' purported willingness to settle on their own terms fails to relieve them of their discovery obligations.*

In their Objection, Defendants—for the first time—express a purported willingness to settle Counts III and IV separately. Whether genuine or not, this representation fails to relieve Defendants of their discovery obligations. Defendants may not withhold discovery merely by representing—seven months after the discovery was served and after having been compelled to respond—that they are finally willing to consider settling on these counts. Nor do Defendants cite any caselaw supporting this proposition. Moreover, Defendants may not withhold discovery to force the FTC to settle on their terms.[31] As noted above, Defendants' stipulation is overly narrow, easily circumvented, and does not offer "more relief" than the Court would have authority to award.[32] As discussed, the FTC seeks appropriate fencing-in relief to prevent Defendants from engaging in similar misconduct in the future and to allow the FTC to monitor Defendants' compliance with the order.

Finally, the FTC is obligated to correct Defendants' representation that the FTC has refused its offers to agree to an injunction on these counts.[33] Interpreted most charitably, Defendants' claim represents a new willingness to agree to an injunction on Counts III and IV,

---

[31] Defendants state they would agree to the Court "entering a permanent injunction containing the same terms as the Verified Stipulation." Doc. 175 at 13.

[32] *See* Doc. 175 at 13 n.9.

[33] Doc. 175 at 5-6 ("As Defendants stand ready, willing, and able to consent to the entry of an injunction permanently prohibiting the conduct, which as alleged in Counts III and IV permanently ceased over three years ago and Defendants have repeatedly confirmed they have no intention of ever resuming, there is no need whatsoever for the discovery that was ordered." and "If there were a procedural vehicle now for MGI to be enjoined from engaging in the conduct alleged in Counts III and IV, Defendants would readily take it, ending the need for any discovery on these claims. **But the FTC refuses**—instead, seeking to coerce an alternative outcome by forcing Defendants to incur significant legal fees to respond to irrelevant discovery.") (emphasis added).

one communicated only through its latest filing. To be clear, Defendants have never proposed injunctive relief to the FTC regarding Counts III and IV separately, despite settlement discussions and a Court-ordered mediation. In fact, it was the FTC—not Defendants—that has sought such a resolution. Specifically, when the FTC proposed this exact relief to Defendants in response to their nonbinding "stipulation,"[34] opposing counsel refused to negotiate and instead threatened Rule 11 sanctions should the FTC continuing to pursue discovery on its live counts.[35] But as the evidence makes plain, it is Defendants, and not the FTC, that should reevaluate the accuracy of their representations to the Court.

### B. The Magistrate Judge's Ruling That the FTC's Discovery is Proportional to the Needs of the Case is neither Clearly Erroneous nor Contrary to Law.

#### *1. The Court should disregard Defendants' new evidence and expanded arguments that it failed to present to the Magistrate.*

In support of their proportionality argument, Defendants submitted several new exhibits[36] and relied upon arguments inadequately briefed for the Magistrate.[37] Such arguments and evidence should be disregarded, as Defendants failed to provide an adequate justification for their failure to provide the Magistrate this evidence.

---

[34] *See* App. at 13 ("To the extent you are seeking to resolve the case as to Counts III and IV, we would be happy to narrow the issues. The stipulation you have drafted is not an appropriate vehicle to do so, however…. **we would be willing to recommend an order resolving counts III and IV**.") (emphasis added).

[35] *See id.* ("To be clear, **this was not a settlement offer**…. The FTC has Rule 11 obligations with which we expect your office to comply. If it does not, Match will avail itself of any and all available remedies.") (emphasis added).

[36] *Compare* Doc. 148 at 1-2 (evidence submitted to Magistrate) *with* 176 at 1-2 (adding multiple new exhibits, such as Exhs. 9, 10, and 11).

[37] In particular, Magistrate Ramirez noted that Defendants' argument concerning the discovery requests' time period was inadequately briefed. *See* Doc. 176 at 219-220. As Judge Ramirez correctly noted, Defendants' portion of the Joint Submission referenced this issue only generally and in passing. *See id.; cf.* Doc. 146.

"[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."[38] Further, because this Objection concerns a non-dispositive motion, the Court may not consider evidence that Defendants did not present to the Magistrate.[39] Further, Defendants have offered no credible explanation for their failure to provide the Magistrate this evidence. Instead, Defendants attempt to excuse their late evidence by claiming to have misunderstood the Magistrate's order.[40] But Defendants explicitly admitted at the hearing that they understood it was their burden to prove their objections;[41] they simply failed to do so. The Court should reject Defendants' attempt to walk back this admission now. Further, the late-disclosed evidence is of negligible value. These exhibits concern Defendants current practices. However, they do not change the principle that the FTC is entitled to evidence of past practices to establish likelihood of recurrence.

