# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

FEDERAL TRADE COMMISSION,

  Plaintiff,

    vs.

MATCH GROUP, INC., a corporation, and
MATCH GROUP, LLC, formerly known as
MATCH.COM, LLC, a limited liability company,

  Defendants.

Case No. 3:19-cv-02281-K

**DEFENDANT MATCH GROUP, INC.'S REPLY IN SUPPORT OF ITS OBJECTION TO
<u>MAGISTRATE JUDGE'S ORDER (DKT. 164)</u>**

**PRELIMINARY STATEMENT**

The FTC's Response demonstrates why MGI's Objection to Magistrate Judge Ramirez's Order should be sustained. There is a fundamental disconnect between the discovery at issue and the alleged disputes that the FTC claims need to be tried. The FTC's requests—essentially seeking every Match.com document or communication during the last ten years regarding the permanently discontinued "Guarantee" and "Chargeback" practices—are not relevant to the alleged disputes that the FTC describes in its Opposition, such as whether any injunction should apply to *other* dating platforms. The only actual dispute related to Counts III and IV was resolved long ago, when the challenged conduct at issue in those Counts was permanently discontinued. Defendants have even offered a Verified Stipulation to that effect and offered to consent to entry of that Stipulation as a permanent injunction. Yet the FTC refuses and insists on irrelevant and burdensome discovery with no bearing on any actually disputed issues. No live dispute remains on Counts III and IV, meaning there is no need to undertake the burden of such extensive discovery. The Court should sustain MGI's Objection.

**ARGUMENTS AND AUTHORITIES**

I. **The FTC's Discovery Requests Do Not Seek Relevant Information As The Information Bears Only On Admittedly Ceased Conduct.**

A. **The FTC Cannot Identify a Disputed Issue to Which Its Requested Discovery Is Relevant.**

As the FTC admits in its Complaint, the practices at issue in Counts III and IV were permanently discontinued in 2019. *See* Dkt. 116 (Am. Compl.) ¶ 3 (judicially admitting Guarantee Practice ceased in mid-2019); *id.* (same as to Chargeback Practice). Since that time, Defendants have repeatedly committed to never reinstating those practices. Dkt. 20 (MGI's Mot. to Dismiss); App. at 063-064 (Verification of MGI's First Am. Resp. to FTC's First Set of Interrog.); Dkt. 176, App. at 122-123 (MGI's First Am. Resp. and Obj. to FTC's First Set of Interrog.); Dkt. 176, App.

at 004-005 (Aug. 6, 2019 Letter from Linda A. Goldstein, Baker & Hostetler LLP, to Zachary A. Keller, FTC); App. 006 (May 20, 2022 Letter from Chad Hummel, Sidley Austin LLP, to Reid Tepfer, FTC). As a result, the relevant discovery requests do not bear on any "disputed issue" in or arising out of Counts III and IV, and there is no injunctive relief to award. *Cf. Old Chief v. United States*, 519 U.S. 172, 173 (1997) (holding that stipulating to a prior conviction discounted the relevancy of other evidence going to prove the same point in applying Fed. R. Evid. 403 balancing test.)

In its Response, the FTC vaguely asserts that "[d]iscovery concerning Counts III and IV is relevant because disputed issues exist concerning these live counts," but it fails to identify a single disputed issue in its Response. Instead, the FTC simply recites the discovery requests included in the Magistrate Judge's Order without explaining their relevancy and simply proclaims that "this information is critical to resolving the disputed issues," without identifying what the supposedly "disputed issues" are. *See* Dkt. 180 at 9. The FTC's ipse dixit does not establish relevancy.[1]

Rather than actually describing the relevance of its requests, the FTC claims that the Court "has three times rejected the same argument MGI raises again now." Resp. at 9. Not so. Defendants previously made related—but distinct—arguments in the context of a motion to dismiss and a motion for leave to amend a complaint, where the Court could not consider the extrinsic evidence that is currently before it.[2] The legal standard and facts before the Court now are far different than those in the previous contexts, so this Court has never before considered (much less rejected) the

---

[1] The cases cited by the FTC are inapposite because they are fact-intensive and did not involve sworn stipulations or an offer to agree to an injunction granting the opposing party all the relief that it could receive if successful at trial. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018) (discussing circumstances where party attempts to withhold discovery relevant to claim on which it believes it will prevail, not claim in which party offered to agree to entry of an injunction); *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10-cv-00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (same).

