IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2281-K |
| | § | |
| MATCH GROUP, INC., a corporation, | § | |
| and MATCH GROUP, LLC, formerly | § | |
| known as MATCH.COM, LLC, a limited | § | |
| liability company, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Match Group, Inc.'s ("MGI") Objection to Magistrate Judge's Order (Doc. No. 175) and Appendix in support (Doc. No. 176) (together, the "Objection"). The Court referred Plaintiff Federal Trade Commission's (the "FTC") Motion to Compel Production of Documents and Interrogatory Responses from Defendant Match Group, Inc. (the "Motion to Compel") (Doc. No. 140) to United States Magistrate Judge Irma Ramirez for determination. *See* Or. (Doc. No. 142). On November 1, 2022, Magistrate Judge Ramirez held a hearing on the Motion to Compel at which the parties offered arguments. *See* Doc. Nos. 162 & 167. That same day, Magistrate Judge Ramirez issued an order with her ruling. *See* Doc. No. 164. Defendant MGI timely filed its Objection to this order. The FTC filed a Response to

ORDER – PAGE 1

Defendants' Objection (Doc. No. 180) and Appendix in support (Doc. No. 181) (together, the "Response").  Defendant MGI filed a Reply in Support of its Objection (Doc. No. 182) and Appendix in support (Doc. No. 183) (together, the "Reply").

Here, the magistrate judge's order involves a non-dispositive matter, therefore the Court must consider Defendant MGI's timely objections and "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  "When a party appeals a magistrate judge's order, it must demonstrate how the order is reversible under the applicable standard of review— *de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Clapper v. Am. Realty Invs., Inc.*, Civ. Action No. 3:14-CV-2970-D, 2018 WL 3769831, at *1 (N.D. Tex. Aug. 9, 2018) (Fitzwater, J.) (cleaned up). "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Id.*  "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.*  "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.*  The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id.* (cleaned up).  "The abuse of

ORDER – PAGE 2

discretion standard governs review of the vast area of . . . choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (cleaned up).

"[I]n matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (Fitzwater, C.J.). "Parties who seek review of . . . discovery rulings must therefore recognize and satisfy their obligation to demonstrate reversible error in the magistrate judge's decision, not simply the preferability of an alternative approach with which the district judge might agree if deciding the matter in the first instance." *Id.*

The Court has carefully considered Defendant MGI's objections, the FTC's Response, Defendant MGI's Reply, the relevant portions of the record, and the applicable law. Having reviewed the Magistrate Judge's determinations under the abuse of discretion standard, the Court finds there is no reversible error in her decision. *See id.*; Fed. R. Civ. P. 72(a) (district court must modify or set aside "order that is clearly erroneous or is contrary to law."). The Court will not substitute its own judgment for that of the Magistrate Judge. *See also Clapper*, 2018 WL 3769831, at *1.

ORDER – PAGE 3

Accordingly, Defendant MGI's objections are **overruled**, and Magistrate Judge Ramirez's order is **affirmed** in all respects.

   **SO ORDERED.**

Signed January 5th, 2023.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 4