IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MATCH GROUP, INC., a corporation, and<br><br>MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>　　Defendants. | Case No. 3:19-cv-02281-K<br><br>**AGREED ORDER ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, RESPONSES TO INTERROGATORIES, AND REQUESTS FOR ADMISSION FROM DEFENDANT MATCH GROUP, LLC AND RESPONSES TO INTERROGATORIES FROM DEFENDANT MATCH GROUP, INC.** |

　　The Court hereby enters the following Agreed Order on Plaintiff Federal Trade Commission's ("FTC") Motion to Compel Production of Documents, Responses to Interrogatories, and Requests for Admission from Defendant Match Group, LLC ("MGLLC") and Responses to Interrogatories from Defendant Match Group, Inc. ("MGI") (together with MGLLC, "Defendants," and together with the FTC, the "Parties") (Dkt. 190) ("Motion to Compel"), ordering and adjudging as follows having found **GOOD CAUSE**:

1. Pursuant to this Court's July 31, 2023 Order (Dkt. 193), the Parties conferred further on August 3, 2023, in a Zoom meeting attended by Chelsea Priest and Benjamin Mundel of Sidley Austin LLP for Defendants and Reid Tepfer, John O'Gorman, and Hasan Aijaz of the FTC for Plaintiff.

2. The Parties resolved each item in dispute in the FTC's Motion to Compel through these negotiations, as outlined below. Defendants will supplement their discovery responses, where agreed by the Parties, by August 31, 2023:

a. ***The FTC's Second Set of Interrogatories to MGI.***

   i. <u>Interrogatory Nos. 10 and 11</u>: MGI will supplement its responses to provide additional detail to address the concerns raised by the FTC.

b. ***The FTC's Fourth Set of Requests for Production to MGLLC.***

   i. <u>Request No. 1</u>: MGLLC will produce a screenshot of the page at the link labeled "Subscription Status" or identify the Bates number of that screenshot if it has already been produced and will provide screenshots of any variation of this page if applicable and available.

   ii. <u>Request No. 2</u>: MGLLC represents that no responsive documents currently exist. MGLLC represents that this data is not typically tracked by the company and that it would be difficult or impossible to disambiguate the requested traffic from other website traffic.

   iii. <u>Request Nos. 3, 4, and 5-16</u>: MGLLC will conduct a reasonable search for and produce any nonprivileged, responsive documents.

c. ***FTC's Fourth Set of Interrogatories to MGLLC*** (incorrectly labeled by the FTC as the Third Set of Interrogatories)

   i. <u>Interrogatory No. 22(g)-(j)</u> (incorrectly labeled by the FTC as No. 19): MGLLC will produce data, to the extent available, reflecting the number of customers that received time credited, the number of customers that did not receive time credited, and the average amount of time remaining.

d. ***FTC's Third Set of Request for Admission to MGLLC.***

   i. <u>Request Nos. 165-66, 206-08, 229, and 232</u>: MGLLC will respond.

ii. <u>Request Nos. 172-74</u>: The Parties agree that MGLLC will not respond based on the objections described in MGLLC's responses.

iii. <u>Request Nos. 175-78</u>: MGLLC will respond if the relevant data exists allowing MGLLC to admit or deny. If such data does not exist, MGLLC will respond by explaining that it cannot admit or deny because the necessary data does not exist.

iv. <u>Request Nos. 179-96</u>: The Parties agree that MGLLC is not required to respond because MGLLC represents that responsive materials have already been produced at MATCHFTC846838, discussed at the MGLLC 30(b)(6) deposition, or will be produced in response to Interrogatory No. 22(g)-(j).

v. <u>Request Nos. 212-17</u>: MGLLC will respond if the corresponding screenshots of the FAQ pages at issue in Requests for Production Nos. 5-16 are not produced or have not already been produced and identified by Bates Number. If MGLLC produces the corresponding screenshots of the FAQ pages at issue or identifies such screenshots as having already been produced by Bates Number, MGLLC will not be required to respond to these Requests for Admission.

vi. <u>Request Nos. 218-24</u>: MGLLC already produced the data it has regarding the method of cancelations, in response to Interrogatory No. 16 to MGLLC and in MATCHFTC774724, but MGLLC will amend its responses to these Requests for Admission to explain that it is unable to admit or deny because this data is not tracked at this level of

    detail (i.e., Match.com does not separately record cancelations by fax and mail).

 e. ***FTC's Fifth Set of Interrogatories to MGLLC*** (incorrectly labeled by the FTC as the Fourth Set of Interrogatories).

   i. <u>Interrogatory No. 23</u> (incorrectly labeled by the FTC as No. 20): MGLLC represents that it has already produced several advertisements and will produce additional advertising and promotional materials created or posted by Match.com, which the Parties also understand to mean those advertisements and promotional materials disseminated by Match.com itself. MGLLC will answer this interrogatory by identifying approximately when each advertisement was publicly available to consumers, the medium through which it was made available to consumers, and the number of views (if available).

   ii. <u>Interrogatory No. 25</u> (incorrectly labeled by the FTC as No. 22): MGLLC will amend its response to identify the spreadsheet produced at MATCHFTC847190.

   iii. <u>Interrogatory No. 26</u> (incorrectly labeled by the FTC as No. 23): The Parties agree that MGLLC will not respond.

3. The Parties agree that any other relief that the FTC requested in the Motion to Compel but which is not specified herein is expressly denied.

**IT IS SO ORDERED.**

Dated: August 14, 2023

_____
Honorable Irma Carrillo Ramirez
United States Magistrate Judge