**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>      Defendants. | Case No. 3:19-cv-02281-K<br><br><br>**Plaintiff Federal Trade Commission's**<br>**Motion for Leave to File Brief in Excess**<br>**of Page Limitations** |

Plaintiff Federal Trade Commission ("FTC") respectfully requests leave to file a summary judgment motion principal brief that exceeds the page limitations set by Local Rule 56.5. Specifically, the FTC requests that the Court grant it leave to submit a principal brief not to exceed 75 pages.

The FTC intends to be concise, yet thorough, in presenting the facts and law necessary for the Court to rule on its motion for summary judgment. However, the anticipated motion raises numerous complex factual and legal issues, including demonstrating liability against Defendants Match Group, Inc. ("MGI") and Match Group, LLC ("MGLLC") for Counts III, IV, and V of the Amended Complaint, providing factual and legal support for the FTC's request for permanent injunctive permanent injunction, monetary relief, civil penalties, and other relief, and showing the basis for entering the FTC's proposed order.

In support of this motion, the FTC respectfully states the following:

1.     Defendants MGI and MGLLC operate the online dating service Match.com. The FTC asserts in this case that through the Match.com service, MGI and MGLLC have engaged in several acts and practices violating the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45 *et seq*., and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8401 *et seq*. over the course of several years. Due to the scope of the acts and practices; the number of counts in the Amended Complaint; and the voluminous evidence assembled by the FTC, it anticipates the need to submit a principal brief that will exceed the page limit.

2.     The Amended Complaint alleges two counts for violations of the FTC Act and one count for violations of ROSCA. The allegations include: the operation of a deceptive "guarantee" program in violation of Section 5 of the FTC Act (Count III); unfairly denying access to consumers' accounts (Count IV); and failing to provide a simple mechanism for consumers to stop recurring charges (Count V).

3.     Each of these three counts provide a separate and independent basis for this Court to find liability, requiring a discussion of the ample documentary and other evidence and supporting law for each count in the summary judgment motion.

4.     The FTC seeks permanent injunctive relief and monetary relief against the Defendants pursuant to this Court's power under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and civil penalties for violations of ROSCA under 15 U.S.C. § 45(m)(1)(a).

5.     The FTC also requires more than the usual number of pages to properly cite and explain the extensive evidence supporting the FTC's summary judgment motion and the proposed order. This evidence includes substantial written business records, communications, website materials, data, and video evidence obtained through civil investigative demands,

subpoenas, and through discovery; Defendants' answers and responses to written discovery requests; deposition testimony from Defendants and their current and former employees; expert witness reports; and complaints from consumers.

6.      The FTC is not seeking an extension of its Motion for Summary Judgment deadline. The FTC will finalize and submit its Motion through ECF no later than September 11, 2023.

7.      The Court has the discretion to extend its own page limits when appropriate. *See* L.R. 7.2(c) ("Permission to file a brief in excess of these page limitations will be granted by the presiding judge only for the extraordinary and compelling reasons."). The FTC has shown good cause for a page extension on its summary judgment motion and for the extraordinary and compelling reasons discussed in this Motion.

8.      In compliance with Local Rule 7.1(c), a proposed order granting this Motion is attached.

For these reasons, the FTC respectfully requests that the Court grant it leave to file a summary judgment motion principal brief not to exceed 75 pages.


                                    Respectfully submitted,


Dated: August 31, 2023              */s/ John R. O'Gorman*
                                    REID TEPFER
                                    M. HASAN AIJAZ
                                    SARAH ZUCKERMAN (admitted *pro hac vice*)
                                    JOHN R. O'GORMAN (admitted *pro hac vice*)
                                    ERICA R. HILLIARD
                                    Texas Bar No. 24079444 (Tepfer)
                                    Virginia Bar No. 80073 (Aijaz)
                                    New York Bar No. 5603832 (Zuckerman)
                                    Texas Bar No. 24121292 (O'Gorman)
                                    Mississippi Bar No. 104244 (Hilliard)
                                    Federal Trade Commission

1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T. (214) 979-9379 (Hilliard)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov
ehilliard@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF CONFERENCE

I certify that this motion was filed following a conference between counsel for the parties by email on August 28 and 29, 2023. In its efforts to reach an agreement with Defendants regarding this motion, the FTC offered to not oppose a similar extension request. However, Defendants indicated that they oppose this motion.

*/s/ John R. O'Gorman*
JOHN R. O'GORMAN

## CERTIFICATE OF SERVICE

On August 31, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ John R. O'Gorman*
JOHN R. O'GORMAN