UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>　　　　Defendants. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff Federal Trade Commission's Motion for Summary Judgment** |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.3, Plaintiff Federal Trade Commission ("FTC") respectfully moves for summary judgment on Counts III, IV, and V in its Amended Complaint (Doc. 116). Summary judgment is proper because there are no genuine issues of material fact and the FTC is entitled to judgment as a matter of law.

## Summary

This case concerns violations of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45 *et seq.*, and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8401 *et seq.*, arising from the business practices of Defendants Match Group, Inc. ("MGI") and Match Group, LLC ("MGLLC"). In particular, through their Match.com online dating service, Defendants have violated Section 5(a) of the FTC Act, 15 U.S.C. § 45, which prohibits unfair and deceptive acts and practices in or affecting commerce; and Section 4 of ROSCA, 15 U.S.C. § 8403, which requires a seller of an online negative option feature, as defined by the FTC's Telemarketing Sales Rule, 16 C.F.R. § 310.2(w), to offer a simple mechanism to cancel recurring charges.

The FTC is entitled to summary judgment on Counts III, IV, and V of its Amended Complaint for the following reasons and as further set forth in the accompanying Brief in Support of Its Motion for Summary Judgment and Appendix:

1. <u>Count III (Deceptive "Guarantee" Program)</u>: Defendants MGI and MGLLC have engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act by representing that consumers would receive a free six-month subscription if they purchased a six-month Match.com subscription and did not "meet someone special" during that initial six-month period on Match.com. In numerous instances, Defendants have failed to disclose, or disclose adequately, information material to consumers' purchasing decisions, including that the consumer must take several specific steps to claim the guarantee during the final week of their subscription period; that the consumer must contact five unique users per month; and that the consumer must actively display an approved profile photo at all times.

2. <u>Count IV (Unfair Denial of Access to Consumers' Accounts)</u>: Defendants MGI and MGLLC have engaged in unfair acts or practices in violation of Sections 5(a) of the FTC Act by, in numerous instances, barring customers who have disputed charges through their financial institutions from using already paid-for Match.com subscription services. Defendants' actions have caused or are likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition.

3. <u>Count V (Failure to Provide a Simple Mechanism to Consumers to Stop Recurring Charges)</u>: Defendants MGI and MGLLC have engaged in practices in violation of Section 4 of ROSCA by charging customers for goods or services sold in transactions effected on the Internet through a negative option feature and failing to provide simple mechanisms for

consumers to stop recurring charges from being placed on their credit card, debit card, bank account, or other financial account.

In support of this Motion, the FTC files the accompanying Brief in Support of Its Motion for Summary Judgment and Appendix. Pursuant to Local Rule 56.3(b), each of the matters required by Local Rule 56.3(a), including the elements of each claim as to which summary judgment is sought and the relevant supporting citations to the Appendix, will be set forth in the FTC's accompanying Brief.

\*     \*     \*

## Conclusion

For the reasons set forth in this Motion, the Brief in Support of Its Motion for Summary Judgment, Appendix, and all pleadings and papers on File, the FTC respectfully requests that the Court grant the FTC summary judgment on Counts III, IV, and V in its Complaint. The FTC also requests all additional relief to which it is entitled, including entry of the FTC's Proposed Order for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief submitted with this Motion.

Respectfully submitted,

Dated: September 11, 2023

*/s/ Reid Tepfer*
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)

Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T. (214) 979-9379 (Hilliard)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov
ehilliard@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On September 11, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Reid Tepfer*
REID TEPFER