UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MATCH GROUP, INC., a corporation; and<br><br>MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>    Defendants. | Case No. 3:19-cv-02281-K<br><br>**PROPOSED ORDER FOR PERMANENT INJUNCTION, MONETARY RELIEF, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404. The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1.   This Court has jurisdiction over this matter.

2.   The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 4 of ROSCA, 15 U.S.C. § 8403, in connection with Defendants' marketing and sale of online dating services.

1

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear their own costs and attorney fees.

5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## **DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "**Billing Information**" means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B. "**Charge**," "**Charged**," or "**Charging**" means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

C. "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

   1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible

means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D. **"Defendants"** means Match Group, Inc., Match Group, LLC, and their successors and assigns.

E. **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take an affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer or agreement.

F. **"Person"** or **"Persons"** means any natural person, organization, or other entity, including, but not limited to, a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, in connection with the advertising, marketing, promoting, offering for sale, or selling of any online dating services:

A. Any material restrictions, limitations, or conditions to purchase, receive, or use the online dating services, or to receive any discount, "guarantee," or special offer;

B. Any cost to the consumer to purchase, receive, use, or return the initial good or service;

C. That the consumer will not be Charged for any good or service;

D. That a good or service is offered on a "guarantee," "free," "trial," "sample," "bonus," "gift," "no obligation," "discounted" basis, or words of similar import, denoting or implying the absence of an obligation on the part of the recipient of the offer to affirmatively act in order to avoid Charges, including where a Charge will be assessed pursuant to the offer unless the consumer takes affirmative steps to prevent or stop such a Charge;

E. That the consumer can obtain a good or service for a processing, service, shipping, handling, or administrative fee with no further obligation;

F. The purpose(s) for which the consumer's Billing Information will be used;

G. The date by which the consumer will incur any obligation or be Charged unless the consumer takes an affirmative action on a Negative Option Feature;

H. That a transaction has been authorized by the consumer;

I. Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service;

J. Any other material fact; and

K. In connection with promoting or offering for sale any good or service with a Negative Option Feature, any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service. Compliance with this Section is separate from, and in addition to, the disclosures required in Sections II and III, *infra*.

## II. REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any online dating services, are permanently restrained and enjoined from:

    A.    Failing to Clearly and Conspicuously disclose that consumers registering for a six-month "guarantee" must, to the extent applicable, (a) secure and maintain a public profile with a primary photo approved by Defendants within the first seven days of purchase, (b) message five unique subscribers per month, and (c) use Defendants' progress page to redeem the free six months during the final week of the initial six-month subscription period;

    B.    Failing to Clearly and Conspicuously disclose any material restrictions, limitations, or conditions to purchase, receive, or use the online dating services, or to receive any discount, "guarantee," or special offer; and

    C.    In connection with promoting or offering for sale any good or service with a Negative Option Feature obtaining Billing Information from a consumer, without first disclosing Clearly and Conspicuously, the simple cancellation mechanism to stop all recurring Charges, as required by Section III.

## III. SIMPLE MECHANISM TO CANCEL NEGATIVE OPTION FEATURE

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or

offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

    A. Failing to provide a simple mechanism for the consumer to: (1) avoid being Charged, or Charged an increased amount, for a good or service and (2) immediately stop any recurring Charge. Such mechanism must:

        a. Be easy to find;

        b. Be easy to use to stop such Charge;

        c. Not require the consumer to take any action that is objectively unnecessary to cancel

including using a Dark Pattern. A "Dark Pattern" refers to a user interface that has the effect of impeding consumers' expression of preference, manipulating consumers into taking certain action or otherwise subverting consumers' choice;

    B. If any consumers entered into the agreement to purchase a good or service including a Negative Option Feature over the Internet or a mobile phone application, failing to provide the mechanism through the same website, email address or other application.

    C. If any consumers entered into the agreement to purchase a good or service including a Negative Option Feature through an oral offer or acceptance, failing to provide such mechanisms through the use of a telephone number and a postal address.

### IV. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the

7

advertising, marketing, promoting, offering for sale, or selling of any online dating service, are permanently restrained and enjoined from:

A. Retaliating, threatening to take, or taking any adverse action against any consumer who files, or threatens to file, a billing dispute with their financial institutions or with any law enforcement or consumer protection agency by denying such consumers access to and use of paid-for goods or services; *provided, however*, that nothing herein shall be deemed to preclude Defendants from suspending a consumer's service during the pendency of a billing dispute or from suspending or terminating a consumer's service if a refund has been issued.

B. Violating the Restore Online Shoppers' Confidence Act, 15 U.S.C. §§ 8401-05, a copy of which is attached.

## V. JUDGMENT FOR MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of fifty-one million one hundred eighteen thousand eight hundred four Million Dollars ($51,118,804.92) is entered in favor of the Commission against Defendants, as monetary relief.

B. Defendants are ordered to pay to the Commission fifty-one million one hundred eighteen thousand eight hundred four Million Dollars ($51,118,804.92). Such payment must be made within 7 days of entry of this Order by electronic fund transfer.

## VI. JUDGMENT FOR CIVIL PENALTY

A. Judgment in the amount of one hundred sixty-one million seven hundred thirty-seven thousand two hundred forty Million Dollars ($161,737,240) is entered in favor of the Commission against Defendants, as a civil penalty.

B. Defendants are ordered to pay to the Commission one hundred sixty-one million seven hundred thirty-seven thousand two hundred forty Million Dollars ($161,737,240). Such payment must be made within 7 days of entry of this Order by electronic fund transfer.

## VII. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants acknowledge that their Taxpayer Identification Numbers (Employer Identification Numbers), which Defendants must submit to the Commission, may be

   used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

 E. All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury as an additional civil penalty. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## IX. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury. Each Defendant must:

1. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

    2. Identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    3. Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales;

    4. Describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

    5. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following, each Defendant must report any change in:

    1. Any designated point of contact; or

    2. The structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Match Group, Inc. and Match Group, LLC.

## XI. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendants, in connection with advertising, marketing, or promoting any online dating services, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material featuring a negative option plan.

## XII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this _____ day of _____, 20__.

_____
UNITED STATES DISTRICT JUDGE

**[Remainder of Page Intentionally Left Blank]**