THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>Defendants. | Case No. 3:19-cv-02281-K |

### DEFENDANTS MATCH GROUP, INC. AND MATCH GROUP, LLC'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a) and Local Civil Rule 56.3, Defendants Match Group, Inc. ("MGI") and Match Group, LLC ("MGL") respectfully submit this Motion for Summary Judgment (the "Motion"). In support of this Motion, Defendants submit their accompanying Brief in Support of the Motion (the "Brief"), Appendix in Support of the Motion, and Proposed Order Granting the Motion. Defendants identify below each claim on which summary judgment is sought. Pursuant to Local Civil Rule 56.3(b), the matters required under Local Civil Rule 56.3(a) are set forth in the Brief.

**First**, MGI and MGL seek dismissal of **Count V** in its entirety for three separate reasons: (1) the FTC failed to provide Defendants constitutional fair notice of the FTC's interpretation of the Restore Online Shoppers' Confidence Act's ("ROSCA") "simple mechanisms" requirement, which is void for vagueness as applied to Defendants, *see* **Br. § IV.A.1**; and there is no genuine dispute of material fact that Match.com provides simple cancelation mechanisms under ROSCA because (2) the online cancelation flow is simple as a matter of law, *see* **Br. § IV.A.2.a**, and (3) Match.com offers multiple methods to cancel, and the FTC challenges only the online

cancelation flow, *see* **Br. § IV.A.2.b**. If the Court is not inclined to dismiss Count V in its entirety, MGI and MGL seek dismissal of the FTC's claim for civil penalties because no reasonable factfinder could conclude that the FTC provided enough notice such that Defendants acted with the scienter required for civil penalties—that they knew or reasonably should have known that the conduct on Match.com violated ROSCA. *See* **Br. § IV.A.3**. If the Court does not grant MGL summary judgment in the entirety on Count V or summary judgment on civil penalties, summary judgment on the FTC's claims for civil penalties and consumer redress against MGL should be partially granted on statute of limitations grounds. *See* **Br. § IV.A.4**. MGI also separately seeks dismissal of Count V in its entirety because the FTC admittedly has no evidence that MGI was involved in the online cancelation flow at issue in Count V, and MGI, as indirect parent, is not liable for the acts of its subsidiary, MGL. *See* **Br. § IV.C**.

**Second**, MGI and MGL seek dismissal of **Count III** in its entirety for three separate reasons: (1) Count III is constitutionally moot because the Guarantee (as defined in the Brief) could not reasonably be expected to recur, *see* **Br. § IV.B.1**; and, as required by the FTC Act, there is no evidence that MGI or MGL is "violating, or about to violate" the FTC Act as alleged in Count III because (2) there is no reasonable likelihood of violations in the future, *see* **Br. § IV.B.2.a**, and (3) there is not sufficient evidence to create a triable issue that the Guarantee violated the FTC Act at all, *see* **Br. § IV.B.2.b.i**. MGI also separately seeks dismissal of Count III in its entirety because the FTC admittedly has no evidence that MGI was involved in the Guarantee at issue in Count III, and MGI, as indirect parent, is not liable for the acts of its subsidiary, MGL. *See* **Br. § IV.C**.

**Third**, MGI and MGL seek dismissal of **Count IV** in its entirety for three separate reasons: (1) Count IV is constitutionally moot because the Chargeback Policy (as defined in the Brief) could not reasonably be expected to recur, *see* **Br. § IV.B.1**; and, as required by the FTC Act, there is no

evidence that MGI or MGL is "violating, or about to violate" the FTC Act as described in Count IV because (2) there is no reasonable likelihood of violations in the future, *see* **Br. § IV.B.2.a**, and (3) there is not sufficient evidence to create a triable issue that the Chargeback Policy violated the FTC Act at all, *see* **Br. § IV.B.2.b.ii**. MGI also separately seeks dismissal of Count IV in its entirety because the FTC admittedly has no evidence that MGI was involved in the Chargeback Policy at issue in Count IV, and MGI, as indirect parent, is not liable for the acts of its subsidiary, MGL. *See* **Br. § IV.C**.

[signature page to follow]

Dated: September 11, 2023

/s/ *Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: 214-981-3300
Fax: 214-981-3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Fax: 310-595-9501

Benjamin M. Mundel (admitted *pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

*Attorneys for Match Group, Inc. and Match Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, I caused true and correct copies of the foregoing to be served on all counsel of record in accordance with Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

Reid Abram Tepfer
rtepfer@ftc.gov
M. Hasan Aijaz
maijaz@ftc.gov
Matthew James Wilshire
mwilshire@ftc.gov
Sarah Zuckerman
szuckerman@ftc.gov
John R. O'Gorman
jogorman@ftc.gov
Erica Rollins Hilliard
ehilliard@ftc.gov
Jason C. Moon
jmoon@ftc.gov

*/s/ Angela C. Zambrano*
Angela C. Zambrano