# EXHIBIT 42

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Linda A. Goldstein
direct dial: 212.589.4206
lgoldstein@bakerlaw.com

August 6, 2019

**VIA E-MAIL (ZKELLER@FTC.GOV)**

Zachary A. Keller, Esq.
Federal Trade Commission
Southwest Region
1999 Bryan Street, Suite 2150
Dallas, TX 75201

Re:   FTC / Match

Dear Zach:

Match and the FTC have repeatedly discussed the FTC's concerns about certain of Match's practices. In addition, you have provided Match with a draft Complaint that details the FTC's legal theories as to why the FTC believes Match's practices are unlawful. While we have denied any wrongdoing related to the FTC's proposed claims and will continue to do so until the investigation either closes or the claims are dismissed, as you know, our business has changed over the time period of this investigation. This letter is to leave absolutely no doubt regarding Match's current and future practices.

In short, Match does not engage in any of the following practices in the FTC's draft Complaint, nor does it have any plans or intentions to do so in the future:

- Send notifications ("PTRs") associated with communications from any subscriber account then under fraud review to any non-subscriber as alleged in Count I;

- Allow communications from any subscriber account then under fraud review to reach any non-subscriber (or, for that matter, recent subscribers, which Match has never done) as alleged in Count II;

- Offer a "guarantee" program that allows consumers who meet certain terms and conditions to extend their subscriptions without cost as alleged in Count III,

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC

App. 341

Zachary A. Keller, Esq.
August 6, 2019
Page 2

- without clearly and conspicuously disclosing the full terms and conditions of the guarantee program;

- Bar consumers who have unsuccessfully disputed charges through their financial institutions, including preventing them from using paid Match.com subscription services as alleged in Count IV.

Moreover, Match has no plans or intentions ever to reinstitute any of these practices.

If the FTC chooses to pursue legal action against Match, it cannot plead any facts in good faith inconsistent with the foregoing, including but not limited to alleging that Match is violating, or is about to violate, the FTC Act with respect to any of the discontinued practices described above.

Sincerely,

*[signature]*

Linda A. Goldstein

# EXHIBIT 43



SIDLEY AUSTIN LLP
1999 AVENUE OF THE STARS
17TH FLOOR
LOS ANGELES, CA 90067
+1 310 595 9500
+1 310 595 9501 FAX

+1 310 595 9505
CHUMMEL@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

May 20, 2022

Reid Tepfer
Federal Trade Commission
1999 Bryan St Ste 2150
Dallas, TX 75201
rtepfer@ftc.gov

Re:   *FTC v. Match Group, Inc.*, No. 3:19-cv-02281-K (N.D. Tex.)

Dear Reid:

Match Group, Inc. ("Match") and the FTC have repeatedly discussed the FTC's allegations about certain practices on Match.com that the FTC claims violate the FTC Act. Although Match has denied any wrongdoing related to the FTC's allegations and continues to do so, as you are aware, these practices were discontinued by March and April 2019, prior to the FTC filing its Complaint against Match. Additionally, in an August 6, 2019, letter to the FTC, Match left absolutely no doubt regarding any intent to resume these practices, writing that there were "no plans or intentions ever to reinstitute any of these practices" on Match.com. It has now been over three years since these practices were discontinued, and the same remains true today. There are no plans or intentions to either:

- Offer a "guarantee" program that allows consumers who meet certain terms and conditions to extend their subscriptions without cost, as alleged in Count III, or

- Bar consumers who have unsuccessfully disputed charges through their financial institutions, including preventing them from using paid Match.com subscription services, as alleged in Count IV.

Given that these practices were discontinued many years ago, and there are no plans or intentions to reinstitute those practices, there is no evidence that Match Group, Inc. (or Match Group, LLC) is violating or is about the violate the FTC Act with respect to any of the permanently discontinued practices described above. As a result, Match requests that the FTC dismiss its FTC Act claims to avoid the unnecessary expenditure of the parties' and the Court's time and resources litigating about permanently discontinued practices.

Sincerely,

/s/ *Chad S. Hummel*

Chad S. Hummel

cc:   Counsel of Record

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.