IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2281-K |
| | § | |
| MATCH GROUP, INC. and MATCH | § | |
| GROUP, LLC, formerly known as | § | |
| MATCH.COM, LLC, | § | |
| | § | |
| Defendants. | § | |

# ORDER

On September 11, 2023, the parties filed several motions seeking leave of the Court to file numerous (and sometimes voluminous) documents under seal pursuant to the parties' Protective Order (Doc. No. 131): (1) Plaintiff's Motion for Leave to File Documents Under Seal (Doc. No. 199), those being Plaintiff's Brief in Support of Its Motion for Summary Judgment and the appendix in support; (2) Plaintiff's Motion for Leave to File Documents Under Seal (Doc. No. 200), those being a motion in limine, brief in support, and appendix in support; (3) Plaintiff's Motion for Leave to File Documents Under Seal (Doc. No. 201), those being a second motion in limine, brief in support, and appendix in support; (4) Plaintiff's Motion for Leave to File Documents Under Seal (Doc. No. 205), those being a third motion in limine, brief in support, and appendix in support; (5) Defendants' Unopposed Motion for Leave to File Under Seal (Doc. No. 207) certain exhibits in Defendants' Appendix in Support

of Their Motion for Summary Judgment; and (6) Defendants' Unopposed Motion for Leave to File Under Seal (Doc. No. 210) one exhibit in Defendants' Appendix in Support of Their Motion to Exclude Dr. Jennifer King's Testimony, (collectively, the "Motions to Seal").

In a conference call with the Court, counsel for all parties confirmed for the Court that the vast majority, if not all, of the documents both parties seek leave to file under seal were marked confidential by Defendants during discovery pursuant to the Protective Order. Plaintiff does not believe the documents should be sealed from public access, but it nevertheless seeks to comply with the Protective Order without waiving any objections or challenges to the confidential designations or its right to move the Court to unseal any of these documents at a later time. Defendants maintain that they will continue to argue that some, if not all, of the documents identified in both parties' Motions to Seal should be filed under seal with leave of the Court.

The Fifth Circuit recently addressed in great depth an increasing trend of courts "sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022). The Fifth Circuit also reaffirmed that "[t]he public's right of access to judicial proceedings is fundamental." *Le*, 990 F.3d at 418; *see id.* at 421 ("Legal arguments, and the documents underlying them, belong in the public domain. American courts are not private tribunals summoned to resolve disputes confidentially at taxpayer expense."). Thus, courts must

be "ungenerous with their discretion to seal judicial records" and remain mindful that "the working presumption is that judicial records should not be sealed." *Id.* at 418-19.

"At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information. But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.* at 420. A court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" and conduct an analysis which demonstrates a "grappling with public and private interests" and provides an "assurance that the extent of sealing was congruent to the need." *Id.* at 419-20. To be sure, "[t]he secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Id.* at 421. Sealing judicial records without the required showing and explanation "harms the public interest, however interested the public is likely to be." *Id.*

Although the required "line-by-line" balancing is a duty ultimately reserved for the Court, the Court will not engage in this analysis absent robust briefing from the party seeking the sealing order. Thus, the Court **ORDERS** the following:

The parties shall confer and file a written notice with the Court by **November 3, 2023**, which specifically identifies any document(s) which the parties no longer request leave to file under seal.

As for any document a party wishes to be filed under seal, that party shall file (jointly, if parties are in agreement and they so choose), by **November 17, 2023**, a sealing motion in accordance with the following requirements:

- A *publicly filed* sealing motion(s), describing generally for <u>each element</u> (*e.g.*, line, sentence, paragraph, figure, chart, etc.) <u>of each document</u> it wishes to redact, the legal rationale for the sealing (*i.e.*, why the risks of disclosure outweigh the public's common law right of access) without disclosing the substance of the material sought to be kept confidential.

- As a *sealed attachment* to the motion(s), the party shall, for <u>each element of each document</u> sought to be redacted, provide a detailed argument of the reason for the proposed redaction with supporting legal authority as to why the risk of disclosure outweighs the public's common law right of access.

- Unredacted versions of each document shall be filed as *sealed attachments*.

- All facts recited in a sealing motion must be verified by the oath or declaration of a person(s) with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny. *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge,

the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

*See* N.D. Tex. L. Civ. R. 79.3.

Within twenty-one (21) days of the filing of the motion to seal, any party opposing said sealing motion, if any, shall:

- *Publicly file* their response, and without disclosing the substance of the material sought to be kept confidential, describe generally why the risks of disclosure of each sentence, paragraph, page, figure, chart, etc. of the document(s) the movant seeks to seal do not outweigh the public's common law right of access.
- As a *sealed attachment* to the response, the party opposing shall brief specifically why the risks of disclosure of each sentence, paragraph, page, figure, chart, etc. of the document(s) the movant seeks to seal do not outweigh the public's common law right of access.
- The party opposing shall note any sentence, paragraph, or page that they agree should be sealed.

*See* N.D. Tex. L. Civ. R. 79.3.

If a response in opposition is filed, the movant may, within fourteen (14) days, file a reply which:

- Shall be *publicly filed*, and responds generally to the broad arguments in the public response.

- As a *sealed attachment* to the reply, the movant shall specifically address the arguments in the response in opposition.

**<u>All sealed briefing must be as specific and detailed as possible.</u>**

**SO ORDERED.**

Signed September 18th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE