THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>Defendants. | Case No. 3:19-cv-02281-K |

### DEFENDANTS MATCH GROUP, INC. AND MATCH GROUP, LLC'S RESPONSE IN OPPOSITION TO THE FTC'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 56.4, Defendants Match Group, Inc. ("MGI") and Match Group, LLC ("MGL") respectfully submit this Response (the "Response") in Opposition to the FTC's Motion for Summary Judgment (the "Motion"). In support of this Response, Defendants submit their accompanying Brief in Support of the Response (the "Brief"), Appendix in Support of the Response, and Proposed Order Denying the Motion. Pursuant to Local Civil Rule 56.4(b), the matters required under Local Civil Rule 56.4(a) are set forth in the Brief.

**First**, MGI and MGL ask the Court to deny the Motion as to the FTC's cancelation count, Count V, for three separate reasons: (1) the FTC did not provide constitutional fair notice of its novel interpretation of the Restore Online Shoppers' Confidence Act's "simple mechanisms" requirement, *see* **Br. § III.A.1**; (2) Match.com provides "simple mechanisms" to cancel wholly apart from the online cancelation flow at issue in this case, *see* **Br. § III.A.2**; and (3) the FTC has not met its burden to show that the online cancelation flow is not simple as a matter of law, *see* **Br. § III.A.3**.

**Second**, MGI and MGL ask the Court to deny the Motion as to the FTC's Guarantee (as defined in the Brief) count, Count III, for two separate reasons: (1) the FTC has not met its burden that there is a reasonable likelihood of future violations, *see* **Br. § III.B.1**, and (2) the FTC has not met its burden that the Guarantee violated the FTC Act, *see* **Br. § III.B.2**.

**Third**, MGI and MGL ask the Court to deny the Motion as to the FTC's Chargeback Policy (as defined in the Brief) count, Count IV, for two separate reasons: (1) the FTC has not met its burden that there is a reasonable likelihood of future violations, *see* **Br. § III.B.1**, and (2) the FTC has not met its burden that the Chargeback Policy violated the FTC Act, *see* **Br. § III.B.3**.

**Fourth**, MGI additionally asks the Court to deny the Motion as to the FTC's claims against MGI. *See* **Br. § III.C**. The FTC has not met its burden to hold MGI, as indirect parent, liable for Counts III, IV, and V because (1) the FTC's attempt to create a lower standard for itself is wrong on the law and on the facts, *see* **Br. § III.C.1**; (2) MGI does not own Match.com, *see* **Br. § III.C.2**; (3) MGI does not operate Match.com, *see* **Br. § III.C.3**; and (4) MGI does not have authority to control Match.com, *see* **Br. § III.C.4**.

**Fifth**, MGI and MGL ask the Court to deny the Motion as to the FTC's requested relief. *See* **Br. § III.D**. Because the FTC has not met its burden on liability for Counts III, IV, or V, the FTC is not entitled to any remedy. Even if the FTC had met its burden as to liability (and it has not), the FTC has not met its burden on (1) its claim for $161,737,240 in civil penalties, *see* **Br. § III.D.1.a**, (2) its claim for $51,118,804.92 in consumer redress, *see* **Br. § III.D.1.b**, or (3) the proposed injunction that it seeks, *see* **Br. § III.D.2**.

[signature page to follow]

|  |  |
|---|---|
| Dated: October 16, 2023 | */s/ Angela C. Zambrano* <br> Angela C. Zambrano <br> State Bar No. 24003157 <br> angela.zambrano@sidley.com <br> Chelsea A. Priest <br> State Bar No. 24102375 <br> cpriest@sidley.com <br> Tayler G. Bragg <br> State Bar No. 24109943 <br> tbragg@sidley.com <br> SIDLEY AUSTIN LLP <br> 2021 McKinney Avenue, Suite 2000 <br> Dallas, TX 75201 <br> Telephone: 214-981-3300 <br> Fax: 214-981-3400 <br> <br> Chad S. Hummel (admitted *pro hac vice*) <br> chummel@sidley.com <br> SIDLEY AUSTIN LLP <br> 1999 Avenue of the Stars, 17th Floor <br> Los Angeles, CA 90067 <br> Telephone: 310-595-9500 <br> Fax: 310-595-9501 <br> <br> Benjamin M. Mundel (admitted *pro hac vice*) <br> bmundel@sidley.com <br> SIDLEY AUSTIN LLP <br> 1501 K Street, N.W. <br> Washington, DC 20005 <br> Telephone: 202-736-8000 <br> Fax: 202-736-8711 <br> <br> *Attorneys for Match Group, Inc. and Match Group, LLC* |

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2023, I caused true and correct copies of the foregoing to be served on all counsel of record in accordance with Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

Reid Abram Tepfer
rtepfer@ftc.gov
M. Hasan Aijaz
maijaz@ftc.gov
Matthew James Wilshire
mwilshire@ftc.gov
Sarah Zuckerman
szuckerman@ftc.gov
John R. O'Gorman
jogorman@ftc.gov
Erica Rollins Hilliard
ehilliard@ftc.gov
Jason C. Moon
jmoon@ftc.gov

                                                  */s/ Angela C. Zambrano*
                                                  Angela C. Zambrano