UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>    Defendants. | Case No. 3:19-cv-02281-K<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rule 56.4, Plaintiff Federal Trade Commission ("FTC") respectfully submits this Response in Opposition to the Motion for Summary Judgment (the "Motion") filed by Defendants Match Group, Inc. ("MGI") and Match Group, LLC ("MGLLC"). The FTC submitted a combined Opposition to Defendants' Motion for Summary Judgment and Brief (the "Brief") and an Appendix in support on October 16, 2023, but files this Response separate from that combined filing out of an abundance of caution to ensure compliance with Local Rule 56.4. Pursuant to Local Rule 56.4(b), each of the matters required under Local Rule 56.4(a) are set forth in the FTC's Brief.

First, the FTC asks that the Court deny the Motion's request for dismissal of Count V because, as a matter of law, Defendants violated the Restore Online Shoppers' Confidence Act ("ROSCA") by maintaining a cancellation flow that was not simple. At a minimum, the evidence establishes that a question of fact remains as to Defendants' liability under this count.

Second, the FTC asks that the Court deny the Motion's request for dismissal of Count III because, as a matter of law, Defendants violated the FTC Act by employing a deceptive

guarantee program. At a minimum, the evidence establishes that a question of fact remains as to Defendants' liability under this count.

Third, the FTC asks that the Court deny the Motion's request for dismissal of Count IV because, as a matter of law, Defendants violated the FTC Act by employing an unfair chargeback policy. At a minimum, the evidence establishes that a question of fact remains as to Defendants' liability under this count.

Fourth, the FTC asks that the Court deny the Motions' request to release MGI from liability for Match.com's law violations. The evidence establishes that, as a matter of law, both MGI and MGLLC are liable because they own, operate, and have authority to control Match.com, and both had knowledge of its illegal conduct. At a minimum, the evidence establishes that a question of fact remains as to MGI's liability.

Fifth, the FTC asks that the Court deny the Motion's request to deny the relief sought by the FTC. Injunctive relief is appropriate as a matter of law because the facts establish that Defendants engaged in the unfair and misleading conduct alleged in Counts III and IV and that that conduct is likely to recur; or, at a minimum, the evidence establishes that a question of fact remains as to whether injunctive relief is appropriate. Further, the facts establish that the inclusion of fencing-in relief as part of that injunctive relief is appropriate. At a minimum, the evidence establishes that a question of fact as to whether fencing-in relief is appropriate. Additionally, the civil penalties requested by the FTC are appropriate as a matter of law because Defendants' cancellation practices have violated and continue to violate ROSCA as alleged in Count V, Defendants acted with actual knowledge or knowledge fairly implied on the basis of objective circumstances that their conduct violated ROSCA, and the complaint against MGLLC "relates back" to the original date of the filing against MGI for statute of limitations purposes. At

a minimum, the evidence establishes that a question of fact remains as to whether civil penalties are appropriate and the proper calculation of the statute of limitations for purposes of civil penalties. Finally, as to redress, the redress sought by the FTC is appropriate as a matter of law and the complaint against MGLLC "relates back" to the original date of the filing against MGI for statute of limitations purposes. At a minimum, the evidence establishes a question of fact remains as to the proper calculation of the statute of limitations as to redress.

For the reasons set forth in this Response and the accompanying Brief and Appendix, the FTC respectfully requests that the Court deny Defendants' Motion for Summary Judgment.

Respectfully submitted,

Dated: October 17, 2023

*/s/ Reid Tepfer*
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
JASON MOON
NICOLE G. H. CONTE (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Texas Bar No. 24001188 (Moon)
Virginia Bar No. 91552 (Conte)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T: (214) 979-9379 (Hilliard)
T: (214) 979-9378 (Moon)

T: (202) 285-0062 (Conte)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov;
ehilliard@ftc.gov;
jmoon@ftc.gov;
nconte@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On October 17, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Reid Tepfer*
REID TEPFER