UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>　　　　Defendants. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff Federal Trade Commission's Unopposed Motion for Leave to File Brief in Excess of Page Limitations** |

　　　　Plaintiff Federal Trade Commission ("FTC") respectfully submits this request for leave to file a Reply Brief in support of its Motion for Summary Judgement that exceeds the page limitations set by Local Rule 56.5(b). Specifically, the FTC requests that the Court grant it leave to submit its reply brief of 55 pages.

　　　　The FTC intends to be concise, yet thorough, in presenting the facts and law necessary for the Court to rule on its Motion for Summary Judgment. However, Defendants' Opposition and accompanying 85-page brief raised numerous complex factual and legal issues related to liability for Counts III, IV, and V of the Amended Complaint and to the permanent injunction, monetary relief, civil penalties, and other relief, sought by the FTC. The complexity of Defendants' brief, which itself was filed pursuant to a page extension, necessitates and complex brief in reply from the FTC. Additionally, as explained further in the Reply Brief, Defendants provided a late production of discovery materials on October 25, 2023 that included evidence highly relevant to the FTC's Motion for Summary Judgment, which the FTC will need additional length to address.

1

In support of this motion, the FTC respectfully states the following:

1. Defendants MGI and MGLLC operate the online dating service Match.com. The FTC asserts in this case that through the Match.com service, MGI and MGLLC have engaged in several acts and practices violating the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45 *et seq.*, and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8401 *et seq.* over the course of several years. Due to the scope of the acts and practices, the number of counts in the Amended Complaint, and the relief sought, Defendant's opposition to the FTC's motion for summary judgment is complex and requires a similarly complex reply by the FTC to address all of the legal and factual issues raised.

2. The Amended Complaint alleges two counts for violations of the FTC Act and one count for violations of ROSCA. The allegations include: the operation of a deceptive "guarantee" program in violation of Section 5 of the FTC Act (Count III); unfairly denying access to consumers' accounts (Count IV); and failing to provide a simple mechanism for consumers to stop recurring charges (Count V).

3. Each of these three counts provide a separate and independent basis for this Court to find liability, requiring discussion of the evidence and supporting law for each count.

4. The FTC seeks permanent injunctive relief and monetary relief against the Defendants pursuant to this Court's power under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and civil penalties for violations of ROSCA under 15 U.S.C. § 45(m)(1)(a).

5. The FTC's Motion for Summary Judgment addressed each of these counts and the relief sought. *See* Doc. 199

      6.      Defendants' Opposition to the FTC's Motion for Summary Judgment discussed each of these issues so extensively that it required a 35-page extension. *See* Doc. 236, Doc. 237.

      7.      The FTC requires more than the usual number of pages to properly address each of the issues raised in Defendants' Opposition and cite and explain the extensive evidence supporting the FTC's Motion for Summary Judgment, including evidence provided after the FTC filed that motion.

      8.      The FTC is not seeking an extension of its deadline for its reply. The FTC will submit its Motion through ECF no later than November 6, 2023.

      9.      The Court has the discretion to extend its own page limits when appropriate. *See* L.R. 7.2(c) ("Permission to file a brief in excess of these page limitations will be granted by the presiding judge only for the extraordinary and compelling reasons."). The FTC has shown good cause for a page extension on its summary judgment motion and for the extraordinary and compelling reasons discussed in this Motion.

      10.     In compliance with Local Rule 7.1(c), a proposed order granting this Motion is attached.

For these reasons, the FTC respectfully requests that the Court grant it leave to file its Reply Brief in support of its Motion for Summary Judgment totaling 55 pages.

Respectfully submitted,

Dated: November 6, 2023

*/s/ John R. O'Gorman*
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)

        New York Bar No. 5603832 (Zuckerman)
        Texas Bar No. 24121292 (O'Gorman)
        Mississippi Bar No. 104244 (Hilliard)
        Federal Trade Commission
        1999 Bryan St. Ste. 2150
        Dallas, Texas 75201
        T: (214) 979-9395 (Tepfer)
        T: (214) 979-9386 (Aijaz)
        T: (214) 979-9376 (Zuckerman)
        T: (214) 979-9382 (O'Gorman)
        T. (214) 979-9379 (Hilliard)
        F: (214) 953-3079
        Email: rtepfer@ftc.gov;
        maijaz@ftc.gov;
        szuckerman@ftc.gov;
        jogorman@ftc.gov
        ehilliard@ftc.gov
        Attorneys for Plaintiff
        FEDERAL TRADE COMMISSION

## CERTIFICATE OF CONFERENCE

I certify that this motion was filed following a conference between counsel for the parties by email on November 6, 2023. Defendants indicated that they do not oppose this motion.

*/s/ John R. O'Gorman*
JOHN R. O'GORMAN

## CERTIFICATE OF SERVICE

On November 6, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ John R. O'Gorman*
JOHN R. O'GORMAN
