UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>　　Defendants. | Case No. 3:19-cv-02281-K |

**PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE TO DEFENDANTS'
OBJECTION TO PLAINTIFF'S EVIDENCE AND MOTION TO STRIKE**

**TABLE OF CONTENTS**

Introduction ...................................................................................................................................1

Argument .....................................................................................................................................2

I.      The Court should disallow the Motion to Strike entirely because it is a tactical maneuver to evade summary judgment and *Daubert* motion page limitations and deadlines. ..........................2

II.     Alternatively, the Court should hold that any evidentiary objections that were not previously included in summary judgment briefing were waived. .....................................................6

III.    Even if not waived, Defendants' objection to "legal conclusions" by Dr. King is not valid. ...................................................................................................................................................8

IV.    Even if not waived, the purported Rule 401 objections in Section III.B of the Motion to Strike are invalid on their face. ......................................................................................................9

Conclusion ..................................................................................................................................11

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases**

*New Jersey v. T.L.O*, 469 U.S. 325 (1985) ................................................................................. 10

**U.S. Appellate Cases**

*Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512 (5th Cir. 2012) .. 3
*EEOC v. Manville Sales Corp.*, 27 F.3d 1089 (5th Cir. 1994) ..................................................... 10
*Mobile Shelter Sys. USA v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241 (M.D. Fla. 2012), *aff'd in part*, 505 F. App'x 928 (11th Cir. 2013)..................................................................................... 4
*Polite v. Dougherty Cnty Sch. Sys.*, 314 F. App'x 180 (11th Cir. 2008) ....................................... 3
*Taylor v. City of Gadsden*, 958 F. Supp. 2d 1287 (N.D. Ala. 2013), *aff'd*, 767 F.3d 1124 (11th Cir. 2014) ...................................................................................................................................... 3
*United States v. Madera*, 574 F.2d 1320 (5th Cir. 1978).............................................................. 10
*United States v. Shah,* No. 21-10292, 2023 WL 6385685 (5th Cir. 2023) .................................... 8
*Yohey v. Collins,* 985 F.2d 222 (5th Cir. 1993) ............................................................................. 6

**U.S. District Cases**

*BP Energy Co. v. Glob. Health Tech. Grp., LLC*, No. H-19-3423, 2020 U.S. Dist. LEXIS 185840 (S.D. Tex. Oct. 7, 2020) ................................................................................................................ 8
*Burch v. Regents of the Univ. of California*, 433 F. Supp. 2d, 1110 (E.D. Cal. 2006)............. 8, 10
*Bushidopro, C.A. v. Nippon Pillar Corp. of America, Inc.*, No. 4:19-CV-4249, 2021 WL 3660766 (S.D. Texas, March 22, 2021) ...................................................................................... 10
*C&E Services, Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316 (D.D.C. 2008) ................................... 11
*Cutting Underwater Techs. USA, Inc. v. Con-Dive, LLC*, 2011 U.S. Dist. LEXIS 29325, 2011 WL 1103679 (E.D. L.A., March 22, 2011) ................................................................................... 3
*Easterling v. United States Bank Nat'l Ass'n*, No. 3:16-CV-3403, 2018 U.S. Dist. LEXIS 219022 (N.D. Tex. Dec. 6, 2018) ............................................................................................................... 9
*Engineered Arresting Sys. Corp. v. Atech, Inc.*, 356 F. Supp. 3d 1323 (N.D. Ala. 2018).............. 3
*Francois v. Gen. Health Sys.*, 459 F. Supp.3d 710 (M.D. La. 2020)............................................ 10
*Herbst v. CSX Transp., Inc.*, 2019 U.S. Dist. LEXIS 18452 (N.D. Ind., February 4, 2019) .......... 3
*Impala African Safaris, L.L.C. v. Dallas Safari Club, Inc.*, 2014 U.S. Dist. LEXIS 126789 (N.D. Tex., August 22, 2014) .................................................................................................................. 6
*Luv N' Care v. Laurain*, No. 3:16-00777, 2021 WL 3440623 (W.D. La. August 5, 2021) ......... 11
*Marceau v. Intern. Broth. of Elec. Workers*, 618 F. Supp. 2d 1127 (D. Ariz. 2009)...................... 8
*Medley v. Stephens*, 2013 U.S. Dist. LEXIS 110496 (N.D. Tex., July 11, 2013) .......................... 6
*Montana v. Talen Montana,* LLC, 574 F. Supp.3d 795 (D. Mt. 2021)......................................... 11
*Normore v. Dall. Indep. Sch. Dist.*, __F.Supp.3d__, 2023 U.S. Dist. LEXIS 100577 (N.D. Tex., June 9, 2023) .................................................................................................................................. 6
*Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516. (N.D. Tex. 2022) ..................................... 8
*Romanowski v. Trans Union, LLC*, No. 3:22-CV-0428, 2023 U.S. Dist. LEXIS 159312 (N.D. Tex. August 17, 2023) .................................................................................................................... 8

