THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>Defendants. | Case No. 3:19-cv-02281-K<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS MATCH GROUP, INC. AND MATCH GROUP, LLC'S REPLY IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S EVIDENCE AND MOTION TO STRIKE**

## I.     INTRODUCTION

The FTC's response is unsupported by the law in this Circuit. First, the FTC's procedural objection to Defendants' motion is groundless. The FTC suggests that, instead of filing objections and a motion to strike separate from a summary judgment response, a party should be required to spend the entirety of its response addressing objections to a movant's evidence, regardless of how many cumulative, objectionable, and irrelevant exhibits the movant decides to append to its motion for summary judgment. That is not the law. Rather, as the FTC admits, Federal Rule of Civil Procedure 56 allows parties to object to evidence filed in support of a motion for summary judgment, which is precisely what Defendants do here. The necessity of Defendants' motion was a creature of the FTC's own design by way of appending 4,694 pages and requiring the Court and Defendants to spend time and resources sifting through thousands of pages of inadmissible and cumulative evidence. Second, Defendants' motion is not only procedurally proper, but the best way to show the Court in succinct form which exhibits are objectionable. It is the FTC's burden to demonstrate that the evidence on which it relies would be admissible at trial, but the FTC failed to carry that burden. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. For the reasons articulated in Defendants' Objection and Motion to Strike, the Court should sustain Defendants' objections and strike these Exhibits from the summary judgment record.

## II.     Argument

### A.     Defendants' Objection to Evidence and Motion to Strike is procedurally proper.

Rather than engaging with Defendants' arguments on the merits, the FTC begins its response with a futile procedural attack, claiming that Defendants' Objection and Motion to Strike was procedurally improper. Yet the FTC's response is devoid of applicable caselaw from this Circuit supporting that argument, likely because courts within the Fifth Circuit routinely consider

motions to strike summary judgment evidence. *See, e.g.*, *Lifecare Mgmt. Servs., LLC v. Ins. Mgmt. Adm'rs., Inc.*, No. 308-CV-1641-M, 2010 WL 3283059, at *3 (N.D. Tex. Aug. 18, 2010) (granting in part objections and motion to strike summary judgment evidence); *Robles v. Texas Tech Univ. Health Scis. Ctr.*, No. EP-14-CV-00321-FM, 2015 WL 12658487, at *1 (W.D. Tex. June 12, 2015) (considering motion to strike but denying it as moot because evidence objected to was presumably inadmissible); *Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634, 636 (W.D. Tex. 2006) (granting in part objections and motion to strike summary judgment evidence); *Dugas v. Ace Am. Ins. Co.*, 468 F. Supp. 3d 769, 772 (W.D. La. 2020) (granting in part motion to strike summary judgment evidence based on hearsay).

The FTC entirely misrepresents *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.,* 671 F.3d 512, 515 (5th Cir. 2012). Nowhere in *Cutting Underwater* does the court hold an objection to evidence and motion to strike is improper, and it certainly does not suggest, as the FTC does, that objections to summary judgment evidence cannot be considered outside of a party's response. To the contrary, the court in *Cutting Underwater* granted in part the party's objections, which were originally styled as a motion to strike, effectively holding that such motion *is* proper. *Id.* at 525. Even more misleading, the FTC then suggests that "other courts have followed 'this approach,'" citing only to a litany of non-binding, out-of-circuit holdings that are not aligned at all with the Fifth Circuit's approach. *See Limbaugh v. Kijakazi*, No. 3:22-CV-02126-B-BH, 2023 WL 5021806, at *20 (N.D. Tex. July 18, 2023), *report and recommendation adopted*, No. 3:22-CV-02126-B-BH, 2023 WL 5025002 (N.D. Tex. Aug. 7, 2023) ("[P]ersuasive caselaw outside the Fifth Circuit is 'irrelevant' when there is binding law from the Fifth Circuit."); *Wylie v. Bank of New York Mellon*, No. CIV.A. 11-2312, 2012 WL 3263734, at *4 (E.D. La. Aug. 9,

2012) ("[O]ut-of-circuit precedent is not binding on this Court, and its persuasive value is only slight when contrary to Fifth Circuit jurisprudence").

