THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>Defendants. | Case No. 3:19-cv-02281-K<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS MATCH GROUP, INC. AND MATCH GROUP, LLC'S REPLY IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S EVIDENCE ATTACHED AS EXHIBITS TO FTC'S OPPOSITION AND MOTION TO STRIKE**

I. **INTRODUCTION**

The FTC's response is yet again unsupported by the law in this Circuit. First, the FTC's procedural objection to Defendants' motion is groundless. The FTC suggests that, instead of filing objections and a motion to strike separate from its reply in support of a motion for summary judgment, a party should be required to spend the entirety of its reply addressing objections to the non-movant's evidence, regardless of how many cumulative, objectionable, and irrelevant exhibits the movant decides to append to its response to a motion for summary judgment. That is not the law. Rather, as the FTC admits, Federal Rule of Civil Procedure 56 allows parties to object to evidence filed in connection with a motion for summary judgment, which is precisely what Defendants do here. Defendants' motion is not only procedurally proper, but the best way to show the Court in succinct form which exhibits are objectionable. It is the FTC's burden to demonstrate that the evidence on which it relies would be admissible at trial, but the FTC failed to carry that burden. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. For the reasons articulated in Defendants' Objection to Plaintiff's Evidence Attached as Exhibits to the FTC's Opposition to Defendants' Motion for Summary Judgment and Motion to Strike ("Objection and Motion to Strike"), the Court should sustain Defendants' objections and strike these Exhibits from the summary judgment record.

II. **Argument**

A. **Defendants' Objection to Evidence and Motion to Strike is procedurally proper.**

Rather than engaging with Defendants' arguments on the merits, the FTC begins its response with a futile procedural attack, claiming that Defendants' Objection and Motion to Strike was procedurally improper. Yet the FTC's response is devoid of applicable caselaw from this Circuit supporting that argument, likely because courts within the Fifth Circuit routinely consider

motions to strike summary judgment evidence. *See, e.g.*, *Lifecare Mgmt. Servs., LLC v. Ins. Mgmt. Adm'rs., Inc.*, No. 308-CV-1641-M, 2010 WL 3283059, at *3 (N.D. Tex. Aug. 18, 2010) (granting in part objections and motion to strike summary judgment evidence); *Robles v. Texas Tech Univ. Health Scis. Ctr.*, No. EP-14-CV-00321-FM, 2015 WL 12658487, at *1 (W.D. Tex. June 12, 2015) (considering motion to strike but denying it as moot because evidence objected to was presumably inadmissible); *Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634, 636 (W.D. Tex. 2006) (granting in part objections and motion to strike summary judgment evidence); *Dugas v. Ace Am. Ins. Co.*, 468 F. Supp. 3d 769, 772 (W.D. La. 2020) (granting in part motion to strike summary judgment evidence based on hearsay); *Normore v. Dallas Indep. Sch. Dist.*, No. 3:18-CV-02506-E, 2023 WL 3937785, at *30 (N.D. Tex. June 9, 2023) (considering two motions to strike and noting the motions correctly "raise[d] serious concerns" regarding the movant's briefing and citations to the record).

The FTC relies on *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.,* 671 F.3d 512, 515 (5th Cir. 2012). But nowhere in *Cutting Underwater* does the court hold an objection to evidence and motion to strike is improper, and it certainly does not suggest, as the FTC does, that objections to summary judgment evidence cannot be considered outside of a party's response. To the contrary, the court in *Cutting Underwater* granted in part the party's objections, which were originally styled as a motion to strike, effectively holding that such motion ***is*** proper. *Id.* at 525. Even more misleading, the FTC then suggests that "other courts have followed 'this approach,'" citing only to a litany of non-binding, out-of-circuit holdings that are not aligned at all with the Fifth Circuit's approach. *See Limbaugh v. Kijakazi*, No. 3:22-CV-02126-B-BH, 2023 WL 5021806, at *20 (N.D. Tex. July 18, 2023), *report and recommendation adopted*, No. 3:22-CV-02126-B-BH, 2023 WL 5025002 (N.D. Tex. Aug. 7, 2023) ("[P]ersuasive caselaw outside the

3

Fifth Circuit is 'irrelevant' when there is binding law from the Fifth Circuit."); *Wylie v. Bank of New York Mellon*, No. CIV.A. 11-2312, 2012 WL 3263734, at *4 (E.D. La. Aug. 9, 2012) ("[O]ut-of-circuit precedent is not binding on this Court, and its persuasive value is only slight when contrary to Fifth Circuit jurisprudence").

