UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>    Defendants. | Case No. 3:19-cv-02281-K<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR DISCOVERY SANCTIONS AND BRIEF IN SUPPORT** |

Plaintiff Federal Trade Commission ("FTC") requests discovery sanctions to address Defendants Match Group, Inc. and Match Group LLC's ("Defendants") inexcusably late production of extremely probative evidence. Specifically, the FTC respectfully requests that the Court order such sanctions as it finds just to address Defendant's failure to comply with discovery, including preventing Defendants from relying on or introducing testimony related to the late-produced materials.

**I.    Background**

Over one month after the FTC filed its Motion for Summary Judgment in this case, Defendants produced several pieces of key evidence central to the FTC's contentions. Defendants admit that much of the documents and data were responsive to FTC discovery requests served nearly a year and a half prior. By producing this key evidence after the close of discovery, Defendants have prevented the FTC from further inquiring about them through depositions or interrogatories. Therefore, the months-late production risks prejudicing the FTC's

1

ability to pursue its case unless this Court imposes discovery sanctions to remedy the FTC's disadvantaged position in this litigation.

Discovery closed on July 28, 2023.[1] After the close of discovery the parties filed cross motions for summary judgment on the deadline for dispositive motions, September 11, 2023.[2]

However, nearly three months after the close of the discovery deadline, on October 25, 2023, Defendants submitted discovery materials to the FTC. Defendants claimed that a number of "recently discovered" documents were the result of a "technological glitch," but failed to provide an explanation as to the accompanying late-produced data.[3] Defendants did not notify the FTC of the existence of this additional evidence until October 11, 2023—one month after the deadline for dispositive motions.[4]

Remarkably, October 25 was not the first time Defendants made a late production and blamed it on a "glitch," but rather the third.[5] In fact, when making their second late production, Defendants represented that they had resolved the "glitch" and produced the last of the affected evidence.[6] Despite this reassurance, and months later, Defendants made their third, still-later production, leading to this motion.

This third production contained nearly 1,400 pages of documents and newly prepared data files. It included evidence that further confirms the FTC's main contentions about Match.com's difficult and complex cancellation flow, including employee-made illustrations of how the flow was not simple and statements from high-level employees acknowledging its shortcomings. For example, the production included an email sent by a Match.com employee

---

[1] Doc. 178 at 2.
[2] *See* Docs. 178, 199.
[3] *See* the FTC's Appendix to its Reply in Support of Summary Judgment, Doc. 246-2 ("Reply APP") 4981-4983.
[4] Reply APP 4993. At that time, Defendants gave no insight into what, if anything, an additional production would contain. *See id.*
[5] *See* Reply APP 4985; Reply APP 4990.
[6] *See* Reply APP 4991.

named Jonathan Caine after the commencement of this lawsuit in which he described efforts to change the site's design "making it harder to cancel."[7] This employee even provided a timeline outlining the steps taken to make cancellation more difficult, which was shared with Match.com's CEO.[8] As another example, a newly produced 2019 "Consumer Sentiment" analysis noted concerns with the cancellation flow and concluded as a "Key Takeaway[]" that the site "need[s an] easy way to stop autorenewal."[9]

These materials and the other late-produced documents were responsive to Requests for Production first issued to Match Group, Inc. in June 2022. The length of time between request and production of these materials highlights defendants' failure to act reasonably in complying with discovery.

## II.     Legal Standard

The Federal Rules of Civil Procedure include several provisions for sanctions for failures in pretrial discovery. Rule 16(f)(1)(C) allows for sanctions where a party has failed to comply with a scheduling or other pretrial order. Rule 37(d)(1)(A)(ii) allows for sanctions where a party fails to respond to discovery requests for interrogatories and the inspection of documents. And Rule 37(c)(1) allows for sanctions where a party fails to supplement its responses. "In assessing the propriety of sanctions, the court must evaluate the relevance and importance of the withheld documents, as well as the resulting prejudice."[10] Prejudice may be found where discovery failures denied an opportunity to rely on evidence at trial or summary judgment.[11] Sanctions are

