UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>    Defendants. | Case No. 3:19-cv-02281-K |

**PLAINTIFF FEDERAL TRADE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION FOR DISCOVERY SANCTIONS**

**I.  Introduction**

In its Motion for Discovery Sanctions (Doc. 263), the FTC seeks reasonable, narrowly tailored relief to address the prejudice caused by Defendants' late October 25, 2023, production of documents, which came nearly a year and a half after it was first requested, three months after the close of discovery, and weeks after the FTC filed its motion for summary judgment. In their Opposition (Doc. 268), Defendants fail to explain why such relief is inappropriate. To the contrary, Defendants' account clearly illustrates how their failure to take their discovery obligations seriously resulted in an unjustifiably late response. Specifically, they failed to address a problem they had known about for several months while incorrectly telling the FTC that it had been resolved.

Defendants cannot refute that this deficiency prejudiced the FTC by depriving it of the opportunity to seek complete discovery and question witnesses about documents at the heart of

its case. Because Defendants rejected any stipulated relief that would meaningfully address that prejudice, the FTC respectfully requests that the Court impose the sanctions requested by its Motion.

## II. Legal Standard

A court may grant sanctions under Rules 16(f), 37(c), or 30(d) when a party fails to supplement its discovery responses "in a timely manner." *See* Fed. R. Civ. P. 26(e)(1)(A). Contrary to Defendants' insinuations, disclosures made months after the close of discovery, and months after the identification of an error, are not timely. *Cf. Thomas v. McDowell*, No. 2:10-CV-152, 2014 U.S. Dist. LEXIS 146914, at *6 (S.D. Ohio Oct. 15, 2014) (parties failed to supplement "in a timely manner" where they "did not supplement their discovery responses and identify the new witnesses and exhibits until [] three months after the close of discovery and one month before the start of trial"). Moreover, untimely supplemental responses are not substantially justified if they are made after the close of discovery due to a lack of diligence. *See LD v. United Behav. Health*, No. 20-cv-02254-YGR, 2022 U.S. Dist. LEXIS 170748, at *26 (N.D. Cal. Sept. 21, 2022).

Late disclosures are harmful and likely to cause prejudice when they deprive a party of the opportunity to fully conduct discovery. *See Knudsen v. City & Cnty. of San Francisco*, No. 12-cv-01944-JST, 2014 U.S. Dist. LEXIS 9860, at *15 (N.D. Cal. Jan. 27, 2014) (granting sanctions because the moving party was deprived "of the opportunity to use the documents at issue prior to the close of discovery to uncover additional information to support her claims, which prejudiced her ability to fully prosecute her claims."); *see also Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, No. 95 C 0673, 1996 U.S. Dist. LEXIS 17362, at *25 (N.D. Ill. Nov. 21, 1996) ("If a party is allowed to withhold the supplementation of its discovery responses

2

until after fact discovery is closed, the purpose of [Rule 26] is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemented responses.")

Rules 37 and 16 authorize sanctions for late supplemental responses, not just complete failures to respond. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998); *LD v. United Behav. Health*, 2022 U.S. Dist. LEXIS 170748, at *37-*38. Courts may impose discovery sanctions under Rules 37(c) and 37(d) even in the absence of willfulness or bad faith. *See Locklear v. Kmart Corp.*, No. 05-CV-1191, 2008 U.S. Dist. LEXIS 146130, at *16 (D.N.M. July 8, 2008) (holding that a party cannot "avoid [Rule 37(c)] sanctions simply by claiming their deficiencies were careless rather than willful"); *Kingsley v. Lawrence Cty.*, No. 3:17-cv-05007-SRB, 2019 U.S. Dist. LEXIS 16046, at *5-*6 (W.D. Mo. Feb. 1, 2019) ("The plain language of Rule 37(c) does not require willful violation of a discovery order before a court can levy discovery sanctions"); *Lewis v. Cain*, No. 15-318-SDD-RLB, 2018 U.S. Dist. LEXIS 5869, at *7-*8 (M.D. La. Jan. 12, 2018) (granting "modest sanctions" even where it found a failure to comply with Rule 37(c) was not "willful or in bad faith"); *Pearson v. Metro-North C. R. Co.*, No. 87 Civ. 6389 (KMW), 1990 U.S. Dist. LEXIS 2408, at *16 (S.D.N.Y. Feb. 22, 1990) ("even a negligent failure should come within Rule 37(d)").[1]

