IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>    Defendants. | Case No. 3:19-cv-02281-K<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |

**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Federal Trade Commission respectfully submits this filing in opposition to Defendants' Motion for Leave to File Notice of Supplemental Authority, Dkt. 270. Defendants' Motion for Leave inaccurately asserts that the recent decision in *CFTC v. EOX Holdings*, 90 F.4th 439 (5th Cir. 2024), supports their argument that they did not have adequate notice of the "simple mechanisms" standard under the Restore Online Shoppers' Confidence Act ("ROSCA").[1] In fact, *CFTC v. EOX Holdings* is irrelevant. That case concerns an agency's interpretation of its own regulation and not, as here, an Act of Congress. Accordingly, a wholly different legal standard applies.

*EOX Holdings* concerned a new interpretation of a rule promulgated by the Commodity Futures Trading Commission. Private parties are entitled to "ascertainable certainty" of the

---

[1] The FTC maintains that Defendants waived their affirmative defense of "vagueness" or "lack of fair notice" for failing to plead it as discussed in the FTC's Opposition to Defendants' Motion for Summary Judgment. Dkt. 231-1 at 24-25.

1

conduct required by regulations before they are subject to an enforcement action.[2] Acts of Congress, however, are wholly different. As stated by the Fifth Circuit in *Ford Motor Company v Texas Department of Transportation*, a defendant is responsible for complying with civil statutes like ROSCA as long as the statutes are not "'so vague and indefinite as really to be no rule or standard at all.'"[3]

Therefore, contrary to Defendants' assertions, *EOX Holdings'* reasoning does not extend to statutes such as ROSCA.[4] That the FTC did not provide guidance specifically tailored to the Match cancellation mechanism "does not immunize the [Defendants] from liability."[5] The statute itself provides ample notice because defendants could have easily "foreseen that a court could construe its conduct as falling within the meaning of the statute."[6] For these reasons, *CFTC v. EOX Holdings* will not assist the Court in its determination and Defendants' Motion for Leave to File Supplemental Authority should therefore be denied.

---

[2] *See FTC v. Wyndham Worldwide*, 799 F.3d 236, 250-251 (3rd Cir. 2015); *EOX Holdings*, 90 F.4th at 444 (quoting *Diamond Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 528 F.2d 645, 649 (5th Cir. 1976)) ("The agency 'must provide a reasonably clear standard of culpability to circumscribe the discretion of the enforcing authority and its agents.'"); *see also*, Dkt. 231-1 at 25-26.

[3] *Ford Motor Co. v. Tex. Dept. of Trans.*, 264 F.3d 493, 507 (5th Cir. 2001); *see also* Dkt. 231-1 at 25-26.

[4] Likewise, Defendants' reliance on *Posey v. Eckerd Corp.*, 433 F. Supp. 2d 1287 (S.D. Fla. 2006), is misplaced. While the Court in *Posey*, noted that had the statute at issue been subject to judicial and/or administrative interpretations potential vagueness may have been mitigated, it ultimately found the statute void for vagueness because it did not adequately define "extra pay" and "manual labor" which were subject to multiple interpretations given the facts of the case. *Id.* at 1313. As discussed in the FTC's Reply to its Motion for Summary Judgment, Courts *have* interpreted and applied ROSCA's "simple" requirement to other defendants and thus, *Posey* is inapposite. *See* Dkt. 246-1 at 17, n. 97.

[5] *FTC v. Commerce Planet, Inc.,* 642 Fed. Appx. 680, 682 (9th Cir. Mar. 3, 2016).

[6] *Wyndham Worldwide*, 799 F.3d at 256.

                          Respectfully submitted,

Dated: February 14, 2024        */s/ Nicole G. H. Conte*
                                   NICOLE G. H. CONTE (admitted *pro hac vice*)
                                   JASON MOON
                                   REID TEPFER
                                   SARAH ZUCKERMAN (admitted *pro hac vice*)
                                   JOHN R. O'GORMAN (admitted *pro hac vice*)
                                   ERICA R. HILLIARD
                                   Virginia Bar No. 91552 (Conte)
                                   Texas Bar No. 24001188 (Moon)
                                   Texas Bar No. 24079444 (Tepfer)
                                   New York Bar No. 5603832 (Zuckerman)
                                   Texas Bar No. 24121292 (O'Gorman)
                                   Mississippi Bar No. 104244 (Hilliard)
                                   Federal Trade Commission
                                   1999 Bryan St. Ste. 2150
                                   Dallas, Texas 75201
                                   T: (214) 979-9396 (Conte)
                                   T: (214) 979-9395 (Tepfer)
                                   T: (214) 979-9378 (Moon)
                                   T: (214) 979-9376 (Zuckerman)
                                   T: (214) 979-9382 (O'Gorman)
                                   T. (214) 979-9379 (Hilliard)
                                   F: (214) 953-3079
                                   Email: rtepfer@ftc.gov;
                                   maijaz@ftc.gov;
                                   szuckerman@ftc.gov;
                                   jogorman@ftc.gov
                                   ehilliard@ftc.gov
                                   Attorneys for Plaintiff
                                   FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

On February 14, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>*/s/ Nicole G. H. Conte*
>NICOLE G. H. CONTE