THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, Plaintiff, vs. MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company, Defendants. | Case No. 3:19-cv-02281-K |

**DEFENDANTS MATCH GROUP, INC. AND MATCH GROUP, LLC'S REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Match Group, Inc. and Match Group, LLC respectfully submit this Reply in Support of their Motion for Leave to File Notice of Supplemental Authority, Dkt. 270 (the "Motion"), which responds to the FTC's Opposition to the Motion, Dkt. 272 (the "Opposition").

There is good reason for the Court to consider this supplemental authority. In *CFTC v. EOX Holdings, L.L.C.*, 90 F.4th 439, 446 (5th Cir. 2024), the court reasoned that the defendants lacked fair notice because "this enforcement action [was] the first time the CFTC [had] advanced this interpretation" of the rule at issue, and "the CFTC had issued no guidance that might have put the [d]efendants on notice that they were violating" that rule.

Here, the FTC's lack of guidance is similar to the CFTC's lack of guidance in *EOX* because the FTC is attempting to impose an entirely novel legal standard on Match.com that has never before been sanctioned by statute, guidance, or caselaw. Indeed, the first time the FTC has attempted to impose these requirements is in this very enforcement action:

- ROSCA requires only "simple mechanisms" for cancelation and does not define "simple." Prior to bringing this lawsuit, the FTC had issued zero public guidance on the meaning of "simple." And contrary to the FTC's representation that "[c]ourts *have* interpreted and

applied ROSCA's 'simple' requirement to other defendants," Opp. at 2 n.4, there is not a single judicial opinion that has ever analyzed whether an online cancelation flow is "simple." *See* Dkt. 204 at 25.

- The only public guidance the FTC has ever provided on what ROSCA's "simple" requirement could mean was issued years after the FTC brought this case. That new guidance recommends that (1) a cancelation mechanism should be as easy to use as the mechanism used to initiate the negative option feature; (2) if a subscription mechanism is online, a means to cancel should also be online; (3) save offers are permitted as long as they do not cause unreasonable delay; and (4) a cancelation request should be honored, such that the seller should not, for example, provide false information about how to cancel. Match.com's online cancelation flow meets all of these newly suggested criteria. *See* Dkt. 204 at 25–29, 37–39.

- In this case, the FTC tries to impose brand new requirements on Match.com that are inconsistent with that past guidance. The FTC now argues that Match.com's online cancelation flow is not simple because it (1) allegedly is hard to find (although there is no empirical evidence of that); (2) includes unnecessary steps (although there is no evidence that such steps cause unreasonable delay); (3) has so-called dark patterns (an inherently vague phrase that is nowhere alleged in the Complaint or defined in discovery responses); and (4) potentially violates three usability heuristics (out of at least ten published criteria) according to the FTC's captive academic. *See* Dkt. 249 at 1–2, 5.

- Not only do the FTC's newest factors appear nowhere in the statute, guidance, or caselaw, the factors also are not enumerated in the Complaint or articulated in response to written discovery requests propounded to the FTC seeking articulation of the standards that should be applied to the Match.com online cancelation flow. The FTC cannot point to a single piece of evidence that Defendants had notice of this test. *See* Dkt. 249 at 1–2, 5.[1]

- The FTC even admitted less than a year ago that ROSCA "requires marketers to provide 'simple mechanisms' for the consumer to stop recurring charges ***without guidance about what is simple***." Notice of Proposed Rulemaking, Negative Option Rule, 88 Fed. Reg. 24716-01 (Apr. 24, 2023) (emphasis added); *see* Dkt. 204 at 34–35.

Despite the similarities between the lack of guidance in *EOX* and in this case, the FTC asks this Court to ignore the Fifth Circuit's decision in *EOX* and opposes Defendants' Motion, contending that the "reasoning" in *EOX* "does not extend to statutes such as ROSCA," Opp. at 2, because *EOX* involved a regulation rather than a statute. Opp. at 1–2. But the FTC does not cite a

---

[1] The FTC also ignores many of the factors that the FTC's Rule 30(b)(6) designee testified were relevant on the question of simplicity, like time to complete an online cancelation flow, the number of clicks in the flow, or the effectiveness of the flow. And while the FTC's 30(b)(6) designee testified that those factors were relevant, even he was unable to define any actual standard, as he refused to say how long is too long, how many clicks is too many, or how "effective" an online flow must be. *See* Dkt. 204 at 29–32.

single case to support that conclusion—i.e., that an agency's (lack of) guidance is irrelevant to whether a defendant lacks fair notice of the meaning of a statute. Nor would any make sense. The due process protections enumerated in the Constitution apply to both regulations and statutes.

As the Fifth Circuit has said, "laws must 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.'" *Ford Motor Co. v. Texas Dep't of Transp.*, 264 F.3d 493, 509 (5th Cir. 2001) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). And a statute violates due process when "no standard of conduct is outlined at all" or "when no core of prohibited activity is defined." *Id.* By contrast, some cases involving regulations apply an "ascertainable certainty" standard. Defendants acknowledged that distinction in their summary judgment briefing. *See* Dkt. 204 at 22–35; Dkt. 249 at 6–7 n.8. But in either type of case, Defendants are entitled to fair notice of the interpretation being applied to them. *See, e.g.*, *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) ("A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required."). And an agency's (lack of) guidance is undeniably relevant to that question, whether the agency is providing guidance about a statute (as in this case) or a regulation (as in *EOX*). *See, e.g.*, Dkt. 204 at 22–23 (citing *Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1312–13 (S.D. Fla. 2006) (explaining, in evaluating whether statutory language provides fair notice, courts look at, among other things, whether the statute "ha[s] been subject to judicial and/or administrative interpretations limiting or interpreting it")).

In fact, the cases the FTC cites prove the point. For example, in *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 255–57 (3d Cir. 2015),[2] the court considered past FTC guidance in evaluating a fair notice challenge to the FTC's "unfairness" authority under a statute, 15 U.S.C.

---

[2] Defendants explained in their Reply in Support of their Motion for Summary Judgment, Dkt. 249 at 6–7 n.8, why *Wyndham* is unlike this one.

§ 45(a). That court found it persuasive that (unlike here), before the alleged misconduct at issue, "the FTC [had] issued a guidebook" that "counsel[ed] against many of the specific practices alleged" in that case. *Wyndham*, 799 F.3d at 240, 256. So courts clearly look to the existence (if any) of guidance interpreting a statute in deciding whether a defendant lacked fair notice.

Thus, the CFTC's lack of guidance in *EOX* is similar and relevant to the FTC's lack of guidance here. Defendants respectfully request that the Court grant them leave to file the notice of supplemental authority attached to their Motion as Exhibit A.[3]

[signature page to follow]

---

[3] The FTC reasserts—again without citing any authority—that Defendants waived their vagueness or lack of fair notice arguments by not pleading them. Opp. at 1 n.1. Defendants refer the Court to Defendants' Reply in Support of their Motion for Summary Judgment, where Defendants explained that vagueness is not an affirmative defense that must be pled, and even if it were, waiver requires prejudice that does not exist here. Dkt. 249 at 8–11.

Dated: February 28, 2024

/s/ *Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: 214-981-3300
Fax: 214-981-3400

Chad S. Hummel (admitted *pro hac vice*)
chummel@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Fax: 310-595-9501

Benjamin M. Mundel (admitted *pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

*Attorneys for Match Group, Inc. and Match Group, LLC*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2024, I caused true and correct copies of the foregoing to be served on all counsel of record in accordance with Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

*/s/ Angela C. Zambrano*
Angela C. Zambrano
