# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br> v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>  Defendants. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff Federal Trade Commission's Notice of Supplemental Authority** |

      Plaintiff Federal Trade Commission submits this notice of supplemental authority relevant to its pending Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment. *See* Doc. 198 and 203. On May 28, 2024, the U.S. District Court for the Western District of Washington issued its order denying Defendants' motion to dismiss in *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-00932-JHC, 2024 U.S. Dist. LEXIS 94699 (W.D. Wash. May 28, 2024) (hereinafter "Order"; attached as Exhibit 1). The *Amazon* court held that the FTC had adequately pled a violation of the Restore Online Shoppers' Confidence Act concerning Amazon's online cancellation flow, which "required consumers to click six times and go through four screens." *See* Ord. at 31; *compare* Doc. 231-1 at 11 (noting that Match.com's cancellation flow requires as many as 12 clicks and consists of eight separate pages). Notably, Match.com's online cancellation flow may be at least in part inspired by Amazon's cancellation flow. *See* Doc. 191-1 at 40.

      Additionally, the *Amazon* Order provides relevant authority concerning Match's argument that the FTC's lawsuit violated their due process rights because they were not provided

1

fair notice of the FTC's interpretation of ROSCA. *See, e.g.*, Doc. 238 at 15-21. In its motion to dismiss, Amazon presented a nearly identical argument, which the court rejected. *See* Ord. at 40-45.

Finally, the court further analyzed the availability of civil penalties relating to Amazon's ROSCA violations, an issue that Match has similarly contested. *See* Ord. at 46-49; Doc. 238 at 81-83. The court concluded that the FTC had alleged facts that, when interpreted in the most favorable light, were sufficient to establish actual or constructive knowledge. The court highlighted, among other things, that Amazon was alleged to have "received an internal report showing that 'customers had trouble finding the ingress to the Iliad Flow and prematurely abandoned the Iliad Flow under the incorrect assumption they had completed cancellation of their Prime subscription.'" *See* Ord. at 48.

|  | Respectfully submitted, |
|---|---|
| Dated: June 4, 2024 | */s/ Reid Tepfer* |

REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
JASON MOON
NICOLE G. H. CONTE (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Texas Bar No. 24001188 (Moon)
Virginia Bar No. 91552 (Conte)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T: (214) 979-9379 (Hilliard)

T: (214) 979-9378 (Moon)  
T: (202) 285-0062 (Conte)  
F: (214) 953-3079  
Email: rtepfer@ftc.gov;  
maijaz@ftc.gov;  
szuckerman@ftc.gov;  
jogorman@ftc.gov;  
ehilliard@ftc.gov;  
jmoon@ftc.gov;  
nconte@ftc.gov  
Attorneys for Plaintiff  
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On June 4, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ REID TEPFER*
REID TEPFER
