THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>Defendants. | Case No. 3:19-cv-02281-K |

**DEFENDANTS MATCH GROUP, INC. AND MATCH GROUP, LLC'S
RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR
LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Match Group, Inc. and Match Group, LLC oppose the FTC's Motion for Leave to File Notice of Supplemental Authority (the "Motion"), Dkt. 286, regarding a decision on a motion to dismiss from the Western District of Washington in *FTC v. Amazon.com, Inc.*, No. 2:23-CV-00932-JHC, 2024 WL 2723812 (W.D. Wash. May 28, 2024). That decision is not relevant to this Court's consideration of the pending motions for summary judgment.

As a preliminary matter, the *Amazon* opinion was a Rule 12(b)(6) decision that merely decided that the FTC's allegations were sufficient to state a claim. At that stage, the court was required to accept all of the FTC's allegations as true and to draw all inferences in favor of the FTC. And the court was limited to the FTC's allegations listed in the complaint; it could not consider Amazon's evidence, expert testimony, or empirical analysis. But this Court is analyzing the case at summary judgment where the FTC must actually have admissible evidence such that a reasonable factfinder could rule in its favor. *E.E.O.C. v. Exxon Mobil Corp.*, No. 3:06-CV-1732-K, 2012 WL 6608755, at *5 (N.D. Tex. Dec. 19, 2012) (Kinkeade, J.), *aff'd in part,* 560 F. App'x

282 (5th Cir. 2014).[1] Whether the allegations in that case were sufficient to overcome a motion to dismiss is different from whether the FTC can overcome summary judgment in this case (let alone that it could prevail on its own affirmative motion for summary judgment).

Even putting aside the differing procedural postures, the FTC's arguments about *Amazon*'s relevance to three substantive issues raised in the pending motions for summary judgment are also misplaced.

**First**, the FTC claims that the *Amazon* decision is relevant to whether Match.com's online cancellation flow is "simple." But even according to the allegations, Amazon and Match.com had different cancel flows. For example, according to the allegations, the Amazon cancellation flow "was significantly more complicated than the Prime sign-up process," presented consumers with "alternatives to cancelling" (such as requesting a "reminder" to cancel later or "pausing" the membership) "at multiple points," and required consumers to "scroll down past various other options before they could see the 'End Now' button that would allow them to complete the cancellation." *Amazon*, 2024 WL 2723812, at *13. None of these descriptions are true of the Match.com cancellation flow. The Match.com cancellation flow involves, *at most*, a single save offer, not multiple options like a cancellation "reminder" or subscription "pause." And the FTC has never argued that Match.com's cancellation flow requires scrolling to find the button to confirm cancellation. Further, the *Amazon* court could only consider facial analysis of the flows as alleged in the complaint. The court could not consider Amazon's evidence, expert testimony, or

---

[1] *Compare FTC v. Amazon.com, Inc.*, No. 2:23-CV-00932-JHC, 2024 WL 2723812, at *1 (W.D. Wash. May 28, 2024) ("Because this matter comes before the Court on Rule 12(b)(6) motions to dismiss, the Court must accept as true the allegations in the Amended Complaint and must view them in the light most favorable to the FTC."), *with EEOC v. Exxon Mobil Corp.*, No. 3:06-CV-1732-K, 2012 WL 6608755, at *5 (N.D. Tex. Dec. 19, 2012) (Kinkeade, J.), *aff'd in part,* 560 F. App'x 282 (5th Cir. 2014) ("All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant."), *and NB Gathering IX Pref, L.L.C. v. Nelson*, No. 3:20-CV-3491-K, 2022 WL 347610, at *1 (N.D. Tex. Feb. 4, 2022) (Kinkeade, J.) ("If the moving party will have the burden of proof on a claim, the party must establish beyond peradventure all of the essential elements of the claim," and "[t]he beyond peradventure standard is heavy.") (internal quotation marks omitted).

empirical analysis. Unlike at the motion to dismiss stage in *Amazon*, Defendants here have presented empirical evidence proving the simplicity of Match.com's online cancellation flow. *See* Dkt. 204 at 4, 11, 37. Given the significant factual differences, the *Amazon* decision has no bearing on the summary judgment briefing in this case.

