UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>    Defendants. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff Federal Trade Commission's Reply to Defendants' Response to Plaintiff's Motion for Leave to File Notice of Supplemental Authority** |

      Plaintiff Federal Trade Commission submits this Reply in response to Defendants Match Group, Inc. and Match Group, LLC's Response to Plaintiff Federal Trade Commission's Motion for Leave to File Notice of Supplemental Authority (Doc. 287) ("Response"). The Response argues that the *Amazon* district court decision submitted by Plaintiff as supplemental authority— *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-00932-JHC, 2024 U.S. Dist. LEXIS 94699 (W.D. Wash. May 28, 2024) ("Ord.") —is not relevant to the summary judgment briefing. Defendants' arguments are misplaced. As we show below, the *Amazon* decision spells out why a cancellation flow similar to Defendants' violates ROSCA, rejects the argument that Defendants are entitled to additional notice that their conduct violated the law, and holds that a defendant's constructive notice of ROSCA justifies civil penalties.

**I.**     **The *Amazon* court's analysis of Amazon's cancellation flow shows why Defendants' flow violates ROSCA, regardless of the procedural posture and factual difference.**

      While Defendants contend that the *Amazon* decision is not relevant because the decision was a ruling on a Federal Rule of Civil Procedure 12(b)(6) motion, as opposed to a motion for

summary judgment (Response at 1), they are unable to meaningfully distinguish the Amazon flow from their own.

Indeed, the alleged cancellation flow described by the *Amazon* court bears a striking resemblance to Defendants' cancellation practices in this case. The *Amazon* court specifically noted the FTC's allegations that Amazon's cancellation flow "required consumers to click six times and go through four screens." Ord. at 31. It further noted that "at multiple points during the Illiad Flow, consumers were presented with alternatives to cancelling." *Id*. In reciting these facts as part of its decision to deny Amazon's motion, the court held that such facts, if proven, would establish a claim under Section 4 of ROSCA.[1] The *Amazon* court reached this conclusion in part based on previous ROSCA cancellation cases, including those cited in the FTC's summary judgment briefing in this matter. *Id.* at 30-31 (analyzing, *inter alia*, *United States v. MyLife, Inc.*, 567 F. Supp. 3d 1152, 1169 (C.D. Cal. 2021)).

That the alleged *Amazon* cancellation flow would violate ROSCA is significant in and of itself. Defendants argue in their motion for summary judgment that no court had previously analyzed whether an online cancellation flow was a "simple mechanism" of cancellation.[2] The *Amazon* decision considers whether certain elements of an online cancellation flow support a ROSCA violation, and they are the same general elements as presented here-multiple screens and alternatives to cancellation (such as Match.com's "save offer") that distract, confuse and fatigue consumers. *See generally* Ord. at 6-10, 31-32.

---

[1] Rule 12(b)(6) provides that a party may assert in a motion "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). Dismissal can be based either on a lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal theory. *Sims v. Allstate Fire and Casualty Ins. Co,* 650 F. Supp. 3d 540, 544 (W.D. Tex. 2023) (citing *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 737-138 (S.D. Tex. 1998) (quotation omitted)).

[2] *See* Defendants Match Group, Inc. and Match Group, LLC's Brief in Support of Motion for Summary Judgment (Doc. 204), at 25.

Further, the Match.com cancellation flow has other problematic elements beyond those that formed the basis of the *Amazon* decision. The *Amazon* court did not mention an arbitrary password wall, an unnecessary survey, or deceptive language.[3] The court noted that the Amazon cancellation flow was hard to find (Ord. at 6-7); however, the court did not base its decision on this element because it found that the other alleged facts were sufficient to support a ROSCA violation. *Id*. at n. 7. Plaintiff has similarly shown that the Match.com flow is hard to find.[4]

Defendants contend that the *Amazon* decision is not relevant because the flows are different, but they cannot point to any meaningful distinctions. Response at 2. As discussed above, the *Amazon* case shares common elements with Match.com's flow, and the court held that that these elements were sufficient to support a ROSCA claim. Few cases would have precedential or persuasive value if they were required to have identical facts to the case at bar. The *Amazon* decision is highly relevant and instructive on the issues before this Court, and the Court should have the opportunity to consider it.

## II.   The *Amazon* decision rejects Defendants' approach on "fair notice" and ratifies Plaintiff's position.

Defendants' next contention, that the *Amazon* court's analysis on "vagueness" and fair notice is irrelevant (Response at 3-4), obscures several instances in which the *Amazon* decision squarely rebutted Defendants' arguments or ratified Plaintiff's arguments. For example:

---

[3] *Cf.* Plaintiff Federal Trade Commission's Brief in Support of Its Motion for Summary Judgment (Doc. 199-1) at 54-55 (discussing arbitrary password wall and multi-question survey that unnecessarily impeded cancellation) and 58 (discussing deceptive "Before You Go") language.

