THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>Defendants. | Case No. 3:19-cv-02281-K |

**DEFENDANTS' UNOPPOSED SUPPLEMENTAL MOTION TO SEAL<br>ADDITIONAL DOCUMENTS**

Pursuant to the Court's September 18, 2023 and September 21, 2023 Orders, Dkt. 216 and 217, Defendants Match Group, Inc. and Match Group, LLC (the "Defendants") submitted an Unopposed Motion to Seal, Dkt. 261 (the "Original Motion"), in which Defendants moved to seal and redact very limited portions of documents attached to the parties' summary judgment and *Daubert* briefing. Defendants now file this Supplemental Unopposed Motion to Seal Additional Documents (this "Supplemental Motion"), in which Defendants move to redact very limited portions of additional documents that were not listed in the Original Motion.[1] The FTC does not oppose this Supplemental Motion.

---

[1] Upon review of the docket, the parties discovered that the filings that are the subject of this Supplemental Motion are sealed on the docket but were not encompassed in the Joint Notice of Partial Withdrawal of Motions for Leave to File Under Seal, Dkt. 257, or in the Original Motion. For clarity, this Supplemental Motion identifies portions of those documents that Defendants seek to redact so that the Court is aware of the parties' position as to each docket entry currently sealed on the docket.

In addition, the Parties no longer seek leave to file the following additional documents under seal: Dkt. 199; Dkt. 199-11; Dkt. 200; Dkt. 200-1; Dkt. 201; Dkt. 201-1; Dkt. 205; Dkt. 205-1; Dkt. 205-3; Dkt. 205-4; Dkt. 205-5; Dkt. 207; Dkt. 207-1; Dkt. 207-2; Dkt. 207-3; Dkt. 210; Dkt. 210-1; Dkt. 220; Dkt. 220-1; Dkt. 230; Dkt. 230-1; Dkt. 231; Dkt. 231-3; Dkt. 232; Dkt. 232-1; Dkt. 235; Dkt. 235-1; Dkt. 240; Dkt. 246; and Dkt. 246-3. For clarity, these are documents that the Parties do not seek to seal in their entirety or to redact and may be publicly filed.

**LEGAL STANDARD**

"[A] court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2. While the public has a right to inspect judicial records, this right is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "In exercising its discretion to seal judicial records, [a] court must balance the public's right of access against the interests favoring nondisclosure." *Id*.

**ARGUMENT**

Defendants have compiled a supplemental narrowly tailored list of materials attached to the parties' summary judgment and *Daubert* briefing to be redacted. The supplemental information to be redacted can be grouped into the following categories: (1) personally identifiable information, (2) detailed non-party business metrics, and (3) detailed Match.com business metrics. The rationale for redacting each type of information is outlined below. Pursuant to the Court's Order, Dkt. 216, Defendants have also included a sealed attachment as an Exhibit, providing (1) the information sought to be redacted, (2) the type of information sought to be redacted, and (3) the legal basis for redacting such information. In compliance with the Court's Order, Dkt. 216, Defendants are also filing herewith sealed, unredacted versions of each of the documents sought to be redacted. The public's right of access to the redacted types of information is outweighed by the interests favoring nondisclosure for the following reasons.

  A. Personally Identifiable Information of Match.com Customers

The parties' summary judgment briefing contains sensitive personal information of a Match.com customer, who is not a party to this action. This information includes such customer's credit card information. Given the nature of Match.com's business as a dating platform, the public filing of identifying customer information, including credit card information, could be damaging to that user's personal life, including that user's current relationship. Additionally, as stated in

Match.com's Privacy Policy, user privacy is a top priority of Match.com. Saraph Decl. ¶ 6. Thus, Match.com's customers' right to privacy outweighs the right of public access to this personally identifiable information. *See Martinez v. Tex. Dep't of Criminal Justice*, No. 3:21-cv-00258, 2022 WL 2834294, at *1 (S.D. Tex. July 20, 2022) ("[D]istrict courts across the nation routinely permit the sealing of personal identifying information[.]").

A portion of the following page needs to be redacted because it contains personally identifiable information:[2]

- Dkt. 199-10, ECF p. 1167
    - Plaintiff's Appendix ISO MSJ APP-4665

B. <u>Non-Party Business Metrics</u>

One of the exhibits to the parties' summary judgment briefing contains a non-party dating site's confidential information regarding chargebacks. The information was provided to Defendants confidentially, in connection with a potential acquisition that later closed. Additionally, the information (chargeback rates and analysis) is of the same type that Defendants spend considerable time and money protecting. Thus, the interest in maintaining the confidentiality of this information outweighs the public's interest in disclosure. *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) ("[S]ealing may be appropriate where orders incorporate confidential business information.").

A portion of the following pages need to be redacted because they contain a non-party dating site's confidential information:

- Dkt. 199-10, ECF p. 1197, 1200
    - Pltf's Appendix ISO of MSJ APP-4695, 4698

---

[2] For ease of reference, Defendants have provided both the Dkt. number and ECF page number for the proposed redactions (in the main bullet point), as well as the corresponding appendix citations (in the sub-bullet points).

C. <u>Detailed Match.com Business Metrics</u>

Multiple filings also contain Match.com's confidential business information, such as business metrics, customer demographic information, and internal data and analysis, which should be protected from disclosure. "[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). Defendants have spent considerable time and money creating such data and maintaining its confidentiality. *See* Saraph Decl. ¶ 15. A competitor could use this data to its own advantage and the disadvantage of Defendants. *See* Saraph Decl. ¶ 16. Thus, public disclosure of Match.com's business metrics would put Defendants at a competitive disadvantage.

Portions of the following pages need to be redacted because they contain confidential business information:

- Dkt. 199-10, ECF p. 288, 289, 291, 292, 295, 1192, 1193, 1198
  - Plaintiff's Appendix ISO MSJ APP-3790, 3791, 3793, 3794, 3797, 4690, 4691, 4696
- Dkt. 226, ECF p. 4, 5, 6
  - Defendants' Appendix ISO Response to Plaintiff's Motion in Limine to Exclude Expert Testimony of James Langenfeld APP-37, 38, 39

## **CONCLUSION**

The limited proposed redactions are narrowly tailored to prevent disclosure of highly confidential business or personal customer information. For the foregoing reasons, Defendants respectfully request that the Court grant this Supplemental Motion.

Dated: August 6, 2024

*/s/ Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: 214-981-3300
Fax: 214-981-3400

Mark D. Hopson (admitted *pro hac vice*)
mhopson@sidley.com
Benjamin M. Mundel (admitted *pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

*Attorneys for Match Group, Inc. and Match Group, LLC*

## CERTIFICATE OF CONFERENCE

Between July 19, 2024 and July 23, 2024, counsel for Defendants, Chelsea Priest, conferred via email with counsel for the FTC, Reid Tepfer, regarding whether the FTC opposes the redactions requested in this Supplemental Motion. The FTC confirmed that it does not oppose the relief requested in this Supplemental Motion.

*/s/ Angela C. Zambrano*
Angela C. Zambrano

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

Reid Abram Tepfer
rtepfer@ftc.gov
M. Hasan Aijaz
maijaz@ftc.gov
Matthew James Wilshire
mwilshire@ftc.gov
Sarah Zuckerman
szuckerman@ftc.gov
John R. O'Gorman
jogorman@ftc.gov
Erica Rollins Hilliard
ehilliard@ftc.gov
Jason C. Moon
jmoon@ftc.gov
Nicole G. H. Conte
nconte@ftc.gov

*/s/ Angela C. Zambrano*
Angela C. Zambrano