THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>MATCH GROUP, INC., a corporation, and MATCH GROUP, LLC, formerly known as MATCH.COM, LLC, a limited liability company,<br><br>Defendants. | Case No. 3:19-cv-02281-K |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR SANCTIONS

Pursuant to the Court's Order at Dkt. 292, Defendants respectfully file this Supplemental Brief in Opposition to the FTC's Motion For Sanctions, Dkt. 268, to describe how subsequent events have further mitigated any alleged prejudice described in the FTC's Motion for Sanctions ("Motion"). The passage of time and the trial date's continuation only confirms what Defendants argued in their original opposition: the FTC has not been prejudiced by Defendants' October 25, 2023 production. And even if there had been any prejudice (there was not), the FTC has had more than enough opportunity to pursue such remedies in the year since Defendants produced the documents, especially after the trial date was continued for more than a year. There is no basis for the FTC's request that only the FTC—but not Defendants—be allowed to talk about the documents produced one year ago at a trial scheduled for to take place more than seven months from now. The Motion should be denied.

I.   **EVENTS SUBSEQUENT TO THE MOTION FOR SANCTIONS FURTHER MITIGATED ANY ALLEGED PREJUDICE TO THE FTC**

As of the date of this filing, the FTC will have had the documents at issue in the Motion for Sanctions for a full year. During that year, Judge Kinkeade *sua sponte* continued the trial date

in this case from April 2024 to June 2025. Dkt. 279. That continuance provided more than enough time for the FTC to mitigate any alleged prejudice from Defendants' October 25, 2023 production. "[A] failure to produce documents that is rectified many months before trial causes less prejudice and is less expensive to rectify than a failure to produce relevant documents that is discovered on the eve of the last day of a long and complicated trial. . . . Production errors discovered at the pre-trial stage of litigation will result in little, if any, expense or prejudice to the opposing party and therefore are not likely to warrant the imposition of sanctions." *United States ex rel. Ellsworth Assocs., LLP v. CVS Health Corp.*, No. 2:19-CV-02553, 2024 WL 2972767, at *3 (E.D. Pa. May 23, 2024), *report and recommendation adopted,* No. 2:19-CV-02553, 2024 WL 2959295 (E.D. Pa. June 12, 2024) (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007) (quotation marks omitted)); *see also Endure Indus. Inc. v. Vizient Inc.,* No. 3:20-CV-3190-X, 2024 WL 1704670, at *2 (N.D. Tex. Apr. 19, 2024) (declining to strike untimely evidence where the trial date was continued).

Despite this opportunity, the FTC has done nothing to mitigate any alleged prejudice since it filed its Motion for Sanctions. The FTC still has not taken Defendants up on their offer to discuss any necessary supplemental summary judgment briefing, Dkt 269, App. 036—likely because none is necessary, given that the FTC in fact cited documents from the October 25, 2023 production in the FTC's summary judgment reply, *see* Dkt. 246-1 at 4-5, 11, 15, 47.

The FTC also still has not attempted to pursue (or even identify) a single iota of the "additional discovery related to the new documents" that the FTC claims it needs but was unable to pursue. Reply at 6. In its Reply, the FTC argued that it had not done so because "reopening discovery would cause substantial delay." Reply at 7-8. But in light of the trial date's continuance by more than a year, that argument no longer withstands scrutiny. The FTC has had months to

pursue additional discovery about the October 25, 2023 documents without causing any delay in the trial date whatsoever, but has not done so.

Subsequent events also belie the FTC's excuse that "additional discovery would unfairly impose significant costs on the FTC." Reply at 8. Since the Court continued the trial date, the FTC *has pursued additional discovery*—just not about the October 25, 2023 documents. Starting in April 2024, the FTC began insisting that Defendants produce "updated" clickthrough data[1] that the FTC used to calculate its monetary relief demand. The FTC says it may use the updated data to produce "updated calculations" (which may then trigger the need for additional depositions or rebuttal reports, depending on the extent of the FTC's "updates"). Not only that, the FTC just this month indicated that it plans to serve "amended disclosures" replacing the FTC data analyst that calculated the FTC's monetary relief demands (and whom Defendants deposed over a year ago) with a new data analyst that Defendants never had the opportunity to depose. The parties are currently negotiating how to proceed regarding the FTC's demand for updated data and intent to serve amended disclosures.[2]

The point for present purposes is that the FTC has not hesitated to pursue "additional discovery" when it thought doing so was to its advantage, as with updated clickthrough data. The

---

[1] Ironically, the "late-produced data" that the FTC seeks to exclude, Mot. at 2, is clickthrough data. So the FTC is seeking to exclude the very type of data that it is now demanding Defendants supplement. The FTC does not explain how it can be prejudiced by Defendants' production of a minor correction of clickthrough data in October 2023 while simultaneously insisting that it will be prejudiced if Defendants *refuse* to supplement even more clickthrough data sometime between now and trial in June 2025.

