# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>  v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>     Defendants. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff Federal Trade Commission's Notice of Supplemental Authority** |

      Plaintiff Federal Trade Commission submits this notice of supplemental authority relevant to its pending Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment. *See* Doc. 198 and 203. On March 22, 2024, the U.S. District Court for the Southern District of Texas issued its Findings of Fact and Conclusions of Law in *FTC v. Zaappaaz, LLC*, 4:20-CV-02717, 2024 WL 1237047 (S.D. Tex. Mar. 22, 2024) (hereinafter "Order"; attached as Exhibit 1).

      As shown in Exhibit 1, *Zaappaaz* concerns an FTC action against sellers of personal protective equipment (PPE) who, among other things, made a misleading guarantee.[1] The defendants promised, during the early days of the Covid-19 pandemic, that they had PPE in stock, ready to ship that same day.[2] In fact, the defendants shipped most of their orders late,[3] and the defendants knew supply chain issues were stymying its ability to fulfill orders.[4] The FTC

---

[1] *See* Ord. at *1-2.
[2] *See id.* at *3.
[3] *See id.*
[4] *See id.* at *4.

1

sued the defendants for violating Section 5 of the FTC Act and the Mail, Internet, or Telephone Order Merchandise Rule.[5] Although the defendant initially continued to operate despite the issuance of a preliminary injunction, it eventually ceased activity.[6]

The *Zaappaaz* Order provides relevant authority concerning Match's argument that Counts III and IV are moot and that injunctive relief is improper because the conduct is unlikely to recur.[7] The *Zaappaz* court, facing the same argument, applied the factors set forth in *United States v. Cornerstone Wealth Corporation*[8] to determine whether injunctive relief was appropriate for the defendants' past conduct.

The *Zappaaz* court concluded the defendants' conduct was likely to recur. It found that the conduct was egregious because, among other things, the guarantee was untrue in most instances.[9] The Court further observed that the defendants failed to "recognize their wrongful conduct," choosing instead to "contest[] liability and place[] blame" elsewhere.[10] The court was further unswayed by the defendant's claims of limited consumer complaints.[11] Further, although the defendants ceased the practices at issue, the Court noted that the company was "still in business" and continuing to "sell[] goods to consumers throughout the United States," which weighed in favor of injunctive relief.[12]

---

[5] *See* 15 U.S.C. § 45(a) and 16 C.F.R. Part 435; Ord. at *1.
[6] *See* Ord. at *3.
[7] *See, e.g.*, Doc. 204 at 44-54.
[8] *United States v. Cornerstone Wealth Corp., Inc.*, 549 F. Supp. 2d 811, 816 (N.D. Tex. 2008).
[9] *Compare* Ord. at 3 (finding that 59.5% of orders shipped late) *with* Doc. 199-1 at 20 (establishing that "less than two percent of customers during this period ever received the Guarantee Extension").
[10] *Compare* Ord. at 5 *with* Doc. 146 (Match's "verified stipulation," signed by a former Chief Business Affairs and Legal Officer, admitting no wrongdoing); Doc. 204 (Match's Motion for Summary Judgment vigorously contesting all allegations of wrongdoing).
[11] *Compare id.* at 6 (quoting *FTC v. On Point Global LLC*, 2021 WL 6497592 (S.D. Fla. Nov. 15, 2021)) (observing that "'[f]ailing to complain is not the equivalent to satisfaction'") *with* Doc. 238 (claiming a small volume of customer complaints).
[12] *See* Ord. at *5.

The *Zaappaaz* Order also addresses Match's argument that the FTC's proposed injunctive provisions are overbroad. The *Zaappazz* court concluded that "injunctive relief prohibiting misrepresentations involving the sale of any product," as opposed to merely those relating to the claims or product at issue, was appropriate.[13]

Lastly, the *Zaappaaz* Order is relevant to Match's argument that the proposed order would "impose a series of compliance obligations on Defendants that go beyond the needs of the case."[14] The *Zaappaz* court considered order provisions substantially similar to those Match takes issue with and concluded that these "compliance monitoring measures, common in FTC matters, are necessary and narrowly tailored to help ensure Defendants' compliance with the injunctive relief."[15]

Respectfully submitted,

Dated: December 23, 2024

*/s/ Reid Tepfer*
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
JASON MOON
NICOLE G. H. CONTE (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)
Virginia Bar No. 80073 (Aijaz)
New York Bar No. 5603832 (Zuckerman)
Texas Bar No. 24121292 (O'Gorman)
Mississippi Bar No. 104244 (Hilliard)
Texas Bar No. 24001188 (Moon)
Virginia Bar No. 91552 (Conte)
Federal Trade Commission
1999 Bryan St. Ste. 2150
Dallas, Texas 75201
T: (214) 979-9395 (Tepfer)

---

[13] *See* Ord. *8.
[14] *See, e.g.*, Doc. 204 at 91.
[15] *See* Ord. at *8.

T: (214) 979-9386 (Aijaz)  
T: (214) 979-9376 (Zuckerman)  
T: (214) 979-9382 (O'Gorman)  
T: (214) 979-9379 (Hilliard)  
T: (214) 979-9378 (Moon)  
T: (202) 285-0062 (Conte)  
F: (214) 953-3079  
Email: rtepfer@ftc.gov;  
maijaz@ftc.gov;  
szuckerman@ftc.gov;  
jogorman@ftc.gov;  
ehilliard@ftc.gov;  
jmoon@ftc.gov;  
nconte@ftc.gov  
Attorneys for Plaintiff  
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On December 23, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ REID TEPFER*
REID TEPFER
