THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., a corporation, and<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>Defendants. | Case No. 3:19-cv-02281-K |

**DEFENDANTS MATCH GROUP, INC. AND MATCH GROUP, LLC'S
RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR
LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Match Group, Inc. ("MGI") and Match Group, LLC ("MGL") oppose the FTC's Motion for Leave to File Notice of Supplemental Authority, Dkt. 298 (the "Motion"), which attaches a Notice of Supplemental Authority, Dkt. 298-1 (the "Notice"), about a post-trial decision in *FTC v. Zaappaaz, LLC*, No. 4:20-CV-02717, 2024 WL 1237047 (S.D. Tex. Mar. 21, 2024), *appeal docketed*, No. 24-20234 (5th Cir. May 29, 2024). The *Zaappaaz* decision involved significantly different facts in a different procedural posture in a different court. It does not "directly address[] several arguments raised by Defendants" in the summary judgment briefing.[1] Mot. at 1. The FTC's Motion should be denied.

The FTC argues that the *Zaappaaz* decision is relevant to Defendants' arguments that Counts III and IV about a permanently discontinued Guarantee[2] and Chargeback Policy are moot and that injunctive relief is improper. *See* Notice at 2. But the facts that led the *Zaappaaz* court to

---

[1] Tellingly, *Zaappaaz* was decided over 9 months ago, but the FTC did not consider it important enough to bring to the Court's attention until now.

[2] Guarantee and Chargeback Policy are defined in MGI and MGL's Brief in Support of Motion for Summary Judgment. *See* Dkt. 204 at 6.

issue a permanent injunction are nothing like the facts here. In *Zaappaaz*, the court entered a permanent injunction after a company failed to timely deliver personal protective equipment ("PPE"). 2024 WL 1237047, at *3, *8. By the time of trial, the defendants were no longer selling PPE, but the court nevertheless issued an injunction because, among other things, (1) the "[d]efendants' illegal conduct did not end when the FTC filed its lawsuit against them," (2) the illegal conduct "even continued despite the [c]ourt's issuance of a stipulated preliminary injunction," (3) the defendants "failed to offer assurances against future violations," and (4) the individual defendant testified that the company "plans to sell PPE in the future if a need for it arises." *Id.* at *5–8.

That is nothing like the facts here. Unlike in *Zaappaaz*, the conduct at issue here did not continue after the case was filed (it stopped several months before and has never resumed, *see* Dkt. 204 at 6, 12–13), there was no preliminary injunction (the FTC never sought one), and Defendants have never testified that they plan to reinstate the practices (they have testified that the opposite is true, *see id.*; Dkt. 238 at 48–50). *See* 2024 WL 1237047, at *5–8. Whereas the *Zaappaaz* defendants had not offered any assurances against future violations, "fail[ed] to keep even . . . basic records" that would have allowed them to follow through on any such assurances, and testified that they may sell PPE in the future, *id.* at *7, there is no such evidence here. To the contrary, Defendants have made repeated and binding assurances that they will never re-implement the challenged Guarantee or Chargeback Policy. Dkt. 204 at 12–13; Dkt. 238 at 48–50.

The FTC next argues that the *Zaappaaz* decision is relevant to Defendants' arguments that the FTC's proposed injunction is overbroad, Notice at 3, in that the FTC seeks to enjoin every online dating platform under the MGI umbrella even though the FTC's allegations are about

2

Match.com only, and MGI does not own or operate Match.com.³ Dkt. 204 at 5, 18–21. The FTC's comparison is not apples-to-apples because there was no holding company defendant like MGI in *Zaappaaz*. *See* 2024 WL 1237047, at *2. And even putting that difference aside, the *Zaappaaz* court held that a wider injunction was appropriate "[b]ecause of Defendants' egregious conduct." *Id.* at *8. Nothing in *Zaappaaz* supports the extraordinary relief that the FTC asks this Court to grant.

Finally, the FTC argues that the *Zaappaaz* injunction had compliance monitoring "provisions substantially similar to those [Defendants] take[] issue with." Notice at 3. But just because the *Zaappaaz* court entered a "substantially similar" injunction does not mean that this Court should do the same. As described in Defendants' summary judgment briefing, any injunction must be "narrowly tailored" to fit the particular circumstances of the case. *See* Dkt. 238 at 81–82. The facts of *Zaappaaz* are far different than the facts here, so the court's decision to impose compliance monitoring measures in that circumstance says nothing about the propriety of such measures here.

For these reasons, the Court should deny the FTC's Motion.

[signature page to follow]

---

³ MGI is the indirect holding company of a number of different operating entities that control different dating platforms. *See* Dkt. 204 at 18–21.

Dated: January 13, 2025            Respectfully submitted,

                                          */s/ Angela C. Zambrano*
                                          Angela C. Zambrano
                                          State Bar No. 24003157
                                          angela.zambrano@sidley.com
                                          Chelsea A. Priest
                                          State Bar No. 24102375
                                          cpriest@sidley.com
                                          Tayler G. Bragg
                                          State Bar No. 24109943
                                          tbragg@sidley.com
                                          SIDLEY AUSTIN LLP
                                          2021 McKinney Ave, Suite 2000
                                          Dallas, TX 75201
                                          Telephone: 214.981.3300
                                          Fax: 214.981.3400

                                          Mark D. Hopson (admitted *pro hac vice*)
                                          mhopson@sidley.com
                                          Benjamin M. Mundel (admitted *pro hac vice*)
                                          bmundel@sidley.com
                                          SIDLEY AUSTIN LLP
                                          1501 K Street, N.W.
                                          Washington, DC 20005
                                          Telephone: 202-736-8000
                                          Fax: 202-736-8711

                                          *Attorneys for Match Group, Inc. and*
                                          *Match Group, LLC*

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this document was served on all counsel of record per the Federal Rules of Civil Procedure and this Court's CM/ECF filing system.

                                            */s/ Angela C. Zambrano*
                                            Angela C. Zambrano