UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATCH GROUP, INC., a corporation,<br>MATCH GROUP, LLC, formerly known as<br>MATCH.COM, LLC, a limited liability<br>company,<br><br>　　　　Defendants. | Case No. 3:19-cv-02281-K<br><br>**Plaintiff Federal Trade Commission's Reply in Support of Its Motion for Leave to File Notice of Supplemental Authority** |

　　　　Plaintiff Federal Trade Commission submits this Reply in support of its Motion for Leave to File a Notice of Supplemental Authority concerning the Southern District of Texas's decision in *FTC v. Zaappaaz, LLC*, which rejected many of the same legal arguments raised by Defendants in their summary judgment briefing.[1] As outlined below, Defendants Match Group, Inc. ("MGI") and Match Group, LLC's ("MGLLC") Response to this Motion mischaracterizes and misinterprets the *Zaappaaz* court's ruling.[2] In fact, the *Zaappaaz* court's reasoning applies here with greater force.

### I.　*Zaappaaz* further confirms that Defendants may be permanently enjoined for their prior law violations.

　　　　As Defendants concede, the *Zaappaaz* court issued a permanent injunction to address the defendants' discontinued illegal conduct.[3] Although this issue is central to Match's summary judgment defense, Match suggests the Court should not even consider this in-circuit decision

---

[1] *See* 4:20-CV-02717, 2024 U.S. Dist. LEXIS 51089 (S.D. Tex. Mar. 22, 2024).
[2] *See* Doc. 300.
[3] *See id.* at 1-2.

1

because of immaterial factual distinctions. But Defendants misinterpret the facts, wrongly suggesting that the *Zaappaaz* defendants had testified they would "reinstate the practices," in supposed contrast to Match's "binding assurances" that they will not.[4] Neither claim is accurate. The *Zaappaaz* defendants did not testify that they would continue violating the law—one defendant simply stated they may, at some point in the future, continue to sell PPE, the products that defendants had previously made misleading claims about.[5] By contrast, Match has never stopped selling the subscriptions about which they made misleading claims. Moreover, as discussed in the MSJ briefing, Defendants are *not* prohibited from engaging in the same or similar misconduct again.[6] Defendants' argument relies exclusively upon a narrowly drafted declaration signed by a former executive, which describes an unenforceable "sincere commitment" to discontinuing the law violations they have simultaneously disavowed.[7]

Relatedly, Match's Opposition elides that the *Zaappaaz* court found an injunction appropriate in part because the defendants expressed inadequate remorse for their illegal conduct.[8] In fact, the *Zaappaaz* defendants at least expressed "last minute 'remorse'" for their actions.[9] Match, by contrast, has refused to accept *any* responsibility for their many flagrant law violations, despite overwhelming evidence of pervasive and knowing misconduct. The *Zaappaaz* court found this inadequate remorse as a factor weighing in favor of enjoining the defendants' past law violations, which lasted a fraction as long as Match's.[10]

---

[4] *See id.* at 2.
[5] *See Zaappaaz, LLC*, 2024 U.S. Dist. LEXIS 51089 at *20 ("This relief is especially appropriate considering that Mr. Makanojiya testified he will sell PPE again if a need for it arises.").
[6] *See* Doc. 231-1 at 48-49; Doc. 246-1 at 43.
[7] *See* Doc. 300 at 2; *see generally* Doc. 146 (Defendants' "Verified Stipulation").
[8] *See Zaappaaz, LLC*, 2024 U.S. Dist. LEXIS 51089 at *12 (finding that, "[r]ather than recognize their wrongful conduct, Defendants have contested liability and placed blame" elsewhere).
[9] *See id.* at *18.
[10] *Compare Zaappaaz, LLC*, 2024 U.S. Dist. LEXIS 51089 at *6 and 24 (noting that the defendants first began experiencing issues with fulfilling PPE orders in April 2020 and ceased selling the products in December 2020) *with* Doc. 199-1 at 10 (noting that Match sold its deceptive guarantee from 2005 until shortly before this lawsuit).

Lastly, the *Zaappaaz* court found that the defendants "acted with a 'high degree of scienter'" and concluded that this "weigh[ed] in favor of injunctive relief."[11] As discussed in detail in the FTC's summary judgment briefs, Defendants' employees and executives likewise displayed a high degree of scienter by openly discussing their illegal practices. Moreover, in *Zaappaaz*, the defendants had merely failed to cease advertising a delivery timeframe after becoming aware of "'significant logistical issues'" that had rendered their delivery estimates inaccurate.[12] Here, by contrast, Defendants took pains to ensure that their "Guarantee" was illusory, that consumers would be punished for seeking chargebacks, and that consumers who wished to cancel recurring charges could not.