### 2. *The requests seek highly probative evidence fundamental to the FTC's case.*

The FTC's requests are not disproportionate to this case's needs because they seek critically important evidence, as outlined above.[42] Indeed, Defendants have invested substantial resources into avoiding turning over this evidence—almost certainly more than the cost of just

---

[38] *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir.1998) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994)).. Although *Freeman* concerned a dispositive motion, the same rationale should preclude Defendants' new arguments here.

[39] *See Moore v. Ford Motor Co.*, 755 F.3d 802, 808 (5th Cir. 2014) (citing *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)) ("At issue here is a non-dispositive order subject to Rule 72(a) clear error review. Because the district court's review of the magistrate judge's factual findings was limited to clear error review, there appears to be no basis for the district court to have received additional evidence.").

[40] *See* Doc. 175 at 14-15 n.12 (complaining they were "confused" about the Magistrate's order and describing their last-ditch effort to submit a "supplemental affidavit" after having failed to do so timely).

[41] *See* Doc. 176 at 173.

[42] *See supra* § III.A.1.

producing the documents—making clear their highly probative value. These documents will likely reveal Match's true motivations for suspending the illegal practices and their mindset in continuing their illegal conduct for years despite countless consumer complaints—all of which will help establish that Defendants conduct is likely to recur as the FTC has alleged. As Defendants' Objection makes clear, whether this illegal conduct is likely to recur is a central issue in this case. Therefore, it is not disproportionately burdensome to require that Defendants produce evidence that directly addresses this issue.

### 3. *The requests' time period is routine and proportionate to the needs of the case.*

The FTC's discovery requests seek documents and information beginning from six years before the filing of this lawsuit. As Judge Ramirez noted, there is nothing unusual about seeking discovery for such a time period before the filing of a lawsuit.[43] This is particularly true here, given the significant consumer injury Defendants caused over this time period. While the time period covered by the request is fairly standard, Defendants have objected nevertheless objected.

The Court should uphold the Magistrate's ruling. First, as the Magistrate correctly noted, Defendants failed to make these arguments with sufficient specificity in the Joint Submission.[44] As such, Defendants have waived them. Moreover, even were the Court to consider them, Defendants' arguments are without merit. Before the Magistrate, defense counsel argued that discovery should be limited to the time period after Defendants claim to have changed their

---

[43] *See id.* at 219 ("THE COURT: Discovery is allowed from prior to when the suit was filed routinely."); *id.* at 220 ("There's argument here about some of the documents going back to 2013. That's only a year beyond the five years before the lawsuit was filed.").

[44] *See id.* at 219-20 ("I don't see in the joint submission where we're getting into the all—I see that there's a general issue about the time scope. So if you've got specific objections about the scope, I did not see that that's what I would be ruling on today.").

business practices in 2019.[45] Defendants' position appeared to depend on the false premise that the FTC is limited to determining Defendants' current practices. However, as this Court has previously ruled, the FTC may prove that Defendants' misconduct is likely to recur with proof of prior violations. To do so, the FTC is permitted to examine Defendants' past practices, as the FTC is permitted to establish a likelihood of recurrence with evidence of "the[ ] egregiousness of the defendant's actions," the "recurrent nature of the infraction," and "the degree of scienter involved[.]"[46]

### 4. *Defendants may not withhold discovery merely because the FTC seeks an injunction, rather than monetary relief, for Counts III and IV.*

For Counts III and IV, the FTC seeks an injunction to prevent the recurrence of Defendants' illegal conduct, which cost consumers millions. Despite the clear public interest in such an injunction, MGI argues it should be excused from its discovery obligations by challenging the importance of injunctive relief. Specifically, MGI cherry-picks one factor of the several enumerated in Rule 26, contending that because the relief sought by the FTC is not monetary, the costs incurred to meet its discovery obligations would be disproportionate.[47] Such an interpretation of the Federal Rules would imply that discovery is never permissible for claims for injunctive relief. To the contrary, courts are empowered to consider the amount in controversy as but one of several factors to decide the proportionality issue.[48] The Advisory Committee Notes to Rule 26 make this clear:

---

[45] *See* Doc. 176 at 218 ("And I'm asking because there is a specific period in time that the practice changed. It was in '19. And we informed them of that. This suit was filed after '19. So we think the relevant time period obviously would be after that, not to go back before the suit was even filed.").

[46] *United States v. Cornerstone Wealth Corp.*, 549 F. Supp. 2d 811, 816 (N.D. Tex. 2008).

[47] Doc. 175 at 13.

[48] *See* Fed. R. Civ. P. 26(b)(1).