[2] The third occasion to which the FTC refers is Magistrate Judge Ramirez's Order, but MGI has the right to ask this Court to review that decision and should not be faulted for doing so.

argument made in the Objection that the FTC's extraordinarily broad and disproportionate discovery requests are outside the appropriate bounds of discovery.

First, the Court must now engage in a relevancy and proportionality analysis that has no place in a motion to dismiss or motion for leave to amend. *See Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."). Second, extrinsic evidence not available to the Court in the context of a motion to dismiss is now available in this context, including the Verified Stipulation and documents sufficient to show the permanent discontinuance (which occurred in March-April 2019, not "mid-2019," as the FTC alleged). Third, MGI is seeking different relief here than it did in previous briefing. In its Motion to Dismiss, MGI argued that Counts III and IV should be dismissed in their entirety because the practices had been permanently discontinued. *See* Dkt. 20 at 9-14. Now, however, MGI does not request dismissal; rather, MGI asks only that the Court not allow the FTC to pursue unnecessarily burdensome and irrelevant discovery when MGI has offered the FTC all the relief that it is entitled to seek[3] (and also has offered to stipulate to the Court's entry of the Verified Stipulation as a Court order). The Court has never considered—much less rejected—that argument.

### B. In Discounting the Verified Stipulation, the FTC Ignores the Mismatch Between the Requested Discovery and its Arguments.

Perhaps recognizing that the Verified Stipulation is fatal to the FTC's relevance arguments, the FTC next claims that the Court should ignore MGI's Verified Stipulation in assessing relevance, arguing that the FTC is entitled to a broader injunction. But in doing so, the FTC reveals the fatal mismatch between the discovery ordered and its claimed need for that discovery.

---

[3] As described in more detail below, the FTC's proposed "fencing-in" relief is overbroad and has no relationship to the discovery that the FTC is seeking.

First, the FTC complains that the Verified Stipulation is a "nonbinding and unenforceable" "bare denial." Resp. at 10. To begin, the Verified Stipulation is more than a "bare denial," because it includes commitments about Defendants' conduct in the future. Moreover, as Defendants explained, they fully intend the Verified Stipulation to be binding, as it is a sworn stipulation submitted to the Court.[4] Dkt. 146 at 3. If there is any enforceability question, Defendants have no objection to the Court entering the Verified Stipulation as a permanent injunction, as MGI previously offered, Dkt. 175 at 10, (which the FTC all but ignores in its Response, falsely claiming MGI has refused to consent to entry of an injunction, Resp. at 10, 13).

Second, the FTC contends that the Verified Stipulation is "much narrower in scope than the relief that the FTC is entitled to under the law." Resp. at 11. The FTC claims that it is entitled to "fencing in" relief, and the Verified Stipulation fails to provide such relief because it does not bind any dating platforms other than Match.com and lacks compliance monitoring provisions. Resp. at 11. This argument reveals the fundamental mismatch in the FTC's theory. ***The discovery that Magistrate Judge Ramirez ordered is not relevant to the broader fencing-in relief that the FTC is requesting.*** The FTC's sole theory of why it needs ten years of discovery into *Match.com's* discontinued practices is to determine whether there is a likelihood of *Match.com* renewing these practices, and thus, whether an injunction should be issued at all. But Defendants' offer satisfies that issue of whether an injunction should be issued. The ordered discovery—dating back to 2013 and related solely to Match.com—is irrelevant to whether an injunction should also bind *other*

---

[4] MGI has made every attempt to prove to the FTC that these practices have been permanently discontinued, but the FTC continues to move the goalposts. MGI has stated since before the FTC filed suit that the challenged practices have ceased, but the FTC only recently responded that MGI must also establish that the practices will never be reinstated. But when MGI tried to do so with further commitments, the FTC claimed that those commitments were not clear enough. Defendants have now offered those assurances in various forms in at least two letters, multiple sworn interrogatory responses, and the Verified Stipulation, but the FTC cannot be satisfied.

dating platforms. The FTC cannot cite a *single* discovery request targeted at the purported "fencing in" relief that the FTC demands but which the Verified Stipulation allegedly lacks.