*Scott v. Wollney*, No. 3:20-CV-2825, 2021 U.S. Dist. LEXIS 176069 (N.D. Tex. Aug. 28, 2021) ............................................................................................................................................ 8

*TDY Indus., LLC v. BTA Oil Producers, LLC*, 2019 U.S. Dist. LEXIS 239065 (D. N.M. June 5, 2019) ..................................................................................................................................... 4

**Rules**

Fed R. Civ. Pro. 7(b)(1)(B) ............................................................................................................. 9
Fed. R. Civ. P. 12(f) ....................................................................................................................... 3
Fed. R. Civ. P. 56(c)(2) ............................................................................................................. 2, 8
Fed. R. Evid. 401 ......................................................................................................................... 10
Fed. R. Civ. P. 56 ........................................................................................................................... 3
L.R. 7.1(d) ...................................................................................................................................... 9

Plaintiff Federal Trade Commission ("Plaintiff") respectfully submits its response to Defendants Match Group, Inc. and Match Group, LLC's Objection To Plaintiff's Evidence and Motion to Strike (Doc.243) ("Motion to Strike").

## Introduction

The Court should refuse to consider any of the evidentiary objections or arguments contained in Defendants' Motion to Strike. In an attempt to evade the page limitation and deadline for summary judgment briefing, as well as the deadline for *Daubert* challenges, the Motion to Strike states new evidentiary objections, expands previous objections, and rehashes and expands summary judgment arguments. The proper format for challenging the admissibility of summary judgment evidence is summary judgment briefing, not a separate Motion to Strike.

To the extent the Motion to Strike re-urges objections already raised in Defendants Match Group, Inc. and Match Group, LLC's Response Brief in Opposition to The FTC's Motion for Summary Judgment (Doc. 238) ("Summary Judgment Response) or Defendants' Motion to Exclude Dr. Jennifer King's Testimony (Dkt. 208) ("Motion to Exclude"), it is cumulative and unnecessary. To the extent it states new objections, expands previous ones, and restates and expands summary judgment arguments, it is improper and untimely. The Court should, therefore, disregard the Motion to Strike entirely or, in the alternative, hold that any objections not raised in the Summary Judgment Response or Motion to Exclude are improper and untimely and have therefore been waived.

If the Court finds that the new objections urged in the Motion to Strike are not waived, the Court should deny all objections and hold: (1) that Defendants' new objection to Dr. Jennifer King's testimony as stating "legal conclusions" (Section III.C of the Motion to Strike) fails to state a valid Federal Rule of Civil Procedure 56(c)(2) objection, and (2) that Defendants' new

1

Federal Rule of Evidence 401 objections urged in Section III.D are in fact summary judgment arguments as to the weight and proper interpretation of the evidence, not valid relevance objections.

### Argument

I. **The Court should disallow the Motion to Strike entirely because it is a tactical maneuver to evade summary judgment and *Daubert* motion page limitations and deadlines.**

The Motion to Strike is a tactical attempt to circumvent this Court's generous page limit extension for summary judgment briefings, as well as summary judgment and *Daubert* motion deadlines. It seeks to take an unfair advantage to rehash and expand arguments and objections that should have handled as part of summary judgment and *Daubert* briefing.

To begin, it is difficult to tell what the Motion to Strike is. Defendants' filing blurs the lines between a Rule 56(c)(2) summary judgment objection and a motion to strike, perhaps in furtherance of an argument that the dispositive motion page limitations and deadline do not apply.[1]

If the Motion to Strike is viewed as a motion, it is procedurally unnecessary and improper. The proper method to challenge summary judgment evidence is through a Federal Rule of Evidence 56(c)(2) objection, not a separate motion to strike. In 2010, Rule 56 was amended to explain that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[2] The Advisory Committee

---

[1] The Motion to Strike is styled both as a "motion" and "objection," and references Rule 56(c)(2). Doc. 243, at 1 and 5. In communications with Plaintiff's counsel about their objections (after business hours on the day the Summary Judgment Response was due), Defendants' counsel took the position that their objections were not governed by the summary judgment response filing deadline.  However, they also took the position that their belated attempt to confer was not actually required because the objections related to a dispositive motion.