The FTC's reliance on *Normore v. Dallas Indep. Sch. Dist.*, No. 3:18-CV-02506-E, 2023 WL 3937785, at *30 (N.D. Tex. June 9, 2023), is equally unavailing. In that case, the court admonished the movant for incorporating by reference arguments she made in previous summary judgment filings.[1] But in the very same opinion, the court considered two motions to strike summary judgment evidence without suggesting in any way that such motions were improper. Rather, the court stated the motion to strike correctly "raise[d] serious concerns" regarding the movant's briefing and citations to the record. *Id.* Therefore, the only two cases the FTC cites within this Circuit not only fail to support the FTC's argument, but rather, make clear Defendants are well within their rights to object to the FTC's inadmissible evidence via objections and a motion to strike.

### B. Defendants did not waive any objections.

The FTC additionally argues that Defendants "waived" several objections, but does not cite any law to support that argument. Rule 56 does not require that objections be filed in a response brief or are otherwise waived. Nor has the FTC established Defendants waived their right to object to the FTC's evidence under normal waiver rules. "A waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right." *Clark v. Wells Fargo Bank, N.A.*, No. 3:18-CV-1147-G-BN, 2018 WL 6048007, at *7 (N.D. Tex. Oct. 25, 2018), *report and recommendation adopted,* No. 3:18-CV-1147-G (BN), 2018 WL 6042866 (N.D. Tex. Nov. 16, 2018). Defendants did no such thing here.

---

[1] This is not the issue here. Defendants' response to the FTC's motion for summary judgment is complete in-and-of-itself, and makes no reference to Defendants' motion to strike. *See* Dkt. 237. Ironically, it is the FTC's briefing that runs afoul of *Normore*, having attempted to incorporate by reference into its response its affirmative motion for summary judgment. *See* Dkt. 249 at 37.

4

Indeed, the only reason Defendants waited to file their Objection and Motion to Strike was because the FTC initially feigned an intent to confer, which turned out to be a ploy designed to delay Defendants' filing so that the FTC could assert a waiver argument. Defendants sent a conferral email detailing each objected-to exhibit and the basis for such objection to the FTC on October 16, 2023, and stated they assumed the FTC objected to such motion. The FTC responded indicating it would like the opportunity to confer, along with stating its belief that Defendants' conferral was untimely received at 6:00 pm. Defendants promptly replied that they did not believe their Objection and Motion to Strike was governed by the October 16, 2023, deadline, and that while they were otherwise prepared to file the objection that evening, Defendants would delay filing such motion if the FTC intended to agree to withdraw any of the exhibits and believed further conferrals would be productive. Hearing no response, Defendants did not file their Objection and Motion to Strike on October 16th, believing the FTC wished to further confer. Defendants followed up with the FTC the following day at 11:24 am, asking if there was a time the FTC was available to confer. At the close of business on October 17, having still received no response from the FTC, Defendants filed their Objections and Motion to Strike.[2]

Certainly, given Defendants' communications with the FTC, Defendants had no intention of relinquishing any right to object to the FTC's evidence, and their actions have in no way been inconsistent with such right.

    **C.    The Court should strike the FTC's exhibits as inadmissible hearsay.**

The FTC does not address any of Defendants' hearsay arguments in its response, but instead addresses this objection in its reply in support of its motion for summary judgment. *See*

---

[2] The FTC finally responded to Defendants well after close of business on October 17, at which time Defendants had already finalized and began the process of filing the Objection and Motion to Strike. Notably, the FTC did not assert its intention to make any sort of waiver argument, and instead asked for more details regarding certain objections. Given the FTC's current position, this was likely another ploy to delay Defendants' filing another business day.

Dkt. 246-1. But the FTC addresses Defendants' hearsay objections by largely ignoring applicable precedent in this Circuit and instead relying on contrary, nonbinding case law from other jurisdictions to argue (1) employee statements characterizing customer complaints containing hearsay are Defendants' "own statements, and therefore are not hearsay," (2) employee characterizations of customer complaints are "adopted records," (3) the out-of-court statements show Defendants have notice of the complaints within, and (4) that Defendants have adopted out-of-court statements by third-parties for any documents produced by Defendants. *See* Dkt. 246-1 at 49. All four arguments fail.