Therefore, the only case the FTC cites within this Circuit not only fails to support the FTC's argument, but rather, makes clear Defendants are well within their rights to object to the FTC's inadmissible evidence via objections and a motion to strike.

**B.     The Court should strike the FTC's exhibits as inadmissible hearsay.**

The FTC addresses Defendants' hearsay objections by largely ignoring applicable precedent in this Circuit and instead relying on contrary, nonbinding case law from other jurisdictions to argue (1) employee statements characterizing customer complaints containing hearsay are Defendants' "own statements, and therefore are not hearsay," (2) employee characterizations of customer complaints are "adopted records," and (3) the out-of-court statements show Defendants have notice of the complaints within. *See* Dkt. 256 at 4. All four arguments fail.

The FTC's first argument wholly ignores the existence of hearsay within hearsay. While the employee statement, on its own, ***may*** be a statement by a party opponent, that does not render the underlying out-of-court statement admissible. *See In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2012 WL 85447, at *4 (E.D. La. Jan. 11, 2012) ("Although the 'outer hearsay' of the email at issue may be admissible . . . , the 'inner hearsay' of information provided by an outsider to the business preparing the record must likewise fall under a hearsay exception."). The FTC fails to grapple with this concept, merely stating the emails are "Defendants' own statements, and therefore [] not hearsay." Dkt. 256 at 5. Hearsay within hearsay is significant because the veracity of the

4

underlying complaint is the issue, just as the complaints in *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 279-280 (5th Cir. 1991). The FTC must therefore prove an exception applies to both statements—so while statements by employees may sometimes be party admissions, that exception does not apply to the underlying customer complaint. For example, Exhibit 288 (Opp. App 4700) is a textbook example of inadmissible hearsay. Specifically, Michele Watson's email includes a chart containing customer complaints, which the FTC has not shown fall within an exception to the hearsay rule. The FTC seems to suggest that, merely because an email may contain one or two statements that are not hearsay, that somehow renders the entire exhibit admissible. Not so. Any portions of the exhibit containing Ms. Watson's characterizations of customer complaints, as well as the cut-and-pasted complaints themselves, are hearsay within hearsay and not within an exception. The portions of the email containing hearsay are exactly what the FTC relies on in its brief, and the exhibit should therefore be stricken.

Second, the FTC has not established that the employee emails characterizing customer complaints are "adopted records." That an employee writes down or characterizes a customer complaint does not mean that the employee "adopted" such statement. Rather, in most cases the employee is simply "documenting" a customer's account. *See Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 281 (5th Cir. 1991). In any event, customer service by its nature involves attempting to remedy the customer's issue regardless of whether the company actually believes the customer—rendering such actions as an "adoption" of any third-party complaint would be inconsistent with public policy considerations. The very nature of customer service likewise makes it almost impossible to "clearly demonstrate" that any of the declarants actually believed the customer's recitation of events, as opposed to merely doing their job. *See In re Oil Spill*, 2012 WL 85447, at *4.

Third, the FTC cannot circumvent the rule against hearsay by arguing statements by third parties are offered to prove "notice." *Hendricks v. Ford Motor Co.*, No. 4:12CV71, 2012 WL 4478308, at *1 (E.D. Tex. Sept. 27, 2012). The limited precedent the FTC cites is distinguishable. Unlike in *United States v. Chavis*, 772 F.2d 100, 105 (5th Cir. 1985), the FTC's Response to Defendants' Motion for Summary Judgment repeatedly cites evidence containing hearsay to prove the fact of the matter asserted, *not* to prove notice.[1] For example, the FTC cites Exhibit 288 to support its contention that "Match.com customers had difficulty finding Match.com's inadequately disclosed customer care number, which Defendants knew." Dkt. 231-1 at 11 n. 53. Here, the FTC expressly cites the complaints to prove the truth of the matter asserted: that the customers had difficulty finding the "inadequately" disclosed number. The FTC cannot save its blatant use of hearsay by adding in an allegation of notice; a party **cannot** circumvent the hearsay rule "by arguing that the hearsay is offered not to show the truth of the matters asserted but rather to show the opposing party's knowledge of the truth of the matters asserted." *Hendricks v. Ford Motor Co.*, No. 4:12CV71, 2012 WL 4478308, at *1 (E.D. Tex. Sept. 27, 2012). In the FTC's own words, a party cannot "sneak in an argument that the complaints themselves prove[] [a fact] by cloaking it as 'notice.'" Dkt. 256 at 7. That is precisely what the FTC attempts to do here and throughout its brief.