---

[7] *See* Reply APP 4910.
[8] *See* Reply APP 4958, Reply APP 4960.
[9] *See* Reply APP 4938; *see also* Reply APP 4935.
[10] *Pearson v. Metro-North C. R. Co.*, No. 87 Civ. 6389, 1990 U.S. Dist. LEXIS 2408, at *16 (S.D.N.Y. Feb. 22, 1990).
[11] *See Gevas v. Baldwin*, No. 18 C 3165, 2021 U.S. Dist. LEXIS 30266, at *10 (N.D. Ill. Feb. 18, 2021) (denying sanctions in part because "[n]o trial date has been set in this case and summary judgment motions have not yet been filed").

3

appropriate even where a party's noncompliance was unintentional; "even a negligent failure should come within Rule 37(d)."[12]

Courts are empowered to address discovery failures with just remedies to ameliorate the prejudice caused. Rules 16(f), 37(d), and 37(c) each point to the same set of suggested sanctions,[13] which include directing that relevant "facts be taken as established for purposes of the action, as the prevailing party claims" and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[14] Under Rule 37(c)(1), a party may be prohibited from relying on information and materials it failed to provide in motions or at trial unless its failure was "substantially justified or harmless."[15] Additionally, Courts are afforded discretion to provide other relief, as "[a]wardable sanctions under [Rule 37] are entirely flexible depending on the circumstances of each case."[16]

### III.   Argument

Defendants failed to provide complete and timely responses to the FTC's discovery requests. As a result, Defendants withheld evidence central to the FTC's case until well after the deadline for dispositive motions. In depriving the FTC of the opportunity to rely on key evidence in its motion for summary judgment or to gather additional discovery related to that evidence,

---

[12] FED. R. CIV. P. 37 advisory committee's note; *Pearson*, 1990 U.S. Dist. LEXIS 2408 at *16.
[13] FED. R. CIV. P. 16(f)(1), 37(c)(1)(C), and 37(d)(3) each allow for sanctions including those listed in FED. R. CIV. P. 37(b)(2)(A)(i)-(iv).
[14] FED. R. CIV. P. 37 (b)(2)(A)(i), (ii).
[15] FED. R. CIV. P. 37(c)(1); *McCree v. Allegheny Cnty.*, No. CIV A 05-1591, 2006 U.S. Dist. LEXIS 90394, at *8 (W.D. Pa. Dec. 14, 2006) (prohibiting a party from relying on information disclosed nine months after a complaint was served at summary judgment); *A.J.C. v. San Diego Fam. Hous., LLC*, No. 221CV2501FMOSKX, 2021 U.S. Dist. LEXIS 250640, at *13 (C.D. Cal. Oct. 15, 2021) ("Any responsive information produced late without good reason for why it was not searched for and disclosed sooner may subject the responding party to sanctions.").
[16] *See Shumock v. Columbia/HCA Healthcare Corp.*, No. 99-1777, 1999 U.S. Dist. LEXIS 17783, at *4 n.4 (E.D. La. Nov. 9, 1999) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)); Fed. R. Civ. P. 37 advisory committee's note ("[t]he rule is changed to provide the greater flexibility as to sanctions which the cases show is needed").

Defendants have prejudiced the FTC. Only the imposition of discovery sanctions can remedy the disadvantaged position in which Defendants have placed the FTC.

      **a.    Defendants' late production of key evidence was an egregious breach of their discovery obligations.**

The Defendants' egregiously late production allowed them to produce crucial evidence after the FTC could follow up on it in discovery. The FTC first served the relevant requests in June 2022, with responses due by August 2022, and the close of discovery in July 2023.[17] Defendants therefore had well over a year to collect documents and data, identify responsive materials, resolve any technical issues, and submit productions to the FTC. However, Defendants still failed to produce highly relevant, previously undisclosed materials adverse to their own positions until late October 2023. This oversight was at least negligent—a party acting reasonably to comply with discovery simply would not have withheld key evidence for this long.