**III.   Argument**

In their Opposition, Defendants' own explanation for their deficiency underscores the FTC's case for sanctions, as it illustrates just how untimely and unjustified Defendants' late

---

[1] Plaintiffs cite several decisions purportedly supporting a contrary standard. However, none of these cases apply such a standard to Rules 37(c) and (d), upon which the FTC Motion relies in its motion. *See Orchestratehr, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 500 (N.D. Tex. 2016) (applying a "willful disobedience or gross indifference" standard to a motion for sanctions under Rule 37(b)); *Marlin Oilfield Divers, Inc. v. Allied Shipyard Inc.*, No. 20-2431, 2022 WL 1460117, at *2 (E.D. La. Mar. 9, 2022) (considering "willful disobedience" among non-exclusive factors for sanctions under Rule 37(b)); *Newell v. Mnuchin*, Civil Action No. 17-2695 (RC), 2020 U.S. Dist. LEXIS 5158, at *26 (D.D.C. Jan. 13, 2020) (considering absence of bad faith as a factor under Rule 16(f) in addition to absence of prejudice where the non-moving party "took immediate steps to correct the error").

production was. Additionally, Defendants ignore the ways the FTC was prejudiced and mischaracterizes their proffered solution as sufficient to address the prejudice.

### a.     Defendants' late production was neither timely nor substantially justified.

Contrary to Defendants' assertions, they did not "immediately" address their discovery deficiencies. Their supplemental response cannot be considered timely, as it came more than three months after the close of a years-long discovery process, a year and a half after the FTC requested the relevant materials, weeks after the FTC had filed its motion for summary judgment, and months after they identified an error in their collection of discovery materials that were in their possession the entire time.

Defendants' technical issues do not justify their delay because these issues were well known and poorly addressed. As Defendants admit in their Opposition, counsel for Defendants recognized a pattern of deficiencies in the methods and technology underlying their collection of materials in the middle of July, 2023—before the close of discovery.[2] However, despite "immediately" recognizing that this pattern impacted the present litigation, they apparently took months to investigate how extensively it impacted discovery in this case.[3] Defendants describe how they initially only reviewed a few "multi-week periods" before representing to the FTC that after their second corrective production, they "underst[ood]" that the issue was resolved.[4] Despite this representation, according to Defendants' own account, they had not yet "collected the full Google Vault exports" for a period of more than three years to review for missing responsive materials.[5]

---

[2] *See* Doc. 268 at 9.
[3] *See* Doc. 268 at 9-10.
[4] *See id.*; Doc. 246-2 at 86.
[5] *See* Doc. 268 at 11.

Had Defendants acted with diligence and reviewed a full set of documents immediately upon recognizing their "glitch," the prejudice at issue in the FTC's Motion may have been avoided or at least reduced. Instead, Defendants allowed the FTC to believe that the issue had been resolved, and that Defendants' discovery responses were complete, from early August to early October.[6] Notably, Defendants do not even attempt to justify why the late production included new data that they compiled for this litigation. Thus, even Defendants' own account shows that their attempts to cure their deficiencies were untimely and lacked diligence. Therefore, their deficiency cannot be considered substantially justified.

### b.  Defendants' deficiency materially prejudiced the FTC.

Defendants insinuate that their late production did not harm or prejudice the FTC because it amounted to a relatively small number of documents.[7] Regardless of the 500-document production's relative size, its late arrival materially prejudiced the FTC because it contained significant documents that go to the core of FTC's case and strengthen its arguments.[8] For example, these documents include statements that cut through the corporate speak of other internal communications to acknowledge Match.com "need[s]" an "easy way to stop auto-renewal" to address customer concerns—just as the FTC has alleged—while also describing Match.com's efforts to "mak[e] it harder to cancel with small changes."[9] To imply that a party can fail to provide documents devastating to their own case and argue that there is no material

---

[6] See Doc. 268 at 6.
[7] See Doc. 268 at 7.
[8] The FTC discusses some of these documents in its Reply in Support of Its Motion for Summary Judgment. Doc. 246-1 at 10-11. Although the FTC was able to note a handful of new documents its reply brief, it was prejudiced by being deprived of key documents while it was developing and preparing its principal brief.
[9] See Doc. 246-2 at 33, 5.

5

prejudice simply because of the number of documents is small and because those documents only serve to strengthen an already well-supported case is absurd.