**Second**, the FTC argues that the *Amazon* decision rejects a "fair notice" argument that is "nearly identical" to Defendants' arguments. The FTC is wrong, because the *Amazon* decision turned on allegations, arguments, and caselaw at issue in that case, not at issue here. In *Amazon*, the court emphasized that Amazon had not identified any "controlling regulations or policy statements that reflect an official, prior interpretation of ROSCA, which the FTC changed in more recent regulatory guidance on 'dark patterns.'" *Amazon*, 2024 WL 2723812, at *20. Here, by contrast, Defendants specifically argued that the FTC's positions in this case are inconsistent with its positions in its Enforcement Policy Statement Regarding Negative Option Marketing (the "Policy Statement") and that Match.com did comply with that prior guidance. *See* 86 Fed. Reg. 60822-01 (announced Oct. 29, 2021; issued Nov. 4, 2021).[2] Next, the *Amazon* court rejected Amazon's argument that "the FTC's notice of proposed rulemaking for its forthcoming ROSCA regulations" is "evidence that the FTC's theory of the case and interpretation of ROSCA is unclear" because Amazon "cite[d] no case that supports this position." *Amazon*, 2024 WL 2723812, at *21. Here, Defendants cited Fifth Circuit precedent which "considered an agency's decision to later clarify the language at issue to be 'at least some support' that the language lacked clarity at the time of an alleged violation." *Exxon Mobil Corp. v. Mnuchin*, 430 F. Supp. 3d 220, 233 (N.D. Tex. 2019) (Boyle, J.) (quoting *Emp. Sols. Staffing Grp. II, L.L.C. v. Off. of Chief Admin. Hearing*

---

[2] *See* Dkt. 204 at 25-29 (providing Defendants' arguments for how the FTC's positions in this case are inconsistent with the Policy Statement).

*Officer*, 833 F.3d 480, 488 (5th Cir. 2016)); Dkt. 204 at 35. Thus, Defendants' due process argument is very different from Amazon's.

**Third**, the FTC contends that the *Amazon* decision is relevant to Defendants' argument that civil penalties are unavailable here because Defendants could not have knowingly violated ROSCA when even the FTC does not know what ROSCA means. Dkt 286-1 at 3. The *Amazon* decision, however, does not address that argument. To be sure, the opinion discusses civil penalties, but not Defendants' argument. In fact, the court recognized some disagreement about the appropriate standard to apply, but concluded that it "need not decide" that issue "on a motion to dismiss" given the lesser standard. *Amazon*, 2024 WL 2723812, at *22. The same is not true here, where this Court must decide summary judgment.

For these reasons, Defendants request that the Court deny FTC's Motion.

[signature page to follow]

Dated: June 25, 2024						Respectfully submitted,

							*/s/ Angela C. Zambrano*
							Angela C. Zambrano
							State Bar No. 24003157
							angela.zambrano@sidley.com
							Chelsea A. Priest
							State Bar No. 24102375
							cpriest@sidley.com
							Tayler G. Bragg
							State Bar No. 24109943
							tbragg@sidley.com
							SIDLEY AUSTIN LLP
							2021 McKinney Ave, Suite 2000
							Dallas, TX 75201
							Telephone: 214.981.3300
							Fax: 214.981.3400

							Mark D. Hopson (admitted *pro hac vice*)
							mhopson@sidley.com
							Benjamin M. Mundel (admitted *pro hac vice*)
							bmundel@sidley.com
							SIDLEY AUSTIN LLP
							1501 K Street, N.W.
							Washington, DC 20005
							Telephone: 202-736-8000
							Fax: 202-736-8711

							*Attorneys for Match Group, Inc. and*
							*Match Group, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this document was served on all counsel of record per the Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

							*/s/ Angela C. Zambrano*
							Angela C. Zambrano