[4] *Cf.* Doc. 199-1 at 55.

3

- The *Amazon* court squarely rejected the argument that the FTC's enforcement strategy can support a defense of unconstitutional vagueness. Ord. at 40-41.[5]

- The court applied the proposition announced in *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 251 (3d Cir. 2015) that when the FTC has not issued a rule or adjudication before an enforcement action, parties are only entitled to notice of the meaning of the statute, not the agency's interpretation. Order at 42-43. This is the same standard Plaintiff advocates in this case.[6]

- The court squarely rejected the argument that the FTC's notice of proposed rulemaking for ROSCA regulations was evidence that the FTC's interpretation of ROSCA was unclear or that the statute was vague.[7]

These are just some examples of the overlapping arguments. The *Amazon* decision is clearly relevant and instructive on the "fair notice" issues before the Court.

---

[5] *Cf.* Doc. 204 at 24 (Defendants argue that Plaintiff failed to give Defendants fair notice of the answers Plaintiff's Rule 30(b)(6) deposition designee would give or the position its trial expert would articulate) and 25-34 (arguing that Plaintiff has "never provided notice of its current position" and following with a lengthy discussion of the deposition testimony, interrogatory answers, and expert opinion from this case).

[6] *See* Plaintiff Federal Trade Commission's Opposition to Defendants' Motion for Summary Judgment and Brief in Support (Doc 231-1 at n. 129-130 and accompanying text). Defendants' Response suggests that the FTC's issuance of the Enforcement Policy Statement Regarding Negative Option Marketing (Policy Statement) distinguishes their arguments from those rejected in the *Amazon* decision. However, they mischaracterize the Policy Statement as "prior guidance." Response at 3. The Policy Statement was issued long after this case was filed; further, Defendants acknowledge that the Policy Statement is not binding. Response at 26. The relevant facts are the same for the *Amazon* case and this one: the FTC has never issued official, binding interpretations of the ROSCA "simple mechanism" requirement. Defendants are entitled only to fair notice of the requirements of the statute itself, not the FTC's interpretation.

[7] *Cf.* Doc 204 at 35 (Defendants argue that proposed rulemaking is evidence that the FTC does not know what "simple" means and, therefore, should be barred under due process from bringing an action against Defendants).

### III. The *Amazon* decision's discussion of "constructive knowledge" supports Plaintiff's case for civil penalties.

Finally, Defendants wrongly contend that the *Amazon* decision does not address their argument that they could not have knowingly violated ROSCA for the purposes of civil penalty liability. Response at 4. However, the opinion makes clear that Amazon advanced an "ignorance-of-the-law" defense. Ord. at 47. Defendants here urge a mistake-of-law defense that is functionally the same: that Defendants lacked actual knowledge of the requirements of the law.[8] Defendants' argument that the FTC does not understand the meaning of "simple" is an immaterial nuance to Amazon's argument.

Moreover, the *Amazon* court found that the FTC had alleged sufficient facts to show that the Amazon defendants had "actual or constructive knowledge that its Prime sign-up and cancellation flows were misleading consumers" to support liability for civil penalties. Ord. at 48. Similarly, Plaintiff has argued that Defendants had knowledge because of their own employees' discussions of the difficulties of the cancellation flows, consumer complaints, and outside sources such as the BBB and the FTC itself.[9] Defendants' civil penalty arguments are functionally the same as the arguments in the *Amazon* case, and in rejecting them, the court relied on the same type of evidence as Plaintiff has argued in this case. For this reason, the *Amazon* decision is clearly relevant to the issues before the Court.

### IV. Conclusion

For the foregoing reasons, the *Amazon* decision is relevant to the issues before the Court and the Court should consider it in connection with the pending summary judgment motions.

---

[8] *See* Doc 204 at 34.

[9] *See* Doc. 231-1 at 2.

          Respectfully submitted,

Dated: July 9, 2024

*/s/ Jason C. Moon*
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
JASON C. MOON
NICOLE G. H. CONTE (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Texas Bar No. 24001188 (Moon)
Virginia Bar No. 91552 (Conte)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)
T: (214) 979-9386 (Aijaz)
T: (214) 979-9376 (Zuckerman)
T: (214) 979-9382 (O'Gorman)
T: (214) 979-9379 (Hilliard)
T: (214) 979-9378 (Moon)
T: (202) 285-0062 (Conte)
F: (214) 953-3079
Email: rtepfer@ftc.gov;
maijaz@ftc.gov;
szuckerman@ftc.gov;
jogorman@ftc.gov;
ehilliard@ftc.gov;
jmoon@ftc.gov;
nconte@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On July 9, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jason C. Moon*
JASON C. MOON