[2] Defendants agreed to produce updated clickthrough data. The parties are negotiating the date of that production. The FTC's "updated calculations" and attempted replacement of its data analyst will be the subject of future discussions if and when the FTC serves amended disclosures. For now, suffice it to say that replacing a data analyst and "updating" monetary relief calculations—one of the core disputes in this case—over a year after the close of discovery is far more prejudicial than Defendants' production of a relatively small batch of documents (450 documents out of nearly 300,000 documents produced in this case) just a few weeks after the close of discovery due to a technical issue outside of Defendants' control.

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO**
**THE PLAINTIFF'S MOTION FOR SANCTIONS**                                    Page 3

fact that the FTC has *not* pursued any additional discovery regarding the October 25, 2023 documents—despite having more than enough time to have done so—speaks volumes.[3]

## II. DEFENDANTS COMPLIED WITH THEIR DISCOVERY OBLIGATIONS

As described in more detail in Defendants' Opposition, Defendants complied with their discovery obligations. "[I]t is well-established that a party responding to discovery requests is not required to achieve perfection in its efforts to locate and produce every relevant document in its possession; rather, its obligation is to 'conduct a diligent search, which involves developing a reasonably comprehensive search strategy.'" *Ellsworth Assocs.*, 2024 WL 2972767, at *3 (quoting *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 15-6480, 2020 WL 3498161, at *2 (E.D. Pa. June 29, 2020)). Defendants met that standard here. They conducted a reasonable and diligent search by collecting emails from an archive where all emails were supposed to be stored. Dkt. 269, App. 002 (Decl. ¶ 7). And when they discovered that emails were missing from that archive due to a communication error between third-party vendors—through no fault of Defendants—they self-reported and corrected it. Dkt. 269, App. 003 (Decl. ¶ 12). That conduct does not warrant sanctions, much less the severe sanctions that the FTC demands here.

## III. THE FTC'S PROPOSED SANCTIONS ARE INAPPROPRIATE

Finally, the FTC's proposed sanctions—allowing the FTC to use the October 25, 2023 documents, but forbidding Defendants from saying anything about them—are just as inappropriate today as when the FTC proposed them nearly a year ago. This is not "modest" or "narrowly tailored relief," as the FTC claims. Reply at 1, 8. The FTC describes the October 25, 2023 documents as "significant documents that go to the core of FTC's case and strengthen its arguments." Reply at

---

[3] Defendants focus in this brief only on the subsequent events that further mitigated any alleged prejudice, but Defendants' lack-of-prejudice arguments described in Defendants' original Opposition—including that the FTC has obtained more than enough discovery in this case—also remain true.

5. Defendants vehemently disagree with the FTC's characterization of the documents, *see, e.g.*, Opp. at 15-16, which is exactly why it is so important that Defendants have the ability to rebut the FTC's use of those documents at trial. Defendants' production of only 450 documents (out of nearly 300,000 documents Defendants produced during this litigation) more than 18 months before trial does not justify giving the FTC a free pass to use those documents however it likes while Defendants must stand silent. "Litigation is not a game; rather, it is a search for the truth and an effort to obtain justice." *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-L, 2016 WL 3179967, at *9 (N.D. Tex. June 8, 2016). The FTC's proposed sanctions do not achieve that result, as they would allow the FTC to present a one-sided, unrebutted view. At a minimum, the Court should reject the FTC's proposed sanctions.[4]

## IV.   CONCLUSION

For the foregoing reasons, and those stated in Defendants' Opposition to Plaintiff's Motion for Sanctions, Defendants respectfully request that the Court deny the FTC's Motion.

[signature page to follow]

---

[4] Defendants remain willing to abide by their original offered compromise: Defendants will not introduce documents from the October 25, 2023 production or testimony about them. Defendants only seek to reserve the right to respond to the FTC's use of those documents *if the FTC chooses to use them*. *See* Opp. at 19. The FTC rejected this offer.

Dated: October 25, 2024

Respectfully submitted,

*/s/ Angela C. Zambrano*
Angela C. Zambrano
State Bar No. 24003157
angela.zambrano@sidley.com
Chelsea A. Priest
State Bar No. 24102375
cpriest@sidley.com
Tayler G. Bragg
State Bar No. 24109943
tbragg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone: 214.981.3300
Fax: 214.981.3400

Mark D. Hopson (admitted *pro hac vice*)
mhopson@sidley.com
Benjamin M. Mundel (admitted *pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

*Attorneys for Match Group, Inc. and Match Group, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this document was served on all counsel of record per the Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

*/s/ Angela C. Zambrano*
Angela C. Zambrano