## II. *Zaappaaz* addresses and rejects Match's argument that the FTC's proposed injunction is overbroad.

The *Zaappaaz* decision likewise shows that Match is wrong in its contention that the Court's authority is limited to enjoining Match.com.[13] In its Opposition, Match appears to limit its argument to MGI, arguing that MGI did not operate Match.com. However, MGI can and should be held liable for Match.com's illegal practices.[14] Moreover, Match's Opposition ignores that MGLLC has operated other dating sites, including Tinder, and that the same group of individuals who have operated Match.com have also operated many other dating sites owned by other MGI subsidiaries other than MGLLC.

*Zaappaaz* confirms the principle that, in an FTC enforcement action, a court is not limited to enjoining the single product at issue. This is especially the case where the illegal practices at issue are "readily transferrable" to the defendants' other products, as Match's illegal

---

[11] *See Zaappaaz, LLC*, 2024 U.S. Dist. LEXIS 51089 at *16 and 20.
[12] *See id.* at 17.
[13] *See, e.g.*, Doc. 300 at 89 (wrongly contending that "no legal or factual basis" exists for an injunction to extend beyond Match.com).
[14] *See, e.g.*, Doc. 199-1 at 71-75 and Doc. 246-1 at 38-41.

practices are.[15] *Zaappaaz* stands for the principle that defendants like Match "must expect some fencing in" and federal courts are not limited to enjoining FTC defendants from engaging in the illegal conduct "in the precise form in which it is found to have existed in the past."[16] These issues are squarely before the Court in the parties summary judgment motions.

Lastly, *Zaappaaz* is relevant to Match's dubious claim that, as to the FTC's proposed compliance monitoring provisions, "courts regularly reject provisions like this as 'troublingly overbroad.'"[17] But the FTC has here, like in *Zaappaaz*, "proposed standard compliance reporting, recordkeeping, and compliance monitoring provisions that are similar to provisions in injunctions that courts have entered in other FTC enforcement actions."[18] Put simply, Match has attempted to characterize the FTC's proposed compliance provisions as unusual, draconian, and regularly rejected by federal courts. But *Zaappaaz* shows that precisely the opposite is true.

### III.   Conclusion

As discussed above, *Zaappaaz* is relevant to several issues currently before the Court. The Court should therefore consider it in ruling on the parties' pending summary judgment motions.

Respectfully submitted,

Dated: January 21, 2025

*/s/ Reid Tepfer*
REID TEPFER
M. HASAN AIJAZ
SARAH ZUCKERMAN (admitted *pro hac vice*)
JOHN R. O'GORMAN (admitted *pro hac vice*)
ERICA R. HILLIARD
JASON MOON
NICOLE G. H. CONTE (admitted *pro hac vice*)
Texas Bar No. 24079444 (Tepfer)

---

[15] *See Zaappaaz, LLC*, 2024 U.S. Dist. LEXIS 51089 at *20.
[16] *See id.*
[17] *See* Doc. 238 at 92.
[18] *See Zaappaaz, LLC*, 2024 U.S. Dist. LEXIS 51089 at 22.

        Virginia Bar No. 80073 (Aijaz)
        New York Bar No. 5603832 (Zuckerman)
        Texas Bar No. 24121292 (O'Gorman)
        Mississippi Bar No. 104244 (Hilliard)
        Texas Bar No. 24001188 (Moon)
        Virginia Bar No. 91552 (Conte)
        Federal Trade Commission
        1999 Bryan St. Ste. 2150
        Dallas, Texas 75201
        T: (214) 979-9395 (Tepfer)
        T: (214) 979-9386 (Aijaz)
        T: (214) 979-9376 (Zuckerman)
        T: (214) 979-9382 (O'Gorman)
        T: (214) 979-9379 (Hilliard)
        T: (214) 979-9378 (Moon)
        T: (202) 285-0062 (Conte)
        F: (214) 953-3079
        Email: rtepfer@ftc.gov;
        maijaz@ftc.gov;
        szuckerman@ftc.gov;
        jogorman@ftc.gov;
        ehilliard@ftc.gov;
        jmoon@ftc.gov;
        nconte@ftc.gov
        Attorneys for Plaintiff
        FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

On January 21, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on counsel by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                  */s/ REID TEPFER*
                                                  REID TEPFER