> It also is important to repeat the caution that the monetary stakes are only one factor, to be balanced against other factors. The 1983 Committee Note recognized "the significance of the substantive issues, as measured in philosophic, social, or institutional terms. Thus the rule recognizes that many cases in public policy spheres, such as employment practices, free speech, and other matters, may have importance far beyond the monetary amount involved." Many other substantive areas also may involve litigation that seeks relatively small amounts of money, or no money at all, but that seeks to vindicate vitally important personal or public values.[49]

Indeed, the value of this claim greatly outweighs any monetary damages and instead draws from the benefit that drives the FTC's mission: protecting consumers from unfair and deceptive practices. Judge Ramirez properly evaluated the costs to Defendants, who bear sole responsibility for their alleged illegal practices, and determined that the narrowly tailored discovery requests were proportionate to the needs of the case. Specifically, Judge Ramirez noted that MGI failed even to attempt to support its objections with evidence, such as affidavits.[50] Accordingly, Judge Ramirez concluded accurately that the discovery is proportionate to the case's needs.[51]

### 5. *Defendants are not excused from discovery merely because the FTC received limited pre-suit discovery over five years ago.*

Lastly, MGI contends, contrary to authority and reason, that they should be permitted to withhold responsive discovery because they previously provided some documents on these topics in response to a 2017 Civil Investigative Demand ("CID"). However, a five-year-old CID response is hardly a substitute for full discovery in litigation. Moreover, the FTC has a right to discovery like any other litigant, and this right is not altered by the FTC's targeted pre-suit

---

[49] *Id.* advisory committee's note.

[50] *See* Doc. 176 at 221.

[51] *See id.* at 223.

CID.[52] That is especially so here, where the alleged illegal conduct continued well after MGI was served with and responded to the CID. The FTC's investigation had a limited purpose: to determine whether there was *reason to believe* MGI violated the law—not to affirmatively prove that MGI violated the law, as required to prevail in litigation.[53] Therefore, the FTC made many voluntary accommodations to MGI at that time in response to MGI's claims of burdens, including by limiting document custodians and permitting interrogatory responses instead of the production of documents. MGI should not be allowed to now use these accommodations against the FTC by preventing it from engaging in full discovery to prove its case. Moreover, the FTC has not requested that MGI reproduce any document that MGI produced in response to the 2017 CID. If a document that MGI has previously produced is responsive to a request, the FTC merely requests that MGI identify it by Bates number,[54] as prescribed by the ESI Order in this case.[55]

### IV.   Conclusion

As Judge Ramirez concluded correctly, the discovery sought by the FTC is both relevant and proportional to the needs of the case. Therefore, MGI was appropriately ordered to produce

---

[52] *See SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) ("Here, even though the Commission had already conducted a pre-filing investigation and had access to the evidence from the criminal trial of Sargent and Scharn, 'there is no authority which suggests that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case.'"); *see also SEC v. Softpoint, Inc.*, 958 F. Supp. 846, 857 (S.D.N.Y. 1997) (Sotomayor, J.) (distinguishing between "administrative inquiries" and "discovery").

[53] *See* 15 U.S.C. § 53(b); *cf. United States v. Witmer*, No. 1:93-cv-1410, 1993 U.S. Dist. LEXIS 14347, *211 (M.D. Pa. Oct. 8, 1993) (discussing a pre-litigation civil investigative demand issued by the federal government and noting that "[t]he purpose of the CID is to 'enable the Government to determine whether enough evidence exists to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily'").

[54] *See* Doc. 176 at 14 ("If any document requested herein was previously produced to the FTC, identify it by bates number.").

[55] *See* Doc. 134 at 4.

the contested discovery. Because Judge Ramirez's ruling was neither clearly erroneous nor contrary to law, Defendants' Objection should be denied.

                                      Respectfully submitted,

Dated: December 6, 2022                    */s/ Reid Tepfer*
                                                  REID TEPFER
                                                  M. HASAN AIJAZ
                                                  SARAH ZUCKERMAN (admitted *pro hac vice*)
                                                  JOHN R. O'GORMAN (admitted *pro hac vice*)
                                                  ERICA R. HILLIARD
                                                  Texas Bar No. 24079444 (Tepfer)
                                                  Virginia Bar No. 80073 (Aijaz)
                                                  New York Bar No. 5603832 (Zuckerman)
                                                  Texas Bar No. 24121292 (O'Gorman)
                                                  Mississippi Bar No. 104244 (Hilliard)
                                                  Federal Trade Commission
                                                  1999 Bryan St. Ste. 2150
                                                  Dallas, Texas 75201
                                                  T: (214) 979-9395 (Tepfer)
                                                  T: (214) 979-9386 (Aijaz)
                                                  T: (214) 979-9376 (Zuckerman)
                                                  T: (214) 979-9382 (O'Gorman)
                                                  T. (214) 979-9379 (Hilliard)
                                                  F: (214) 953-3079
                                                  Email: rtepfer@ftc.gov;
                                                  maijaz@ftc.gov;
                                                  szuckerman@ftc.gov;
                                                  jogorman@ftc.gov
                                                  ehilliard@ftc.gov
                                                  Attorneys for Plaintiff
                                                  FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On December 6, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ REID TEPFER*
REID TEPFER