What is more, at the hearing on the Motion, the FTC admitted that it has no good-faith basis to so much as allege that any other dating platform is violating the law. *See* Dkt. 176, App. at 194 (Hr'g Tr. 29:14-19). For that reason, the Magistrate Judge (correctly) held that the FTC is not entitled to discovery into those other platforms. Dkt. 164 (Order) at 2. If the FTC does not have a basis to allege any misconduct by other dating platforms or to obtain discovery into those platforms, it certainly has no basis to include those other dating platforms in an injunction. The FTC relies on cases generally supporting the concept of fencing in relief,[5] but it cites no case that would justify what the FTC seeks to do here: burden a parent company (MGI) with discovery into a subsidiary's (MGL) permanently discontinued conduct, so that the FTC can argue that it is entitled to an injunction applicable to conduct at *other, separate platforms* and *other subsidiaries*.

Finally, the FTC argues that the Verified Stipulation does not relieve MGI of its discovery obligations. Resp. at 12. The FTC is wrong. A stipulation bears on the relevance analysis that the Court must conduct. *Cf. Old Chief*, 519 U.S. at 173 (1997). In any event, it is equally true that the FTC cannot manufacture a dispute on which it purportedly needs discovery simply by demanding its own unreasonable and vague settlement terms[6]—terms that the FTC would never be entitled to even if successful on the merits—just so it can punish MGI with overly burdensome discovery. Put differently, the FTC cannot force MGI to choose between accepting unwarranted and overbroad settlement terms (on which the FTC has refused to budge), or undergoing the burden of

---

[5] *See, e.g.*, *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374 (1965) (nothing to do with parent/subsidiary relationship); *FTC v. Ruberoid Co.* 343 U.S. 470, 473 (1952) (same); *Kraft, Inc. v. FTC*, 970 F.2d 311 (7th Cir. 1992) (same).
[6] For example, the FTC's proposed injunction would require Defendants to "Clearly and Conspicuously disclose any material restrictions, limitation, or conditions to purchase, receive, or use the online dating services." App. at 347. This incredibly broad provision has no basis in the law and invites the FTC to invent what it considers "material restrictions" so it can rake Defendants over the coals yet again on trumped up claims.

responding to the FTC's overbroad and unnecessary discovery requests.[7] Because there is no need for discovery on these Counts, the Court should put an end to the FTC's improper requests.

### II.     The FTC's Discovery Request Are Not Proportional to The Needs of This Case.

Even assuming the discovery were relevant (it is not), the broad discovery the FTC demands regarding Counts III and IV is not proportional to the needs of the case. The FTC's Response blatantly ignores and does not engage in a proper Rule 26(b) proportionality analysis. As explained in MGI's Objection, each of the proportionality factors weighs in favor of sustaining the Objection. The FTC did not bother to address all of those factors, but for those it did, its arguments fail for the reasons explained below.

### A.  The FTC Wrongly Claims MGI Presented New Arguments and New Evidence.

The FTC begins its proportionality argument by incorrectly claiming that MGI's Objection presents "new exhibits" and "arguments inadequately briefed for the Magistrate." Dkt. 180 at 13. Neither is true.

First, MGI described the allegedly "new exhibits" in its Joint Submission to Magistrate Judge Ramirez, even though those documents had not been produced at the time of the Submission and therefore were not attached as exhibits. *See* Dkt. 147 at 10 ("Moreover, MGI can and will produce documents sufficient to show that the conduct at issue in Counts III and IV has permanently ceased as a factual matter, such as by providing documents reflecting its current relevant policies."). Notably, the FTC takes no issue with the substance of the exhibits, which

---

[7] MGI never threatened Rule 11 sanctions. Rather, MGI's counsel only reminded the FTC that it had obligations under the Federal Rules to not submit irrelevant and unduly burdensome discovery requests. *See* Fed. R. Civ. P. 26(g)(1)(B).

demonstrate that the challenged practices were permanently discontinued. *See* Dkt. 176, App. at 124 (MATCHFTC774521); 125 (MATCHFTC774522); 126-127 (MATCHFTC774668).[8]