[2] Fed. R. Civ. P. 56(c)(2).

2

Notes explain that this amendment eliminates the need to file a motion to strike.[3] Further, the Court's authority to strike is limited to pleadings, not evidence.[4]

The Fifth Circuit, in *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Company*, acknowledged that a motion to strike summary judgment evidence is unnecessary or improper, but remedied the defect by considering the motion to strike as a Rule 56(c)(2) objection under the facts of the specific case, stating:

> Under the now applicable Rule 56(c)(2), however, it is no longer necessary for a party to file such a motion; instead, the party may simply object to the material…In light of this change, TBS's Motion to Strike will be treated as an objection.[5]

Other courts have followed this approach.[6]

The Court should not extend Defendants such consideration here. In addition to routinely denying motions to strike as improper at this stage, courts also warn that parties should not use separate motions as a tactic to expand summary judgment briefing. In *Mobile Shelter Systems USA v. Grate Pallet Solutions, LLC*, the court found multiple grounds to deny the party's motion to strike summary judgment exhibits, including that 1) the movant had not properly conferred

---

[3] *See* Fed. R. Civ. P. 56, Advisory Committee Notes to the 2010 amendment ("There is no need to file a separate motion to strike.").
[4] *See* Fed. R. Civ. P. 12(f) (court may strike objectional parts of a "pleading"); *Polite v. Dougherty Cnty Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008) (*per curiam*) ("[M]otions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading.").
[5] *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) *adopting Cutting Underwater Techs. USA, Inc. v. Con-Dive, LLC*, 2011 U.S. Dist. LEXIS 29325, *10, 2011 WL 1103679 (E.D. L.A., March 22, 2011).
[6] *See, e.g. Taylor v. City of Gadsden*, 958 F. Supp. 2d 1287, 1291 (N.D. Ala. 2013), *aff'd*, 767 F.3d 1124 (11th Cir. 2014) (noting that motion to strike affidavit was improper because affidavit was not a pleading under Rule 12(f), but treating motion as an objection included in opposition to summary judgment); *Engineered Arresting Sys. Corp. v. Atech, Inc.*, 356 F. Supp. 3d 1323, 1327-28 (N.D. Ala. 2018) (noting that objections should have been included in summary judgment briefing, but treating motion to strike as Rule 56(c)(2) objection). One such example involves a motion to strike filed by Defendants' counsel's firm. *See Herbst v. CSX Transp., Inc.*, 2019 U.S. Dist. LEXIS 18452, *12 (N.D. Ind., February 4, 2019) (denying defendant's motion to strike but agreeing to consider the "arguments…in its summary judgment analysis to the extent that they are pertinent.").

with opposing counsel; 2) the motion to strike was not directed at a pleading; and 3) the party had waived the objections pursuant to Federal Rule of Civil Procedure 56(e), which permits the court to treat as undisputed facts not addressed an assertion of fact.[8] The court went on to note another ground for denial:

> [T]he Court construes a motion to strike such as that brought by Plaintiff in this case as a procedural device by which a party may try to exceed the page limits imposed by the Local Rules and the orders of the Court. Indeed, Plaintiff's opposition to Defendants' Motion for Summary Judgment attempts to incorporate by reference the arguments made in Plaintiff's motion to strike. Such incorporation by reference is improper, and it foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement.[9]

The Court went on to hold that the "the Plaintiff's motion is due to be denied for this reason alone."[10]

The problem identified in *Mobile Shelter Systems USA* is precisely what Defendants have foisted upon the Court here. As further detailed in following sections of this brief, the Motion to Strike: 1) restates hearsay objections already described in the Summary Judgment Response, but includes additional argument and adds additional exhibits to its list of objections (Section IIIA); 2) restates and expands summary judgment arguments as to the weight of the summary judgment evidence, but thinly disguises them as relevancy objections (Section IIIB); and 3) restates (and in fact incorporates by reference) its *Daubert* challenges to Dr. Jennifer King's expert opinion but also adds a new challenge based on purported "legal conclusions" (Section IIIC).