      The FTC's first argument wholly ignores the existence of hearsay within hearsay. While the employee statement, on its own, ***may*** be a statement by a party opponent, that does not render the underlying out-of-court statement admissible. *See In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2012 WL 85447, at *4 (E.D. La. Jan. 11, 2012) ("Although the 'outer hearsay' of the email at issue may be admissible . . . , the 'inner hearsay' of information provided by an outsider to the business preparing the record must likewise fall under a hearsay exception."). The FTC argues these emails are not hearsay because "[t]he veracity or reliability of the company's employees' analysis or characterization is the issue, not the truth of the underlying complaints." Dkt. 246-1 at 50. Not so. The veracity of the underlying complaint is the issue, as these statements constitute hearsay within hearsay, just as the complaints in *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 279-280 (5th Cir. 1991). The FTC must therefore prove an exception applies to both statements—so while statements by employees may sometimes be party admissions, that exception does not apply to the underlying customer complaint.

Second, the FTC has not established that the employee emails characterizing customer complaints are "adopted records." That an employee writes down or characterizes a customer complaint does not mean that the employee "adopted" such statement. Rather, in most cases the employee is simply "documenting" a customer's account. *See Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 281 (5th Cir. 1991). In any event, customer service by its nature involves attempting to remedy the customer's issue regardless of whether the company actually believes the customer—rendering such actions as an "adoption" of any third-party complaint would be inconsistent with public policy considerations. The very nature of customer service likewise makes it almost impossible to "clearly demonstrate" that any of the declarants actually believed the customer's recitation of events, as opposed to merely doing their job. *See In re Oil Spill*, 2012 WL 85447, at *4. Moreover, the FTC does not specify which exhibits it believes amount to an "adopted record," instead relying on a handful of specific examples to blanketly refute Defendants' objections to over 45 exhibits based on hearsay. To meet their burden, the FTC must specify how each exhibit containing out-of-court statements falls in the category of an adopted record.

Third, the FTC cannot circumvent the rule against hearsay by arguing statements by third parties are offered to prove "notice." For example, the FTC claims it cites emails from Visa to show Defendants were put on notice that "Visa believed that Match.com's unusually high chargeback rates were, in part, due to confusion with Match.com [*sic*] cancellation flow." Dkt. # 246-1 at 31 n. 152. Setting aside the fact that Match.com's "notice" of *Visa's* opinion (which, as explained in Defendants' Objection and Motion to Strike is not at all what the exhibit actually represents) is entirely irrelevant, a party ***cannot*** circumvent the hearsay rule "by arguing that the hearsay is offered not to show the truth of the matters asserted but rather to show the opposing party's knowledge of the truth of the matters asserted." *Hendricks v. Ford Motor Co.*, No.

4:12CV71, 2012 WL 4478308, at *1 (E.D. Tex. Sept. 27, 2012). In the FTC's own words, a party cannot "sneak in an argument that the complaints themselves prove[] [a fact] by cloaking it as 'notice.'" Dkt. 246-1 at 52. That is precisely what the FTC attempts to do here and throughout its brief.

The limited precedent the FTC does cite is distinguishable. Unlike in *United States v. Chavis*, 772 F.2d 100, 105 (5th Cir. 1985), the FTC's Motion for Summary Judgment repeatedly cites evidence containing hearsay to prove the fact of the matter asserted, *not* to prove notice.[3] For example, the FTC cites a characterization of a customer complaint to support the FTC's proposition that the "Redemption Flow was hard to find." Dkt. 199-1 at 11 n.44. There is *no* allegation of notice in that proposition. Rather, the FTC is attempting to prove a fact through the use of an out-of-court statement. *See also* Dkt. 199-1 at 48 n.234 (using customer complaint to support statement that "Match made it incredibly difficult to claim the guarantee"); *id.* at 22 (stating "Defendants' customer complaint data" "confirm[s]" cancelation flow has "frustrated many users' efforts to cancel their membership").