The same is equally (if not more) true for Exhibit 289 (Opp. App. 4706), which is a naked forward of customer suggestions. There, the FTC can make no argument regarding any sort of statement of party opponent or adopted admission, and relies entirely on notice. But again, the thrust of the assertion the FTC cites the exhibit to support is an effort to prove the truth

---

[1] The court in *Chavis* expressly limited the admissibility of the complaints to show that defendants knew of the complaints, and not for any other purpose. *Chavis*, 772 F.2d at 105. The FTC cites hearsay evidence for purposes far beyond that limited purpose, such as suggesting events described in customer complaints actually occurred.

6

of the matter asserted—that the number was hard to find—*not* that Defendants had notice. *See* Dkt. 231-1 at 11 ("Match.com customers had difficulty finding Match.com's inadequately disclosed customer care number . . . .").

> C.  **The Court should strike the FTC's exhibits as inadmissible evidence of a prior lawsuit and/or settlement.**

The FTC attempts to justify its impermissible citation to a complaint by a different plaintiff in a different court by arguing that the evidence is used to show notice. That is incorrect, both legally and factually. First, whether or not an exhibit is used to prove notice (rather than the truth of the matter asserted) is only relevant under the hearsay analysis. As made clear in their Opposition and Motion to Strike, Defendants object to Exhibit 307 on an entirely separate basis: Rule 408 and the principle that a party cannot use an outside complaint or settlement as evidence of liability in the current action. The FTC's response to Defendants' Objection and Motion to Strike *admits* that the FTC is using Exhibit 307 to prove "liability," *see* Dkt. 256 at 9—precisely what Rule 408 prohibits.

Second, contrary to the FTC's after-the-fact characterization, the FTC's reliance on Exhibit 307 in its response to Defendants' motion for summary judgment was not tied to any sort of actual legal issue, such as notice or control. *See* Dkt. 256 at 9. Indeed, the exhibit is cited only in the FTC's "Fact" section, in a subsection titled "Match.com created an intentionally difficult, confusing, and hard-to-find cancellation flow and then instructed its customers to use it." Dkt. 231-1 at 4, 6, n.24. The FTC makes no arguments for "control," "notice," "civil penalty," or "need for injunctive relief" related to Exhibit 307. It merely cites the complaint as it spins its tale—despite the exhibit having no relation to the current dispute—in a clear effort to prejudice Defendants by using entirely separate litigation in a different jurisdiction.

**D.      The Court should strike the FTC's exhibits as not supporting the proposition asserted.**

Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Throughout its response to Defendants' motion for summary judgment, the FTC misrepresents the nature of its exhibits and cites evidence for facts that the evidence does not actually support. For example, the FTC cites an email from 2013 to support the proposition that Match.com knew customers had difficulty finding the customer care number. Dkt. 231-1 at 11 n. 53. The FTC goes on to state that, rather than "correct th[e] issue," Match.com "minimize[ed] the presence of the customer care," citing to a 2015 email regarding the location of the customer care number. *Id*. at 11-12. The evidence here does not support the FTC's proposition of cause and effect for which it is cited and is therefore not used in any relevant way.

As another example, the FTC cites an article involving only UK-based subscribers using a UK version of the website, both of which are beyond the scope of the lawsuit. The FTC did not lay any sort of foundation for why UK-based subscribers or the UK website are relevant here (they are not). Contrary to the FTC's assertion, Defendants' Objection and Motion to Strike details why each objected-to exhibit does not make the fact asserted in the FTC's response to Defendants' motion any more or less probable. The FTC fails to engage with this argument. Defendants' Objection and Motion to Strike should be granted.

### III.      CONCLUSION

For these reasons, the Court should strike the exhibits set forth in Defendants' Objection to Evidence and Motion to Strike from the summary judgment record as inadmissible evidence.

Dated: December 11, 2023

/s/ *Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: 214-981-3300
Fax: 214-981-3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Fax: 310-595-9501

Benjamin M. Mundel (admitted *pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

*Attorneys for Match Group, Inc. and Match Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, I caused true and correct copies of the foregoing to be served on all counsel of record in accordance with Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

Reid Abram Tepfer
rtepfer@ftc.gov
M. Hasan Aijaz
maijaz@ftc.gov
Matthew James Wilshire
mwilshire@ftc.gov
Sarah Zuckerman
szuckerman@ftc.gov
John R. O'Gorman
jogorman@ftc.gov
Erica Rollins Hilliard
ehilliard@ftc.gov
Jason C. Moon
jmoon@ftc.gov

>  */s/ Angela C. Zambrano*
>  Angela C. Zambrano