Defendants' vague excuses for their late production fail to justify their deficiency and do not reflect a good-faith effort to comply with discovery. They blame a "technological glitch" for their late production. This "glitch" was not new—Defendants trotted out the same digital *dog-ate-my-homework* explanation for two prior late productions.[18] Their repeated use of this excuse reflects their lack of seriousness. Specifically, their claim that a minor technical issue would hold up a year-long discovery process further suggests that their discovery failure was at the very least negligent. It also raises the question of whether there are more late productions coming, notwithstanding Defendants' assurances to the contrary.[19]

      **b.    Defendants' disclosure of evidence central to the FTC's case after the deadline for dispositive motions prejudiced the FTC.**

---

[17] Doc. 134 at 5; Doc. 178 at 2.
[18] *See* Reply APP 4985; Reply APP 4990.
[19] *See* Reply APP 4991.

Although the FTC's September 11, 2023 Motion for Summary Judgment cited sufficient evidence to illustrate the lack of a genuine dispute of fact as to each issue in this case, the late-produced evidence would have put a finer point on the motion, as much of the new evidence is so relevant and persuasive that it would have been front-and-center in the FTC's Motion. Defendants thus deprived the FTC of the opportunity to include key evidence in its dispositive motion.

While the FTC collected and presented substantial evidence supporting its contention that Match.com's mechanism for cancelling recurring charges is not simple as required by ROSCA,[20] there is little evidence better to show that a process is not simple than what was included in Defendants' October production: widely distributed internal documents explaining an extended and intentional plan to make cancellation not simple—or, in one employee's words, "making it harder to cancel with small changes."[21] With such open discussion of the design of the cancellation process and its relative ease of use, a dispute of fact as to this issue cannot remain. The FTC should have had the opportunity to lead with this evidence.

Similarly, while ample evidence shows that consumer feedback put Defendants on notice of the insufficiency of its cancellation mechanism, documents analyzing that feedback and explicitly concluding that an improved mechanism is necessary[22] prove the FTC's point so clearly that it could have saved several pages of briefing and hours of work for all parties as well as the Court.

    **c.**    **Defendants' late disclosure of central evidence prejudiced the FTC by depriving it of the opportunity to seek more targeted and effective discovery.**

---

[20] *See* Doc. 199-1 § II.c.
[21] Reply APP 4910 and Reply APP 4958 (describing efforts to make cancelling more difficult); Reply APP 4960 (reflecting the distribution of this discussion to the top of the organization).
[22] *See* Reply APP 4938.

Because this important evidence was disclosed long after the end of discovery, the FTC could not seek additional, more narrowly targeted discovery based on the new information it contained. The delay deprived the FTC of the opportunity to issue interrogatories, requests for admission, or requests for production relating to the subject matter of these documents, the personnel involved in their preparation or the personnel who sent, received, or relied upon them within the Match.com organization. The FTC was also deprived of the opportunity to seek depositions or designate as witnesses the same personnel, or to ask the witnesses it was able to depose about the documents. For example, the FTC could not depose Jonathan Caine, the author of the document described above where Defendants discuss efforts to make the cancellation process more difficult.[23] Similarly, the FTC was unable to ask the Match employees it did depose about these documents, even though several of them received materials that were included in this production. Nor could the FTC have the additional documents and newly prepared data taken into consideration by an expert witness.

Even if these materials were disclosed at the last minute of discovery, the FTC would have had an opportunity to seek an extension of the discovery window. However, this production was so late that the FTC did not have an opportunity to do so. As a result, the FTC has been significantly prejudiced.

### d. Justice requires remedies to ameliorate the prejudice Defendants caused.

Because Defendants substantially prejudiced the FTC by the withholding of key evidence, the Court should issue such remedies and sanctions as it finds just. The FTC submits that these remedies should include limitations on Defendants' use of late-disclosed evidence and allowance for the FTC to seek additional discovery.