Defendants further harmed and materially prejudiced the FTC by depriving it of the opportunity to seek additional discovery related to the new documents. Defendants note that the FTC took multiple depositions in this case.[10] But because of Defendants' untimely production, the FTC could not ask any witness about these documents. Further, the FTC could not consider these key documents in identifying which individuals to depose. As a result, Defendants' negligence will force the FTC to ask witnesses about the documents for the first time at trial.

Contrary to Defendants' assertions, the FTC was unable to seek additional discovery after reviewing the October 25 production. First, as discussed at length, this production came well after the years-long window for discovery requests established by the scheduling order in this litigation and after the FTC had filed its motion for summary judgment and was in the midst of intensive briefing. Second, the Commission had already exhausted deposition and interrogatory limits when Defendants made the production, so it could not make further requests. In contrast, had the FTC been able to consider these documents at the appropriate time, it could have prioritized questions related to these documents before reaching its deposition limit.

### c. Defendants' proposed stipulation is inadequate to address the prejudice they caused.

As the FTC certified in its motion,[11] it attempted to resolve this issue through conference with Defendants. Defendants offered a stipulation that would appear at first glance to provide the

---

[10] *See* Doc. 268 at 7.

[11] Defendants suggest that the FTC failed to include in its Motion a certification of conference in its motion as required by Rule 37(d)(1)(B). *See* Doc. 268 at 15. To the contrary, the FTC certified its good faith effort to resolve this dispute through conference. *See* Doc. 263 at 10. Regardless, no such certification is required for relief under Rules 37(c) or 16(f). *See* Fed. R. Civ. P. 37(c)(1) and 16(f)(1).

FTC with some relief in preventing Defendants for the advantage of using these late documents. However, under this stipulation, if the FTC asked *any* witness a question about *any* of the five hundred late-produced documents, Defendants would be able to use all of those documents for any purpose. Because many of these documents strongly support the FTC's claims, Defendants' proposal is essentially no sanction at all.

In contrast, the FTC proposes appropriate and proportional relief. Rather than needlessly reopening discovery after the close of a years-long discovery process, Defendants should be prevented from attempting to undermine these unambiguous documents with self-serving testimony and documents. These documents so plainly support the FTC's contentions on their face that witness interpretation is simply not necessary.

In addition to the five hundred documents in this late production, Defendants produced one newly compiled data file.[12] This was consistent with Defendants' history of providing data in drips and drabs throughout the course of discovery. Because they assert this file was only provided for the purpose of giving the FTC "an accurate record,"[13] Defendants should not object to being prevented from relying on it to support their arguments. And the FTC should be able to ask witnesses about this new data without giving Defendants the opportunity to do so, as Defendant's proposed stipulation would allow.

### d. The FTC's proposed relief is the most efficient and least burdensome means to resolve this issue.

Defendants suggest that the FTC should have served additional discovery requests after reviewing the October 25 production, apparently without the leave of the Court to do so.[14] But

---

[12] *See* Doc. 246-2 at 77.
[13] *See* Doc. 268 at 12.
[14] *See* Doc. 268 at 12.

reopening discovery would cause substantial delay in this matter, which has already been in litigation since 2019. Further, additional discovery would unfairly impose significant costs on the FTC, caused solely by the Defendants' negligence. In contrast, the Court can address the prejudice caused by Defendants without delay or added costs simply by preventing the Defendants from attempting to undermine unfavorable evidence with self-serving testimony at trial.

## IV. Conclusion

Defendants' Opposition illustrates why discovery sanctions are appropriate: by failing to diligently address a known technical problem, they produced a number of documents devastating to their case months after they should have provided them to the FTC. As a result, the FTC has been materially prejudiced and is entitled to modest relief that adequately addresses that prejudice. Therefore, the FTC respectfully requests that the Court grant the sanctions sought in its Motion.

Respectfully submitted,

Dated: February 14, 2024

/s/ John R. O'Gorman
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
JASON MOON
NICOLE G. H. CONTE (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Texas Bar No. 24001188 (Moon)
Virginia Bar No. 91552 (Conte)

Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T: (214) 979-9379 (Hilliard)
T: (214) 979-9378 (Moon)
T: (202) 285-0062 (Conte)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov;
ehilliard@ftc.gov;
jmoon@ftc.gov;
nconte@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On February 14, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ John O'Gorman*
JOHN R. O'GORMAN