Second, the only argument that the FTC claims was "inadequately briefed" is the argument that the discovery requests' ten-year scope is improper. Resp. at 13 n.37. But MGI made that argument in its Joint Submission, Dkt. 147 at 5-11, which Judge Ramirez recognized at the hearing, before overruling the objection. *See* Dkt. 176, App. at 218:25-219:1 (Hr'g Tr. 53:25-54:1) ("So, as far as the objection on the time scope, it's overruled. I was prepared to overrule that."). Therefore, this is not a new argument and there is no basis to disregard it.[9]

### B.  There Are Not Any Important Issues at Stake in Counts III and IV.

MGI argued in its Objection that the issues at stake in Counts III and IV are not important because they involve practices that were permanently discontinued nearly four years ago. Dkt. 175 at 13. The FTC's only response is to assert that the discovery sought is "critically important," but as with its relevance argument, it does not explain *how* or *why*. Dkt. 180 at 15. The most that the FTC does is claim that the requested documents "will likely reveal Match's true motivations for suspending" the challenged conduct. Resp. at 15. But again, that argument reveals a mismatch between the FTC's discovery requests and its relevance argument; dozens of 2013 advertisements for the Match.com Guarantee, for example, are not relevant to Match.com's "true motivations for

---

[8] The FTC also claims that MGI justified the so-called "new exhibits" by claiming it was "confused" by the Magistrate's Order. This also is not true. That portion of MGI's Objection was about Magistrate Judge Ramirez's refusal to permit MGI to submit a supplemental affidavit after the hearing; it had nothing to do with the supposedly new exhibits. In any event, the FTC conceded that it was also confused by the Magistrate's Order. *See* App. at 247 (Hr'g Tr. 23:13-22) ("And Your Honor, I apologize if, you know, we misunderstood the order…. it states issues or objections. I thought those were different ways of, you know, that we could, I guess, you know, outline the various issues."). Magistrate Judge Ramirez later acknowledged that she would clarify her standard order as a result. *See* App. at 245 (Hr'g Tr. 21:12-14) ("And if it makes both sides feel any better, I'm going to go back and make changes to my face-to-face order, because it needs to be clarified.").

[9] The cases relied upon by the FTC are thus inapposite as MGI has not presented any arguments or exhibits to this Court that were not presented to the Magistrate Judge. *See Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (involving new exhibits, but holding that the court *could* consider the new evidence); *Moore v. Ford Motor,* 755 F.3d 802, 808 (5th Cir. 2014) (involving new arguments); *Haines v. Liggett Grp.,* 975 F.2d 81, 91 (3d Cir. 1992), as amended (Sept. 17, 1992)(involving new facts).

suspending" the Guarantee in April 2019. To the extent discontinuance is relevant, Defendants produced documents sufficient to show the permanent discontinuance of the practices. *See* Dkt. 176, App. at 124 (MATCHFTC774521); 125 (MATCHFTC774522); 126-127 (MATCHFTC774668).

The FTC also suggests that the documents must have "highly probative value" because of the time and resources MGI has invested objecting to their production. Dkt. 180, at 14-15. This argument is wholly improper, as MGI has a right to object to overly broad and improper discovery requests. And given the breadth of the FTC's discovery requests, *see* Dkt. 175 at 5, the FTC's assertion that MGI has invested more resources in objecting than it would have spent to produce the documents is false. In any event, a party's efforts to defend itself against improper fishing expeditions is not evidence that the information sought is relevant, nor is it a factor described in Rule 26(b)'s proportionality analysis. *See* Fed. R. Civ. P. 26(b). The FTC's specious argument only confirms that no important issue is at stake.

### C. The Temporal Scope of the FTC's Discovery Request Is Overbroad and Unduly Burdensome.

The burden and expense of the proposed discovery clearly outweighs any likely benefit. The FTC demands discovery beginning January 1, 2013—nearly 10 years ago. The burden of producing 10 years of documents requires no imagination. "The scope of discovery and the relevance of certain information is naturally dependent on the specific facts and claims in each case." *See United States ex rel. Simms v. Austin Radiological Assoc.*, 292 F.R.D. 378, 385 (W.D. Tex. 2013). The FTC asserts that this length of discovery is not "unusual," but does not engage with whether that length of time is appropriate on these facts or on the FTC's proposed theory of relevance. It is not. Here—where the challenged conduct was permanently discontinued nearly four years ago and will never be reinstated—ten years of discovery is not proportional.