---

[8] *Mobile Shelter Sys. USA v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1252-1253 (M.D. Fla. 2012), *aff'd in part*, 505 F. App'x 928 (11th Cir. 2013).
[9] *Id*. at 1253.
[10] *Id*. *See also TDY Indus., LLC v. BTA Oil Producers, LLC*, 2019 U.S. Dist. LEXIS 239065, *3, (D. N.M. June 5, 2019) (construing motion to strike as an objection as an extension of the summary judgment opposition, but warning that "the Court is wary of Defendant's attempt to evade the page limitations and get further briefing on why it believes the Court should not consider Plaintiff's evidence" and noting that the defendant should have included the objections in its response brief).

Defendants sought and Plaintiff agreed to a page limit extension of 35 pages for a total of 85 pages to respond to Plaintiff's 73 page summary judgment motion.[11] The Motion to Strike adds a further 19 pages, even without counting Defendants' incorporation by reference of their *Daubert* arguments.[12] Further, the Motion to Strike was filed after the summary judgment response deadline, which was already extended two weeks by agreement.[13]

As to Defendants' new challenge to Dr. King's testimony, the Court required all *Daubert* challenges to be filed by September 11, 2023.[14] Accordingly, Defendants filed their Motion to Exclude Dr. King's testimony on that date, at the maximum permitted length of 25 pages, followed by Plaintiff's response and Defendants' nine page reply.[15] Now, more than five weeks after this Court's *Daubert* filing deadline and ***after*** the FTC filed its response to Defendants' *Daubert* challenges, Defendants attempt to introduce a new objection.

The Court should disallow these tactics, which are precisely the type of "procedural device" that courts have forbidden. Further, this situation is analogous to cases in which a party attempts to evade page limitations by incorporating by reference arguments from other motions. This District faced this situation earlier this year in *Normore v. Dallas Independent School District*, and disallowed a party's attempt to extend her summary judgment opposition through incorporating by reference arguments she had outlined in other, previous

---

[11] *See*. Doc. 234, 236.
[12] *See* Dkt. 243 at 22 (fully incorporating Defendants' Motion to Exclude Dr. King's Testimony).
[13] The deadline for summary judgment motions was September 11, 2023 per the Court's Amended Scheduling Order (Doc. 178), which means the 21 day deadline for a response would have been October 2. Upon agreement of the parties, the Court extended the deadline to October 16, 2023. Doc. 217. The Motion to Strike was filed on October 17, 2023. Doc. 243.
[14] Dkt. 217.
[15] *See* Doc. 208 (25 page motion) and Doc. 233 (nine page reply).

motions.[16] Applying these concepts, the Court should disallow the Motion to Strike in its entirety.

    **II.    Alternatively, the Court should hold that any evidentiary objections that were not previously included in summary judgment briefing were waived.**

Alternatively, the Court should hold that any evidentiary objections stated in the Motion to Strike that were not in the Summary Judgment Response are improper, untimely, and have been waived.

Defendants arguably raised the objections in Section III.A of the Motion to Strike related to purported inadmissibility of third-party statements in their Summary Judgment Response; however, they add multiple exhibit objections and new argument.[17] Though Defendants have waived the additional challenges to those exhibits, Plaintiff has addressed both sets of exhibits in its Reply In Support Of The Federal Trade Commission's Motion For Summary Judgment (Doc. 246-1), filed on November 6, 2023.[18]

As to the objections to Dr. Jennifer King's testimony in Section III.C, Defendants mostly incorporate their arguments already made in Defendants' Motion to Exclude Dr. Jennifer King's Testimony (Dkt. 208). However, Defendants now add an argument that her opinion