Finally, the FTC argues third-party statements, such as documents by Plenty of Fish or People Media, are not hearsay because Defendants adopted these statements under Rule 801(d)(2)(B) by producing them in response to a CID. Producing documents in response to a discovery request does not indicate a party adopted the hearsay contained therein. Such a conclusion would defy logic given the broad requirement placed on parties to produce documents responsive to a request within their custody, possession, or control. Indeed, the FTC essentially argues no document Defendants produced can be hearsay, simply because Defendants

---

[3] The court in *Chavis* expressly limited the admissibility of the complaints to show that defendants knew of the complaints, and not for any other purpose. *Chavis*, 772 F.2d at 105. The FTC cites hearsay evidence for purposes far beyond that limited purpose, such as suggesting events described in customer complaints actually occurred.

produced it. As Judge Ramirez has already recognized, People Media and Plenty of Fish are not at issue in this litigation, much less party to it. Dkt. 164 (Order) at 2. Therefore, these documents are out-of-court statements that do not fall under any of the hearsay exceptions set forth in 801(d).

        **D.    The Court should strike the FTC's exhibits as not supporting the proposition asserted.**

Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Civ. P. 401. Throughout its motion for summary judgment, the FTC misrepresents the nature of its exhibits and cites evidence for facts that the evidence does not actually support. For example, the FTC cites testimony from Dushyant Saraph to support its assertion that "MGLLC has acknowledged that it could have created a one-or-two click cancellation process." Dkt. 199-1 at 56. But the cited testimony does no such thing—rather, Mr. Saraph merely acknowledged that a former employee had *proposed* artwork for a cancelation flow—not that MGL could or should adopt it. *See* Pl. App. Ex. 253 at App. 3771–72. Contrary to the FTC's assertion, Defendants' Objection and Motion to Strike details why each objected-to exhibit does not make the fact asserted in the FTC's motion any more or less probable. The FTC fails to engage with this argument. Defendants' Objection and Motion to Strike should be granted.

        **E.    The Court should strike the FTC's improper use of expert testimony.**

The FTC complains that Defendants' Objection and Motion to Strike incorporates its *Daubert* motion. Defendants are merely putting all evidentiary objections at issue in the same motion for ease of review, and the FTC cites no authority in this Circuit stating it is improper to

do so.[4] The FTC also argues Defendants' "additional" objection to the FTC's expert testimony is an untimely *Daubert* objection. It is not. Rather, Dr. King's expert report is inadmissible for the purpose for which the FTC presented it in its motion for summary judgment—as an improper legal conclusion. Dr. King's reports, standing alone, may not have run afoul of the prohibition on legal conclusions, but the way in which the FTC used Dr. King's opinion in its motion did, by presenting Dr. King as offering inadmissible legal conclusions regarding the central question before the Court. For example, the FTC cites Dr. King's report for the proposition that Match.com's online cancelation flow is "not easy or simple to use." Dkt. 199-1 at 60. *See United States v. Shah*, 84 F.4th 190, 236 (5th Cir. 2023) (affirming exclusion of "legal conclusions or opinions with regard to central issues in the case"). Once it became clear that the FTC was using the report improperly, Defendants were well within their rights to bring that flaw to the Court's attention. The Court should strike the FTC's improper use of its expert's opinions.

### III.     CONCLUSION

For these reasons, the Court should strike the exhibits set forth in Defendants' Objection to Evidence and Motion to Strike from the summary judgment record as inadmissible evidence.

---

[4] Indeed, the FTC did the exact same thing in its reply in support of its motion for summary judgment. See Dkt. 246-1 at 15 n. 84 ("But as established in the FTC's Motion to Exclude, his testimony should be stricken for several independent reasons."); *id.* at 43 ("But this testimony should be stricken, as explained in the FTC's Motion in Limine.").

Dated: November 21, 2023

/s/ *Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: 214-981-3300
Fax: 214-981-3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Fax: 310-595-9501

Benjamin M. Mundel (admitted *pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

*Attorneys for Match Group, Inc. and Match Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2023, I caused true and correct copies of the foregoing to be served on all counsel of record in accordance with Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

Reid Abram Tepfer
rtepfer@ftc.gov
M. Hasan Aijaz
maijaz@ftc.gov
Matthew James Wilshire
mwilshire@ftc.gov
Sarah Zuckerman
szuckerman@ftc.gov
John R. O'Gorman
jogorman@ftc.gov
Erica Rollins Hilliard
ehilliard@ftc.gov
Jason C. Moon
jmoon@ftc.gov

>           */s/Angela C. Zambrano*
>           Angela C. Zambrano