---

[23] *See* Reply APP 4910.

As suggested in Rule 37(c)(1), the Court should prohibit Defendants from using any documents or data contained in their October 25 production to support their own contentions in this litigation. This relief is needed because Defendants' failure was neither substantially justified nor harmless; their inability to resolve repeated and unexplained technical problems cannot justify producing documents so late in the litigation, and the resulting prejudice is far from harmless.

Similarly, as suggested in the sanctions authorized for violations of Rules 16(f), 37(c), and 37(d), the Court may "prohibit[] the disobedient party . . . from introducing designated matters in evidence."[24] Under this authority and its discretion under the Rules,[25] the Court should issue an order prohibiting Defendants from presenting testimony intended to explain or rebut new evidence they find unfavorable. It would be unjust for Defendants to benefit from, or try to explain away, their own late-disclosed evidence after depriving the FTC of the benefit of that evidence at a pivotal moment in the case.

## IV.  Conclusion

Defendants have flagrantly delayed the disclosure of highly relevant evidence central to this litigation. This late disclosure has caused significant prejudice, as the FTC has been deprived of the opportunity to rely on this evidence in dispositive motions or to seek discovery related to its contents. Therefore, the FTC respectfully requests that this Court impose discovery sanctions including prohibiting Defendants from using late-disclosed materials or introducing testimony or evidence related to those materials as described above.

---

[24] FED. R. CIV. P. 37(b)(2)(A)(ii).

[25] *See* FED. R. CIV. P. 37 advisory committee's note ("[t]he rule is changed to provide the greater flexibility as to sanctions which the cases show is needed"); *Shumock*, 1999 U.S. Dist. LEXIS 17783, at *4 n.4 (citing *NHL v. Metro. Hockey Club*, 427 U.S. 639 (1976)). The Court may also issue sanctions under its "inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *See Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)) (internal quotations omitted).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 27, 2023 | */s/ John R. O'Gorman*<br>REID TEPFER<br>M. HASAN AIJAZ<br>SARAH ZUCKERMAN (admitted *pro hac vice*)<br>JOHN R. O'GORMAN (admitted *pro hac vice*)<br>ERICA R. HILLIARD<br>JASON MOON<br>NICOLE G. H. CONTE (admitted *pro hac vice*)<br>Texas Bar No. 24079444 (Tepfer)<br>Virginia Bar No. 80073 (Aijaz)<br>New York Bar No. 5603832 (Zuckerman)<br>Texas Bar No. 24121292 (O'Gorman)<br>Mississippi Bar No. 104244 (Hilliard)<br>Texas Bar No. 24001188 (Moon)<br>Virginia Bar No. 91552 (Conte)<br>Federal Trade Commission<br>1999 Bryan St. Ste. 2150<br>Dallas, Texas 75201<br>T: (214) 979-9395 (Tepfer)<br>T: (214) 979-9386 (Aijaz)<br>T: (214) 979-9376 (Zuckerman)<br>T: (214) 979-9382 (O'Gorman)<br>T: (214) 979-9379 (Hilliard)<br>T: (214) 979-9378 (Moon)<br>T: (202) 285-0062 (Conte)<br>F: (214) 953-3079<br>Email: rtepfer@ftc.gov;<br>maijaz@ftc.gov;<br>szuckerman@ftc.gov;<br>jogorman@ftc.gov;<br>ehilliard@ftc.gov;<br>jmoon@ftc.gov;<br>nconte@ftc.gov<br>Attorneys for Plaintiff<br>FEDERAL TRADE COMMISSION |

## CERTIFICATE OF CONFERENCE

I certify that this motion was filed following a conference call between the parties on December 18, 2023. The parties corresponded further via email in an effort to negotiate a stipulation but were unable to reach an agreement on the terms.

                                                      */s/John O'Gorman*
                                                     JOHN R. O'GORMAN

## CERTIFICATE OF SERVICE

On December 27, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                      */s/ John O'Gorman*
                                                   JOHN R. O'GORMAN