The FTC makes a passing reference to the *Cornerstone Wealth* factors to argue that past misconduct can be evidence of likelihood of recurrence, Resp. at 16 & n.46, but this argument reveals another mismatch. The FTC did not request discovery targeted to the *Cornerstone Wealth* factors. Rather, it requested ten years of discovery on essentially *all* documents in any way related to the challenged (but permanently discontinued) conduct. That is far from proportional.

### D. The FTC Incorrectly Argues that the Court Should Ignore the Amount in Controversy Factor in Its Proportionality Analysis.

The FTC next encourages the Court to ignore the amount in controversy proportionality factor specifically enumerated in Rule 26(b).[10] *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering…the amount in controversy."). The FTC asks the Court to do so because there is no amount in controversy with respect to Counts III and IV, as the FTC cannot seek monetary relief for those Counts. *See* Dkt. 86 (Mem. Opinion and Order) at 13, 15, 35. The FTC nevertheless argues that "the value of this claim greatly outweighs any monetary damages" because it purportedly "protect[s] consumers from unfair and deceptive practices." Resp. at 17. But that ignores that the allegedly unfair and deceptive practices were ***discontinued years ago and will never be reinstated***. Continuing to litigate these issues has no value—whether injunctive or monetary—but is only counterproductive, as it would require the parties and the Court to spend time and resources litigating an issue that never needed to be tried.

### E. The Hundreds of Thousands of Documents the FTC Received During the CID Demonstrate that Further Discovery Is Disproportional.

Finally, the FTC responds to MGI's argument that the Court should consider in its proportionality analysis the *hundreds of thousands of documents* that MGI produced during the

---

[10] MGI did not "cherry-pick[]" this proportionality factor, as the FTC alleges. Resp. at 16. Rather, MGI—unlike the FTC—analyzed *all* of the proportionality factors listed in Rule 26(b).

FTC's years-long Civil Investigative Demand by asking the Court to ignore those documents, the information they provide, and the burden that MGI bore to produce them. The FTC even doubles down by claiming that MGI has "refused entirely to respond to discovery requests concerning [Counts III and IV]" as a result. Dkt. 180 at 5, 17-18. Wrong.

During the FTC's years-long pre-suit investigation of Match.com, MGI produced hundreds of thousands of documents and hundreds of pages of interrogatory and written question responses. All of those documents remain at the FTC's fingertips. Neither the FTC nor this Court should close its eyes to the immense amount of discovery already made available to the FTC on these counts or the burden that MGI bore to produce those documents.

Even setting aside the CID productions, Defendants produced in this litigation documents establishing the permanent discontinuance of the practices at issue in Counts III and IV (so the FTC need not take MGI's word for it).[11] MGI (unlike the parties in the cases that the FTC cites)[12] is not withholding documents or information based on MGI's responses and production during the CID. That discovery—both during the CID and during this litigation—must be taken into account in determining whether even *more* discovery is proportional to the needs of the case. It is not.

## CONCLUSION

For all of the reasons set forth herein and in its Objection, MGI respectfully requests that the Court sustain MGI's Objection to the Magistrate's Order granting in part Plaintiff's Motion to Compel, because the requested discovery lacks any viable connection to any issues actually in dispute. Thus, the Magistrate Judge's Order was clearly erroneous and contrary to law.

---

[11] *See* MGI's First Amended Responses and Objections to FTC's First Set of Interrogatories, Dkt. 176, App. at 095-121; MGL's Responses and Objections to the FTC's First Set of Interrogatories, App. at 304-341.

[12] *See SEC v. Sargent*, 229 F.3d 68, 74 (1st Cir. 2000) (permitting agency to engage in discovery in litigation, despite its pre-filing investigation); *SEC v. Softpoint, Inc.*, 958 F. Supp. 846, 857 (S.D.N.Y. 1997)(same); *United States v. Witmer,* No. 1:93-cv-1410, 1993 WL 409993, at *211 (M.D. Pa. Oct. 8, 1993) (addressing party withholding documents in CID).

Dated: December 20, 2022

Respectfully submitted,

*/s/ Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone: 214.981.3300
Fax: 214.981.3400

Chad S. Hummel *(admitted pro hac vice)*
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Fax: 310.595.9501

*Attorneys for Match Group, Inc. and Match Group, LLC*

## CERTIFICATE OF SERVICE

On December 20, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Angela C. Zambrano*
Angela C. Zambrano