---

[16] *Normore v. Dallas Indep. Sch. Dist.*, __F.Supp.3d__, 2023 U.S. Dist. LEXIS 100577, *82-83 (N.D. Tex., June 9, 2023) (declining to incorporate arguments made in previous briefings by reference as doing so would have extended the summary judgment response page limit beyond Local Rule 56.5(b)'s limit without seeking appropriate leave of court). *See also Yohey v. Collins,* 985 F.2d 222, 224-225 (5th Cir. 1993) (holding a petitioner may not incorporate by reference arguments in other pleadings); *Impala African Safaris, L.L.C. v. Dallas Safari Club, Inc.*, 2014 U.S. Dist. LEXIS 126789, *5-6 (N.D. Tex., August 22, 2014) (sustaining defendant's objections finding incorporation by reference a violation of Northern District of Texas' Local Rule page limits); *Medley v. Stephens*, 2013 U.S. Dist. LEXIS 110496, *38-40, n. 6 (N.D. Tex., July 11, 2013) ("Petitioner's continued attempted end-runs around the Court's page limit rules is not only abusive but has substantially interfered with the adjudication of this case.").
[17] *Cf.* Doc. 238 at 41,43, 47 (citing one case and specifically identifying 17 exhibits) *with* Doc. 243, at 1-10 (citing eight cases and specifically identifying 41 exhibits).
[18] Doc. 246-1, at III.f. The Motion to Strike adds challenges to exhibits 29, 33, 39, 40, 43, 52-54, 57-62, 64, 66, 71, 75, 78, 79, 81, 88, 102, 138, 141, 201, 206, 212, 214, 217-222, and 267.

should be stricken because she stated legal opinions. Defendants never mentioned this argument in their motion to exclude or Summary Judgment Response.[19] The Court should hold that this objection has been waived because it was not asserted in a proper and timely manner, per the authorities cited above.

The objections in Section III.D relate to exhibits that the FTC did not specifically reference in its summary judgment brief. While Defendants waived these objections, in order to streamline the Court's review, the FTC agrees to withdraw the exhibits (Exhibit 81, APP. 0725, and Exhibit 148, APP. 1630) from the summary judgment record.[20]

The remaining section, Section III.B, is summary judgment argument thinly disguised as relevance objections. The arguments are almost all restatements of arguments Defendants made in the Summary Judgment Response;[21] some are almost verbatim; others are rehashed or expanded. The main difference is that the Motion to Strike asserts for the first time that these arguments go to the admissibility of the evidence rather than the proper interpretation or weight. In none of the corresponding statements in the Summary Judgment Response do Defendants challenge admissibility.[22] To do so now in the context of the Motion to Strike is improper for the reasons described above, as well as untimely. Defendants could have easily incorporated admissibility objections on these same points into their Summary Judgment Response; their failure to do so constitutes waiver.

---

[19] *See generally* Doc. 208, 238.
[20] Defendants first notified Plaintiff of its objections to these and other exhibits by an after-hours email on October 16, 2023. The email did not include the Motion to Strike, and as to these exhibits, stated only that they were "not properly before the court." Plaintiff's counsel requested further information about the objections to these exhibits on October 17, but was told the Motion to Strike was in the process of being filed.
[21] For the exceptions, *see* fn 29, *infra*.
[22] *See generally* Doc. 238.

### III. Even if not waived, Defendants' objection to "legal conclusions" by Dr. King is not valid.

Even if Defendants had not waived their objection that Dr. King offered "legal conclusions," the objection is invalid. Their objection consists of a single sentence claiming that Dr. King's "Testimony should be stricken as containing improper legal conclusions"[23] without identifying the specific exhibits or even what "legal conclusions" they are challenging, let alone advancing any legal arguments. The case they cite, *United States v. Shah*,[24] has nothing whatsoever to do with expert opinions. If the argument is an objection under Rule 56(c)(2), the Rule refers specifically to "facts," not "legal conclusions,"[25] suggesting that an objection to legal conclusions is not even a proper Rule 56(c)(2) objection. And indeed, courts have held that a "legal conclusion" objection is inappropriate because it is duplicative of the summary judgment standard itself. [26]

Even if it were the proper subject of a Rule 56(c)(2) objection, Defendants have failed to state a valid objection by failing to offer supporting case law or argument or even identifying the specific "legal conclusions" they are challenging.[27] If considered as a motion, their position

---

[23] *See* Doc. 243 at 22.
[24] No. 21-10292, 2023 WL 6385685, at *22 (5th Cir. 2023).
[25] Fed. R. Civ. Pro. 56(c)(2).
[26] *See Burch v. Regents of the Univ. of California*, 433 F. Supp. 2d, 1110, 1119 (E.D. Cal. 2006) ("Objections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself."); *Marceau v. Intern. Broth. of Elec. Workers*, 618 F. Supp. 2d 1127, 1141 (D. Ariz. 2009) (quoting *Burch*); *BP Energy Co. v. Glob. Health Tech. Grp., LLC*, No. H-19-3423, 2020 U.S. Dist. LEXIS 185840, *18-19 (S.D. Tex. Oct. 7, 2020) (quoting *Burch*).
[27] *See Romanowski v. Trans Union, LLC*, No. 3:22-CV-0428, 2023 U.S. Dist. LEXIS 159312, at *6-7 (N.D. Tex. August 17, 2023) (overruling general objections because plaintiff "has not offered any argument as to why the exhibits are inadmissible or cited any case law or Federal Rule of Evidence demonstrating that this evidence 'cannot be presented in a form that would be admissible in evidence.' (quoting Rule 56(c)(2)); *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516. 526 (N.D. Tex. 2022) (overruling defendants' objections because they did not properly identify specific documents and therefore did not comply with Rule 103(a)(1)); *Scott v. Wollney*, No. 3:20-CV-2825, 2021 U.S. Dist. LEXIS 176069, at *13-15 (N.D. Tex. Aug. 28, 2021) (overruling objections to

does not meet applicable standards for motion practice, and the Court should hold that Defendants have waived their argument by failing to brief it adequately.[28] In either event, Defendants' statement does not provide Plaintiff with adequate notice of the nature of their objection or grounds, and Plaintiff should not be required to respond.

### IV. Even if not waived, the purported Rule 401 objections in Section III.B of the Motion to Strike are invalid on their face.

Even Defendants had not waived their Federal Rule of Evidence 401 objections, the Court should overrule them as invalid on their face. The objections, with a couple of exceptions,[29] are simply Defendants' summary judgment arguments rebranded as relevancy objections, presumably to provide Defendants an opportunity to restate their arguments outside the constraints of the page limitation for summary judgment briefing.

---

affidavit because the plaintiff did not "identify the specific statements or opinions in the affidavit that are conclusory, consist of legal conclusions, or are inadmissible hearsay" and did not offer "any argument as to why the exhibits to the affidavit are not properly authenticated or otherwise inadmissible, or cited any case law or Federal Rule of Evidence demonstrating that this evidence could not be presented in admissible form); *Easterling v. United States Bank Nat'l Ass'n*, No. 3:16-CV-3403, 2018 U.S. Dist. LEXIS 219022, at *31-32 (N.D. Tex. Dec. 6, 2018) (overruling party's objections and denying motion to strike because defendant did not identify specific portions of affidavit that stated legal conclusions and did not offer any argument or cite case law); *BP Energy Co*, 2020 U.S. Dist. LEXIS 185840 at *18-19 (overruling objections to paragraphs in an affidavit for containing improper legal conclusions because in part because defendants "do not identify specific words or phrases that are improper" or "offending terms or phrases.")

[28] *See* L.R. 7.1(d) (briefs on opposed motions must set forth "the moving party's contentions of fact and/or law, and argument and authorities"); Fed R. Civ. Pro. 7(b)(1)(B) (motions must "state with particularity the grounds for seeking the order").

[29] The first exception is the objection to Plaintiff's Exhibit 111 (App. 1248 et seq). With respect to Exhibit 111, Defendants correctly assume that Plaintiff intended to cite Exhibit 109 (App. 1242) rather than Exhibit 111 for the proposition listed. Doc. 243, at 17 and fn 4. However, Plaintiff cites Exhibit 111 (as App. 1249) in footnote 190 of its summary judgment brief, and it is relevant for the purposes described in that footnote and accompanying text. Doc. 199-1, at fn 190 and accompanying text. As to Exhibit 109, Defendants' objection is bare summary judgment argument as described in this Section. The second exception is Defendants' objection to Exhibit 149 (App. 1637.1). Doc. 243, at 21-22. This is new summary judgment argument as well as a new objection. The Court should hold that it is waived, or should overrule it as an invalid relevance objection as discussed herein.

9

As a threshold matter, Plaintiff notes that Defendants' relevance objections in the context of a summary judgment analysis place an unnecessary burden on the Court. As some courts have noted, relevancy issues (like challenges to "legal conclusions") can be handled by a summary judgment ruling, and separate objections are therefore superfluous.[30] The fact that Defendants' relevancy objections mirror their summary judgment arguments illustrate this redundancy with great clarity.[32] Nevertheless, Plaintiff will address the objections.

Federal Rule of Evidence 401 provides that evidence is relevant if: a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.[33] The Fifth Circuit has characterized the standard for relevancy as "liberal."[34] While the FTC argues that the summary judgment evidence it has presented entitles it to judgment as a matter of law, for the purposes of a relevancy analysis, evidence does not have to be conclusive to be admissible.[35] Accordingly, when courts review

---

[30] *See* cases cited in footnote 26, *supra.* The *Burch* opinion in particular expresses frustration with the routine inclusion of unnecessary objections. *Burch*, 433 F. Supp. 2d at 1118 ("In recent months, *every* motion for summary judgment on this court's calendar has been held up by 'evidentiary objections' that have required the court to conduct hearings . . . Attorneys routinely raise every objection imaginable without regard to whether the objections are necessary, or even useful, given the nature of summary judgment motions in general . . . Instead of *objecting*, parties should simply *argue* that the facts are not material.") (emphasis in original). *See also Bushidopro, C.A. v. Nippon Pillar Corp. of Am., Inc.*, No. 4:19-CV-4249, 2021 WL 3660766, at *3 (S.D. Texas, March 22, 2021) (holding objections on the basis of relevance, vagueness, ambiguity, and speculation were not appropriate because they were duplicative of the summary judgment standard).

[32] On November 6, 2023, Defendants filed yet another set of objections and motion to strike, this time to object to evidence contained in Plaintiff's Federal Trade Commission's Opposition To Defendant's Motion for Summary Judgment (Doc. 242). *See* Defendants Match Group, Inc. and Match Group, LLC's Objection to Plaintiff's Evidence and Motion to Strike. Doc. 252.  This second motion takes the same approach of recharacterizing summary judgment argument as relevancy objections.  *Id.* at III.B.

[33] Fed. R. Evid. 401.

[34] *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093-1094 (5th Cir. 1994) (holding in age discrimination case that passage of time since age-related remarks went to weight, not relevance).

[35] *New Jersey v. T.L.O*, 469 U.S. 325, 345 (1985) ("[I]t is universally recognized that evidence, to be relevant to an inquiry, need not conclusively prove the ultimate fact in issue . . [.]"); *United States v. Madera*, 574 F.2d 1320, 1322 (5th Cir. 1978); *Francois v. Gen. Health Sys.*, 459 F. Supp.3d 710, 719 (M.D. La. 2020).

evidence for relevance (such as in a motion *in limine*), they do not resolve factual disputes or weigh evidence.[36]

Defendants make no effort to show that the specific exhibits do not tend to make a fact more or less probable, or that the fact is of no consequence in determining the action. Instead, they advance alternative interpretations within the four corners of the exhibits or argue that the exhibits are difficult to interpret,[37] or present purported counter-evidence, supported by citation[38] or not.[39] Their arguments are indistinguishable from summary judgment argument.

The summary judgment exhibits Defendants reference in Section III.B are relevant to various issues in the case; Plaintiff refers the Court to its summary judgment motion as the best explanation for this relevance. Defendants' arguments go to the weight of the evidence, not admissibility. Essentially, they invite the Court to adjudicate Plaintiff's summary judgment motion in the context of a threshold relevancy analysis. The Court should decline and overrule the objections in Section III.B as invalid under Rule 401.

## Conclusion

For the reasons described herein, the Court should disallow Defendants' Motion to Strike in its entirety. Alternatively, the Court should hold that any objections not presented in connection with Defendants' summary judgment briefing have been waived. In the further alternative, the Court should overrule the objections described in the Motion to Strike.

---

[36] *Montana v. Talen Montana,* LLC, 574 F. Supp.3d 795, 811 (D. Mt. 2021) (courts should not use motions in limine to resolve factual disputes or weigh evidence); *C&E Services, Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) (same); *Luv N' Care v. Laurain*, No. 3:16-00777, 2021 WL 3440623, at *1 (W.D. La. August 5, 2021) (same). While the Motion to Strike is not a motion in limine, the principle is the same—courts should not use a threshold inquiry into relevance to assess the strength of evidence.
[37] *See, e.g.,* objections to Exhibits 121, 178, 8, 9, 10, 11, 4 and others.
[38] *See, e.g.*, objection to 157, 6, and others.
[39] *See, e.g.*, objections to Exhibits 134-138 and others.

November 7, 2023

/s/ *Jason C. Moon*
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
JASON C. MOON
NICOLE G. H. CONTE (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Texas Bar No. 24001188 (Moon)
Virginia Bar No. 91552 (Conte)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T: (214) 979-9379 (Hilliard)
T: (214) 979-9378 (Moon)
T: (202) 285-0062 (Conte)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov;
ehilliard@ftc.gov;
jmoon@ftc.gov;
nconte@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On November 7, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jason C. Moon*
Jason C. Moon